_____ FILED    _____ ENTERED
_____ LODGED    _____ RECEIVED

SEP 24 2025  LS

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY                    DEPUTY

**EX 1**

**Date:** September 16, 2022

**Including Documents:**

-Search Warrant without any Judicial signature, -Inventory record from the Warrant
-Order setting bail $5000,

**Source:** Court filing – Snohomish County Sheriffs

## Summary of Contents  25 - C V - 0 1 8 5 3 - TL

The plaintiff Stephanie Farler was never given a copy of the warrant despite having asked to see it as the officers arrested us. The homeowner Alan Sprague was not provided with any documents as the officers were searching his home and property.

The homeowner called 911 to report the officers trespassing on his property key indication that no warrant was ever presented as Washington law requires. Reference (Declaration of Alan Sprague and Tamera Farler to confirm that in the witness statement from this situation).

**THE WARRANT -** This document **DOES NOT HAVE A JUDICIAL OFFICERS SIGNITURE ATTACHED**. In the document it listed that it was an email approved warrant. In the instructions for an email approved document it gives detailed instructions as to the proper process of carrying out the warrant. It states:

- **Additional procedure if Obtained via E-mail:** The officer must e-mail the judge the entire supporting affidavit and search warrant from an electronic device owned, issues, or maintained by the criminal justice agency. Corrections or amendments must be made by the officer and then re-sent to the judge as a new electronic document for review and approval. A printout of all the e-mails establishing the judge's review and authorization for the warrant and permission from the judge to affix the judge's signature must be included with all distributions of the warrant (Court Clerk, Prosecutor Office Report, Left with Warrant).

**This process WAS NOT FOLLOED by Snohomish County Sheriffs.** As evidence I have included shows.

**Warrant Inventory -** On September 16, 2022 This inventory of items takes during the search warrant does not list the Plaintiffs VEHICLE. The vehicle was not put into Plaintiff Stephanie Farlers name, it was parked on Plaintiffs private property, and the vehicle was not taken until approximately 1 hour after the officers had left the property. (**See** witness statements of Alan Sprague and Tamera Farler).

**Vehicle Tow Slip -** Once released form Jail Plaintiff learned about the officers coming back and using her car keys, taken during the search to drive her vehicle to the street and off private property. Instructing a tow company then to come and tow it to the police station. Plaintiff Called and demanded her vehicle back after she was bailed out by Allan Sprague. They had no right to do what they did. The slip has the car listed as "abandoned vehicle" and it was on the 4200 block of our road.

EX 1 cover

**$5000 Bail Order** - Plaintiff was booked in to Snohomish County Jail September 16, 2022 on first Degree Identity theft. Bail was $5000. Plaintiff was bailed out and released by Alan Sprague and her mother Tamera Farler.

This includes All documents received by the Plaintiff from this unlawful search and arrest that stripped Plaintiff of her liberties to be free from government search and seizure.

---

**Legal Relevance:** • Monell failure to traine/Supervise: a warrants signiture is a key part of the warrant process no reasonable officer could have thought

This exhibit is material to the following counts: otherwise. or was not trained to know so.

- **Monell Liability:** Deliberate indifference on the part of the municipality towards the constitutional rights of individuals. County's failure to train or supervise its law enforcement officers on proper procedures and steps involved in executing a search and warrant and the appropriate amount of force to be used during the execution of that process id a casual link between the municipal policy or custom and the constitutional injury suffered by the Plaintiff.

- **RICO (18 U.S.C. 1962 (C)):** The public spectacle that was created during the execution of this operation was excessive and caused a domino effect of Harassment and being personally targeted by private parties. This ultimately grew into **an association-in-fact Enterprise**. With coordinated network of public officials (Snohomish & Skagit County actors) and private individuals (Marlene Sprague, Darlene Rosenquist, and Justice Clark).

- **Abuse of process/Malicious Prosecution:** County's tolerance of Procedurally invalid warrants and property seizures demonstrates misuse of subpoenas, false declarations, and emergency motions as tools of retaliation rather than legitimate legal remedies.

**Statutes Violated** • 4th amendment unlawful search and seizure

- **42 U.S.C. 1983** - Civil actin for deprivation of rights

- **Monell v. Dept of Soc. Servs.,** 436 U.S. 658 (1978)

County's failure to train and supervise its deputies, clerks, and judicial officers created a foreseeable risk of harm and enabled

- **Patterned abuse of process** across multiple filings and jurisdictions

- Use of court processes to **harass, intimidate, and isolate plaintiff**

- **Suppression of exculpatory evidence and obstruction of justice**

These actions and omissions constitute a municipal policy or custom under Monell and were ratified by officials with final policymaking authority. See **EX**     Malicious prosecution Snohomish County.

Ex1 cover

**Police Report #:** 2022-00127607

P3

**Superior**

**SNOHOMISH COUNTY, WASHINGTON**

| | |
|---|---|
| **County of Snohomish** ) | NO. |
| ) ss. | |
| **State of Washington** ) | **SEARCH WARRANT** |

## TO ANY PEACE OFFICER IN THE STATE OF WASHINGTON:

Upon the sworn complaint made before me   Deputy A. Mozeak #1663
there is probable cause to believe that the crime(s) of

RCW 9.35.020.2 Identity Theft First Degree

is/are being committed, has/have been committed, and/or are about to be committed

in Snohomish County, Washington, and that evidence of that/those crime(s); or contraband,

the fruits of crime, or things otherwise criminally possessed; or weapons or other things

by means of which a crime has been committed or reasonably appears about to be committed;

or a person for whose arrest there is probable cause, or who is unlawfully restrained is/are

concealed in on certain premises, vehicles or persons.

### YOU ARE COMMANDED to:

1. Search, within 10 days of this date, the premises, vehicle, or person described as follows:

4232 142nd Ave NE Lake Stevens, Snohomish County Washington. This property contains a
residential manufactured home and an external garage. The residential building has four
external walls and has a large roof built around the manufactured residence. Appears each of
the external walls have windows and the house is white in color The front door faces towards
142nd Ave NE and the external garage is located on the west side of the house.

SEARCH WARRANT
LINEBERRY v4 2/15
Page 1

Ex 1  Pg. 1.

P4

2. Seize, if located, the following property and/or person(s):

A) Stephanie Farler (04-25-1980)
B) Kaela Petitt duplicate driver's license.
C) Any other items, documents, machines, or information that would provide evidence to support the crime of identity theft.

EX 1 P2

P 5

3. Promptly return this warrant to me or the clerk of this court; the return must include an inventory of all property seized.

4. A copy of the warrant and a receipt for the property taken shall be given to the person from whom or from whose premises property is taken. If no person is found in possession, a copy and receipt shall be conspicuously posted at the place where the property is found.

## THE COURT FURTHER FINDS AND ORDERS:

☐ (Check if applicable) The court finds that the life or physical safety of an individual and/or an on-going criminal investigation likely would be jeopardized, and/or that the risk of flight from prosecution, destruction of or tampering with evidence and/or intimidation or tampering with potential witnesses likely would be enhanced, if the person/entity being served with this warrant gives notice of the existence of this warrant to any other person, including the subscriber(s) and customer(s) to which the materials relate.

☐ (Check if applicable) Records and information required to be provided pursuant to this warrant should be provided in a commercially-reasonable electronic format, agreed to by the investigative agency and delivered via electronic mail or via an electronic storage device to the law enforcement officer serving this warrant.

☐ (Check if applicable) You are commanded to submit

taken from the body of a person for analysis, by a qualified technician/scientist. That technician/scientist is commanded to determine

EX 1 P3

1   ☑ (Check if applicable)  Upon finding probable cause for issuance of this warrant, the

2   below-named Judge/Magistrate directed the affiant

3   Deputy Anthony Mozeak            of the  Snohomish County Sheriff's Office

4   to affix the judge/magistrate's signature to this warrant.  Permission to affix the signature to the

5   warrant was communicated by:

6               ☐ telephone; or

7               ☑ email; or

8               ☐ fax; or

9               ☐ other reliable method

10  Affiant is directed to file with the issuing court the recording of the authorization or the

11  emailed/faxed authorization to affix the signature.

12               Dated this    16   day of      September      , 20  22

13                                         Time:   1020 hours

14

15

16               Signature: _____
                           SUPERIOR/DISTRICT/MUNICIPAL COURT JUDGE/MAGISTRATE

17                         Printed Judge/Magistrate Name:
                           Judge Anita L. Farris

18

19  **Distribution:** Original: Court Clerk    1 Copy: Prosecutor    1 Copy: Officer's Report    1 Copy: Left

20  with person in possession of property seized or left at location.

21  **Additional Procedure if Obtained Telephonically:** Audio-record the judge placing the officer under
    oath, the officer reading in its entirety the supporting affidavit and the search warrant to the judge AND

22  the judges authorization of the warrant and authorization to sign the warrant for the judge.  A copy of
    the recording must be filed with the court clerk along with the warrant.

23
    **Additional Procedure if Obtained via E-mail:** The officer must e-mail the judge the entire
24  supporting affidavit and search warrant from an electronic device owned, issued, or maintained by the
    criminal justice agency.  Corrections or amendments must be made by the officer and then re-sent to
25  the judge as a new electronic document for review and approval.  A printout of all of the e-mails
    establishing the judge's review and authorization for the warrant and permission from the judge to affix
26  the judge's signature must be included with all distributions of the warrant (Court Clerk, Prosecutor,
    Officer's Report, Left with warrant).
27
    **Additional Procedure for Risk of Harm if Documents Made Public:** Pursue Motion to Seal
28

SEARCH WARRANT
LINEBERRY v4 2/15
Page 4

Ex 104

Police Report #: 2022-00127607

Superior

SNOHOMISH COUNTY, WASHINGTON

County of Snohomish          )          NO. _____

                             ) ss.          **INVENTORY AND RETURN OF**

State of Washington          )              **SEARCH WARRANT**

1. I received a search warrant for the premises, vehicle or person specifically described as follows:

4232 142nd Ave NE Lake Stevens, Snohomish County Washington. This property contains a residential manufactured home and an external garage. The residential building has four external walls and has a large roof built around the manufactured residence. Appears each of the external walls have windows and the house is white in color The front door faces towards 142nd Ave NE and the external garage is located on the west side of the house.

2. On the [16th] day of [September], 20 [22], I made a diligent search of the above-described premises, vehicle or person(s) and found and seized the items listed below in Item 7.

3. Name(s) of person(s) found in possession of property:

A) Stephanie Farler ~~(~~

SEARCH WARRANT INVENTORY
LINEBERRY v4 2/15
Page 1

Ex 1 P5

4. The inventory was made in the presence of:

☐ The person(s) named in (3) from whose possession the property was taken.

☑ Others:  Deputy J. Hall #1730

5. Name of person served with a copy or description of place where copy is posted:

Front door

6. Place where property is now stored:

North Precinct lockers

7. Property and person(s) seized:

A) Stephanie Farler ▬▬▬▬▬▬
B) Kaela Petitt duplicate driver's license.
C) Multiple purses with Kaela's mail.
D) 1 cell phone
E) 1 laptop

SEARCH WARRANT INVENTORY

Ex 1 P6

Property and person(s) seized (continued):

| Dated: | 09-16-2022 | |
|--------|------------|---|
| | | Signature of Peace Officer |
| | Printed or Typed Name | A. Mozeak #1663 |
| | Agency | Snohomish County Sheriff's Office |

**DISTRIBUTION:** Original: Court Clerk      1 Copy: Prosecutor      1 Copy: Officer's Report
1 Copy: Left with person in possession of property seized or, if not present, conspicuously posted/left at location of search.

Ex 1 P7

P 10

## SNOHOMISH COUNTY DISTRICT COURT, EVERETT DIVISION

THE STATE OF WASHINGTON,

Plaintiff,

v.

Farler, Stephanie Catherine

Defendant.

EVENT #  2022 - 127607

PROVISIONAL ORDER SETTING BAIL OR
CONDITIONS OF RELEASE

You are advised that you are under arrest for the crime(s) _Identity Theft 1_

alleged to have been committed by you on the _9_ day of _Sept_ , 20 _22_ .
I.      THE COURT FINDS that the prisoner is unavailable for preliminary appearance because of
( ) physical disability; ( )mental disability, ( )prisoner's refusal to attend hearing, ( )unavailability of interpreter, (
)other:_____, and as such there is good cause to continue the preliminary
appearance. Therefore, THE COURT ORDERS that the preliminary
appearance shall be continued to the _____ day of _____ , 20___ at _____ .
II.     ☒ THE COURT FINDS that probable cause exists to believe that the accused committed the crime(s) described
above based on the facts contained in the booking documents, the facts contained in the affidavit of probable cause, the
reports submitted by law enforcement, and/or _____.
III. IT IS HEREBY ORDERED
    ( ) 1.    That the prisoner shall be released from jail now. Such release shall be unconditional unless conditions
of personal recognizance are imposed under paragraph 3.
    (☒) 2.   That the prisoner shall be released from jail when good and sufficient bond and/or bail is posted with the
Court. Bail is set at $ _10,000.__ .
    (☒) 3.   That the prisoner shall comply with the following applicable conditions:
        ( ) Advise the Snohomish County Prosecuting Attorney's Office (425-388-3333) of any change of
        address
        ( ) Have no contact with minor children
        ( ) Have no contact with _____
        ( ) Comply with any existing no contact and/or protection orders in effect
        ( ) Shall not possess firearms
        (☒) No new criminal law violations
        ( ) Shall not drive a motor vehicle without a valid license and adequate insurance
        ( ) No driving within 24 hours of consuming alcohol and/or drugs
        ( ) Do not possess/consume alcohol, non-prescribed drugs or marijuana
        ( ) Do not refuse to take BAC test, drive with .08 or higher or THC level of 5.0 ng or higher.
        ( ) No operating a vehicle without an ignition interlock, and proof of installation of functioning ignition
        interlock(s) for all motor vehicle(s) operated by defendant shall be filed with the court above within five (5)
        business days of the date of release from custody.
        (☒) Other:
            _Do not possess I.D. of other,_
        _____

IT IS FURTHER ORDERED that if a Complaint is filed in the District Court by 5:00 p.m. on _____ ,
_9-20-2022_   the conditions of release including bail shall remain. If a Complaint is not filed by the
required date and time then the defendant shall be released from jail, and all conditions of release shall be exonerated
and be of no further effect, and any bond and/or bail posted shall be exonerated.

DONE IN OPEN COURT this _18_ day of _September_ , 20 _22_.

_____
JUDGE of DISTRICT COURT

EX 1 P8

PC22-2110

IN THE SNOHOMISH COUNTY DISTRICT COURT, STATE OF WASHINGTON
EVERETT DIVISION

STATE OF WASHINGTON,
                                Plaintiff,

v.

FARLER, STEPHANIE CATHERINE,
                                Defendant

No. SSO 22127607 **AMENDED**

PROVISIONAL ORDER SETTING BAIL
OR CONDITIONS OF RELEASE

You are advised that you are under arrest for the crime(s): FIRST DEGREE IDENTITY THEFT, alleged to have been
committed by you on the 16th day of September, 2022.
I.    THE COURT FINDS that the prisoner is unavailable for preliminary appearance because of
      ( ) physical disability; ( )mental disability, ( )prisoner's refusal to attend hearing, ( )unavailability of interpreter,
      ( )other:_____, and as such there is good cause to continue the
      preliminary appearance. Therefore, THE COURT ORDERS that the preliminary appearance shall be continued to the
      _____ day of _____, 20___ at _____.
II.   ☒ THE COURT FINDS that probable cause exists to believe that the accused committed the crime(s) described
      above based on the facts contained in the booking documents, the facts contained in the affidavit of probable cause,
      the reports submitted by law enforcement, and/or _____.
III.  IT IS HEREBY ORDERED
      ( ) 1. That the prisoner shall be released from jail now. Such release shall be unconditional unless conditions of
             personal recognizance are imposed under paragraph 3;
      (✗) 2. That the prisoner shall be released from jail when good and sufficient bond and/or bail is posted with the Court.
             Bail is set at $ ~~10,000~~   5000
      (✗) 3. That the prisoner shall comply with the following applicable conditions:
             (✗) Advise the Snohomish County Prosecuting Attorney's Office (425-388-3333) of any change of address
             ( ) Have no contact with minor children
             ( ) Have no contact with _____
             ( ) Comply with any existing no contact and/or protection orders in effect
             ( ) Shall not possess firearms
             DV ( ) Shall not access, obtain, or possess any dangerous weapon or firearm
             DV ( ) Shall not obtain or possess a concealed pistol license
             (✗) No new criminal law violations
             ( ) Shall not drive a motor vehicle without a valid license and adequate insurance
             ( ) No driving within 24 hours of consuming alcohol and/or drugs
             ( ) Do not possess/consume alcohol, non-prescribed drugs or marijuana
             ( ) Do not refuse to take BAC test, drive with.08 or higher or THC level of 5.0 or higher
             ( ) No operating a vehicle without an ignition interlock; ( ) proof to probation prior to driving;
                 ( ) proof of installation of functioning ignition interlock(s for all motor vehicle(s) operated by defendant shall
                 be filed with the court above within five (5) business days of the date of release from custody.
             (✗) Other: Don't unlawfully possess another's identifying or financial info
      IT IS FURTHER ORDERED that if a Complaint is filed with Snohomish County District Court by 5:00 PM on
SEPTEMBER 20, 2022, the conditions of release including bail shall remain. If a Complaint is not filed by the required
date and time then the defendant shall be released from jail, and all conditions of release shall be exonerated and be of
no further effect, and any bond and/or bail posted shall be exonerated.

DATED: September 19, 2022

_____
JUDGE of DISTRICT COURT

Provisional Order
PA#: 22-10963

Ex 1 pg 9



| MARYSVILLE POLICE DEPARTMENT | Initial Case Report |
|---|---|
| 1635 Grove St<br>Marysville, WA 98270<br>(360) 363-8300 | Case Report # **2022-00012364** |

### NARRATIVE

**Marysville Police Department**

**Officer Adams# 0192**

**Initial**

**Case #:2022-00012364**

**Date:03/16/22**

**Time:1640**

**Address** ▮▮▮▮▮▮▮▮▮▮▮▮▮

**Type:Fraud**

I, Officer Adams #0192, am a commissioned police officer in the State of Washington, County of Snohomish and employed by the City of Marysville. On the above date and time, my assignment was as a patrol officer. I was wearing an authorized Marysville Police Department patrol uniform complete with shoulder patches and badge. I was in a marked Marysville Police Department patrol vehicle equipped with emergency lights, siren, and decals.

**NARRATIVE:**

On the above mentioned date, time (all times approximate) and location, I responded to a fraud.

I called the reporting party, Kaela Chanice Petitt (DOB ▮▮▮▮▮▮▮ who stated an unknown person stole her social security card number, then opened a credit card account charged $5,200. Petitt stated the suspect then somehow accessed her KOHL's credit card (account ▮▮▮▮▮ and charged $861.

Petitt stated she'd already contacted the financial institutions to report the fraudulent activity and also contacted the credit bureaus and requested a fraud alert be placed on her information.

Petitt stated she learned the suspect used the physical address of ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ and phone number ▮▮▮▮▮ to open the credit card account. Petitt stated the suspect also created a false email at ▮▮, which she said she'd never used.

Petitt also stated the suspects accessed her DOL account and requested a duplicate license be sent to above address, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮. A DAPS search of the address didn't return any people or vehicles.

I spoke with an Island County Deputy who stated the Gig Harbor address was a trap house and was known to have multiple drug addicts coming and going from the location.

This report was submitted from an electronic device owned, issued, or maintained by a law enforcement agency using my user ID and password. I certify or declare under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct.

| REPORTING OFFICER  ID #<br>**Adams, Nathan** | 0192 | APPROVING SUPERVISOR<br>**Lawrenson, Brandon** | |
|---|---|---|---|
| LOCATION  SIGNED **Snohomish County, WA** | | DATE SIGNED    **03/16/2022** | |

This officer's narrative is complete when an approving supervisor's name is attached. Complete report details do not print on this format. Case 2022-00012364 Page 3 OF 9

**DO NOT COPY**
**25-1-00154-31**

**000138**



| SNOHOMISH COUNTY SHERIFF'S OFFICE<br>3000 Rockefeller Ave<br>Everett, WA 98201<br>(425) 388-3523 | Case Supplement Report<br><br>Case Report # **2022-00127607** |
|---|---|

## NARRATIVE

On September 16th, 2022, I, Deputy Raney with the Snohomish County Sheriff's Office was wearing my department issued uniform and driving my department issued marked patrol car. At approximately 1800 hours I assisted with a search warrant service at 4232 142nd Ave NE in unincorporated Lake Stevens WA.

During the warrant service I observed Stephanie Farler exit a shed at the rear of the house. I gave her verbal commands to keep her hands shown and I took her into custody. I placed handcuffs on her, gauging them for tightness and double locking for her safety.

I searched her incident to arrest and placed her in the back of my patrol car.

I assisted in the search of the residence, but I did not locate any evidence.

I transported Farler to the Snohomish County Jail.

This concludes my involvement with this case

The Snohomish County Sheriff's Office is not equipped with body-worn cameras

***EOR***

Deputy C. Raney

#1741

SCSO North

This report was submitted from an electronic device owned, issued, or maintained by a law enforcement agency using my user ID and password. I certify or declare under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct.

| REPORTING OFFICER   ID #<br>**Raney, Christopher**              1741 | APPROVING SUPERVISOR<br>**Zelaya, Luis M** |
|---|---|
| LOCATION  SIGNED **Snohomish County, WA** | DATE SIGNED    **09/16/2022** |

This officer's narrative is complete when an approving supervisor's name is attached. Complete report details do not print in this format.

P14



| MARYSVILLE POLICE DEPARTMENT<br>1635 Grove St<br>Marysville WA 98270<br>(360) 363-8300 | Initial Case Report |
|---|---|
| | Case Report # **2022-00012364** |

---

**NARRATIVE (continuation)**

---

**ATTACHMENTS:**

Statement by Petitt

Screen shots from Petitt

**RECOMMENDATIONS:**

==Due to the lack of investigative leads, I recommend this case be closed but subject to reopening pending further information and evidence that would identify any possible suspect/s.==

**DISPOSITION:**

Closed

**END OF REPORT.**

This document was submitted on a device that is owned, issued or maintained by the Marysville Police Department which is an identified criminal justice agency in Washington State.

I certify under penalty of perjury under the laws of the State of Washington the foregoing is true and correct (RCW 9A.72.085) and I am entering my authorized user ID and password to authenticate it.

*Nathan Adams* 03/16/2022

*Officer Nathan Adams #0192*        *Marysville, Washington*

*Marysville Police Department*

This report was submitted from an electronic device owned, issued, or maintained by a law enforcement agency using my user ID and password. I certify or declare under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct

| REPORTING OFFICER  ID #<br>**Adams, Nathan** | **0192** | APPROVING SUPERVISOR<br>**Lawrenson, Brandon** | |
|---|---|---|---|
| LOCATION SIGNED  **Snohomish County, WA** | | DATE SIGNED  | **03/16/2022** |

This officer's narrative is complete when an approving supervisor's name is attached. Complete report details do not print in this format

**DO NOT COPY**
**25-1-00154-31**

**UNITED STATES DISTRICT COURT**

**WESTERN DISTRICT OF WASHINGTON**

Stephanie Farler V. Snohomish County, Washington et al.

### DECLARATION OF WITNESSES

**Alan Sprague and Tamara Farler.**

On September 16th, 2022 both _Tamera_, and _Alan_____, Had arrived at the residence located at 4232 Lake Stevens, WA, shortly after a contingent of law enforcement officers began executing a warrant. Upon arrival, the street was completely blocked off by numerous Snohomish County Sheriff vehicles. With emergency lights flashing, Allen Sprague, being elderly and mobility impaired, was forced to exit his vehicle and walk with a cane down the driveway to reach the property.

Mr. Sprigg requested to see the warrant authorizing the police presence and search. No warrant was provided verbally or physically. Mr. Sprague Proceeded. To call 911 and report the officers for trespassing. Stating that no warrant had been presented.

At the time of the initial search, no one was present in the residence. The warrant was not taped to the door until after the officers had already entered and searched the home.

The plaintiff's living space is a separate detached building on the property, not connected to the main residence. Approximately 1 hour after the initial search concluded, a Snohomish County officer returned to the property alone using keys found in Stephanie Farley's purse and started her vehicle and drove it from our private property driveway to the public road, where it was subsequently impounded.

At no time was the vehicle listed on the warrant inventory, nor was there any signed or judicially authenticated warrant presented at the residence. The taped document lacks any signature or supporting communications to validate its legality.

**We declare under penalty of perjury under the law of the          United States of America, that the foregoing is true and correct. Executed on 7/31/2025**

_____ Alan Sprague
_____ Tamera Farler

EX 2  P 1

NUMBER
2022-127607   P16

CHECK ☐ THAT APPLY:
☐ ...UND / DRIVER'S REQUEST TOW
☐ ...CE
☐ ...UNDER RCW 69.50.505
☐ ...OUND ONLY
☐ DUI/PC IMPOUND WITH 12 HOUR HOLD
☐ DWLS IMPOUND WITH ___ DAY HOLD
☐ INFORMATIONAL COPY GIVEN TO SUSPECTED OR VEH
☐ REGISTERED OWNER MAY REDEEM ____
☐ DRIVER IS OWNER AND IS THE...
☐ COURT OR THE IMPOUNDING AGENCY SHOWING FINES
   OR PENALTIES HAVE BEEN PAID
☐ IMPOUND WITH PROSTITUTION HOLD (RCW
   9A...

DRIVER
...
...

# UNIFORM WASHINGTON STATE
# TOW / IMPOUND
# AND INVENTORY RECORD

## VEHICLE INFORMATION

VIN
1 N 4 D L 0 1 D 7 Y C 1 5 9 8 1 8

| LICENSE | STATE | YEAR | MAKE | MODEL |
|---|---|---|---|---|
| BYE1603 | WASHINGTON | 2000 | NISSAN | Al |

| MILEAGE 0000000000 | STYLE | COL |
|---|---|---|
| ☐ Report of Sale  ☐ Digital | SEDAN | B |

## REGISTERED OWNER

NAME (LAST, FIRST, MI)
NONE, NONE

STREET ADDRESS
1206 ASH AVE

CITY, STATE, ZIP CODE
MARYSVILLE, WA 98270

PHONE

## LEGAL O

NAME (LAST, FIRST, MI)
LEGAL SAME

STREET ADDRESS

CITY, STATE, ZIP CODE

PHONE

## AUTHORIZATION AND RECEIPT
... 46 55  10 CP B ...  2 OFFICER  A  Mozeak
(INTERAGENCY) 10 (DOL TRU)

(TOWING FIRM)
TO REMOVE THIS VEHICLE FROM  4260 425.2  42ND AVE NE ...  NE

PHYSICALLY INVENTORIED BY  A  Mozeak

DAMAGE
SHADE DAMAGED AREA  N A

EVIDENCE (DRIVER'S SIDE)

EVIDENCE (PAS...)
NA

☐ R FRONT
☐ R SIDE
☐ R REAR
☐ L FRONT
☐ L SIDE
☐ L REAR
☐ REAR
☐ TOP
☐ UNDERCARRIAGE
☐ OTHER

MOTOR
...LOCK DEVICE

## INVENTORY
2 BAGS

## NARRATIVE OR DIAGRAM
(List reason(s) for impound.)

Vehicle taken for a search warrant for RCW
9. .020.2 Identity theft in the first degree.

☑ A COPY OF THIS TOW/IMPOUND REPORT WAS PROVIDED TO THE ...
   ☑ BY THE OFFICER LISTED BELOW
   ☐ BY OFFICER
☑ A COPY OF THE TOW/IMPOUND REPORT AND INFORMATION ...
   ☑ BY THE OFFICER LISTED BELOW
   ☐ BY OFFICER

EX 2  P.

A COPY OF THIS TO WHICH
BY THE OFFICER LISTED
BY OFFICER

OFFICER'S ELECTRONIC
SIGNATURE    A. Mozeak    SNOHOMISH, WA    760    Snohomish County SO    anthony.mozeak@snoco...
COUNTY    BADGE    AGENCY    EMAIL

Ex 2

23729 WALTNER RD

NORTH PRECINCT

15700 40TH AVE NE

MARYSVILLE

LT BOWMAN

Ex 2

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

**Stephanie Far,**

Plaintiff,

v.

**Shomish County, et al.**

---

EXHIBT 3

Email from Boeing – Confirmation of Employment.

Dated: May 22, 2023

From: **Alex Carnes, Onboarding**

To: Stephanie Farler ("Congratulations on Accepted Offer at Boeing")

**Description:**

Official email from The Boeing Company confirming Plaintiff's hiring and beginning of, including anticipated check, drug screening, and pre-hire actions. This document Plaintiff's imminent employment start and economic opportunity immediately prior to the escalation of harassment property damage, housing instability caused by Defendants' acts, which ultimately caused Plaintiff to lose this employment. exhibit is to Plaintiff's damages, as set forth in the Complaint.

I Declare under penalty of perjury under the State of washington that this attached email is a true and accurate print out of the communication between me stephanie farler and boeing employment onboarding Alex carnes from may 22, 2023.

Date 9/21/25

stephanie Farier (Pro Se)
425-268-0129
farier3030@gmail.com

ExH3 P1

 Gmail

Stepharee Farler <stephareef@gmail.com>

---

## Boeing Offer Acceptance - Next Steps! Stephanie Farler - EA023114600

4 messages

---

**EXT-Carnes, Alexandra** <alexandra.carnes@boeing.com>          Mon, May 22, 2023 at 12:15 PM
To: Stepharee Farler <stephareef@gmail.com>
Cc: "Bernhard (US), Marc F" <Marc.F.Bernhard@boeing.com>, "Davis (US), Robert" <Robert.Davis21@boeing.com>, "Green (US), Daniel L" <daniel.l.green@boeing.com>, "Pohan (US), Alec G" <alec.g.pohan@boeing.com>, "EXT-Holmes, Stephanie" <stephanie.holmes2@boeing.com>, "EXT-Middlebrooks, Amber" <amber.middlebrooks@boeing.com>

Stephanie,

Congratulations on behalf of Marc and myself on your recently accepted offer here at The Boeing Company; we are so pleased that you have decided to build your career with us!

### What are your next steps?

Within 48 hours, you will be called by your designated Onboarding Specialist (OBS) who will act as the liaison in providing you with the instructions you will need in order to complete all onboarding tasks.

Please, also keep an eye out for an email (check your spam/junk folders) from your Onboarding Specialist **(Boeing- Congratulations! Your next steps!)** in which they will provide you with the next steps to completing the standard employment background check, drug screening, and all other pre-hire actions.

Once you've successfully completed your onboarding tasks, we can officially identify your start date. For now, please do not put a notice in with your current employer as your Onboarding Specialist will be working with your manager to establish a start date for you. In the interim, we invite you to learn more about where we're going and where we've been. Our teams do truly amazing work, and we're excited to welcome you soon.

Please don't hesitate to contact me if you have not heard from your onboarding specialist within 48 business hours, or if you have any questions regarding your offer.

V/R,

**Alex Carnes**

Talent Acquisition Advisor | Human Resources

Boeing.com/careers
Connect with Boeing: LinkedIn | Instagram | Facebook | Twitter

Exhibit 3 P2

P21



---

**Stepharee Farler** <stephareef@gmail.com>                                    Wed, May 31, 2023 at 11:25 PM
To: "EXT-Carnes, Alexandra" <alexandra.carnes@boeing.com>

Hello I don't believe I have received a call yet from my onboarding specialist. It's possible that my phone did not ring on my end due to poor cellular signal around my home. If you could ask them to contact me I would be thankfull.
[Quoted text hidden]

**2 attachments**

**BOEING** image001.jpg
2K

**BOEING** image001.jpg
2K

---

**EXT-Carnes, Alexandra** <alexandra.carnes@boeing.com>                        Thu, Jun 1, 2023 at 5:59 AM
To: Stepharee Farler <stephareef@gmail.com>
Cc: "EXT-Middlebrooks, Amber" <amber.middlebrooks@boeing.com>


Hi Stephanie,


It looks like Amber Middlebrooks was assigned to you as your OBS and she sent it to your stephareef@att.net email account. Do you still have access to that email?


V/R,


**Alex Carnes**

Talent Acquisition Advisor | Human Resources

7:00AM- 4:00PM Eastern Standard Time Zone

Boeing.com/careers
Connect with Boeing: LinkedIn | Instagram | Facebook | Twitter

**BOEING**


**From:** Stepharee Farler <stephareef@gmail.com>
**Sent:** Thursday, June 1, 2023 2:26 AM
**To:** EXT-Carnes, Alexandra <alexandra.carnes@boeing.com>
**Subject:** [EXTERNAL] Re: Boeing Offer Acceptance - Next Steps! Stephanie Farler - EA023114600

Exhibit 3 P3

EXT email: be mindful of links/attachments.

[Quoted text hidden]

---

**EXT-Middlebrooks, Amber** <amber.middlebrooks@boeing.com>                    Thu, Jun 1, 2023 at 6:26 AM
To: "EXT-Carnes, Alexandra" <alexandra.carnes@boeing.com>, Stepharee Farler <stephareef@gmail.com>

Good Morning Stepharee,

May you log in to your Workday account and update your email to reflect stephareef@gmail.com. Currently, the
information in WD shows stephareef@att.net.

[Quoted text hidden]

Exhibit 3 P 4

## EXH 4

**Date:** July 31 2023
**Document**: Notice to Vacate
**Source:** Marlene Sprague

## Summary

Marlene Sprague presented this Notice to vacate to Plaintiff Stephanie Farler the day after the coordinated trespass that happened between marlene and neighbor Justice Clark.
Incident report from Snohomish County Records request
This Document is dated for the same day of that trespassing, showing they are connected in intentions and coordination to the bigger association-in-fact Enterprise that was just beginning to form between private and county officials under color of law.

## Legal Relevance:

This exhibit is material to the following counts:

- **Civil Conspiracy** (42 U.S.C 1985 (3)): Coordination between private parties and the documents date being dated the same day as documented coordination to remove guests from our home.

- **RICO** (18 U.S.C. 1962 (c)): Marlene admitted that her actions were partly to do with the neighbor and admitted to having contact with the neighbor Justice Clark for the first time. Demonstrating the beginning of the association-in-fact Enterprise that still continues to this day.

## Purpose of Exhibit

This Document marks the first known coordination between Justice Clark and Marlene Sprague as well as the beginning of the conspiracy to force Plaintiff Stephanie Farler out of her home without lawful right to do so. Related Exhibits that tie in to the Conspiracy and coordination between private parties and County Officials

See EX 5,6,7,8,11,12,13UD pack, 14, 16,17,18. This actually Ties in to all attached Exhibits for coordinated efforts to remove from home.

- I Declare under the law of the state of washington that the attached document is a true and accurate copy of the Notice to vacate given to me Stephanie farler by marlene sprague on July 31 2023 at 4232 142nd ave NE lake stevens wa 98258

Stephanie farler (Pro se)
Date 9/21/25

Ex 4 Cover Page

TO: Stephanie Farter

**TENANT NAME(S)**

and all other persons in possession of the leased premises described below:

4232 142 Ave NE

**ADDRESS OF RENTAL PROPERTY**

Lake Stevens        WA        98258

**CITY            STATE        ZIP CODE**

FROM: Marlene Sprague (owner) Alan Sprague (owner)

**YOU ARE HEREBY NOTIFIED** that effective 07/31/23 after the date this notice has been served to you, the periodic tenancy by which you hold possession of the premises is terminated, at which time you are required to vacate and surrender possession of the premises. If you fail to do so, legal proceedings will be instituted against you to recover possession of the premises, damages, and costs of suit.

**YOU MUST VACATE THE PREMISES AND DELIVER UP POSSESSION BY:** 09/01/2023

**"MOVE-OUT DATE"**

**ADDITIONAL INFORMATION IS PROVIDED BELOW:**

Take all belongings and vehicle off property
Clean Shed

If you are in doubt regarding your legal rights and obligations, you should seek legal assistance.

**RECORD OF SERVICE**

I, Marlene Sprague, declare under penalty of perjury that on 07/31/23 I served the above notice, of which this is a true copy, in the manner(s) indicated below:

☒ Hand delivered to the Tenant
☐ Given to person of suitable age and discretion at the Premises
☒ Conspicuously posted on the Premises
☐ Sent via certified mail with return receipt requested

07/31/23

**DATE**

Exhibit 4

**UNITED STATES DISTRICT COURT**

**WESTERN DISTRICT OF WASHINGTON**

Stephanie Farler V. Snohomish County, Washington et al.

**EXH 5 8/12/2023**

**Certification of authenticity**

**I swear under penalty of perjury of the United States of America that this is a true still shot and transcription created from the original recording I took on my device as the harassment was taking place of Justice Clark (neighbor).**

**Justice:** "I see you, I see you interact with them all the time."

**Justice:** "I see you fucking up until three in the I've seen you and then you get up at like 7 or 8. You weren't here. That's right, you weren't here."

**Stephanie**: You're like a stalker now. You're starting to stalk me, it feels like, because you know every little detail about every little thing."

**Justice:** "I'd be fucking out of my mind to fucking stock something like you. You are fucking kidding me."

**Justice:** "Well, it sure seems like you know quite a bit about my routine."

**Justice:** "When was I shooting my gun?

Proved that I was shooting my gun.

Prove that I was shooting my gun."

**Justice:** "You can't prove. Nothing that I had my gun.

**Justice:** "Prove it in court."

**Stephanie:** "Are you threatening me?"

**Justice:** "Prove it in Court!"

**Justice:** "I can't even talk to you, you fucking crazy cunt "

**Justice:** "I'm gonna talk to the city about you fucking living there too."

Stephanie Farler

Exh 5P1

P26



Exh 5 P2

Aug 12th 6:45 pm In the driveway and property line
Speaker 1: Justice Clark, Speaker 2: Stephanie Farler

Speaker 1:   When I told the judge and showed the judge the video of your friend threatening me? Yeah.

Speaker 2:   What friend? Who threatened you? You literally, I just got it on video, I just got it on video you threatening me with your dog.

Speaker 1:   Your old fucking bitch haggard friend, and the only reason I threatened anybody over here is because your bitch old friend threatened her dog to attack me over here.

Speaker 2:   Do you know that -

Speaker 1:   How fucking stupid is that?

Speaker 2:   My dog's -

Speaker 1:   **** your friend here, go get him, go sic what's his name on him over there.

Speaker 2:   That has nothing to do with me. My dog's the size of a football, dude.

Speaker 1:   Hey, it's your fucking friend's mother fucker.

Speaker 2:   No, Alan, do you know that Billy and Jo Jo lived with Alan for 15 fucking years? They're not, they didn't come from me. They didn't come from me. They did not come from me. They lived in his home for 15 fucking years right before this place. They came for him.

Speaker 1:   They're your friends.

Speaker 2:   No. I'm telling you -

Speaker 1:   I see you interact with them all the time.

Speaker 2:   Yeah, 'cause I'm a civil person.

Speaker 1:   I see you fucking, up until 3:00 in the, I've seen you, and then you get up at like 7 or 8.

Speaker 2:   You are, you are way too much in my business. Why are you awake to see all of these things happening?

Speaker 1:   I'm your fucking neighbor.

Speaker 2:   Why, but why are you awake to see all the times I'm awake and I'm

Exh 5 P3

not.

Speaker 1:  **** your friend is fucking waking me up, like the fucking dude in the Harley come coasting down, then he's gotta start his bike.  No, you weren't here.

Speaker 2:  When?

Speaker 1:  You weren't here.  That's right, you weren't here.

Speaker 2:  You know way too much.  You're keeping tabs.

Speaker 1:  ****.  I don't wake you up.

Speaker 2:  It's like stalker status.

Speaker 1:  I gotta fucking listen to this shit.

Speaker 2:  You're like a stalker now.  You're starting to stalk me it feels like because you know every little detail about every little thing.  Why are -

Speaker 1:  Who am I stalking?  Oh, ****.

Speaker 2:  Why are you watching me?

Speaker 1:  **** I'd be fucking out of my mind fucking to stalk something like you.  Are you fucking kidding me?

Speaker 2:  Well, it sure seems like you know quite a bit about my routine.

Speaker 1:  **** are out here at 1:00, you were out here.  I fucking heard you.  I was out here.

Speaker 2:  Okay, and I have you shooting your gun and firecrackers and whole packs of 'em.

Speaker 1:  When was I shooting my gun?

Speaker 2:  Do you want me to play the videos for you?

Speaker 1:  Prove that I was shooting my gun.

Speaker 2:  Should I play the videos for you?

Speaker 1:  Prove that I was shooting my gun ****.

Exh 5 P4

Speaker 2:  Do you want me to play the videos for you?

Speaker 1:  I don't wanna see nothing on your fucking phone.

Speaker 2:  Because I can play them.

Speaker 1:  ****.

Speaker 2:  Do you wanna play 'em?

Speaker 1:  You don't even have, can't prove nothing that I had my gun.

Speaker 2:  You've threatened multiple times.

Speaker 1:  Prove it.

Speaker 2:  I will with the video.

Speaker 1:  Prove it in court.

Speaker 2:  With the video.

Speaker 1:  Go ahead. Show that to the judge.

Speaker 2:  Okay.

Speaker 1:  You do that.

Speaker 2:  I will.

Speaker 1:  'Cause it's ****.

Speaker 2:  Cool.

Speaker 1:  You keep fucking waking me up, keep disturbing the people. That's why there's a noise ordinance.

Speaker 2:  He's my dog, okay. Dogs are supposed to protect, if they hear something, alert you.

Speaker 1:  ***** your fucking animal ****.

Speaker 2:  Dogs are supposed to alert you when something's on your property.

Speaker 1:  You'll find out. Wake me up. I'm gonna fucking **** fuck you up.

EXN5P5

Speaker 2:  Are you threatening me?

Speaker 1:  Fuck you. I can't even talk to you, you fucking crazy cunt.

Speaker 2:  Okay, that's cool.

Speaker 1:  You don't even fucking live here. You live in a fucking wood shed. Shut up.

Speaker 2:  Why are you talking to me this way?

Speaker 1:  I'm gonna talk to the city about you fucking living there too.

Speaker 2:  There's nothing illegal about it. I've already looked it up myself, bud.

Speaker 1:  ****.

Speaker 2:  I have full 100 percent access to the utilities at all times.

Speaker 1:  Shut the fuck up and ****.

SpeakWrite
www.speakwrite.com
Job Number: 20230912_123551_bkw

• Surveillance - Justice admits to watching stephanie and
  Retaliation for being voken up at night. Yet he states
  ("you are out here at 1:00 you were out here. I fucking
  heard you. I was out here."
  Cleary admitting to already being outside on
  property line listning.
• IIED • 1985 conspiracy to harass

EXh 5 p10

# EXHIBIT 6

P 31

**Date:** August 25, 2023
**Document:** Justice Clark's Reply to Protection Order No. 23-1-05904-31
**Source:** Court filing – Snohomish County Superior Court

## Summary of Content

In this reply, Defendant **Justice Clark** makes a series of statements that confirm ongoing harassment, intimidation, and defamatory conduct directed at Plaintiff. Among other admissions, Clark:

* States that he "always carried [his] pistol" when going outside at night.
* Publishes a false criminal allegation that "Stephanie has been charged with identity theft."
* Admits to engaging in surveillance of Plaintiff ("hear everything she does during quiet times").
* Requests that the Court dismiss Plaintiff's petition and instead impose a restraining order on Plaintiff.
* Makes derogatory and disparaging claims about Plaintiff's character, living situation, and family.
* Labels Plaintiff as a "parasite nuisance," "manipulative bully," and "gaslighting."

## Legal Relevance

This exhibit is material to the following counts:

* **First Amendment Retaliation (42 U.S.C. § 1983):** Clark's retaliatory request that the Court dismiss Plaintiff's petition and impose a restraining order demonstrates an effort to suppress protected petitioning activity.
* **Civil Conspiracy (42 U.S.C. § 1985(3)):** The statements align with and support coordinated efforts by Defendants Sprague and Rosenquist to remove Plaintiff from her home and obstruct her legal remedies.
* **RICO (18 U.S.C. § 1962(c)):** Clark's admission of carrying a firearm in connection with disputes constitutes predicate intimidation and supports the pattern of racketeering activity.
* **Intentional Infliction of Emotional Distress (IIED):** The derogatory, malicious accusations and armed intimidation amount to extreme and outrageous conduct causing severe emotional harm.
* **Defamation / Reputation Harm:** The false claim that Plaintiff was "charged with identity theft" is defamatory per se, designed to damage Plaintiff's reputation and credibility.
* **Abuse of Process:** Clark's misuse of the protection order process to seek retaliatory court orders against Plaintiff demonstrates improper legal purpose.
* **Monell Liability:** County's tolerance of these actions, despite clear admissions of firearm intimidation and harassment, reflects deliberate indifference to constitutional violations.

## Purpose of Exhibit

This filing serves as **direct evidence of retaliation, defamation, armed intimidation, and abuse of process** by Justice Clark, and corroborates Plaintiff's claims of coordinated harassment and conspiracy involving both private actors and public officials.

This Document is self Certified because it is Stamped received by Snohomish County court Aug 25 2023.

Ex 6 cover page

1

2

FILED

3

23-2-05904-31
RSP          B
Response
15107388

2023 AUG 25  AM 10: 20

4

HEIDI PERCY
COUNTY CLERK
SNOHOMISH CO. WASH

5

6

7

**SUPERIOR COURT OF WASHINGTON**
**COUNTY OF SNOHOMISH**

8

9  In re:

STEPHANIE FARLER

NO. 23-2-05904-31

10

                    Petitioner,

RESPONSE DECLARATION OF

11 And

JUSTICE CLARK

12 JUSTICE CLARK

13                    **Respondent**

14

15     I, Justice Clark, declare under penalty of perjury under the law of the State of

16 Washington that the following is true and correct.

17 Almost own my home, bought this place in 2003, work and been

18 with the same company Cobalt for 11yrs, Im weekend shift inspector,

19 Cobalt makes a ton of parts and assemblies for defense, hi percision

20 electronics parts, gyroscopic instrumentation parts andassemblies, to funny

21 electromagnetic impulse housings. Cobalt has punches, lasers, break

22 pressing, full powder coat line, welding. Have a 7yr old daughter,

being a Dad is the most life full filling thing in life can offer, she

23 just had her tonsil and adenoid surgery, poor child can breathe

*DECLARATION - Page 1 of 2 ~~8~~ 10*

EXV B1

Greatly enjoy my ultralighting Part 103, enjoy the outdoors, 4x4ing have a great respect for nature, and animals. I'm a save the earth person all about recycling, conservation, preservation respect, AND quiet times at home or camping. City of Lake Stevens noise ordinance 9pm-9am wk days ends, 9pm-7am wk days which I respect, people need there rest. I have had and still have good relations with my neighbors for like 20 yrs. Alan and his sister bought the place in Sept or Oct 2021, Did not hardly know these people existed, at X-mas Alans care taker who is Stephanies Mom delivered a plate of cookies, fudge, X-mas goodies. About the 3rd wk of Jan 2022 a pontiac gold montana van showed up in the driveway, and had to introduce myself quite a few times from the howe of 11pm-4am about noise disturbances, was very strange. the black man Stephanie was with would only come out at nite, its also when my neighbors Spencer and his Mom. Malissa talked to me about, they live across the street up on a hill looking down. The black gentleman appeared to unemployed same with Stephanie who still holds no job. Upon Alan serving me papers we had a chance to finally talk about Stephanie. Alan told me Stephanie has not paid a dime in rent, Alan also stated that she just moved in and removed his tools from his tool shed with out consent. Alan said quote for quote "I've asked her to leave a couple times and she flat out tells me NO" told him and asked I was going to use this in court, he did not object. Stephanie and the black gentleman have

DECLARATION - Page 2 of 8 10

P34

had the cops over there a dozen times for domestic vio-
lence and who I have called the authorities quite a few
times for disturbing the peace, noise disturbances, and one call
went from a noise disturbance to possibly injury or death
when the black gentleman decided he was going to come no if
and, or but's about it, shirtless he started to tromp over to
my place but was stopped by Stephanie. 4 cops came; Knocked
on the tool shed door and all 4, Stephanie, the black gentleman,
William and his girlfriend didn't answer the officers Knocking
so they left, and Im watching my daughter, how scary, and worried
from that point. Alan told me the black gentleman was an ex-
marine, who was an exsplosive tech. Individuals who have
nothing to loose are the scariest of folks in my opinion. The
black gentleman was also responsible for some vandalism at
#232, that give me a fat warm feeling. Ever since that
incident, I always carried my pistol with when outside at
night was scared you Know, who wouldn't? Big note here
Stephanie has been charged with identity theft, we looked it
up.

Signed at 4220 147nd AVE NE _____ [City and State] on 8-25-23 [Date].
Lake Stevens WA

Justice Clark

*DECLARATION - Page 3 of ~8 10*

EXb P3

Response to 1ST paragraph

Only a couple times. I've play loud music past quiet times, and no one from Alans place has inquired about it, 2-3 times a week I play loud music when my daughters with her Mom. I've never just walked around Alans property or harassed any animals, and the stalking ~~ayu~~ accusations is totally absurb.

- June 24 response -

Late that nite Stephanie and Williams girlfriend were talking like it was day time hours, constantly going to shed, mobile home, and vehicles, rummaging, to bunging and sliding things, William and his girlfriends cars left front fender is pushed in so when drivers door opens it sounds like a miny fire cracker, swear I must have heard that door open and close 40 times, flipping annoying as all get out. Stephanie was not, just walking to her car, she and williams girlfriend were being normal noisy disrespectful degenerates. Had to get out of bed and tell them to shut the "F" up and did say distasteful things. Stephanie threw something at my place, come to find out it was a box of ear plugs. She told me to move to a different part of my house, and to wear ear plugs. Confronted her about this the next wk on Tue, she said it was a gift, told her to never throw garbage at my place or on my property. I do not necessarily watch her, just have to hear every thing she does during quiet times

- June 29 response -

EX6   P 4.

Did not and have never yelled at anyone pulling into Alans place.

June 31 response –

Did not yell at Stephanies brother, and shouting insults to everyone I see on Alans property, all not true.

July 15 response –

noise disturbances, banging, rummaging, moving things, these folks have no regard of the people around them. I lit about 10 left over fire crackers to see if they get the hint. I did not lite fireworks till 3am, I went to bed.

July 27 response –

2-3 times a week I listen to loud music, easy listening, yacht rock to heavy metal. Did not scream at her or anyone.

Aug 1 response =

Was not lighting fire works and nor have I ever shot a gun outside my place. Stephanie has no place of her own, only property she has is a car. I worry about my garages and property because of Kind and company. Did not call Alans sister, Alan told me his sister came down, williams girlfriend started an argument, and the cops were called, so Alans sister put a restraining order on Williams girlfriend, but saw her car and heard

her voice at Alans around 5:45 pm on 8-29, while
playing with my daughter.

▷ Aug 4 response -

Don't recall lighting fireworks. Stephanie is quite
comfortable in her tiny home all self entitled. And
she parks where evers convenient looks like.

▷ Aug 5 response -

Yup the 139th people are choice, quite often there is
yelling, slamming, banging, cutting wood through out
all hours, mortor fire works, burning out, burning
garbage etc. Stephanie lets bear bark because thats
his yard and if he needs to park he will is what she said,
have that on video. Don't recall yelling at her, definetely
no guns

▷ Aug 12 response -

At 6:34 went to address barking noise complaints. Did not
call her a piece of shit. Did say I'll get my dogs out
next time her dog wakes me up, she vexatiously used
this as a threat as in my video. Im not racist. And
me and other neighbors talk here and there, whats
it to her? Says she doesnt feel comfortable in her
8x8, shes had lavish amounts of time to up grade. Its
not even legal to be staying in an 8x8 with children
in a tool shed in city limits, power, water, and septic
have to be compromised or not to code with that many
people in an early 70's mobile single wide.

EXO. P6

P38

Mom needs to re trust something and Alan needs
to follow through with a restraining order. I'm pleading
for the courts to dismiss this and put a restraining
order on Stephanie and Williams girlfriend, this has
gone on way to long and looks like it may never seize.
Its time Stephanie get her own place, she is a
parasite nuisance, greatly taking advantage of a weak
feeble old man who seems like a decent individual,
Alan doesn't have the energy for her. Stephanies provocational
vexatious, gas lighting, manipulative bully

- Response to her declaration -

Stephanie doesn't have to protect herself, absurb, and
stress, Stephanie lives for free and will defend that
to no end, and her mom is like her 24/7 baby sitter.
Do not pop out of my bushes, how absurb, have never
threatuned her or her dog. Again did not call Alans sister.
I DO NOT DRINK OR DRUG. Stats cant even go to her
car or go to go to store with out getting attacked, not
even true, outlandish accusations. I do not even poison
rats, only carpenter ants, and not DOGs! Stephanie does
not walk on eggshells, she is very comfortable taking
advantage of her Mom, Alan, the 8x8 shed, water
power etc. And also she could be useing an upper from
her demeanor.

EX6 P7

Want to point out on 8-29 was a scheduled
summer vacation day with my daughter, insted had
to cancel the fair plans we had in Monroe to
respond to this, and take off half day of
work to get my paper work in. Was really heard to
respond to all what she wrote. Hard to respond
to this cuos

EX6 Pg 8

P40

Times I got up to see what hell
was going on, and recorded

2022: These are just a few incidents I documented
same for 2023

▷ May 29  Jun @ 10:45pm noise disturbance's on/off
▷              dog barking
▷ June 20  Mon @ 11:24pm  noise disturbance's on/off

▷ June 21  Tue @ 10:52pm  noise disturbances, talking, banging
▷              thumping
▷ June 28  Tue @ 10:49pm  chopping wood, dog barking
▷

▷ July 18  Mon @ 10:31pm  N.D. on/off
▷

▷ July 21  Thurs @ 10:29pm N.D. talking loudly
▷              @ 11:23pm  N.D.!
▷ Sept 16       @ 8:40pm  house raided, Stephanie charged
▷              with Identity Theft
▷ Sept 26  Mon @ 10:29  N.D.'s, banging, thumping, rummaging
▷
▷ Sept 27 Wed @ 5:50 am
▷
▷ 2023
▷
▷ April 11       @ 7:55 pm  Black gentlemen getting arrested.
▷
▷ June 24 Sat @ Time
▷
▷ June 24  Sat @ Time Late  noise disturbances
▷
▷ June 27  Tue @ 12:22 pm  Confronted Stephanie about
▷              throwing garbage on my property
▷
▷

EXC  P9

July 1 Sat @ 4:24 am  noise disturbance's, talking
              cars running, working on cars
July 3 Mon @ 10:47 pm  noise disturbance, sliding of
              sheet metal, or something, quite loud
July 7 Fri @ 10:22  noise disturbance, talking, banging
              working on things, power tools, sanding car
              in the dark.
July 10 Mon @ 2:03 am  noise disturbance's, then a bottle
              rocket
July 15 Sat @ 10:45  banging
July 16 Sun @ 1:27 am  banging, rummaging, hammering,
              moving maybe furniture, something
Aug 5 Sat @ 3:09  woke up to barking from next door
Aug 12 Sat @ 1:03  again woke up to barking from
              next door at 4232.

E&6 P10 402

P43

**EX 7**
**Date:** August 29, 2023
**Document:** Notice of Hearing No. 23-2-05904-31
**Source:** Court filing – Snohomish County Superior Court

**Summary**

In this document from case No. 23-2-05904-31 Stephanie Farler v. Justice Clark. Plaintiff filed an anti-harassment order on Justice Clark in the cascade district court originally but was told it had to be held in Superior Court. This was the first hearing that was held continuing for service.

**Legal Relevance**

The Judicial officer changed it to domestic violence protection order without notifying parties or without request from parties. Supporting Monell Liability for County municipality due to judicial misconduct and procedural violations of Snohomish County officials. This factored in to all the Snohomish County court Transcripts AM also attached to this complaint demonstrates a County wide failure to train or supervise its officials. The 9th Cir. Has held that Monell claims require only a causal connection between the policy/custom and the alleged constitutional violation.

This exhibit is material to the following counts

**Monell Liability: 42 U.S.C. 1983** - Municipality procedural violations and deliberate indifference violating constitutional right of Due process of the law and under color of the law.

42 U.S.C. § 1983 – Due process violation
42 U.S.C. § 1985 – Conspiracy among officials to deprive of legal protections.
RICO – Conspiracy, retaliation ties in to the big picture of events.

EX 7 Cover

p44

FILED
2023 AUG 29 PM 2:06
HEIDI PERCY
COUNTY CLERK
SNOHOMISH CO. WASH

SUPERIOR COURT OF WASHINGTON, COUNTY OF SNOHOMISH

| | |
|---|---|
| STEPHANIE FARLER 04/28/90<br>Petitioner (First Middle & Last Names)<br>vs.<br>JUSTICE CLARK<br>Respondent (First Middle & Last Names) | NO.: 23-2-05904-31<br>NOTICE OF HEARING (NTHG)<br>☐ Interpreter: ______<br>(Clerk's Action Required) |

## Notice of Hearing

TO: JUSTICE CLARK (person being served)

STEPHANIE FARLER (motioning party) has filed a motion for a ☐ Anti-Harassment ☒ Domestic Violence ☐ Sexual Assault ☐ Stalking or Vulnerable Adult Protection Order ? I Filed Anti Harassment

The court sets a hearing, and the parties shall appear on: 9/11/23 (date) at ☒ 9:00 a.m. ☐ 11:00 a.m. ☐ 1:00 p.m. at the following location:

☒ **Snohomish County Superior Court** at: 3000 Rockefeller Avenue, Everett
Courtroom: ☐ 1B ☒ 1C ☒ 1D ☐ 1E ☐ 2B

☐ **Denny Juvenile Justice Center** at: 3000 Rockefeller Avenue, Everett
Courtroom: ☐ DJJC3

Other: To allow service of all pleadings on parties

IF YOU DO NOT APPEAR, THE COURT MAY ENTER AN ORDER GRANTING THE RELIEF REQUESTED.

Dated: AUG 29 2023

Jacalyn D Brudvik
Court Commissioner Pro Tem

Service: SCSO

** See HOW TO APPEAR FOR YOUR HEARING on the following page.***

S:\FORMS\FCOURTSERVICES\PROTECTION ORDERS Master Forms\PACKETS\FILLABLE PDF INTAKE PACKETS\NOH Commissioner - DENIAL .doc

ORIGINAL

Both parties appeared in person

EX 17

Exhibit No.: _8_ Title: Transcript of September 7, 2023 10:25 PM

Source: Video recording from Plaintiff Stephanie Farler's phone during the harassment.

Description: This transcript captures a hostile and profanity-laced confrontation initiated by Defendant Justice Clark. The exchange includes threats of violence, homophobic slurs, verbal harassment, and attempts to provoke physical altercations. Plaintiff and witnesses attempt to de-escalate while Clark continues to shout, insult, and intimidate. Alan Sprague intervenes to defend Plaintiff and threatens to call law enforcement.

This recording supports claims under:

- 42 U.S.C. §     1983 – Deprivation of peaceful enjoyment and safety under color of law
- 42 U.S.C. §     1985(3) – Conspiracy to intimidate and retaliate against protected activity
- RCW 9A.36.080 – Felony harassment
- RCW 7.105.010–020 – Civil protection order eligibility
- RCW 4.24.630 – Interference with property and privacy
- 18 U.S.C. §     1962(c) – RICO predicate acts including intimidation and obstruction
- First Amendment Retaliation

Certificate of Authenticity

Declaration of Authenticity – Exhibit 8

I, Stephanie Farler, declare under penalty of perjury under the laws of the United States of America that the attached transcript is a true and accurate reproduction of a verbal exchange that occurred in Sep 2023 between myself, Justice Clark, Scot, and Alan Sprague at or near the property line of 4232 142nd Ave NE, Lake Stevens, WA.

This transcript was created directly from a personal audio recording captured on my mobile device. The content accurately reflects the statements made during the incident and is evidentiary support in furtherance of my civil complaint under 42 U.S.C. § 1983, § 1985(3), and applicable Washington statutes addressing harassment, property interference, and retaliatory threats.

The original recording remains in my possession and is available upon request.

Participants: Stephanie Farler (Petitioner), Justice Clark (Respondent), Alan Sprague (vulnerable adult/homeowner), Scot Bacon (mechanic/friend)



Transcription

Justice: What? You want me to go up on the street? Sure. We'll go up on the street.

Stephanie: No, nobody's gonna go out on nowhere.

Justice: **** up on the street **** Stephanie: It's still

recording, so.

Scot: Well, at least ****

Stephanie: He's making himself look like an idiot right now.

Scot: Yeah, he is.

Stephanie: So, I'm just gonna leave it recording. It's not even been **** out here.

Scot: No.

Justice: **** push my fucking **** and I don't care.

Stephanie: Just don't acknowledge him anymore. He won't stop.

Justice: ****

Stephanie: He's drunk as fuck. Scot:

Mm hmm.

Stephanie: He's fucking drunk.

Justice: Next time.

Justice: **** right up here.

Stephanie: You are fucking drunk. You're fucking drunk, aren't you? Justice:

Your **** threatening to fucking push my teeth down my throat Stephanie:

Your drunk.

Justice: ****

Stephanie: You are drunk.

Stephanie: What are you doing out here?

Justice: Push it down my throat Scotty.

Scot: Why don't you ****

Stephanie: You're drunk. Are you drunk right now? Is that why you're acting like this?

Justice: **** video right now.

Stephanie: I have it too. You need to stop. Nobody's trying to do nothing. Nobody wants to do nothing.

Justice: **** threatened to have my teeth pushed down - Stephanie: No.

Justice: fucking light on my fucking ****

Stephanie: Who's the one that's threatening right now? You are in front of my property. Your property is that way bud.

Justice: He said he wanted to go.

Stephanie: So you're just inviting it? You're just that childish? You're just that big of a child?

Justice: Fucking pussy, Scotty.

Stephanie: Thank you.

Justice: Shut the fuck up, Scotty, next time.

Stephanie: Come on, just, just don't even. He's like a 10-year-old, or my 10-year

Justice: **** any time Scotty. Stephanie: my 10-year-old is - Justice: Faggot.

Stephanie:- is more mature than he is. Come on, Scotty.

Justice: Fucking beat your ass.

Justice: My 10-year-old is more mature than he is. Come on.

Justice: I was up there.

Stephanie: My 10-year-old is more mature than he is. That's crazy. My 10- 10-year-old. I don't understand it. This guy is just crazy.

Scot: ****

Stephanie: He's all fucking growling in the bushes. Weird. That's crazy as fuck dude. Okay. Let's get going here, because I'm definitely have to have my car tomorrow, so. Scot: Yup. Justice Clark

Justice: **** call after I'm fucking done - Stephanie:

Stephanie farler

Justice: - with you to report that.

Stephanie: Just stop. Justice:

Yeah. That was - Stephanie:

Stop.

Justice: - a good one, Scotty.

Stephanie: Stop.

Justice: That helped your case, you moron.

Stephanie: Stop calling people names.

Justice: No, uh uh, I'm gonna sit out here. No you're gonna sit out here and fucking disrupt my sleep.

Stephanie Okay. Perfect.

Justice: I'm gonna sit out here and talk to ya and irritate -

Stephanie: Good. Let's just make this - Justice: - like ****

Scot: Well, good.

Stephanie: Let's just make this a gay old time. You want a beer? You want me to get you a beer? I'd like -

Justice: You want to throw some more shit on my property?

Stephanie: I might drink a beer? You want to drink a beer with me?

Justice: Throw some more shit on my property.

Stephanie: Do you want to drink a beer with me?

Justice: I fucking dare ya

Stephanie: I asked you a question. Do you want to drink a beer with me?

Justice: Oh, oh, you're ****. Yeah, do I want to drink a beer.

Stephanie: Would you like a beer?

Justice: ****

Stephanie: Because I have one.

Justice: **** Drink some poison.

Stephanie: Do you want, uh, you open the can.

Justice: I'll have a beer. You drink some poison.

Stephanie: You can open the can.

Justice: How about that?

Stephane: Brand new, all yourself. Open it brand new yourself.

P48

Justice: The day we have a beer will be fucking cold day in hell.

Stephanie: So is that a no then?

Justice: Fucking idiot.

Stephanie: Is that a no.

Scot: Especially with me around.

Justice: Oh, oh yeah. No Scotty, I, I want to suck your dick, Scotty.

Stephanie: Weird. That's fucking weird.

Justice: Good. Scotty, I, I just thought of something, I want to suck your dick, dude.

Stephanie: What a weirdo.

Justice: Fuck Scotty, instead of fighting ya, I want to suck your dick.

Stephanie: Who does that? Who does that?

Justice: Oh, no, no, not, not me fighting you.

Stephanie: Is that right.

Justice: I was defending myself because you wanted ram my teeth down my throat.

Stephanie: Is that right, no that's not the right one.

Scot: You shouldn't call people names.

Justice: That's right.

Stephanie: We're just gonna keep going about our merry business back here.

Justice: You should stay out of fucking other people's business. Stupid fuck.

Stephanie: We were gonna try to be quiet, but -

Justice: Oh, yeah. Uh huh. You were sure. Uh huh. Yep. I'm gonna sit out here and talk to ya,

Stephanie: Okay, that's good actually.

Justice: I know.

Stephanie: You could use the company.

Justice: Huh. Oh fuck.

Stephanie: So what else you got to talk about. How about the weather?

Scot: How as your visit with your daughter?

Juystice: Hey you shut the fuck up about my daughter, Scotty.

Stephanie: She's obviously not there tonight 'cause you're acting like a fucking maniac.

Justice: Scotty, faggot.

Stephanie: 'Cause you don't act like a maniac - Justice:

What's that about my daughter, Scotty faggot.

Stephanie: When she's there.Speaker 1: Fuck. You want to talk about my daughter faggot.

Stephanie: He didn't say anything bad. He said nothing bad.

Justice: Is that mom over there with the flashlight?

Stephanie: Probably. Who cares?

Justice: Sorry, mom, your daughter is acting like a fucking noisy delinquent.

Stephanie: Okay.

Alan: **** fuck, she needs her car - Stephanie:

You know what, mother.

Alan Sprague: - for work. I don't see ya, but I hear ya out there. Just fucking leave us alone, all right? I'm dead set against this. I've been sick for 4 days. I don't feel like coming out here

Exn 8 P4

P49

listening to you bitching and moaning 'cause she's trying to get her car fixed. Understand me? If you don't, I'm calling the cops and having you arrested.

Justice: Call the cops.

Alan: Hey, okay.

Executed at: Marysville, Washington Date: 7/31/2025

Signature:

Printed Name: Stephanie Farler

Contact: 425-268-0129| Farler3030@gmail.com

Exh 8 p5

P50



# Incident Report



**Print Date/Time:** 12/20/2024 06:59
**Login ID:** so4541

Snohomish County Sheriff's Office
**ORI Number:** WA0310000

Incident:    2023-00132270

| | |
|---|---|
| **Incident Date/Time:** | 9/7/2023 11:05:28 PM |
| **Location:** | 4232 142ND AVE NE |
| | LAKE STEVENS WA 98258 |
| **Phone Number:** | (425) 535-8742 |
| **Report Required:** | No |
| **Prior Hazards:** | No |
| **LE Case Number:** | |

| | |
|---|---|
| **Incident Type:** | Disturbance |
| **Venue:** | Lake Stevens |
| **Source:** | 911 |
| **Priority:** | 3 |
| **Status:** | 3 |
| **Nature of Call:** | CONTACT |

## Unit/Personnel

| Unit | Personnel |
|---|---|
| 1B2 | so1760-Goldsmith |
| 1D2 | SO1614-Jordan |
| 1H1 | so1713-Glasel |
| K921 | SOK942-K9/Tracker |
| | SO1642-Byrd |

## Person(s)

| No. | Role | Name | Address | Phone | Race | Sex | DOB |
|---|---|---|---|---|---|---|---|
| 1 | Involved Party | CLARK, JUSTICE N | | | | Male | 01/23/1977 |
| 2 | Involved Party | SPRAGUE, ALAN K | | (425) 535-8742 | | | |
| 3 | Involved Party | SPRAGUE, ALAN KEITH | | (425) 535-8742 | Unknown | Male | 04/14/1958 |

## Vehicle(s)

| Role | Type | Year | Make | Model | Color | License | State |
|---|---|---|---|---|---|---|---|
| Involved Vehicle | | | | | | CCB4305 | |

## Disposition(s)

| Disposition | Count | Date/Time |
|---|---|---|
| S | 1 | 09/07/2023 23:33 |

## Property

| Date | Code | Type | Make | Model | Description | Tag No. | Item No. |
|---|---|---|---|---|---|---|---|

Page: 1 of 2

Exh8 P6

## CAD Narrative

P51

09/07/2023 : 23:16:03 sn1159 Narrative: PARTIES SEPERATED, RP INSIDE LR1159
09/07/2023 : 23:13:40 sn1159 Narrative: NABOR STILL OUTSIDE YELLING AT RP
09/07/2023 : 23:13:13 sn1159 Narrative: RP DOB/4 14 1958
09/07/2023 : 23:12:37 sn1159 Narrative: L/FARLER F/STEFANIE M/? DOB/? 33YO
09/07/2023 : 23:12:26 sn0438 Narrative: NABOR WAS VERBAL WITH STEP DAU OVER STEP DAU WORKING ON HER CAR
09/07/2023 : 23:11:44 sn1159 Narrative: STEP DAU THEN IN BLU FORD MUSTANG LSH WB ON 44TH ST
09/07/2023 : 23:10:37 sn1159 Narrative: NOW ADV STEP DAU IS INVOLVED WITH NABOR - JSUT LEFT
09/07/2023 : 23:10:03 sn1159 Narrative: EARLIER RP WAS ON PROPERTY LINE, NOW NABOR IN WOODS
09/07/2023 : 23:09:29 sn1159 Narrative: WM 30-40YO UNK CLOTHING DESC
09/07/2023 : 23:09:02 sn1159 Narrative: NABOR L/CLARK F/JUSTICE M/? DOB/? 30-40YO
09/07/2023 : 23:09:00 sn1078 Narrative: AA 31S
09/07/2023 : 23:08:24 sn1159 Narrative: RP ADV NABOR HAS A GUN, NO GUN MENTIONED OR SEEN TODAY
09/07/2023 : 23:08:01 sn1159 Narrative: NOW NABOR VERBAL WITH RP

Exn 8 P7

P52

# EX 10 Court transcription

**Date:** September 11, 2023 Hearing - Farler v. Clark   No.23-2-05904-31

**Source**: Audio recording purchased from Record X change (Order No. 18-001268)

**Date of Hearing:** September 11, 2023

**Presiding Judicial Officer:** Commissioner Susan Harness

**Participants**: Stephanie Farler (Petitioner), Justice Clark (Respondent)

## Summary

This transcript documents procedural irregularities, evidentiary disputes, and judicial warnings regarding credibility and admissibility of video evidence. It supports claims under Rule 60(b), 42 U.S.C. §§1983 and 1985, and highlights barriers to fair adjudication. This transcript supports procedural irregularity claims under:

- Rule 60(b)(3) & (6): Misrepresentation and extraordinary circumstances due to missing evidence and credibility threats.

- 42 U.S.C. §1983: Failure to protect and procedural due process violations.

- 42 U.S.C. §1985(3): Conspiracy to obstruct justice through suppression of evidence and denial of fair hearing.

Declaration of Authenticity – I, Stephanie Farler, declare under penalty of perjury under the laws of the United States of America that the attached transcript is a true and accurate reproduction of the September 11, 2023, hearing No. 23-2-05904-31, held before Commissioner Susan Harness in Snohomish County Superior Court. This transcript was created from an audio recording purchased from the Record X change website under Order Number 18-001268. The transcription was completed faithfully and without alteration.

### Transcription

COMMISSIONER: Farler and Clark. Just take this.

JUSTICE CLARK: Good morning, Your Honor.

COMMISSIONER: Good morning.

JUSTICE CLARK: I'm Justice Clark.

COMMISSIONER: Introduce yourself for the record.

JUSTICE CLARK: I'm Justice Clark.

COMMISSIONER: Okay, Ms. Farler, can... Do you have video capability?

STEPHANIE FARLER: Yes, I do.

COMMISSIONER: Okay.

Ex 10 cover: P1

P53

STEPHANIE FARLER: Do you want me to do that?

COMMISSIONER: That would be helpful, yes.

STEPHANIE FARLER: Okay. Let's see. Wait. Wait a minute. Oh, wait. Okay, got it. Sorry.

COMMISSIONER: Okay, all right. And if you just introduce yourself for the record.

STEPHANIE FARLER: I'm Stephanie Farler. I am the petitioner.

COMMISSIONER: All right.

COMMISSIONER: Okay, is everybody ready to move forward this morning?

JUSTICE CLARK: Yes, Your Honor.

COMMISSIONER: Ms. Farler?

STEPHANIE FARLER: I think so. There have been a couple of other incidents that have happened, and I have recently been typing out the transcript for them. But I don't know if it's really that necessary. I think maybe with what's already been submitted, there's enough evidence for it.

COMMISSIONER: And you've received a response in this matter?

STEPHANIE FARLER: When I came home from court, the last court date that we had, the packet for his response was sitting on my table. So, I got it that way. And then I also received an e-mail a couple of days ago with the order in it from somebody.

COMMISSIONER: Okay. So, are you prepared to move forward today? You don't want a chance for a reply or anything like that?

STEPHANIE FARLER: No, we can just move forward. Yeah.

COMMISSIONER: All right.

COMMISSIONER: Do you both wish to be sworn in this morning?

JUSTICE CLARK: Yeah, Your Honor.

STEPHANIE FARLER: Yeah.

COMMISSIONER: Okay. Both, please raise your right hand. Do you swear and affirm that the testimony you're about to give is the truth, the whole truth, and nothing but the truth? Ms. Farler?

STEPHANIE FARLER: I do.

COMMISSIONER: Mr. Clark?

JUSTICE CLARK: I do.

EX10 P2

P54

COMMISSIONER: Okay. Thank you. All right. Well, Ms. Farler, this is your petition. So, I will let you go ahead and argue first about why you think the court should enter this order.

STEPHANIE FARLER: I have not been comfortable at my house. Literally everything that I do is I have to walk on eggshells because he comes out screaming and yelling. And I had given a flash drive with a couple of the videos of his.

COMMISSIONER: Did you give those?

STEPHANIE FARLER: No. I submitted them.

COMMISSIONER: Ma'am, I need to know that that's what you're asking for. I have to approve that.

STEPHANIE FARLER: Oh, well, when I submitted the order through the Cascade District Court, I gave them the flash drive and submitted it when I did the original order.

COMMISSIONER: That doesn't mean anything to me.

COMMISSIONER: This court has a process regarding how, if you want me to consider videos and you think that that's relevant to the court, then you have to provide an answer to the court of why you could not get the video transcribed, why it couldn't be done that way. I generally don't take video evidence. And I had no idea walking into this trial or whatever this hearing this morning, that you wanted to present video evidence.

STEPHANIE FARLER: I just assumed that it would be transferred with it. The flash drive thing, I didn't really know how it worked. Well, I haven't seen a flash drive.

COMMISSIONER: Did the district court consider it?

STEPHANIE FARLER: Yes, they did. Well, he did look at them, and he said that he didn't watch all of them. He did watch a couple of them, though.

COMMISSIONER: The district court did?

STEPHANIE FARLER: The district court did, yes. And then that's when they said that it would be a superior court thing, and they transferred it. Did you receive a flash drive? Can you email the facilitator's office to see if they received a flash drive?

COMMISSIONER: All right, I'm going to have you step back.

COMMISSIONER: Sorry, that's a completely new wrinkle to me. I had no idea that that was even a thing in this case. I never received an email.

COMMISSIONER: Okay, all right, well, let's step back because I'm concerned if the district court reviewed that, I haven't seen it, and you haven't seen it, that would be very important information for the court.

JUSTICE CLARK: Well, the paperwork says insufficient evidence, whatever.

Ex 10 P3

COMMISSIONER: Okay. For the purpose of a temporary order to enter restraints at that time, the district court did not do that. However, they set it for a hearing, so they didn't dismiss it outright.

COMMISSIONER: So that's my concern is if I don't know exactly what they saw down there, and I'm not sure. We're going to talk to the facilitator to see if some sort of flash drive was submitted to them. So, if you just step back for a few minutes.

STEPHANIE FARLER: Maybe we could just continue it, and I'll get all these typed out with the transcript.

COMMISSIONER: Well, I'm not going to do that right now. You can have a seat. I'm going to take a few minutes to see what's going on here. Okay. McPherson and Driscol.

COMMISSIONER: Will the parties come back up on Farler and Clark?

COMMISSIONER: Ms. Farler, are you there?

STEPHANIE FARLER: Yes.

COMMISSIONER: Okay. All right, so the facilitators indicate that there was no flash drive transferred from the district court.

STEPHANIE FARLER: So... they have to have it there still then or something. I did, if you, I don't know if you could look at the records. The judge even brought it up in the first court hearing: the videos on the flash drive.

COMMISSIONER: Well, it's not in any of the records that this court has.

STEPHANIE FARLER: Right.

COMMISSIONER: How do you want to proceed?

STEPHANIE FARLER: We'll just have to continue it. I'm just going to type everything out.

COMMISSIONER: Well, if you have this transcribed, ma'am, it has to be by somebody that's not you. They're going to certify under penalty of perjury that that's a true and accurate transcription.

STEPHANIE FARLER: Well, can I just submit the videos then? Because I feel like that's...

COMMISSIONER: No. I have to approve of that first. I have to know why you couldn't get a transcription.

COMMISSIONER: I don't have written material in front of me, a declaration about why.

STEPHANIE FARLER: How do you...

COMMISSIONER: Why can we not just move forward on the record today? What is this video evidence going to show the court?

EX10    P4

STEPHANIE FARLER: There have been a couple of pretty severe incidents since then. The cops were called just on the 7th. And he was outside of, went to my driveway property, and was egging on one of my friends...

COMMISSIONER: So, how was this video evidence in front of the district court?

STEPHANIE FARLER: I have... I videoed it all as it went down because that's the only defense I really have.

Wait, wait, wait, wait. That doesn't make any sense. So, you showed this video incident from the 7th?

STEHANIE FARLER: No, no, no. No. Those are... That's the new incident that happened since I initiated this petition. But I also have videos from before the petition that I used when I... All of the logs that I have, that I added to it, there are videos for all of those every time.

JUSTICE CLARK: I can explain everything that happened on the 7th, too.

STEPHANIE FARLER: I ended up just having to leave my home because he just wouldn't stop.

COMMISSIONER: Well, ma'am, I'd appreciate it if you... I don't know what happened on the 7th, and we're not here right now to address whatever did or did not happen. Ma'am.

JUSTICE CLARK: This got continued because of me not being properly served.

COMMISSIONER: Okay.

JUSTICE CLARK: And I just... I would like an alignment and a dismissal of this, really.

COMMISSIONER: You want a realignment and a dismissal, or you want a realignment or a dismissal?

JUSTICE CLARK: I'm sorry, I don't know the correct terminology.

COMMISSIONER: Okay.

JUSTICE CLARK: Or it gets flip-flopped.

COMMISSIONER: That's a realignment.

JUSTICE CLARK: Yes. I've been dealing with this for way too long. And to be continued, you know, I can't be going in and out of court all the time.

JUSTICE CLARK: She doesn't work. She can do this over and over.

COMMISSIONER: Ma'am, is there any reason why you were not prepared to go forward today?

EX 10 P5

P 57

STEPHANIE FARLER: We can go forward today with just... I mean, I just know that there's been a couple of pretty major incidents since I filed the petition, which are probably pretty important to this case.

STEPHANIE FARLER: But I feel that if you didn't see the videos or didn't even... weren't aware of them in the mix-up or the change of district to superior court, I just want to make sure that you're fully aware of the severity of the situation and what I have to go through and what I've been going through. It's scary.

COMMISSIONER: Hold on a second, sir. If you... If the court continues as I would allow, I mean, parties can appear via Zoom. I understand that this takes time and energy, obviously, away from your daily life. So... And you've been here for a couple of hours now.

JUSTICE CLARK: I object to the continuance.

COMMISSIONER: Were you served at all with any sort of... Again, I want to make sure. You were not served with any sort of flash drive?

JUSTICE CLARK: No, Your Honor.

COMMISSIONER: Okay.

JUSTICE CLARK: In fact, the property owner, when he served me, I was like, I'm not sure if you can actually serve me with you being the property owner. But nevertheless, I mean, I'm just curious what's on those, you know, but I really don't think she has because I keep it under the belt, you know.

JUSTICE CLARK: I'm just a guy who's trying to go to bed and getting tired of getting woken up from 11 to like 4 in the morning, dealing with people working on cars.

STEPHANIE FARLER: One time.

COMMISSIONER: Hold on, hold on a second.

STEPHANIE FARLER: One time.

JUSTICE CLARK: Sorry, Your Honor.

COMMISSIONER: Ma'am, okay, everybody's just stopped for a second.

COMMISSIONER: Ms. Farler, I'm going to put you on notice that I will continue this one week, but I'm putting you on notice, ma'am. I don't want, if you file anything more, then you need to get that to him as soon as possible, so he has a chance to respond to it. But if I reach out to district court and discover that there was no video, because they have not transmitted it, there's nothing in the record that indicates that there was a video, I'm putting you on notice now that the court will be assessing your credibility, if that's what I hear from district court, because I'm continuing this one week to allow that information to come to court.

COMMISSIONER: Do you understand that?

STEPHANIE FARLER: I will go down to the district court myself and talk to the lady that I handed it to and see if we can get this figured out or maybe get the hearing recording, that the first thing the judge says to me is he comments on the flash drive that he watched some of. He said he didn't have time to watch all of, but he had watched some of it.

COMMISSIONER: Again, that will have to be in the form of a transcript. I'm not going to...

STEPHANIE FARLER: And so, with the video things, how do I go about doing that the proper way then? I thought maybe if I just typed it out, but you said that that's not...

COMMISSIONER: No, you're going to have to have a third party transcribe it and swear under penalty of perjury that that's a true and accurate transcription of what's on the flash drive.

STEPHANIE FARLER: You won't consider just letting me submit the video for this situation?

COMMISSIONER: Our court rules require that you get it transcribed, and then the court would consider that. If there's some reason, a valid reason, that you cannot get it transcribed, then the court might consider it. But this is not... We do these hearings specifically on the record, the written record. It's not very often in the sworn testimony of parties. It's not very often that I review videotaped evidence.

COMMISSIONER: I do review transcriptions quite frequently. Or do I often take testimony from other parties other than the parties involved?

STEPHANIE FARLER: So, any person? How do I get them sworn in to be able to do the transcription? This is my first time with any of these. I don't know.

COMMISSIONER: You might want to reach out to some sort of agency that does transcribing.

STEPHANIE FARLER: So, then is that an inexpensive thing?

COMMISSIONER: I don't know, ma'am.

STEPHANIE FARLER: So, anybody, I could just have somebody swear under oath to do it, or does it have to be a professional person, is what I'm asking, like specifically?

COMMISSIONER: I'm not going to give you legal advice.

COMMISSIONER: I'm telling you the best evidence would have somebody that does this for a living transcribe it.

STEPHANIE FARLER: But it would be okay if it was not somebody that doesn't...

COMMISSIONER: I'm not saying it would be okay. I don't know if it would be okay.

COMMISSIONER: I'm telling you that you need to provide me with a transcription. If that's from a professional person or somebody that you know that's willing to swear under penalty of perjury, I'm going to look a little more askance at that. So, whatever you need to do. But first and foremost, you're going to be able to tell the court whether or not the district court actually looked at this.

COMMISSIONER: I'll set this for one week from today. There are no restraints, so obviously that's just going to remain in place. The minute entry should reflect that I need proof that the district court considered this before we move any further on a decision about whether the court's going to review videotape evidence. And I'm not sure, even if the court had decided that that was the case today, ma'am, how you expected me to review that.

STEPHANIE FARLER: That's why I said maybe it would be best to continue because I have literally typed them all out. So, I've listened to the videos as they're playing and typed it all out.

COMMISSIONER: No, no, no. You wanted me to listen to the videotape evidence. How were you planning on the court doing that if I had said yes?

STEPHANIE FARLER: Well, I just figured that Zoom, there would probably be a way to submit the link.

COMMISSIONER: Well, that is erroneous. I'm going to refer you to the facilitators to get the court's policy on how to submit video evidence. And that's not one of the ways.

STEPHANIE FARLER: The flash drive would have been transferred with the case, honestly.

COMMISSIONER: There's still a way to try to get... Anne, so you would have had to bring a... I'm not putting that flash drive in any of the court's computers. You would have to bring your own computer for the court to review it. And you have to give a copy to him. Again... Could I give him a copy on a flash drive? If you want the court to consider it, yes.

STEPHANIE FARLER: Okay. So, serve it with him. Okay.

COMMISSIONER: All right. So, I'll continue this one week. Sir, you certainly can appear via Zoom if that's easier for you.

COMMISSIONER: And I would like... I'm not sure that I'm going to award this. But in the ff chance that we are all on a rabbit chase here, I would like you to provide a declaration of any fees you may have lost for lost wages today.

STEPHANIE FARLER: Okay? Thank you.

COMMISSIONER: All right. But I'm not saying that that's what the court's going to do. But if I do decide to do that, I need some sort of declaration from you.

COMMISSIONER: All right. We'll see everybody back here next week. Okay.

P60

JUSTICE CLARK: Thank you. Executed at: Marysville, Washington

**Date:** 7/31/2025 Signature: _____

**Printed Name:** Stephanie Farler

Contact: 425-268-0129|

Farler3030@gmail.com

```
DD7010SX KLM              SNO CO DIST CT CASCADE DIV              PAGE:
09/14/2023  9:14 AM              D O C K E T
                                                          CASE: PO23-0221
                                                              Civil
PLAINTIFF/PETITIONER                    DEFENDANT/RESPONDENT
PET 01 FARLER, STEPHANIE K              RSP 01 CLARK, JUSTICE N
       4232 142ND AVE NE                       4220 142ND AVE NE
       LAKE STEVENS       WA 98258             LAKE STEVENS      WA 98258
       Home Phone: 4258766486                  Home Phone: 4255300250

TITLE
   STEPHANIE C FARLER VS
   JUSTICE CLARK

   Filed: 08/15/2023  Cause: CIVIL PROTECTION ORDERS    DV: N  Amount:


TEXT
   S 08/15/2023 Case Filed on 08/15/2023                                KLM
                Cause of Action: CIVIL PROTECTION ORD
                PET 1 FARLER, STEPHANIE K Added as Participant
                RSP 1 CLARK, JUSTICE N Added as Participant
   U            PETITION FOR PROTECTION ORDER AND MOTION TO WAIVE FEE FILED
   S            EXP Set for 08/15/2023 01:15 PM
                in Room 2 with Judge BAJ
   U            CAS2:0123: BEFORE PRO TEM B. JALILI/REH - CIVIL MOTIONS    REH
                EX PARTE: PETITIONER STAPHANIE K. FARLER PRESENT
                RESPONDANT JUSTICE N. CLARK NOT PRESENT
                MATTER COMES BEFORE THE COURT REGARDING PETITION FOR
                PROTECTION ORDER
                0124 - PETITIONER TESTIFIES
                PETITIONER REQUESTS PROTECTION ORDER
                COURT DENIES REQUEST FOR PROTECTION ORDER
                COURT ORDERS CASE TO BE TRANSFERRED TO SUPERIOR COURT
   S            Judgment  1 Denied entered by Judge BAJ
                Judgment  1 Disposition of TR Entered
                EXP: Held
   U            PETITIONER LEFT WITHOUT COPIES, PEITIONER IS TO ARRANGE FOR   RLE
                SERVICE, ASKED IF SHE WOULD LIKE TO HAVE THEM MAILED OR COMF
                IN AND GET THEM
                ***NOTE: FLASH DRIVE FILED WITH PETITION.***                KLM
     08/16/2023 SCANNED TO SUPERIOR COURT                                   RLE
     08/17/2023 MAILED TO PETITIONER A COPY OF DENIAL FOR HER RECORDS AND A
                SERVICE COPY
     09/08/2023 PETITIONER AND RESPONDENT AT COUNTER, COPIES GIVEN AND SENT  KLM
                SCSCO FOR ENTRY
     09/14/2023 PETITIONER AT COUNTER REQUESTING RETURN OF FLASH DRIVE FILED
                ON 8/15/2023.


ADDITIONAL CASE DATA
   Case Disposition
     Disposition: OPEN


   Judgments
     01 Denied              08/15/2023  Transferred        08/15/2023 by BAJ

   Hearing Summary
     Held      EX PARTE HEARING      ON 08/15/2023 AT 01:15 PM IN ROOM 2   WITH BAJ

End of docket report for this case
```

Ex 11

P62

## EX 12
**Date:** September 18, 2023 Hearing Farler v. Clark No. 23-2-05904-31
**Source:** Audio recording from hearing,
**Judicial Officer:** Commissioner Susan Harness
**Participants**: Stephanie Farler (petitioner), Justice Clark (respondent),

## Summary

Although Snohomish County Superior Court protection Order calendar allows for all parties to choose to attend the hearing through the zoom platform without having to be approved first Plaintiff was asked why she had not attended the hearing in person today ? On the record and **demonstrating first hand knowledge and coordination** between Snohomish County and Skagit county. The missed court date leading to a warrant in skagit county was immediately addressed by the plaintiff and the court date was later this same week to remove the warrant.

This was not relevant or appropriate in the context of the Plaintiff suffering harassment and needing the courts help and was done to intimidate Plaintiff or make her aware that the court knew about the warrant.

The comment:

**"I would appreciate it if you put yourself on mute. I don't need the comments from the peanut gallery."**

demonstrated the lack of procedural fairness and the courts inability to carry out a fair and impartial hearing for the Plaintiff. The Plaintiff was treated in a blatantly unfair way compared to the opposite party's. Plaintiff plans to demonstrate that this has become a repeated pattern through out multiple types of cases with many different judicial officers making this a county wide policy or custom and causing rights protected by the constitution to be violated time and time again.

Procedural Impediments and coordinated Bias Judicial Conduct are crucial facts here in this recording. particularly because during the September 18, 2023 court hearing, the Commissioner, in a patronizing manner, inquired,

**"So, Miss Farler, is there any reason why you didn't appear in court in person today?"**

This query was posed in the presence of one of the principal individuals who had been actively attempting to tarnish my reputation and disrupt my life. This scenario exemplifies a profound case of **state-created danger** and **retaliation**, further **exacerbating the situation** and **enabling** the court to become an **instrument in an enterprise** that was just beginning to unfold.

Also this it is the first time that you see the **coordination** between both **Snohomish County** and **Skagit County** Courts.

*1955(3) : conspiracy Obstruction suppression of cvidence fair

This documrnt is relevant to • State created danger ;exacerbating situation

- **Rule (b)(3)&(6):** Misrepresentation and extraordinary circumstances due to missing evidence and credibility threats. • Abuse of Process

- **42 U.S.C. 1983:** Failure to protect and procedural due process violations.
   Monell liability; tolerance despite clear admissions;
   Firearm intimidation & harassment     EX 12 P1

My name is Cassandra Morris, I swear under penalty of perjury that this transcription from **September 18th, 2023**, **case number 23-2-05904-31** is true and accurate. The transcription was created from a purchased audio recording from the Record Xchange website. **Order number 18-001268.**

This hearing was held by Commissioner Susan Harness.

**STEPHANIE FARLER:** I am here.

**SUSAN HARNESS:** Can you state your name for the record, please?

**STEPHANIE FARLER:** Stephanie Farler.

**JUSTICE CLARK:** Okay.

**JUSTICE CLARK?** Justice Clark.

**SUSAN HARNESS:** Okay, and if you get that microphone a little closer to you so that we can hear you.

**JUSTICE CLARK:** All right.

**SUSAN HARNESS:** Is everybody ready to move forward? I believe so.

**STEPHANIE FARLER:** I am.

**SUSAN HARNESS:** Are you ready, Mr. Clark?

**JUSTICE CLARK:** Yes, I am.

**SUSAN HARNESS:** So, Ms. Farler, **is there any reason why you didn't appear in court in person today?**

**SUSAN HARNESS:** My car is still not running. I have been... That was the most recent incident that I documented with the transcript was me working on my car. I still have not got it running.

**SUSAN HARNESS:** All right. **And do you have video capability?** I can't see you.

**STEPHANIE FARLER:** I do. Yes, I do. I'll start it right now.

**SUSAN HARNESS:** Oh. Okay. Will you both please raise your right hand? Do you swear or affirm that the testimony you're about to give is the truth, the whole truth, and nothing but the truth? Ms. Farler?

**STEPHANIE FARLER:** I do.

**SUSAN HARNESS:** Mr. Clark? All right. Thank you. You can lower your hands.

**SUSAN HARNESS:** All right. Ms. Farler, this is your petition for an anti-harassment order.



EXhibit 12  (p7 of 6)

**STEPHANIE FARLER:** Correct.

**SUSAN HARNESS:** So, I will let you go first. You have five minutes to tell the court why I should enter this order.

**STEPHANI FARLER:** He is very aggressive, just the names and just the way that he speaks to me is just blatant disrespect.

**STEPHANIE FARLER:** And he **makes me feel uncomfortable at my home.** This is where I live. I may not be the property owner, but it's my home where I live.

**STEPHANIE FARLER:** It's my residence. I don't deserve to be treated like that. He calls me all these names. The last incident, my friend was here helping me fix my broken-down vehicle. He was a mechanic, so he came to help. I have to go on his schedule. He shows up, and it was getting a little bit later in the evening, but he works during the day. So, he literally was up on the street at our driveway and saying, "I mean, I gave you the transcripts of parts of that, the key points, saying very inappropriate things. And he sat out there the whole time we were trying to work on my vehicle, just calling me names.

**STEPHANIE FARLER:** And, oh, I mean, my mom's here right now willing to also testify for the severity of just how he treats me. And **I can't even be comfortable pulling in my driveway when my car is running. I'm like nervous. I don't even close my door until I'm at my stop sign,** usually. You know what I mean? I shouldn't have to feel like that. **10:35 on a weekend is definitely not me doing anything wrong** that would justify how he treats me.

**STEPHANIE FARLER:** And he screams at the top of his lungs, **calls me vulgar names.** Just, it's bad. It's very bad.

**STEPHANIE FARLER:** And **he shoots his gun off**, and he knows **my dog doesn't like fireworks.** He's literally **lit off packs of fireworks at 3 o'clock in the morning,** and my dog's scared to death. **And my kids were here.**

**STEPHANIE FARLER:** One of the videos, you can't really depict that in a video, because it was **just me showing the situation and the gunshots in the background.** And you know what I mean? And when I confronted him about it, he said, **you can't prove I had my gun. You can't prove nothing I had my gun.** You know what I mean? It's just, it's really, hard, **he did it as an intimidation factor is what he did that for. And that's just wrong. That's not okay to ever have to feel like that in your own home.**

**STEPHANIE FARLER:** I don't care. I don't need it, **he stalks me because he tells me about my routine in the videos, the ones that I had transcribed. He literally tells me, "I see you up at this time and this time, and then you're up at this time, and then no wait, maybe you weren't here that day. Oh wait, yeah, you were there that day."** Like, you know what I mean? He's that into what I do in my schedule. That's, I don't know what he does. I don't know what his routine is. I don't pay much attention to him. He's, my neighbor. It's not my business. But like, it's not that way back. You know what I mean? And **it's really kind of scary.**



Exhibit 12 (P2 of 6)



**STEPHANIE FALER:** It makes me feel really scared a lot. I locked my door. I **lock my car now.** I **feel like he's going to poison my dog, honestly,** because he freaking hates my dog. And he makes that very clear. I feel like it's just, it just, the list goes on.

**STEPHANIE FARLER:** And I've never disrespected him. I've never called him names. I've never done anything but defend myself in this situation. So that's why I'm the one that went and did the court, because he threatened to do it to me. So, I said, You know what, this is good. I'm just going to do it and get it dealt with. You know what I mean? So that's what I got to say about that, I guess.

**SUSAN HARNESS:** All right. Well, just for the record, and to make it clear **on the 13th, Ms. Farler filed 15 pages.** I did review the transcript, but I was not able to, **I'm not admitting Mr. Bacon's statement into the record,** because it's not under penalty of perjury, and the court is not considering that for evidentiary purposes. All right. Mr. Clark?

**JUSTICE CLARK:** Well, I've responded.

**SUSAN HARNESS:** If you can pull that microphone in.

**JUSTICE CLARK:** I've responded to a lot of the things that she's described. Like I said, I have a video of the first nine minutes. On the 12th of me coming out there, asking what's going on with the mechanic on the car, the rummaging in the bank, you know, it's like working on a car. And it was, my video starts at like 1055, and Mr. Bacon was being prevocational, taunting after nine minutes. I went up, he threatened to push my teeth down my throat.

**JUSTICE CLARK:** I really certainly didn't take that too kindly. My daughter was not there at the house with me. I would never, **I went up on the street, I was in the middle of the street.** I told him to either push **my teeth in or shut the F up.** I am so sick and tired of the nuisance, the noise disturbances. I have, I can almost explain on all these here, these transcripts.

**JUSTICE CLARK:** I just, **she has failed to provide the flash drives. Did she commit perjury? Did she say that she filed the flash drives with the Cascade District Board?**

**SUSAN HARNESS:** No, they indicated **that she file the flash drives.**

**JUSTICE CLARK:** I never did get those flash drives. **You said you were going to dismiss it if she didn't provide those.** Is there any reason why,

**SUSAN HARNESS:** so, you've got the transcript though?

**JUSTICE CLARK:** Yeah, you know, I don't know if I got what you got, because the way I was served, there's no, there was no front packet to it.

Exhibit 12 (P3 of 6)

**SUSAN HARNESS:** Well, let me see what you have, sir, and I'll tell you if that's what the court reviewed.

**JUSTICE CLARK:** And they left their vehicle, the vehicle that they were working on, to come up to the street all the while. I, calling the cops, telling them all, you know, over and over, I, you know, I thought maybe the guy would, you know, honestly being blinded. And yeah, **I didn't know if, you know, I didn't, I couldn't even hardly see, you know, was it kind of foolish for me to go up there? Yeah.**

**JUSTICE CLARK:** I just, you just get so sick and tired of it, Your Honor. Her friend has a transcript on there from June 29th, June 30th, around close to 11 o'clock. I had to get up and tell Williams and his girlfriend to quiet their dog down, which their vehicle was parked right by my house with the windows rolled down, halfway rolled down.

**JUSTICE CLARK:** She came out, she was quite rude, said something about your American music is terrible. You're the worst neighbor I've ever had. You're one of the worst neighbors I've ever had. She said that not to screw with her, she will go psycho on me. I have that whole thing on video. I was really busy this week. I don't I didn't have time to like transcript. I don't quite know what I'm doing. I just know that she didn't, the petitioner has failed to provide me with the flash drives, but she said that she has and she hasn't.

**JUSTICE CLARK:** And these transcripts look, I don't know, shady as I'm not a court person, but I do work in inspection. And as far as inspection goes, there's like I don't see anything official about them or formal or it's just

**SUSAN HARNESS:** OK. Miss Farler, anything further.

**STEPHANIE FARLER:** My mother would like to say

**SUSAN HARNESS: not taking live testimony.** If you wanted the court to consider the testimony of your mother, you should have filed a declaration under penalty of perjury. That is not how this goes.

**STEPHANIE FARLER: And when he said that somebody was saying, I'll go psycho on you, he wasn't saying that that was me. I'm not the person that said any of that to him. Just to clear it up,** because it's kind of I kind of seemed like it made it sound like I'm the one who said that. That wasn't an incident between me and him at all. I don't even think that I was there.

**JUSTICE CLARK:** It just goes right along with what's been going on over there, Your Honor.

**STEPHANIE FARLER:** And it's yeah. And that's that incident that he was referring to. When I got home that day, the first thing that he said to me, I didn't even get out of my car yet. I Grab my purse, one foot in the dirt gravel. **He says, oh, how'd that black boyfriend, do you? He should have choked you harder!** Because I had a domestic violence situation a month and a half or so before that date. And he literally is my neighbor.

Exhibit 12 (p 4 of 6)

P67

So, he's seen it go down. Obviously, he's still in jail for that charge right now for domestic violence, probably going to get life in prison because of it.

**JUSTICE CLARK:** And Your Honor, **can we get this dismissed?** I'm not sure what he tells me.

**SUSAN HARNESS:** So, when you say that it wasn't you, **how do you know who it was? Were you there?** You said, were you

**STEPHANIE FARLER:** Because I've read, **I've read what he responded with in the situation. And I've also Jojo told me about the situation, and she's described it just like he did.**

**SUSAN HARNESS:** All right. Well, the court has reviewed the petition. I know that the district court, I'm not sure if they viewed the flash drive, but they certainly had it did not enter any restraints at that time. In fact, we made a finding that there was insufficient evidence to enter restraints.

**SUSAN HARNESS:** The court has reviewed the documents here. And frankly, I've reviewed your response, Mr. Clark. I reviewed her what I assume is strict reply that the transcript such as it is. B**ut it seems to the court that that transcript verifies what Mr. Clark is saying** is that because you know, they're putting timestamps on here. He appears to have tried to get parties to quit engaging in whatever they're doing after 10 p.m.

**STEPHANIE FARLER:** I just came,

**SUSAN HARNESS:** ma'am. I'm giving my order now. Please don't interrupt. In this case, **the court finds that Mr. Clark to be more credible in his statements and even the transcripts that were provided seemed to indicate that he was being threatened by parties that you had to your home.** The language that was used by the parties there was quite outrageous and provoking.

**SUSAN HARNESS:** The court is going to deny the request for the full order finding that **Mr. Clark has not engaged in acts of harassment.**

**TAMERA FARLER:** Oh, my God.

**STEPHANIE FARLER:** Did you read them backwards? Did you mistake his words,

**SUSAN HARNESS:** ma 'am?

**TAMERA FARLER:** I don't see how this can happen. I don't see how that.

**SUSAN HARNESS:** I would **appreciate it if you put yourself on mute. I don't need the comments from the peanut gallery.**

**STEPHANIE FARLER:** Absolutely.


Exhibit 12 (P 5 of 6)

**JUSTICE CLARK:** I've actually filed for a restraining order on Scott Bacon. I just, I just,

**SUSAN HARNESS:** I don't have that in front of me today, sir.

**SUSAN HARNESS:** So, Miss Farler, I'm going to indicate that you appeared via zoom for today's hearing. All right.

**STEPHANIE FARLER:** Yes.

**SUSAN HARNESS:** Okay. We have this down for you to sign, Mr. Clark, at the top where it says signature of respondent.

**TAMERA FARLER:** I knew Alan should have filed.

**STEPHANIE FARLER:** Okay. How does this end?

**TAMERA FARLER:** I don't know, but he needs to stop being rude to us.

**SUSAN HARNESS:** Miss Farler.

**STEPHANIE FARLER:** That was my mom. Sorry.

**SUSAN HARNESS:** She's well, I don't care who it is. Put it on mute. All right. I've signed that order. You can take that across the hall. The facilitators will get you a copy. Miss Farley, if they have your email address, they will send you a copy of the order. Okay.

**STEPHANIE FARLER:** Okay. **But why was I not credible? Why? Can you explain to me the reason why you didn't find me credible?**

**SUSAN HARNESS: Because the evidence that you supplied supported his version more than it supported you.**

**STEPHANIE FARLER:** That's it. That's it. I'm done telling my friends that

**SUSAN HARNESS:** can you put her on mute, please? I'm done too.

**STEPHANIE FARLER:** I'm going to, I'm going to do.


This document was transcribed in Everett WA, on 3/19/2025. Containing 2,472 words.

Exhibit 12 (P 6 of 6)

P69

**UNITED STATES DISTRICT COURT**

**WESTERN DISTRICT OF WASHINGTON**

Stephanie Farler V. Snohomish County, Washington et al.

**EXH I5 POWER OF ATTORNEY 12/29/2023**

This was presented by Marlene Sprague to her brother Alan Sprague who did not request this. It was strategically planned out in the campaign to remove Plaintiff from the home without already having legal grounds to do so.

This was used as a tool of manipulation and in the bigger conspiracy to deprive

**Relevant claims are:** 1985/1983/ RICO PREDICATE/ IIED.
                        Abuse of process

Stephanie Farler

I stephanie farler, declare under penalty of purjury
under the law of the State of washington that the
attached document is a true copy of the POA
created 12/29/23 in lake stevens wa

Ex 1.5

*Original PoA Dec 2023 p70*

# WASHINGTON
# STATUTORY FORM POWER OF ATTORNEY

## IMPORTANT INFORMATION

This Power of Attorney authorizes another person (your agent) to make decisions concerning your property for you (the principal). Your agent will be able to make decisions and act with respect to your property (including your money) whether or not you are able to act for yourself. The meaning of authority over subjects listed on this form is explained in the Uniform Power of Attorney Act.

This Power of Attorney does not authorize the agent to make healthcare decisions for you.

You should select someone you trust to serve as your agent. Unless you specify otherwise, generally the agent's authority will continue until you die or revoke the Power of Attorney or the agent resigns or is unable to act for you.

Your agent is entitled to reasonable compensation unless you state otherwise in the Special Instructions.

This form provides for designation of one agent. If you wish to name more than one agent, you may name a coagent in the Special Instructions. Coagents are not required to act together unless you include that requirement in the Special Instructions.

If your agent is unable or unwilling to act for you, your Power of Attorney will end unless you have named a successor agent. You may also name a second successor agent.

This Power of Attorney becomes effective immediately, unless you state otherwise in the Special Instructions.

**If you have questions about the power of attorney or the authority you are granting to your agent, you should seek legal advice before signing this form.**

*Exhibit 15 P2*

## DURABLE POWER OF ATTORNEY

### DESIGNATION OF AGENT

I, Alan K Sprague, of 4232 142nd Ave NE, telephone number 4255358742, and email address marlene.sprague@yahoo.com, name the following person Marlene R Sprague of 1805 Rainier Ave Apt A, telephone number 4252636463, and email address marlene.sprague@yahoo.com, as my Agent ("attorney-in-fact") to exercise act for me with respect to the following subjects.

This power of attorney will not be affected by my disability, incompetency, or incapacity.

### GRANT OF GENERAL AUTHORITY

I grant my Agent and any successor agent general authority to act for me with respect to the following subjects as defined in the Uniform Power of Attorney Act (sections RCW 11.125.260 to 11.125.380):

(INITIAL each subject you want to include in the Agent's general authority. Document MUST be initialed.)

_____ Real Property Transactions ← No Real property
_____ Tangible Personal Property
_____ Stocks and Bonds
_____ Commodity and Options
_____ Bank and Other Financial Institutions
_____ Operation of Entity or Business
_____ Insurance and Annuities
_____ Estates, Trusts, and Other Beneficial Interests
_____ Claims and Litigation
_____ Personal and Family Maintenance
_____ Benefits from Governmental Programs or Civil or Military Service
_____ Retirement Plans
_____ Taxes

### GRANT OF SPECIFIC AUTHORITY

My Agent MAY NOT do any of the following specific acts for me UNLESS I have

Exhibit 15 P3

P72

INITIALED the specific authority listed below:

(CAUTION: Granting any of the following will give your Agent the authority to take actions that could significantly reduce your property or change how your property is distributed at your death. INITIAL ONLY the specific authority you WANT to give your agent.)

_____ Create, amend, revoke or terminate an inter vivos trust

_____ Make a gift

_____ Create or change rights of survivorship

_~d/~_ Create or change a beneficiary designation

_____ Authorize another person to exercise the authority granted under this Power of Attorney

_____ Waive the principal's right to be a beneficiary of a joint and survivor annuity

_____ Exercise fiduciary powers that the principal has authority to delegate

_____ Access the content of electronic communications

_____ Disclaim or refuse an interest in property, including a power of appointment

### LIMITATION ON AGENT'S AUTHORITY

An agent that is not my ancestor, spouse or descendant MAY NOT use my property to benefit the agent or a person to whom the agent owes an obligation of support unless I have included that authority in the Special Instructions.

### SPECIAL INSTRUCTIONS

You may give special instructions on the following lines:

Money transactions and decisions to only be made with my sister Marlene Sprague

Exhibit 15 p4.

P73

My Agent is entitled to reasonable compensation for any services rendered as my Agent. My Agent shall be entitled to reimbursement of all reasonable expenses incurred in acting under this Power of Attorney.

This Power of Attorney takes effect immediately, and will not be affected by my disability or lack of mental competence, except as may be provided otherwise by an applicable state statute. This is a Durable Power of Attorney. This Power of Attorney will continue to be effective until my death. This Power of Attorney may be revoked or terminated by me at any time by providing written notice to my Agent.

## NOMINATION OF CONSERVATOR OR GUARDIAN

If it becomes necessary for a court to appoint a conservator or guardian of my estate or guardian of my person, I nominate the following person for appointment:

Name: Marlene R Sprague
Address: 1805 Rainier Ave Apt A Everett WA 98201
Telephone Number: 425-263-6463
Email Address: marlene.sprague@yahoo.com

## EFFECTIVE DATE

This Power of Attorney is effective immediately, unless I have stated otherwise in the Special Instructions.

## RELIANCE ON THIS POWER OF ATTORNEY

Any person, including my agent, may rely upon the validity of this power of attorney or a copy of it unless that person knows it has terminated or is invalid.

Exhibit 15 P5

P74

This Power of Attorney shall be governed by the laws of the state of Washington. Moreover, I intend to have this Power of Attorney universally recognized and be admissible to recordation. In case that I become a resident of another jurisdiction, or obtain any form of property interest in another jurisdiction, it remains my intention that the laws of Washington shall continue to govern over this Power of Attorney to the extent that might be legally possible.

Dated _____ Dec. 29th, 2023 at Lake Stevens, Washington.

Alan K Sprague

Exhibit 506

P75

## WITNESS ATTESTATION

The undersigned witness certifies that Alan K Sprague, known to me to be the same person whose name is subscribed as Principal to the foregoing Power of Attorney, appeared before me and acknowledged signing and delivering the instrument as the free and voluntary act of the Principal, for the uses and purposes therein set forth. I believe him or her to be of sound mind and memory. The undersigned witness also certifies that the witness is not: neither home care providers for the principal nor care providers at an adult family home or long-term care facility in which the principal resides, and who are unrelated to the principal or agent by blood, marriage, or state registered domestic partnership, according to RCW 11.125.050.


Tamara Farler
Lake Stevens, Washington


Irene H Sprague
Everett , Washington


Brandon Deal
Everett, WASHINGTON


Exhibit 15 p 7

P 76

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

**Stephanie Far,**

Plaintiff,

v.

**Shomish County, et al.**

Case No: _____

--- EX. 16

# Summary of Incident 12-31-23 Darlene 911 attempt.

- Defendant **Darlene Rosenquist** placed a 911 call falsely reporting Plaintiff for trespassing, seeking to invoke police authority to remove Plaintiff from property.
- Following the call, Darlene and her grandson threatened to **stab Plaintiff to death multiple times**—captured in part on video while Plaintiff remained silent and physically non-aggressive in the driveway.
- The incident was **witnessed by Plaintiff's brother, Brandon Deal**, who submitted a **written statement to the court** attesting to the threats, verbal hostility, and deliberate escalation by Darlene.
- Plaintiff also captured **video recordings and corresponding still shots**, which document Plaintiff's non-threatening behavior and the surrounding environment at time of confrontation.

## Legal Relevance

This exhibit directly supports claims under:

**42 U.S.C. § 1983**  Law enforcement manipulation and attempted unlawful seizure of Plaintiff based on false report

**42 U.S.C. § 1985(2)(3)** Threats and intimidation meant to chill Plaintiff's legal rights and participation in litigation

**RCW 9A.36.070** (Felony Harassment)      Death threats issued in coordination with attempted police action

**RCW 4.24.500 et seq.** Witness intimidation and obstruction of justice

## 18 U.S.C. § 1962(c) (RICO)     Predicate acts of false reporting, coercion, and retaliatory violence in coordinated enterprise

Exh 16 P1

P77

## Enterprise Indicators

- Use of **false police reports** to criminalize Plaintiff's lawful presence
- Pattern of **threats and harassment** amid legal proceedings initiated by Plaintiff
- **Failure of law enforcement** to intervene despite presence of independent eyewitness and video documentation
- Evidence of a **private-public conspiracy** between Defendant Rosenquist and local authorities to obstruct, intimidate, and retaliate

EX 16A-16B— *12/31/2023 Police Manipulation & Death Threats (Rosenquist Incident)*

I stephanie Farer, declare under penalty of
Purjury under the law of the state of
washington that the attached documents
are true still shots and declaration from the
12/31/2023 incident that happened at
4232 142nd in lake stevens wa

9/17/2025 (Pro Se)
425 268 0129
farer3030@gmail.com

EXh 16 P2

P78



EXrLb   P3

P79



P 80



Exh 16 Rull P5

P81



# Incident Report

| **Print Date/Time:** | 10/16/2024 10:12 | | | Granite Falls Police Department |
|---|---|---|---|---|
| **Login ID:** | so4541 | | | **ORI Number:** WA0311100 |

**Incident:** 2023-00007486

| | | | | |
|---|---|---|---|---|
| **Incident Date/Time:** | 12/31/2023 10:39:52 AM | | **Incident Type:** | Civil |
| **Location:** | 4232 142ND AVE NE | | **Venue:** | Lake Stevens |
| | LAKE STEVENS WA 98258 | | | |
| **Phone Number:** | (425) 418-5188 | | **Source:** | 911 |
| **Report Required:** | No | | **Priority:** | 4 |
| **Prior Hazards:** | No | | **Status:** | 4 |
| **LE Case Number:** | | | **Nature of Call:** | CONTACT |

## Unit/Personnel

| Unit | Personnel |
|---|---|
| 11D4 | SO1674-Nunemaker |

## Person(s)

| No. | Role | Name | Address | Phone | Race | Sex | DOB |
|---|---|---|---|---|---|---|---|
| 2 | Involved Party | ROSENQUIST, DARLENE | | (425) 418-5188 | | | |

## Vehicle(s)

| Role | Type | Year | Make | Model | Color | License | State |
|---|---|---|---|---|---|---|---|
| Involved Vehicle | | | | | | BHW8173 | |
| Involved Vehicle | | | | | | CHW8424 | |

## Disposition(s)

| Disposition | Count | Unit | Date/Time |
|---|---|---|---|
| S | 1 | | 12/31/2023 11:07:28 AM |

## Property

| Date | Code | Type | Make | Model | Description | Tag No. | Item No. |
|---|---|---|---|---|---|---|---|

Exh 16-P6

P82

## CAD Narrative

12/31/2023 : 11:07:06 so1685 Narrative: RP DOES NOT OWN PROPERTY. SPOKE WITH ALAN, THE PROPERTY OWNER, WHO IS OKAY WITH EVERYONE BEING AT THE PROPERTY. RP DOESNT WANT THEM HERRE. NOTHING THE POLICE CAN DO
12/31/2023 : 10:44:56 sn1111 Narrative: RP SEPERATED HERSELF
12/31/2023 : 10:44:49 sn1111 Narrative: LR1111
12/31/2023 : 10:44:28 sn1111 Narrative: ALAN IN A WHITE SUV ETA 5 MINS
12/31/2023 : 10:44:16 sn1111 Narrative: BROTHER L/SPRAGUE F/ALAN SISTER L/SPRAUGE F/MARLENE CARE TAKER F/TAMARA
12/31/2023 : 10:43:17 sn1111 Narrative: WF 30'S BLONDE HAIR, DARK BLUE SWEATSHIRT ,JEANS - SHE WAS YELLING AT RP SAYING SHE WAS ALLOWED TO BE THERE BUT RP SAYS SHES NOT
12/31/2023 : 10:42:40 sn1111 Narrative: F/BRANDON IS ALLOWED TO BE THERE - F IS NOT
12/31/2023 : 10:42:26 sn1111 Narrative: RPS BROTHER SAID NO ONE ELSE IS SUPPOSED TO THERE
12/31/2023 : 10:41:49 sn1111 Narrative: RP CAME TO DELIVER SOMETHING- BROTHER AND SISTER ARE PROP OWNERS
12/31/2023 : 10:40:51 sn1111 Narrative: RP OL VERBAL WITH MALE IN BACKGROUND - PEOPLE OS ARE NOT ALLOWED ON PROP

EXh16 p7

P83

Superior Court of Washington, County of **Snohomish**

In re.

Petitioner/s *(person/s who started this case)*:

Marlene Sprague

And Respondent/s *(other party/parties)*:

Stephanie Farler

No. **24 20l 54 l3l**

Declaration of
(name): **brandon Deal**

(DCLR)

**Declaration of *(name)*: Brandon Deal**

1.  I am (age): **38** years old and I am the (check one): ☐ Petitioner ☐ Respondent
    ☒ Other (relationship to the people in this case): **Stephanies brother**

2.  I declare: **I saw a boy who threatened without
    being provoked in any way, To stab my sister
    Stephanie Farler to death repeatedly.**

Optional Form (05/2016)
FL All Family 135

Declaration



Exh16B p. 1

P84

# Ex– February 13, 2024 Audio Transcript: Justice Clark Threat Exchange

**Title:** Transcript of Verbal Exchange Between Plaintiff and Defendant Justice Clark

**Date:** February 13, 2024

**Time:** Approximately 7:48 PM

**Location:** Property boundary of 4232 142nd Ave NE, Lake Stevens, WA

**Participants:**

1. *Speaker 1:* Plaintiff, Stephanie Farler
2. *Speaker 2:* Defendant, Justice Clark

**Purpose:** This transcript documents an unprovoked and hostile verbal confrontation initiated by Defendant Justice Clark. The exchange reflects repeated verbal threats, intimidation, refusal to honor boundaries, and retaliatory statements connected to prior litigation and harassment. This evidence supports Plaintiff's claims under RCW 9A.36.080, 42 U.S.C. §§ 1983, 1985(2)–(3), and 18 U.S.C. § 1962(c).

## Declaration of Authenticity

I, **Stephanie Farler**, declare under penalty of perjury that the following transcript accurately reflects an audio recording captured on **February 13, 2024, at approximately 7:48 PM** on the boundary line of my residence at **4232 142nd Avenue NE, Lake Stevens, Washington**.

I was physically present and am identified as **Speaker 1** throughout the exchange. **Speaker 2** is Defendant **Justice Clark**, whose voice and demeanor I recognize from repeated encounters documented in this civil complaint. The conversation was unprovoked and verbally aggressive. I transcribed this exchange directly from an audio recording maintained in my possession. A true and correct copy of this audio is available upon request.

Signed: in Marysville, WA.

*[signature]*

Dated 7-30-2025

Start of Transcription

EX 17 P1

P85

STEPHANIE FARLER: Bear. Stop.

JUSTICE CLARK: ******

STEPHANIE FARLER: You're still talking to me.

JUSTICE CLARK: I'm waiting for a phone call

STEPHANIE FARLER: Okay. I told you I'm. I don't want to talk to you. And I'd like it if you don't speak to me.

JUSTICE CLARK: ***** Shut up. I'll tell you what I want.

STEPHANIE FARLER: This isn't the first time that you. I've told you, please don't speak to me.

JUSTICE CLARK: I can tell you what I want **** You can write that information down.

STEPHANIE FARLER: There's no need for you to ever speak to me.

JUSTICE CLARK: If you want. I'm sure you're going to. You just can't keep your mouth shut.

STEPHANIE FARLER: There's no need for it.

JUSTICE CLARK: I can tell you what I want.

STEPHANIE FARLER: If you have a problem. Take it up with Alan, please.

JUSTICE CLARK: Oh. It's coming.

JUSTICE CLARK: I'm gonna be taking him and his sister to small claims court because of you.

STEPHANIE FARLER: Okay. Well. just

JUSTICE CLARK: You don't gotta worry about me getting a hold of him. He'll be getten a hold of.

STEPHANIE FARLER: I'm not worried about anything. I just want you to stop. I just want

JUSTICE CLARK: I know you're not ****

STEPHANIE FARLER: You to quit harassing me. Is what I'd like.

JUSTICE CLARK: I'm not harassing you. You've already tried that.

STEPHANIE FARLER: Should I try again?

JUSTICE CLARK: Go ahead. Do you have to have, like, evidence, there, credible, sufficient evidence?

EX 17 P2

P 86

STEPHANIE FARLER: I do.

JUSTICE CLARK: Do you have to have evidence?

STEPHANIE FARLER: Stop it.

JUSTICE CLARK: No. No. No. You stop. You`re a liar.

STEPHANIE FARLER: Okay.

JUSTICE CLARK: And if anybody's harassing anybody, it's you.

STEPHANIE FARLER: Well, who's doing it right now?

JUSTICE CLARK: Oh. No. I can. I can tell you what's up. Lady.

STEPHANIE FARLER: No. Cause I told you that it's not welcome.

JUSTICE CLARK: Oh, you **** get nothing on me. There's nothing. So you can just shut your mouth.

STEPHANIE FARLER: I told you that it's not welcome to talk. You're not welcome to speak to me. I don't want you to speak to me. I don't want anything to do with you.

JUSTICE CLARK: Hey, I'm just telling you what's up. You're gonna. You`re gonna wake me up at odd hours.

STEPHANIE FARLER: I came home –

JUSTICE CLARK: _****

STEPHANIE FARLER: – at 6:00 in the morning.

JUSTICE CLARK: –**** the 300th time. And you don't expect –

STEPHANIE FARLER: 6:00 in the morning.

JUSTICE CLARK: Oh. I I'll be, I'll be seeing you in court. So.

STEPHANIE FARLER: Okay. Perfect.

JUSTICE CLARK: – You'll have, you'll have your time.

STEPHANIE FARLER: Okay. Do that instead of talking to me now.

JUSTICE CLARK: And you'll look like a fool again.

STEPHANIE FARLER: Do that instead of talking to me now.

EX17 P3

p87

JUSTICE CLARK: Oh. I'll be back. I'll. If I feel like I need to say something to you while you`re out here, I'll say something to you. Speaker 1: It. but

JUSTICE CLARK: You don't need to tell me what to do. You can tell your mom and Alan what to do. You don't tell me. You don't tell me what to do, lady.

STEPHANIE FARLER: Okay, well, you don't tell me what to do.

JUSTICE CLARK: I'm not gonna have to. The court's will

STEPHANIE FARLER: Okay. Perfect.

JUSTICE CLARK: And then

STEPHANIE FARLER: Good

JUSTICE CLARK: and then about all this garbage shit too. There'll be about that too.

STEPHANIE FARLER: Oh, cause that's me. Right? That's just me. That's my thing. Only me.

JUSTICE CLARK: Oh. Just all the shit over there.

STEPHANIE FARLER: Right, so but it's only me though, right?

JUSTICE CLARK: All the crap, but mostly you.

STEPHANIE FARLER: Okay.

JUSTICE CLARK: That's right. Mostly you.

STEPHANIE FARLER: Okay. Cause I come home at 6:00 in the morning.

JUSTICE CLARK: Anything you say and do will be used against you.

STEPHANIE FARLER: 6:00 in the morning.

JUSTICE CLARK: And it's going to. I mean, holy shit. So you can go ahead and try to get another. Try to get an anti-harassment order on me if you want. And an anti-stalking order. If you want to get all your friends you know, write up some bullshit statement for you.

End of transcription.

_Stephanie Farler_ (signature)

**Stephanie Farler** (pro se)

425-268-0129, Farler3030@gmail.com

EX17 P4

P88

## EX 19

**Date: March** 21, 2024
**Source:** Stamped Court Documents
**Anti Harassment petitions:**

- Stephanie Farler (petitioner), Justice Clark (respondent),Petition & Denial Order
  **No. 24-2-02110-31**

---

## Summary

Stephanie Farler (petitioner), Justice Clark (respondent),Petition & Denial Order **No. 24-2-02110-31** Commissioner Susan Harness denied the petition and did not issue any restraingts for the plaintiff.

In this petition Plaintiff states:

- "Justice has used his gun and fireworks multiple times between the hours of 11 pm and 3:30 am as an intimidation factor. Fireworks to scare my dog and gunshots to scare me".
- "My credibility was put in to question due to a case on my record. I don't feel comfterable saying any more details due to the severe harassment I already deal with at my home from my neighbor at the moment. In this type of situation I believe that regarding what anyone's personal opinions are about an individual that is not supposed to have any effect on the provisions of a ruling"
- "Justice begins calling me names and telling me that hes going to get me out of here and hes calling the city on me".
- "I'm unconformable with the way Justice was describe to me almost every move telling me that he watched me do this or that"
- "just coming home pulling in to my driveway at 10:35 on a Saturday night I was verbally attacked by Justice before my feet even touched the gravel Justice started saying "yeah how did having a black boyfriend do ya? He should have chocked you harder hahahaha!".
- "He calls me "**Miss Credible**" now mocking me and the last attempt to get protection from his abuse. He tells me I don't have any evidence I would have to prove that he is doing it and I already tried that he says".
- "**I fear for my safety** and my dogs"

_____ Plaintiff Stephanie Farler Pro se
Dated 8/24/2025
Farler3030@gmail.com
425-268-0129

I Stephanie farler Declare this to be a true copy
of this case court documents it is self certified
because of the court stamped file date on
it,

EX 19 P1

P89



FILED

2024 MAR 21   AM 11: 41

HEIDI PERCY
COUNTY CLERK
SNOHOMISH CO. WASH

## Superior Court of Washington, County of Snohomish

**STEPHANIE FARLER**
Petitioner                      DOB:

vs.

**JUSTICE CLARK**
Respondent                      DOB:

No. 24-2-02110-31

**Denial Order**
☐ Domestic Violence
☐ Sexual Assault            ☒ Harassment
☐ Stalking                  ☐ Vulnerable Adult
☐ ORDMTP (denied)
☐ ORDSM (dismissed)
Clerk's Action Required: 4, 5, 6

Hearing Date: 4-4-24  Interpreter: _____
☒ Snohomish County Superior Court
   3000-Rockefeller Ave, Everett @ 9:00 am in
   Courtroom: 1C / 1D / 1E / 2F as assigned
☒ Denney Juvenile Justice Center
   2801 10th St, Everett in Courtroom DJJC3 @
   @ ☐ 9:00am ☐ 1:00pm

*See How to Attend at the end of this order.*

### Denial Order

1.   **Request.** The ☒ Petitioner ☐ Respondent has requested a:
    ☒ Temporary Order      ☐ Full Order            ☐ Renewal Order
    ☐ Modification Order    ☐ Termination Order

2.   **Hearing.**
    ☐ The court **held** a hearing before issuing this *Denial Order.* These people attended:

| | |
|---|---|
| ☐ Protected Person | ☐ in person ☐ by phone ☐ by video |
| ☐ Protected Person's Lawyer | ☐ in person ☐ by phone ☐ by video |
| ☐ Petitioner (*if not the protected person*) | ☐ in person ☐ by phone ☐ by video |
| ☐ Restrained Person | ☐ in person ☐ by phone ☐ by video |
| ☐ Restrained Person's Lawyer | ☐ in person ☐ by phone ☐ by video |
| ☐ Other:_____ | ☐ in person ☐ by phone ☐ by video |

    ☒ **Not Held.** The court denies the request without a hearing.
    (*Complete the Findings section 3.*)

RCW 7.105.225 Mandatory *(01/2024)*                                    Denial Order
PO 070

EXhibit 19 · BOB P2

P90

3.   **Findings.**

    A.  ☐ **Non-Appearance.** ☐ Petitioner ☐ Respondent did **not** appear.

    B.  ☐ **No Basis. Do not schedule hearing.** The *Petition for Protection Order* does not list a specific incident and approximate date of behavior that would support a domestic violence, stalking, antiharassment, sexual assault, or vulnerable adult protection order as defined in RCW 7.105.100. The protected person should have **14 days to amend** their petition before dismissal.

    **Temporary Order Findings**

    C.  ☒ **Notice Required. Schedule for full hearing.** The protected person has not shown that there is a sufficient basis to enter a temporary order without notice to the ☒ opposing party ☐ vulnerable adult.

    The court will grant or deny the protection order after a hearing with notice.

    **Final Order Findings**

    D.  ☐ **Request.** The Protected Person requested dismissal of petition.

    E.  ☐ **Service Unsuccessful or Impossible.** All available methods of service have been attempted unsuccessfully or are not possible.

    F.  ☐ **Insufficient Evidence.** A preponderance of the evidence does not support issuing any type of protection order that this court has authority to issue.

    G.  ☐ **Insufficient Evidence (Vulnerable Adult Contests).** Clear, cogent, and convincing evidence has not established that there is abandonment, abuse, financial exploitation, or neglect of a vulnerable adult. (*When a vulnerable adult protection order is contested by the vulnerable adult.*)

    H.  ☐ **Evidence.** ☐ Protected Person ☐ Restrained Person supports their account of events with the following evidence (*specify*): _____

_____
_____
_____
_____
_____

    I.  ☐ **Realignment.** (*DV or Harassment only*) The original "Protected Person" is the abuser or harasser and the original "Restrained Person" is the victim of domestic violence or unlawful harassment. The parties should be switched.

    **Renewal Findings**

    J.  ☐ The **Restrained Person proved** by a preponderance of the evidence that there has been a substantial change in circumstances (*describe*) _____

_____
_____

    and the Restrained Person will **not:**

Denial Order

Exhibit 19, P3

☐ (*for DV orders*) resume acts of domestic violence against the Protected Person or the Protected Person's children or household members who are minors or vulnerable adults when the protection order expires.

☐ (*for sexual assault orders*) engage in, or attempt to engage in, physical or nonphysical contact with the Protected Person when the order expires.

☐ (*for stalking orders*) resume acts of stalking against the Protected Person or the Protected Person's family or household members when the order expires.

☐ (*for anti-harassment orders*) resume harassment of the Protected Person when the order expires.

☐ (*for vulnerable adult orders*) resume acts of abandonment, abuse, financial exploitation, or neglect against the vulnerable adult when the order expires.

K. ☐ **Late Filing.** The Protected Person did not file for renewal before the order expired.

**Modify or Terminate Findings:**

L. ☐ **Protected Person's motion** to modify or terminate a protection order is denied because:

_____
_____
_____
_____
_____
_____
_____
_____
_____

M. ☐ **Restrained Person's motion** to modify or terminate a protection order is denied because:

☐ **Repeat Filing.** The court finds that the Restrained Person has previously filed a motion to modify or terminate during the current 12-month period following entry of the order, and is not eligible for the relief requested.

☐ **No Adequate Cause.** The restrained person did not establish adequate cause to modify or terminate. No hearing is necessary.

☐ **Insufficient Evidence.** A preponderance of the evidence failed to establish that there has been a substantial change in circumstances such that if the order is terminated or modified the Restrained Person will not resume, engage in or attempt to engage in acts of:

☐ domestic violence.

☐ physical or nonphysical contact (for sexual assault protection orders).

☐ stalking.

☐ unlawful harassment.

☐ **No Substantial Change.** Since the protection order was entered, there has not been a substantial change in circumstances (*describe*) _____

Exhibit 19 page P4

P92

(*Check all that apply*)

☐ The Restrained Person has committed or threatened domestic violence, sexual assault, stalking, or other harmful acts against the Protected Person/s.

☐ The Restrained Person has violated the terms of the protection order.

☐ The Restrained Person has exhibited suicidal ideation or attempts.

☐ The Restrained Person has been convicted of criminal activity.

☐ The Restrained Person has:

• Not acknowledged responsibility for the acts of sexual assault, domestic violence, stalking, or behavior that resulted in entry of the protection order, and

• Not successfully completed perpetrator treatment or counseling.

☐ The Restrained Person has continued to abuse drugs or alcohol (if this was a factor in the protection order).

☐ The Protected Person has not voluntarily and knowingly consented to terminating the protection order.

☐ Other: _____

☐ **Severe Acts.** The Restrained Person proved that there has been a substantial change of circumstances; however, the court declines to terminate the protection order because the acts of domestic violence, sexual assault, stalking, unlawful harassment, and other harmful acts that resulted in the issuance of the protection order were of such severity that the order should not be terminated.

**General Findings**

N. ☐ Other: _____

_____

_____

4.   **Order**

☐ **Petition denied without a full hearing. 14 days to amend before dismissal.** The petition does not contain allegations that could support issuing any type of protection order. The person who filed the petition has 14 days to file an amended petition. If an amended petition is not filed within 14 days, the case may be dismissed.

**Temporary Order**

☒ **Temporary Order Denied. Full hearing to be held.** The request for a temporary order is denied. The court will approve or deny the protection order after a full hearing with notice. The hearing date and time is **shown on page 1**.

*Warning to Restrained Person!* Failure to appear at the hearing may result in the court granting all of the relief requested in the petition. See **How to Attend** at the end of this order.

Exhibit 19 | PDF p5

P93

**Final Order**

☐ **Dismissed** without prejudice because (*check one*):

☐ Protected Person's asked to terminate the order or did not appear at the hearing.

☐ All available methods of service have been attempted unsuccessfully or are not possible. Dismissal is over Protected Person's objection.

Any previously entered temporary order and any order to surrender weapons under this case number expires today, upon the signing of this order or at (*time*) _____.

(In caption above, *check ORDSM (dismissed)*)

☐ **Denied on the merits after a hearing.** The request for a full order is denied. Any previously entered temporary order under this case number expires today, upon the signing of this order or at (*time*) _____.

*Check one (see RCW 7.105.362)*:

☐ No *Order to Surrender Weapons* was issued under this case number. The case is dismissed.

☐ The court issues an *Order Extending Order to Surrender and Prohibit Weapons* (WS 400) extending the *Order to Prohibit and Surrender Weapons* until after the deadline for filing a motion for reconsideration or revision has passed and any timely filed motion has been resolved.

☐ Any previously entered *Order to Surrender Weapons* under this case number expires **today**, upon the signing of this order or at (*time*) _____ and the case is dismissed. It would be **manifestly unjust** to allow the order to remain in effect for the reconsideration or revision period because (*check all that apply*):

☐ The *Temporary Protection Order* was entirely without merit.

☐ Petitioner was engaged in abusive use of litigation.

☐ Petitioner was exerting coercive control over the Restrained Person.

☐ Other reason (*explain why it would be manifestly unjust*): _____

_____

_____

_____

☐ **Denied.** The deadline for filing a motion for reconsideration or revision has passed. The Protected Person has either failed to file a motion or the motion has been denied. The *Order Extending the Order to Surrender and Prohibit Weapons* (WS 400) is terminated and the case is dismissed.

☐ Petition **denied and dismissed without a full hearing.**

☐ No amended petition was filed within 14 days after denial.

☐ Amended petition filed but still insufficient to set for full hearing.

☐ **Realignment** (*for domestic violence and harassment cases only*). The parties are switched so that the original Protected Person is now restrained and the original Restrained Person is now protected.

☐ The court will issue a new *Temporary Protection Order* so that:

The Protected Person is: _____

RCW 7.105.225 Mandatory *(01/2024)*                                    Denial Order
PO 070

Exhibit 19 Oft P6

p94

The Restrained Person is: _____

> *Important!* The new Protected Person must file a *Petition for Protection Order*, form PO 001, if they want protection to last beyond the temporary order.

**Modification, Termination, or Renewal**

☐ The request to **modify, terminate, or renew** the order dated _____ is denied.

**Weapons**

☐ The request for an *Order to Surrender and Prohibit Weapons* is denied.

☐ If any **firearms or dangerous weapons have been surrendered** under this cause number, they shall be released to the restrained person, absent some other legal reason that may exist prohibiting the restrained person from possessing them.

**Other**

☐ The request before the court is denied, provided that **it may be renewed after notice** has been provided to the [ ] vulnerable adult [ ] opposing party according to the Civil Rules.

☐ Other order: _____

_____

_____

_____

_____

5.  **Service on the Restrained Person** *(only required if a future hearing is scheduled):*

☐ **Not Required.**

   ☐ The petition was denied or dismissed and service is not required.

   ☐ The restrained person appeared at the hearing, in person or remotely, and received notice of the order. No further service is required. See section **2** above for appearances. *(May apply even if the restrained person left before a final ruling is issued or signed.)*

☒ **Required.** The restrained person must be served with a copy of this order.

   ☒ The **law enforcement agency** where the restrained person lives or can be served shall serve the restrained person with a copy of this order and shall promptly complete and return proof of service to this court.

   Law enforcement agency: *(county or city)* ____**LAKE STEVENS**____
   *(check only one):* ☐ Sheriff's Office ☒ Police Department

   ☐ The **protected person** (or person filing on their behalf) shall make private arrangements for service and have proof of service returned to this court. *(This is not an option if this order requires: weapon surrender, vacating a shared residence, transfer of child custody, or if the restrained person is incarcerated. In these circumstances, law enforcement must serve, unless the court allows alternative service.)*

**Clerk's Action.** The court clerk shall forward a copy of this order on or before the next judicial day to the agency and/or party checked above. The court clerk shall also provide a copy of the service packet to the protected person.

Exhibit 19 P12 P7

P95

☐ **Alternative Service Allowed.** The court authorizes alternative service by separate order (*specify*): _____

6.  ☐ **Service on Others** *(only required if a future hearing is scheduled):*

Service on the [ ] vulnerable adult ☐ adult's guardian/conservator ☐ restrained person's parent/s or legal guardian/s (*name/s*) _____ is:

☐ **Not required.** They appeared at the hearing where this order was issued and received a copy.

☐ **Required.**

☐ The **law enforcement agency** where the person to be served lives or can be served shall serve a copy of this order and shall promptly complete and return proof of service to this court.

Law enforcement agency: (*county or city*) _____ (*check only one*): [ ] Sheriff's Office or [ ] Police Department

☐ The **protected person** or person filing on their behalf shall make private arrangements for service and have proof of service returned to this court.

**Clerk's Action.** The court clerk shall forward a copy of this order on or before the next judicial day to the agency and/or party checked above.

7.  **Next Court Hearing**

☐ No further court hearings are scheduled in this case.

☐ The next court hearing is or will be scheduled by a separate order.

☒ The next court hearing is scheduled for the date at time listed on page 1.

The hearing scheduled on page 1 will be held:

| How to Attend Your Hearing |
|---|
| If you are not specifically ordered to appear in person (see below) or by other means as indicated below, you can choose to appear in-person, by phone (zoom) or video (zoom). |

🏛 ☐ Appear In Person – Please arrive at least 15 minutes prior to your hearing. Please review hearing date, time and location on page one of this order.

☐ On-Line via Zoom: Links for Courtrooms 1C, 1D, 1E and DJJC3 can be found at: snohomishcountywa.gov/5660/TelephonicRemote-Appearances)
☐ On-Line via Zoom: Links for Courtrooms 2F can be found at: https://snohomishcountywa.gov/5889/Civil-Trial-Calendar

☐ Remote by Phone (audio only) Phone 253-215-8782

| | | |
|---|---|---|
| ⇒ Courtroom 1C | Zoom ID: 307 878 5917 | Password: 821291 |
| ⇒ Courtroom 1D | Zoom ID: 753 915 9763 | Password: 308792 |
| ⇒ Courtroom 1E | Zoom ID: 221 411 0318 | Password: 559533 |
| ⇒ Courtroom 2F | Zoom ID: 913 2627 2574 | Password: 372669 |
| ⇒ Courtroom DJJC3 | Zoom ID: 643 690 6771 | Password: 995624 |

Exhibit 19 p493     P8

p9ι6

| | To find your assigned courtroom/time go to: https://snohomishcountywa.gov/5659 |
|---|---|
| | Select the day of the week, scroll to the Protection Order calendar(s) to find your case and courtroom. |
| | **IMPORTANT: If your courtroom is DJJC3 your hearing will be at Denney Juvenile Justice Center.** |
| | Please be prepared for your hearing: |
| | ⇒ Make sure you have a good internet connection. |
| | ⇒ Remember that you are still appearing in court and should act appropriately. |
| | ⇒ Charge your connection device. If you are calling by phone, ensure you have enough minutes. |
| | ⇒ Find a quiet place where no one will interrupt you. |
| | ⇒ Have all your papers ready, including a list of what you want to say to the judge or commissioner. |
| | ⇒ Connect 10 minutes prior to your hearing time. |
| ① | **If you have trouble connecting by phone call Court Administration at 425-388-3421 or email SuperiorCourtAdmin@snoco.org.** |
| | Ask for an interpreter, if needed. Ask for an interpreter as soon as you can.  Do not wait! Requests must be made 5 days in advance by calling 425-388-3459 or by emailing sscinterpretersupport@snoco.org |
| | Ask for disability accommodation, if needed. Ask for an accommodation as soon as you can. Do not wait until the hearing! Requests should be made at least 5 days in advance of the hearing by e-mailing SuperiorCourtADA@snoco.org, fax 425-388-3498 or by mail.  Request for Accommodation forms are available for pickup in room 5620 at the Snohomish County Courthouse or online at https://www.snohomishcountywa.gov/509 |

**Ask for an interpreter or accommodation as soon as you can. Do not wait until the hearing!**

Ordered.

Dated: ___MAR 2. 1 2024___ at _11:24_ (a.m./p.m.)   _____
                                                      Judge/Court Commissioner


_____
Print Judge/Court Commissioner Name

I received a copy of this Order or attended the hearing remotely and have actual notice of this order. It was explained to me on the record:

▸
_____   _____   _____
Signature of Respondent              Print Name          Date

▸
_____   _____   _____
Signature of Respondent's Lawyer WSBA No.   Print Name    Date

▸
_____   _____   _____
Signature of Petitioner              Print Name          Date

▸
_____ WSBA No.   Print Name    Date
Signature of Petitioner/Lawyer

RCW 7.105.225  Mandatory *(01/2024)*                                    Denial Order
PO 070

Exhibit 19 ~~PO71~~   Pα

FILED SNOHOMISH COUNTY DISTRICT COURT
3/19/2024
Everett Division

FILED

2024 MAR 21  AM 8: 55

HEIDI PERCY
COUNTY CLERK
SNOHOMISH CO. WASH

STATE OF WASHINGTON } ss.
COUNTY OF SNOHOMISH }
The undersigned Clerk of the Court does hereby certify that
the foregoing instrument is a true and correct copy of the original now
on file in this court.
In witness whereof, I have hereunto set my hand this
_____ day of _____, 20_____.
By: _____
Clerk, Snohomish County District Court

**State of Washington**
**Snohomish County**
☐ Cascade ☒ Everett ☐ Evergreen ☐ South

Stephanie Catherine Farler
Petitioner (Protected Person)              DOB

vs.

Justice Clark
Respondent (Restrained Person)             DOB

No.  24-2-02110-31

**Petition for Protection Order**

Clerk's Action: 1

## Petition for Protection Order

What kind protection order do you want? There are different orders based on the type of harm and how the parties know each other. See definitions in Attachments A and B.

1.  Choose the type of protection order that best fits your situation. *Check only one.*

☐ Domestic Violence – Protection from an intimate partner or family or household member who has committed domestic violence, nonconsensual sexual conduct or penetration, unlawful harassment, or stalking. (PTORPRT)

☐ Sexual Assault – Protection from someone who has committed sexual assault. (PTORSXP)

☐ Stalking – Protection from someone who has committed stalking. (PTORSTK)

☒ Anti-Harassment – Protection from someone who has committed unlawful harassment. (PTORAH) *(fee may be required)*
Conduct also includes *(check all that apply):* ☒ stalking  ☒ hate crime
☒ single act/threat of violence including malicious and intentional threat or presence of firearm/weapon causing substantial emotional distress
☐ family or household member engaged in domestic violence
☐ nonconsensual sexual conduct or penetration or a sex offense

RCW 7.105.100
*(01/2023)*
PO 001

Petition for Protection Order

Exhibit 19     P10

*pq8*

2. If more than one of the protection order types listed above fits your situation, list any additional order types here: _____

3. Who should the order restrain? ("Restrained Person")

   Name: Justice Clark _____

   Restrained Person's age: ☐ Under 13  ☐ 13 to 17  ☒ 18 or over  ☐ unknown

---

Who should be protected? Check all that apply. Depending on the type of order, you can protect yourself and/or children, or you can file on behalf of another adult who cannot file for themselves.

---

4. Who should the order protect? ("Protected Person") (*Check all that apply.*)

   ☒ **Me.** My name is Stephanie Catherine Fatler _____
   *(You must be age 15 or older.)*

   ☐ **Minor Children.**

   ☐ I am the minor's ☐ parent ☐ legal guardian ☐ custodian.

   ☐ I am age 18 or older and the minor is a member of my family or household. (*For domestic violence petitions only.*)

   ☐ I am age 15 to 17. The minor is a member of my family or household. I have been chosen by the minor and am capable of pursuing their stated interest in this case.

| Child's Name | Age | Sex | Lives With | How related to you | How related to Restrained Person |
|---|---|---|---|---|---|
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

*Important! If the restrained person is a parent of any of the children, complete Attachment C: Child Custody. If you are not a parent of any of the children, complete Attachment D: Non-parents protecting children (ICWA). You must include these Attachment/s with your Petition if they apply.*

   ☐ **Someone else.** (*List your name as Petitioner at the beginning of this form. Describe who you are filing for here.*) I am filing to protect:

   ☐ an adult (*name*) _____
   who does not meet the definition of a vulnerable adult, but who cannot file the petition themselves because of age, disability, health, or inaccessibility *(Do not check this for vulnerable adult or domestic violence petitions.)*

   What is the age, disability, health or inaccessibility concern that makes the adult unable to file themselves? *(Examples: the adult is hospitalized, temporarily incapacitated, or in jail/prison.)*
   _____

RCW 7.105.100
*(01/2023)*
PO 001

Petition for Protection Order

Exhibit 19 . P11

*P99*

5. **Service address.** What is your address for receiving legal documents? You have the right to keep your residential address private. You may use a different mailing address for receiving legal documents.

Mail: <u>4232 142nd Avenue Northeast, Lake Stevens WA 98258</u>

Email *(if you agree to receive legal documents by email)*: <u>stephareef@gmail.com</u>

6. **Interpreter**

Do you need an interpreter? ☒ No  ☐ Yes, Language: _____

*Important! You may need to request an interpreter separately. You will get instructions with an order setting your hearing.*

---

**How do the parties know each other?**

7. Check all the ways the protected person is connected or related to the restrained person:

**Intimate Partners** -- Protected person and restrained person are intimate partners because they are:

☐ current or former spouses or domestic partners

☐ parents of a child-in-common (unless child was conceived through sexual assault)

☐ current or former dating relationship (age 13 or older) who
   ☐ never lived together       ☐ live or have lived together

**Family or household members** - Protected person and restrained person are family or household members because they are:

☐ parent and child                     ☐ stepparent and stepchild

☐ grandparent and grandchild           ☐ parent's intimate partner and child

☐ current or former cohabitants as roommates

☐ person who is or has been a legal guardian

☐ related by blood or marriage *(specify how)* _____

**Other** (examples: coworker, neighbor, acquaintance, stranger)

<u>Neighbor</u>

---

**Connection to Washington State. This helps decide if the court has authority (jurisdiction).**

8. **Why are you filing in this county and state?** *Check all that apply.*

☐ The protected person lives in this county now, **or** used to live in this county but left because of abuse, or this is the nearest court to where I live or used to live.

☒ An incident that made me want this protection order happened in this county or state.

9. **Restrained Person's residence.** Where does the restrained person live?

☒ In Washington State in *(city or county)*: <u>Lake stevens Washington</u>

RCW 7.105.100
*(01/2023)*
PO 001                          Petition for Protection Order

Exhibit 19          *P12*



P100

☐ Outside of Washington State          ☐ Unknown

**Are there other court cases involving the parties or any children?**

10.    **Other court cases.** Have there been any other court cases between any of the people involved in this case or about any children? Include court cases happening now and in the past and requests for protection that were denied or have expired. *(Examples: criminal no contact order, civil protection order, family law restraining order, protection order from another state, tribal order, military orders, parenting plans, divorce, landlord-tenant, employment, property, assault, police investigations. File copies in this court case of everything you want the court to review.)*

☐ No  ☒ Yes. If yes, fill out below.

| Type of Case (see examples) | Court Location (City or County and State) | Court Type (Superior / District / Municipal / Tribal / Military) | Case Number (if known) | Status (active / dismissed / pending / expired, unknown) |
|---|---|---|---|---|
| Protection order | Everett washington | Superior | 23-2-05904-31 | Dismissed |
| | | | | |
| | | | | |
| | | | | |

Other details: The Judge stated that I was not credible due to my record she refused to acc a whitness statement. Re filing with more supporting evidance d statments

Do you need immediate protection? If needed, you can ask for a Temporary Protection Order that starts now, before the restrained person gets notice. This protection can last up to 14 days or until the court hearing (whichever comes first).

11.    **Immediate Protection:** Do you need a Temporary Protection Order to start immediately, without prior notice to the restrained person? ☒ Yes  ☐ No

12.    **Immediate Weapons Surrender:** Do you want a temporary order that requires the restrained person give up all firearms, other dangerous weapons, and concealed pistol licenses right away, and prohibits the restrained person from getting more? ☒ Yes  ☐ No

**If Yes to 11 or 12, explain why:** What serious immediate harm or irreparable injury could occur if an order is not issued immediately without prior notice to the restrained person? *(Briefly explain how you or anyone else might be harmed if you do not get protection now.)*

His actions are becoming more and more aggressive and unpredictable. He's acting strange and the whole possum thing makes me believe he may be delusional.

**What protections do you need?** Check everything you want the court to order.

13.    I ask for a protection order with these restraints:

Petition for Protection Order

Exhibit 19          P13

P|d|

**General Restraints**

A.  ☒  **No Harm:** Do not cause any physical harm, bodily injury, assault, nonconsensual sexual conduct or nonconsensual sexual penetration, and do not harass, threaten, or stalk ☒ protected person  ☐ the minors named in section 4 above
☐ these minors only: _____

B.  ☒  **No Contact:** Do not make any attempts or have any contact, including nonphysical contact, directly, indirectly, or through third parties, regardless of whether those third parties know of the order, except for service of court documents with
☒ protected person  ☐ the minors named in section 4 above
☐ these minors only: _____
☐ **Exception** (if any): Only this type of contact is allowed: _____

Exceptions about minors, if any, provided in P below.

C.  ☒  **Exclude and Stay Away:** Do not enter, return to, knowingly come within, or knowingly remain within 1,000 feet or other distance *(specify)* _____ of
☒ the protected person                      ☒ protected person's vehicle
☐ protected person's school            ☐ protected person's workplace
☒ protected person's residence       ☐ protected person's adult day program
☐ the shared residence
☐ the residence, daycare, or school of  ☐ the minors named in section 3 above
   ☐ these minors only: _____
☐ other: _____

Address: The protected person chooses to (*check one*)
   ☐ keep their address confidential  ☒ list their address here:

   4232 142nd Avenue Northeast, Lake Stevens WA 98258

D.  ☐  **Vacate shared residence:** The protected person has exclusive right to the residence that the protected person and restrained person share. The restrained person must immediately vacate the residence. The restrained person may take the restrained person's clothing, personal items needed during the duration of the order, and these items (*specify*): _____
from the residence while a law enforcement officer is present.

E.  ☒  **Stalking Behavior:** Do not harass, follow, monitor, keep under physical or electronic surveillance, cyber harass (as defined in RCW 9A.90.120), or use phone, video, audio or other electronic means to record, photograph, or track locations or communication, including digital, wire, or electronic communication of
☒ the protected person  ☐ the minors named in section 4 above
☐ these minors only: _____
☐ these members of the protected person's household : _____

F.  ☒  **Intimate Images:** Do not possess or distribute intimate images of a protected person, as defined in RCW 9A.86.010. The restrained person must take down and delete all intimate images and recordings of a protected person in the restrained person's possession or control and cease any all disclosure of those intimate images.

Exhibit 19

P14

P102

G. ☐ **Electronic Monitoring:** The restrained person must submit to electronic monitoring. Example: location tracking via ankle bracelet. *(Restrained person must be age 18 or older.)*

H. ☐ **Evaluation:** The restrained person shall get an evaluation for:
☐ mental health        ☐ chemical dependency (drugs)

I. ☐ **Treatment:** The restrained person shall participate in state-certified treatment for:
☐ sex offender        ☐ domestic violence perpetrator

J. ☐ **Personal Belongings:** The protected person shall have possession of essential personal belongings, including the following:

_____

K. ☐ **Assets:** Do not transfer jointly owned assets.

☐ **Finances:** Provide the following financial relief: _____

L. ☐ **Vehicle:** The protected person shall have use of the following vehicle:

Year, Make & Model _____ License No. _____

M. ☒ **Restrict Abusive Litigation:** Do not engage in abusive litigation as set forth in chapter 26.51 RCW or in frivolous filings against the protected person, making harassing or libelous communications about the protected person to third parties, or making false reports to investigative agencies.

N. ☒ **Pay Fees and Costs:** The restrained person must pay fees and costs of this action. This may include administrative court costs, service fees, and the protected person's costs including lawyer fees.

**Firearms and Other Dangerous Weapons**

O. ☒ **Surrender Weapons:** The restrained person must immediately surrender to law enforcement and not access, possess, have in their custody or control, purchase, receive, or attempt to purchase or receive firearms, other dangerous weapons, or concealed pistol licenses.

*Important! The court may be required to order the restrained person to surrender firearms, other dangerous weapons, or concealed pistol licenses even if you do not request it.*

Does the restrained person have or own firearms?
☒ Yes  ☐ No  ☐ Unknown
Complete **Attachment E: Firearms Identification** if Yes or Unknown.

Would the restrained person's use of firearms or other dangerous weapons be a serious and immediate threat to anyone's health or safety?
☐ Yes  ☐ No  ☒ Unknown

Even if the restrained person does not have firearms now, has the restrained person ever used firearms, other weapons or objects to threaten or harm you?
☒ Yes  ☐ No

If Yes, describe what happened.

Exhibit 19



P15

P103

Justice has used his gun and fireworks multiple times between the hours of 11 pm and  3:30 am
as an intimidation factor, fireworks to scare my dog and then gunshots to scare me.

Is the restrained person already not allowed to have firearms?
☐ Yes ☐ No ☒ Unknown

If Yes, why?

## Minors

P. ☐ **Custody:** The protected person is granted temporary care, custody and control of
☐ the minors named in section 4 above
☐ these minors only: _____

Exceptions for Visitation and Transportation (including exchanges, meeting location,
and pickup and dropoff) of Minors (if any):_____

Visitation listed here is an exception to any No Contact provision in B above.

*(Only for children the protected and restrained person have together.)*
Q. ☐ **Interference:** Do not interfere with the protected person's physical or legal custody of
☐ the minors named in section 4 above
☐ these minors only: _____
R. ☐ **Removal from State:** Do not remove from the state:
☐ the minors named in section 4 above
☐ these minors only: _____
S. ☐ **School:** Do not attend the elementary, middle, or high school that a protected person
attends: *(name of school)* _____
*(Only if both the restrained person and a protected person are students at the same
school. Can apply to students 18 or older. Includes public and private schools.)*

Describe any continuing physical danger, emotional distress, or educational
disruption to a protected person that would happen if the restrained person attends
the same school.

## Pets

T. ☐ **Custody:** The protected person shall have exclusive custody and control of the
following pet/s owned, possessed, leased, kept, or held by the protected person,
restrained person, or a minor child who lives with either the protected or restrained
person. *(Specify name of pet and type of animal.):*

U. ☐ **Interference:** Do not interfere with the protected person's efforts to get the pet/s
named above.
V. ☐ **Stay Away:** Do not knowingly come within, or knowingly remain within
*(distance)* _____

Petition for Protection Order

Exhibit 9.        P16



P104

of the following locations where the pet/s are regularly found:
☐ Protected person's residence *(home address may be kept confidential.)*
☐ Other *(specify):* _____

**Other**

W. _____

**Do you need help from law enforcement?** They may help you get the things you asked for.

14. **Law Enforcement Help:** Do you want the court to order the appropriate law
enforcement agency to help you with any of the things listed below?
*Check all that apply.*
☐ Possession of my residence.
☐ Possession of the vehicle I asked for in section L above.
☐ Possession of my essential personal belongings that are located at
  ☐ the shared residence
  ☐ the restrained person's residence
  ☐ other location _____
☐ Custody of  ☐ the minors named in section 4 above
          ☐ these minors only _____
☒ Other: _Serving papers_ _____

**How long do you need this order to last?**

15. **Length of Order**
*(The order will last for at least one year unless you ask for something different. Orders
restraining a parent from contacting their own children may not exceed one year.)*

I need this order to last for: ☐ 1 year  ☒ more than 1 year  ☐ less than 1 year *(specify
how long):* _____

If you checked more or less than one year, briefly explain why.

As long as me and my family are living at this residence I believe it is necessary for this
protection.

**Why do you need a protection order? What happened?** This is your statement, where you
tell your experience.

Be as specific and descriptive as possible. Put the date, names, what happened and where.
Use names rather than pronouns (he/she/they) as much as possible. If you cannot remember
the date, put the time of year it happened (around a holiday, winter, summer, how old your
child was) or about how long ago.

For all of the questions below, include details:

    ▪ Who did what?
    ▪ When did this happen?
    ▪ How were any statements made? (in person, mail, text, phone, email, social media)
    ▪ How did this make you, or the minor, or the vulnerable adult feel?

Exhibit 19

P17



P1σ5

---

If you need more space to answer any of the questions below, use form PO 010 Statement or attach additional pages.

*Privacy Warning!* The restrained person will see this Petition and any other evidence you file with the court. This information is also available to the public for anyone to see.

16.    **Most Recent Incident.** What happened most recently that made you want a protection order? This could include violent acts, fear or threats of violence, coercive control, nonconsensual sexual conduct or penetration, sexual abuse, harassment, stalking, hate crimes. Include specific date/s and details of the incident.

With all due respect to you I would like to start by informing you of the situation, Case number 23-2-05904-31 It was Declined and since then I have taken time to learn more about the rules and regulations that apply here. I am re submitting my petition for an anti harassment / anti stalking order with more supporting evidence to Show and more witness statements, I found in Chapter 96 malicious Harassment sec 4 it states " If any provision of this act or its application to any person or circumstance is held invalid, the remainder of the act or application of the provision to other persons or circumstance is not

affected." The purpose for me to state chapter 96 sec 4 is only to prevent the possibility of similar situation or misunderstandings from happening

again. My Credibility was put in to question due to a case on my record. I don't feel comfortable saying any more details due to the sever harassment I already deal with at my home from my neighbor at the moment. In this type of situation I believe that regardless what any ones personal opinions are about an individual that is not supposed to have any effects on the provisions of a ruling. people like me deserve to have

the protection that every other American would have if being harassed. Justice has used his gun and fireworks multiple times between the hours of 11 pm and 3:30 am as an intimidation factor. fireworks to scare my dog and then gunshots to scare me. one major incident was on September 7th and began at 10:05 PM. The Police were called by Alan Sprague the property owner. I am attaching more then one transcript to this petition from this specific incident, it costs per word to have them professionally transcribed, and it is a 13 min video. Number 1, 2, and 3 are supporting evidence for this night. There has never been a time that I have initiated a conversation with Justice Clark. He goes out of his way to start problems with me. in my transcription's I have recorded most of the encounters between justice and myself. they include in the middle of the day. he claims he is mad that he gets woken up yet he comes to the property line because he noticed i was washing and cleaning my car in my driveway and begins attacking me with his name calling and attempts to scare me. Stating all kinds of false allegations he says he has recorded. when the scare tactic doesn't work Justice begins calling me names and telling me that he's going to get me out of here and he's calling the city on me. this is attached as number 5.  It was this specific incident that caused me to feel extremely uncomfortable with the way Justice was describing to me almost every move and

Petition for Protection Order

Exhibit 19     ' P18

P1 06

telling me that he watches me do this or do that, I know nothing about what he does on a daily basis. I don't believe that his personal interest in my life and in everything that I do is normal at all. He has even stated " I am not necessarily watching Stephanie", I brought it to his attention that I felt like he was stalking me and he instantly began to insult me and degrade me.    In number 6 I wanted to make sure that it was known that person 2 was Justice Clark from our property line. my dog myself and Both of my children were in my room with the door locked. I had already responded to Justice and let him know it WAS NOT MY DOG BARKING.

the rah rah rahs were loud enough to be clearly heard on the recording with my door closed and no windows open, the other neighbor from the other side of my house came out screamed back "Shut the fuck up Justice!" you cannot clearly hear that in the recording, my dog was next to me scared to death, Justice Has intentionally scared my dog lighting off fireworks, whole packs of them at a time, between the hours of 11pm - 3:

30 am, there have been multiple times I have woken up to Gun Shots and fireworks. It is an intimidation factor he is using against me and to scare my dog, why does he get to light off packs of firecrackers and shoot his gun all hours of the night, yet he attacks me as I get out of my car after

just coming home, pulling into my driveway at 10:35 on a Sunday night I was verbally attacked by Justice before my feet even touched the gravel. Justice started off by saying " yeah how did having a black boyfriend do ya? He should have checked you harder hahahaha!" He was referring to

a recent domestic violence situation that I was in. I found my phone and began recording shortly after he had said that to me. im attaching transcript as number 4. It was June 29th at 10:35 pm. on Jan 28th at 4 am I was helping my friend put some donations in to her trunk, she had stopped to help us out and load up stuff we needed to bring to the donation bin since she had a large trunk. she had stopped by on her way home from work that morning, as I helped her load it all up I noticed that Justice had

drove past and was just getting home from his job, not even 5 min after he pulled in he went out to his back porch, (that is where he goes and sits in his lawn chair facing our house and at the very corner of his porch) he started flipping out and asking my friend what her name was. I told her not to tell him and I told her to just get in to the car and I would finish up loading the stuff, that way she didnt have to deal with the harassment, she was completely shocked to see what Justice was getting away with doing. she did nothing but offer her help to us and was treated terribly and ran off the property just as everyone is from our property. Justice has no right to talk to me or anyone on our property period. we have all stated it is

unwelcome to him. he calls me "miss credible" now mocking me and the last attempt to get protection from his abuse. he tells me i don't have any evidence and

Exhibit 19   P 19

P107

i would have to prove that he is doing it and i already tried that he says and laughs. I am including a transcript from Feb 13th 7:42 pm where you can hear justice talking to me from our property line and me clearly telling him i do not want anything to do with him. he mocks me repeatedly about the attempt to get protection from his behavior and tells me that he is going to do all kinds of ridicules things just to cause trouble for me. I recently started a new job at UPS and was excited about it. I was loading the trucks and it required me to leave between 2 am and 4 am 6 days a week. It was freezing out and you have to start and run your car before you can safely head to work. I tried just scraping the windows and starting it and leaving. i tried just starting the car and not getting out of it so i didnt have to open and close the car door again. tried everything I could in attempt to make justice not flip out on me each and every morning I decided it was not worth the stress and gave up the job . I was filled with anxiety and dreading every morning. He's  unpredictable and it was seriously effecting me. Recently I walked to my car to grab my cell phone and justice yelled out to me"hey if I find out you had anything to do with this possum over here!...if I find out you had something to do with this possum over here I'd probably make you eat it! Hahahahaha!" It's getting weirder and he's becoming more aggressive about it every time he speaks to me. I'm seriously in fear of my safety and my dogs. Please I'm begging you to do the right thing and actually give a look at the facts and the evidence that I have supporting my need for this order.  Please refer to exhibits (1), (2), (3), (4), (5).

17.    **Past Incidents.** What happened in the past that makes you want a protection order? This could include violent acts, fear or threats of violence, coercive control, nonconsensual sexual conduct or penetration, sexual abuse, harassment, stalking, hate crimes. Include specific date/s and details of the incidents.

18.    **Medical Treatment.** Describe any medical treatment you received for issues related to your request for protection.

19.    **Suicidal Behavior.** Describe any threats of self-harm or suicide attempts by the restrained person.

20.    **Restrained Person's Substance Abuse**

Is substance abuse involved?                    ☒ Yes          ☐ No          ☐ Unknown

If yes, what type of substance abuse?       ☒ Alcohol     ☐ Drugs      ☐ Other

Exhibit 19

P20

P108

21. **Minors Needing Protection, if any** *(If the information is not already included above.)*

Has there been any violence or threats towards children? How have the children been affected by the restrained person's behavior? Were the children present during any of the incidents described above? Describe and give details.

22. **Supporting Evidence** *(Include anything else you want the court to see that helps prove what you are saying is true. You are responsible for filing your supporting evidence, including police reports, if any. Before you file any attachments, you can black out (redact) any sensitive information. Examples: your home address and account numbers (leave last four digits). If you have audio or video evidence, contact the court for how to submit.)*

☒ I am attaching the following evidence to this Petition *(check all that apply):*

    ☐ Pictures
    ☐ Text / email / social media messages
    ☒ Voice messages (written transcript)
    ☐ Written notes / letters / mail
    ☐ Police report
    ☒ Declaration or statement from witness (name/s): tamera farker, Robert bates, Scot bacon
    ☐ Other (describe): _____

I certify under penalty of perjury under the laws of the state of Washington that all the information provided in this petition and any attachments is true and correct.
☒ I have attached *(number):*____ pages.

Signed at *(City and State):* Lake stevens Washington      Date: 02/18/2024

*(signature)*

Sign here

Stephanie Catherine Farler
Print name

Petition for Protection Order

Exhibit 19    P 21

P109

09-07-2021

He shot my camera                                              pg 1 of 1

I, Scot Bacon 06-28-1973 was
at Stephanie Tolers house, next door
there was a man that came out,
he a dolly tree hedge screaming at
the top of his lungs, "He was trying
to sleep. It was approx 10pm and
as I was helping restore a poker
base on a car on Stephanies property.
He spent the next 25 minutes yelling
profanity and loud noises at the two
of us. This was very very insulting
and disturbing. This is not the first
time he, has been a threat to his Toler
and Allen, the owner of Stephanies rental.
The things he was yelling was very
disturbing, loud enough to wake Allen
from his sleep. I believe the police
was called by Allen to help calm him
down.

It appears that this man next door
has threatened, abused, and trespassed on
many occasions. He appears to be a threat
to Stephanie and her children. I think
there should be a no-contact order
placed on him not to come so close
to Allens property or the Tolers. He has
attempted to be physical with me when
I was there.                    Scot Bacon

Exhibit 19 - P22

Sep 7th 10:25pm          Scott brnon (2) a P110
                          eyewitness

Speaker 1:   **** call after I'm fucking done –

Speaker 2:   ****.

Speaker 1:   – with you to report that.

Speaker 2:   Just stop.

Speaker 1:   Yeah. That was –

Speaker 2:   Stop.

Speaker 1:   – a good one Scotty.'

Speaker 2:   Stop.

Speaker 1:   That helped your case, you moron.

Speaker 2:   Stop calling people names.

Speaker 1:   No, uh uh, I'm gonna sit out here. No you're gonna sit out here and fucking disrupt my sleep.

Speaker 2:   Okay. Perfect.

Speaker 1:   I'm gonna sit out here and talk to ya and irritate –

Speaker 2:   Good. Let's just make this –

Speaker 1:   – like ****.

Other Speaker:      Well good.

Speaker 2:   Let's just make this a gay old time. You want a beer? You want me to get you a beer? I'd like –

Speaker 1:   You want to throw some more shit on my property?

Speaker 2:   I might drink a beer? You want to drink a beer with me?

Speaker 1:   Throw some more shit on my property.

Speaker 2:   Do you want to drink a beer with me?

Speaker 1:   I fucking dare ya.

Exhibit.19          P23

$(2)_b$  P111

Speaker 2:   I asked you a question. Do you want to drink a beer with me?

Speaker 1:   Oh, oh, you're ****. Yeah, do I want to drink a beer.

Speaker 2:   Would you like a beer?

Speaker 1:   ****.

Speaker 2:   Because I have one.

Speaker 1:   ****. Drink some poison.

Speaker 2:   Do you want, uh, you open the can.

Speaker 1:   I'll have a beer. You drink some poison.

Speaker 2:   You can open the can.

Speaker 1:   How about that.

Speaker 2:   Brand new, all yourself. Open it brand new yourself.

Speaker 1:   The day we have a beer will be fucking cold day in hell.

Speaker 2:   So is that a no then?

Speaker 1:   Fucking idiot.

Speaker 2:   Is that a no.

Other Speaker:     Especially with me around.

Speaker 1:   Oh, oh yeah. No Scotty, I, I want to suck your dick, Scotty.

Speaker 2:   Weird. That's fucking weird.

Speaker 1:   Good. Scotty, I, I just thought of something, I want to suck your dick, dude.

Speaker 2:   What a weirdo.

Speaker 1:   Fuck Scotty, instead of fighting ya, I want to suck your dick.

Speaker 2:   Who does that? Who does that?

Speaker 1:   Oh, no, no, not, not me fighting you.

Exhibit 19     P24



Speaker 2:   Is that right one.

Speaker 1:   I was defending myself because you wanted ram my teeth down my throat.

Speaker 2:   Is that right, no that's not the right one.

Other Speaker:     You shouldn't call people names.

Speaker 1:   That's right.

Speaker 2:   We're just gonna keep going about our merry business back here.

Speaker 1:   You should stay out of fucking other people's business.  Stupid fuck.

Speaker 2:   We were gonna try to be quiet, but –

Speaker 1:   Oh, yeah.  Uh huh.  You were sure.  Uh huh.  Yep.  I'm gonna sit out here and talk to ya.

Speaker 2:   Okay, that's good actually.

Speaker 1:   I know.

Speaker 2:       You could use the company.

Speaker 1:   Huh.  Oh fuck.

Speaker 2:   So what else you got to talk about.  How about the weather?

Other Speaker:     How as your visit with your daughter?

Speaker 1:   Hey you shut the fuck up about my daughter, Scotty.

Speaker 2:   She's obviously not there tonight 'cause you're acting like a fucking maniac.

Speaker 1:   Scotty, faggot.

Speaker 2:   'Cause you don't act like a maniac –

Speaker 1:   What's that about my daughter Scotty faggot.

Speaker 2:   – when she's there.

EXhibit 19   P25



Speaker 1:   Fuck. You want to talk about my daughter faggot.

Speaker 2:   He didn't say anything bad. He said nothing bad.

Speaker 1:   Is that mom over there with the flashlight.

Speaker 2:   Probably. Who cares?

Speaker 1:   Sorry mom, your daughter is acting like a fucking noisy delinquent.

Speaker 2:   Okay.

Other Speaker:     **** fuck, she needs her car –

Speaker 2:   You know what mother.

Other Speaker:     – for work. I don't see ya but I hear ya out there. Just fucking leave us alone all right? I'm dead set tired against this. I've been sick for 4 days. I don't feel like coming out here listening to you bitching and moaning 'cause she's trying to get her car fixed. Understand me? If you don't, I'm calling the cops and have you arrested.

Speaker 1:   Call the cops.

Speaker 2:   Hey, okay.

SpeakWrite
www.speakwrite.com
Job Number: 20230911_083416.jph
Cheton Fllonahn; YouCut_20230908_035858182
Date: 09/11/2023
Billed Words: 733

Exhibit 19  P26

Sec 7th 2023 10:05 PM          beat her on          (3)ₐ P114
                               eye witness

Speaker 1: What? You want me to go up on the street? Sure. We'll go up on the street.

Speaker 2: No, nobody's gonna go out on nowhere.

Speaker 1: **** up on the street ****.

Speaker 2: It's still recording so.

Other Speaker: Well at least ****.

Speaker 2: He's making himself look like an idiot right now.

Other Speaker: Yeah, he is.

Speaker 2: So, I'm just gonna leave it recording. It's not even been **** out here.

Other Speaker: No.

Speaker 1: **** push my fucking **** and I don't care.

Speaker 2: Just don't acknowledge him anymore. He won't stop.

Speaker 1: ****.

Speaker 2: He's drunk as fuck.

Other Speaker: Mm hmm.

Speaker 2: He's fucking drunk.

Speaker 1: **** right up here.

Speaker 2: You are fucking drunk. You're fucking drunk, aren't you?

Speaker 1: Your **** threatening to fucking push my teeth down my throat.

Speaker 2: Your drunk.

Speaker 1: ****.

Speaker 2: You are drunk.

Other Speaker: What are you doing out here?

Exhibit 19 - P27



Speaker 1: Push it down my throat Scotty.

Other Speaker: Why don't you ****.

Speaker 2: You're drunk. Are you drunk right now? Is that why you're acting like this?

Speaker 1: **** video right now.

Speaker 2: I have it too. You need to stop. Nobody's trying to do nothing. Nobody wants to do nothing.

Speaker 1: **** threatened to have my teeth pushed down -

Speaker 2: No.

Speaker 1: - fucking light on my fucking ****.

Speaker 2: Who's the one that's threatening right now? You are in front of my property. Your property is that way bud.

Speaker 1: He said he wanted to go.

Speaker 2: So you're just inviting it? You're just that childish? You're just that big of a child?

Speaker 1: Fucking pussy, Scotty.

Speaker 2: Thank you.

Speaker 1: Shut the fuck up Scotty, next time.

Speaker 2: Come on, just, just don't even. He's like a 10-year-old, or my 10-year -

Speaker 1: **** any time Scotty.

Speaker 2: - my 10-year-old is -

Speaker 1: Faggot.

Speaker 2: - is more mature than he is. Come on Scotty.

Speaker 1: Fucking beat your ass.

Speaker 2: My 10-year-old is more mature than he is. Come on.

Exhibit 19  P28



Speaker 1:  I was up there.

Speaker 2:  My 10-year-old is more mature than he is. That's crazy. My 10-year-old. I don't understand it. This guy is just crazy.

Other Speaker:     ****.

Speaker 2:  He's all fucking **** in the bushes. Weird. That's crazy as fuck dude. Okay. Let's get going here, because I'm definitely have to have my car tomorrow, so.

Other Speaker:     Yup.

SpeakWrite
www.speakwrite.com
Job Number: 20230911_094751_fdq
Custom Filename: YouCut_20230908_034750018
Date: 09/11/2023
Billed Words: 404

Exhibit 79 . P29



A: Hey Bill. Hey Billlllyyyy!

B: This is harassment.

A: Yo Billlllyyyy!

B: That's disturbing the peace.

A: Shut the fuck up you fucking fuck. I have been dealing with your fucking dumb ass for fucking over a year. Shut up!

B: Uh, okay.

A: I'll fucking talk bad shit to you if I fucking want.

B: Pretty sure that's harassment

A: Yea and waking mother fuckers up at 10:35 is a fucking harrassment too, mother fucker.

B: Because I pulled in my driveway? Because I came home? Because I came home?

A: Yea letting your fucking dog bark out here like you are is a fucking harrasment.

B: The dog is not going to stop barking until you stop yelling.

A: Your fucking staying up all night with your fucking drug addict friends.

B: He's not going to stop barking until you stop yelling.

A: You were out here arguing with your fucking mom too and I joined it on that to and I told you to shut the fuck up like the fucking other neighbor over there too.

B: Okay, why don't you just build a privacy fence?

A: Okay why don't you… I can't even hear you because I'm yelling at you to shut the fuck up.

B: Well, I got this all on video, I recorded all of this.

A: Go ahead, get it on fucking video.

B: Every time I'm just gonna record it so that way we know for a fact that it's harassment. That way you'll go to jail for harassment and then you can be the one going to jail.

A: Oh yeah I'm gonna go to jail for fucking talking shit to some fucking homeless shit…

Exhibit 19 - P30



(4)b    P118

B: No, I'm not homeless. This is my home, and you're harassing me on my property.

A: You don't have no fucking address. You have a fucking tool shed.

B: You let my dog out.

Exhibit:19 p31

Aug 17th 2023 6:45 PM



P119

Speaker 1:   When I told the judge and showed the judge the video of your friend threatening me? Yeah.

Speaker 2:   What friend? Who threatened you? You literally, I just got it on video, I just got it on video you threatening me with your dog.

Speaker 1:   Your old fucking bitch haggard friend, and the only reason I threatened anybody over here is because your bitch old friend threatened her dog to attack me over here.

Speaker 2:   Do you know that –

Speaker 1:   How fucking stupid is that?

Speaker 2:   My dog's –

Speaker 1:   **** your friend here, go get him, go sic what's his name on him over there.

Speaker 2:   That has nothing to do with me. My dog's the size of a football, dude.

Speaker 1:   Hey, it's your fucking friend's mother fucker.

Speaker 2:   No, Alan, do you know that Billy and Jo Jo lived with Alan for 15 fucking years? They're not, they didn't come from me. They didn't come from me. They did not come from me. They lived in his home for 15 fucking years right before this place. They came for him.

Speaker 1:   They're your friends.

Speaker 2:   No. I'm telling you –

Speaker 1:   I see you interact with them all the time.

Speaker 2:   Yeah, 'cause I'm a civil person.

Speaker 1:   I see you fucking, up until 3:00 in the, I've seen you, and then you get up at like 7 or 8.

Speaker 2:   You are, you are way too much in my business. Why are you awake to see all of these things happening?

Speaker 1:   I'm your fucking neighbor.

Speaker 2:   Why, but why are you awake to see all the times I'm awake and I'm

Exhibit 19   P32

P.120

**EX 20**

**Date: March** 21, 2024
**Source:** Stamped Court Documents
**Anti Harassment petitions:** Stephanie Farler (petitioner), Marlene Sprague
(respondent) Denial Order No. 24-2-02109-31

## Summary

This is a denial Order from a protection order the plaintiff filed on Marlene Sprague at
the same time she filed on Justice Clark. This would be the first filed on Marlene and
the second filed on Justice Clark to this date March 21, 2024.

This was also denied by Commissioner Susan Harness and demonstrates **State
created danger** and **deliberate indifference** to the plaintiffs safety. This also violates
the plaintiffs constitutional rights.

- **Monell Liability:** County's deliberate indifference and tolerance of the actions
  including intimidation with a firearm and IIED by private defendants. Not only
  that but they aided the private defendants in there efforts to retaliate.
- **Civil Conspiracy 42 U.S.C. 1985 (c),** State align with and supported coordinated
  efforts by private defendants.
- **RICO 18 U.S.C. 1962 (c),** Predicate act of the conspiracy as it was building up to
  the Enterprise that it now stands as today.
- **Abuse of process**: Missuses of the protection order process by county officials
  under color of law by failure to give meaningful access to the court.

I want to remind the court that Plaintiff is not challenging any final court rulings in
this complaint but rather providing all relevant evidence of the actions that lead in to
the constitutional violations by private and government officials and how it does in
fact qualify to be all done under color of law.

**Purpose of this Exhibit**
These documents are self certifying because they already bear a courts stamp and are
available for reference in the superior courts records for anyone to access or request.
The same judicial officer that has denied each and every petition to this court that I
have filed has denied these as well. This is important to note because in a few months
down the line in these exhibits this is a key tie in to the coordinated campaign that
quickly grew in to an-associate-in fact Enterprise.

Also documents the court bias and failure to train there judicial officers on the proper
way to carry out matters involving vulnerable adults and victims of harassment and
violence here did in fact cause the plaintiffs constitutionally protected rights to be
violated.

_____ Plaintiff Stephanie Farler Pro se
Dated 8/24/2025
Farler3030@gmail.com

EX20 P1

Criminal history has no
effect on the laws for
harassment and
intentional tort
in washington
state

Fact 4.24

FILED

P21

2024 MAR 21 AM 11: 35

HEIDI PERCY
COUNTY CLERK
SNOHOMISH CO. WASH

24-2-02109-31
ORDDVP   2
Order Denying Domestic Violence Protection
16363699

## Superior Court of Washington, County of Snohomish

**STEPHANIE FARLER**

Petitioner                    DOB:

vs.

**MARLENE SPRAGUE**

Respondent                  DOB:

No. **24-2-02109-31**

**Denial Order**
☐ Domestic Violence
☐ Sexual Assault          ☒ Harassment
☐ Stalking                     ☐ Vulnerable Adult
☐ ORDMTP (denied)
☐ ORDSM (dismissed)
Clerk's Action Required: 4, 5, 6

Hearing Date: _____ Interpreter: _____
☐ **Snohomish County Superior Court**
   3000-Rockefeller Ave, Everett @ 9:00 am in
   **Courtroom: 1C / 1D / 1E / 2F as assigned**
☐ **Denney Juvenile Justice Center**
   2801 10th St, Everett in **Courtroom DJJC3** @
   @ ☐ 9:00am ☐ 1:00pm

See *How to Attend* at the end of this order.

### Denial Order

1.  **Request.** The ☒ Petitioner ☐ Respondent has requested a:
    ☒ Temporary Order       ☐ Full Order             ☐ Renewal Order
    ☐ Modification Order     ☐ Termination Order

2.  **Hearing.**

    ☐ The court held a hearing before issuing this *Denial Order*. These people attended:
       ☐ Protected Person                                    ☐ in person ☐ by phone ☐ by video
       ☐ Protected Person's Lawyer                       ☐ in person ☐ by phone ☐ by video
       ☐ Petitioner (*if not the protected person*) ☐ in person ☐ by phone ☐ by video
       ☐ Restrained Person                                   ☐ in person ☐ by phone ☐ by video
       ☐ Restrained Person's Lawyer                     ☐ in person ☐ by phone ☐ by video
       ☐ Other:_____                                         ☐ in person ☐ by phone ☐ by video

    ☒ **Not Held.** The court denies the request without a hearing.
       (*Complete the Findings section 3.*)

EX 20 P2

P122

3.  **Findings.**

   A.  ☐ **Non-Appearance.** ☐ Petitioner ☐ Respondent did **not** appear.

   B.  ☒ **No Basis. Do not schedule hearing.** The *Petition for Protection Order* does not list a specific incident and approximate date of behavior that would support a domestic violence, stalking, antiharassment, sexual assault, or vulnerable adult protection order as defined in RCW 7.105.100. The protected person should have **14 days to amend** their petition before dismissal.

   **Temporary Order Findings**

   C.  ☐ **Notice Required. Schedule for full hearing.** The protected person has not shown that there is a sufficient basis to enter a temporary order without notice to the ☐ opposing party ☐ vulnerable adult.

   The court will grant or deny the protection order after a hearing with notice.

   **Final Order Findings**

   D.  ☐ **Request.** The Protected Person requested dismissal of petition:

   E.  ☐ **Service Unsuccessful or Impossible.** All available methods of service have been attempted unsuccessfully or are not possible.

   F.  ☐ **Insufficient Evidence.** A preponderance of the evidence does not support issuing any type of protection order that this court has authority to issue.

   G.  ☐ **Insufficient Evidence (Vulnerable Adult Contests).** Clear, cogent, and convincing evidence has not established that there is abandonment, abuse, financial exploitation, or neglect of a vulnerable adult. (*When a vulnerable adult protection order is contested by the vulnerable adult.*)

   H.  ☐ **Evidence.** ☐ Protected Person ☐ Restrained Person supports their account of events with the following evidence (*specify*): _____

   _____

   _____

   _____

   _____

   _____

   I.  ☐ **Realignment.** (*DV or Harassment only*) The original "Protected Person" is the abuser or harasser and the original "Restrained Person" is the victim of domestic violence or unlawful harassment. The parties should be switched.

   **Renewal Findings**

   J.  ☐ The **Restrained Person proved** by a preponderance of the evidence that there has been a substantial change in circumstances (*describe*) _____

   _____

   _____

   and the Restrained Person will **not:**

 Exn 20 P3

P123

☐ (*for DV orders*) resume acts of domestic violence against the Protected Person or the Protected Person's children or household members who are minors or vulnerable adults when the protection order expires.

☐ (*for sexual assault orders*) engage in, or attempt to engage in, physical or nonphysical contact with the Protected Person when the order expires.

☐ (*for stalking orders*) resume acts of stalking against the Protected Person or the Protected Person's family or household members when the order expires.

☐ (*for anti-harassment orders*) resume harassment of the Protected Person when the order expires.

☐ (*for vulnerable adult orders*) resume acts of abandonment, abuse, financial exploitation, or neglect against the vulnerable adult when the order expires.

**K.** ☐ **Late Filing.** The Protected Person did not file for renewal before the order expired.

**Modify or Terminate Findings:**

**L.** ☐ **Protected Person's motion** to modify or terminate a protection order is denied because:

_____
_____
_____
_____
_____
_____
_____
_____
_____

**M.** ☐ **Restrained Person's motion** to modify or terminate a protection order is denied because:

☐ **Repeat Filing.** The court finds that the Restrained Person has previously filed a motion to modify or terminate during the current 12-month period following entry of the order, and is not eligible for the relief requested.

☐ **No Adequate Cause.** The restrained person did not establish adequate cause to modify or terminate. No hearing is necessary.

☐ **Insufficient Evidence.** A preponderance of the evidence failed to establish that there has been a substantial change in circumstances such that if the order is terminated or modified the Restrained Person will not resume, engage in or attempt to engage in acts of:

☐ domestic violence.

☐ physical or nonphysical contact (for sexual assault protection orders).

☐ stalking.

☐ unlawful harassment.

☐ **No Substantial Change.** Since the protection order was entered, there has not been a substantial change in circumstances (*describe*) _____

EXh .20 p4

P124

*(Check all that apply)*

☐ The Restrained Person has committed or threatened domestic violence, sexual assault, stalking, or other harmful acts against the Protected Person/s.

☐ The Restrained Person has violated the terms of the protection order.

☐ The Restrained Person has exhibited suicidal ideation or attempts.

☐ The Restrained Person has been convicted of criminal activity.

☐ The Restrained Person has:

- Not acknowledged responsibility for the acts of sexual assault, domestic violence, stalking, or behavior that resulted in entry of the protection order, and

- Not successfully completed perpetrator treatment or counseling.

☐ The Restrained Person has continued to abuse drugs or alcohol (if this was a factor in the protection order).

☐ The Protected Person has not voluntarily and knowingly consented to terminating the protection order.

☐ Other: _____

☐ **Severe Acts.** The Restrained Person proved that there has been a substantial change of circumstances; however, the court declines to terminate the protection order because the acts of domestic violence, sexual assault, stalking, unlawful harassment, and other harmful acts that resulted in the issuance of the protection order were of such severity that the order should not be terminated.

**General Findings**

N. ☐ Other: _____

_____

_____

**4.    Order**

☒ **Petition denied without a full hearing. 14 days to amend before dismissal.** The petition does not contain allegations that could support issuing any type of protection order. The person who filed the petition has 14 days to file an amended petition. If an amended petition is not filed within 14 days, the case may be dismissed.

**Temporary Order**

☐ **Temporary Order Denied. Full hearing to be held.** The request for a temporary order is denied. The court will approve or deny the protection order after a full hearing with notice. The hearing date and time is **shown on page 1**.

| |
|---|
| *Warning to Restrained Person!* Failure to appear at the hearing may result in the court granting all of the relief requested in the petition. See **How to Attend** at the end of this order. |

Exh 20 P5

P125

The Restrained Person is: _____

> **Important!** The new Protected Person must file a *Petition for Protection Order*, form PO 001, if they want protection to last beyond the temporary order.

**Modification, Termination, or Renewal**

☐ The request to modify, terminate, or renew the order dated _____ is denied.

**Weapons**

☐ The request for an *Order to Surrender and Prohibit Weapons* is denied.

☐ If any **firearms or dangerous weapons have been surrendered** under this cause number, they shall be released to the restrained person, absent some other legal reason that may exist prohibiting the restrained person from possessing them.

**Other**

☐ The request before the court is denied, provided that **it may be renewed after notice** has been provided to the [ ] vulnerable adult [ ] opposing party according to the Civil Rules.

☐ Other order: _____

_____

_____

_____

5.  **Service on the Restrained Person** *(only required if a future hearing is scheduled):*

☒ **Not Required.**

☒ The petition was denied or dismissed and service is not required.

☐ The restrained person appeared at the hearing, in person or remotely, and received notice of the order. No further service is required. See section **2** above for appearances. (*May apply even if the restrained person left before a final ruling is issued or signed.*)

☐ **Required.** The restrained person must be served with a copy of this order.

☐ The **law enforcement agency** where the restrained person lives or can be served shall serve the restrained person with a copy of this order and shall promptly complete and return proof of service to this court.

Law enforcement agency: *(county or city)* _____ **EVERETT** _____
*(check only one):* ☐ Sheriff's Office ☒ Police Department

☐ The **protected person** (or person filing on their behalf) shall make private arrangements for service and have proof of service returned to this court. (*This is not an option if this order requires: weapon surrender, vacating a shared residence, transfer of child custody, or if the restrained person is incarcerated. In these circumstances, law enforcement must serve, unless the court allows alternative service.*)

**Clerk's Action.** The court clerk shall forward a copy of this order on or before the next judicial day to the agency and/or party checked above. The court clerk shall also provide a copy of the service packet to the protected person.

Exh 20 P6