just north of 1132, Jason and Casey his wife went thru a similar situation outside of granite falls, they ended up moving after about 10 years of dealing with druggies, dealers etc

I did not shoot her window out, Robert returned Stephanies car like that, says her boys have lived this nitemare along with us, I'm sure they have, poor children, its why Stephanie has no custody of her kids, so the kids could get out the nitemare shes probably put them thru.

16

EX 50 P18

Bless's declaration . . . Bless is a drug
addict who has no custody to her daughter
either, Bless is baby mama to Brandon, I've
recorded her and Stephanie being harassing
and obnoxious A-holes, have seen Bless
leave 4132 several times on a bicycle 24 am,
one time Bless rode her bike towards me
while I was standing at the top of my
driveway opening my gate and clang near
ran into me on her bike, took me by
surprise really, then a few feet away
just stop for about almost 5 mins, I was
like WTF??, then left.

17

EX5a p19

Case 2:25-cv-01853-TL   Document 4-4   Filed 09/30/25   Page 3 of 222

Bless is also the one to go to 4232
and pepper spray Alana Sprague in
the mouth and Tamara in the eyes
couple months back, she went to jail.
        Now about the frog,
because I got to respond. Look Stephanie
and Robert were using an electronic frog
noise maker for months to harass me,
during 4th of July the sounds of the
fireworks makes all life muted in fear
especially frogs, I've lived here for 20
years listening to the frogs in the wet
green belt behind my place, I know

18

EX 50 P20

where., when and what these things sound
like and times, DURING fourth of july
this frog noise maker was going off
unnaturally, you could hear this noise maker
over the fire works! Seriously! In the
dead of nite it was totally obnoxious.
all nite, all day for easily 3 months
during summer, when you want your
windows open or cracked because of the
heat, so I countered it with crickets and
frog noises on a couple occasions. Bless
writes she saw me in Marlenes driveway,
not true at all.

19

Ex 50 P 21

I think Brandons declaration is completely b.s. im sorry he too is also not a credible declarent.

The fires... I do not dictate the wind nor manipulate it with any devices, I try and get as much yard work done as possible, and like a lot of other times got harassed at the property line. My fire pit is 2.5 in dia. I have nice rockery surrounding my fire pit, I don't want debris all over in the rocks. My fires are well within limits, several times I caught

10

EX50 P22

4.3
4.4
4.5

Stephanie videoing me at my fence

and my fire burning some fir and

cedar bows which they saw me cut

then accuse me of burning garbage.

The fire works were from my

neighbor, they're native, Tulalip and

they like their fire works, I do occasionally

light some off during special occassions but

its limited.

Exhs 7a, 7b, 7c are old, and have

been dismissed already?

Exh. 8 believe me I do not clear

or cut my trees or shrubs to get a

21

EX 50  P23

clearer look at #232, no one needs

that, in fact need more trees and shrubs

and bushes to block the view.

Exh 9 Again Stephanie and Robert

being harassing A holes all nite then to

only sit in the driveway for 20 mins

listening to a P os of cylinder with no

muffler in the wee hours of the early

morning midnite to 4 am for the 200th

time, while they leave the car, slam the

doors, go inside, come back out, go back

in, I mean its insane, then bang on

something, talk hella loud, then

EX 50   P24

accidental ear alarm again, its all
intentional bull shit from farler and
acquaintances and boyfriends, intentional
stress. And someone who does not
work, obligations or priorities or money
sure drove around a lot, coming and
going thru out the nite.

Exh 17  no comment, please dismiss
Exh 214  no money due to loss of
2 jobs because of me? Stephanie would
rather work to steal than work to earn
Exh 213  I was countering a harassing
menace is what this is all about and yes

25

EX 50  P25

during Stephanies last days she was more
havassing.

Im dismissing the old cascade
court petition, no need for this, has been
dismissd and uses it in every petition

All incidut reports are a direct
result of Stephanies squatting druggy
criminal life style. Ive lived here for 20
years and good with all my neighbors.

The ejictment went thra quite
awhile ago, and still Stephanie comes to
4232 nite or day, nites preferred. Now
theirs a no tresspassing order on her

24

EX50 P26

thank GOD! see if it holds...

The courts commissioners, and judges to really consider putting themselves in our shoes, my daughters, my fiances, Marlene, Darlenes, and mine, I've had to deal directly to the brunt of it, and anyone else who opposes this individual look out.

Stephanie needs jail to sober up, then AA along with counseling to even remotely getting back into being a productive sustainable mother, and member of the community.

15

EX50 P27

Stephanie should be working her butt
off trying to make life better for her
children and her, instead of obstructing
my life my home my family.
    I'm asking the courts to please
grant me my protection order.
    Thank you to the commissioner
or judge who read this

                    Justice

EXTO P28

This was from her 2nd petition.

Stephanie e mailed me this but

never filed it. The part where

she says she sees me is completely

ASININE!

EX50 P29

27

**Statement (Continued)**

_I am submitting evidence that this entire eviction process has became what it has to this point due to severe 3rd party harassment from my neighbor Justice Clark._

_I currently have in process the anti harassment protection order case number 24-2-02110-31 filed on march 21st. it was continued due to the respondent not filing response in the matter. 4/18 is the final date for that matter. this is the 2nd petition I am filing due to the abuse of my neighbor. first order filed was early last year case number 23-2-05904-31. I also filed a protection order against Marlene at the same time that I re filed protection for Justice Clark. that case number for that was 24-2-02109-31. I spent a lot of time creating the new order for my neighbor with evidence and proof and didn't put much effort into the order filed for protection from Marlene. They said I needed to submit more proof in order for them to consider approving it. marlene has teamed up with the neighbor and is informed of everything I do._ Justice states that he is going to get me out of here and he is calling the city on me and having me dealt with. he threatened me in that manner always clearly intending to some how remove me from my home in any manner it would take. because Marlene is on the deed and the deed is public record he was able to run her name get a contact number for Marlene and then contact her and begin munipulating her in to believing I was a problem and eventually causing her to actually go as far as to evict me. Marlene was contacted by the neighbor letting her know that Alan sprague (her brother who owned the property and a ctually resides on the property.) had visitors over that Marlene didn't personally like. she had attempted to show up to our home a few times before this day and catch them here so she could call the police and rid them of the property once and for all without any luck. Marlene made a deal with my neighbor Justice. if he helped rid the people she wanted away then she would in return rid me of the property for my neighbor. that day when marlene showed up unannounced in her truck she came fully prepared with multiple no trespassing signs and a roll of tape. she got out of her truck and didn't even walk to the house or say anything to anyone she just pulled out her phone and diled 911 and was right there waiting for the police to show up. Marlene has had a gun on her hip every time I have seen her anywhere at all. this time however she did not have it on her hip. knowing your about to call and have contact with police officers would make any smart person decide to keep it put away out of sight for that situation. I stayed in my room with my 3 year old son during the situation and watched it

EX50 P30

2Y

all on my cameras. before Marlene left that day she walked up to my room and taped a no trespassing sign up and a notice to vacate the property she had printed out and filled out at home. Marlene then came back over a few days later and I was in the driveway working on my vw Jetta she was rude and began to tell me I had to leave because of the exact things that Justice Clark had attempted to use against me prior. it was not just a coincidence that they were using the same reason in attempt to get me to leave. I said to Marlene that I know my rights and that I know that she had only decided to do this because of the neighbor. she lied to my face and blamed it on her mother being on her about things. I stated that I knew he called her and let her know when to come over to catch billy and jojo here because she had everything planned out and ready to go before hand and it doesn't take a rocket scientist to see that. Marlene then did admit to me that it may be partly to do with the neighbor and that she had in fact been in contact with him. each and every time I do anything at my home. back in the middle of last year I added evidence to the protection order on my neighbor. professional transcripts I paid to have created of the incidents that took place between my neighbor. I have recorded most of the incidents.the fact that this eviction order only happened due to my neighbor making contact with marlene sprague with intent to cause nothing but more stress and cause me anxiety is not ok.

Marlene was aware that we were having issues with the neighbor before any contact was made between her and justice Clark. She still disregarded that issue and decided to team up with him. I have made it a point to personally show her the videos of the abuse that i am constantly dealing with and she was so disgusted that he acts that way and we have children here at my home. Marlene suggested that we all pitch in to build a privacy fence between our property's because the temp privacy fence that i was able to put together after the denial of the first protection order happened was blown over in a wind storm one night.

On march 10th i received a notice from the mail man that i had a certified letter to pick up from Marlene sprague. I ignored it and went about my life. On the 12th of march 2024 a man pulled in to my home and asked for Stephanie and said he needed to serve me with papers from Marlene. I was not able to go out because i was in the shower.

EX 50  P31

29

When I got out of the shower i reviewed the cameras we have on our property. I seen that the man had pulled in to my driveway and gotten out and walked to my bedroom door. Just as he got to my door you can see Justice Clark walk up to the property line and stair over at the situation. Then he slowly attempts to hide himself behind a big tree branch hanging down. Nobody answered my door so the man turns and walks back to his car, as he walks down the driveway he looks over at justice and waves and gives a nod to him. Justice returned the gesture and the man started his car and drove off. Justice sat there a min and then walked back to his yard. I had just gotten done vacuuming out my car in the driveway and I seen him looking over at me on his phone at one point as I vacuumed my car. Had i not taken a shower the moment i finished there plans would have fallen right in to place and i probably never would have had a reason to watch our cameras.

  On the 12th of march 2024 around 9 pm i was returning home from a trip to target. my car had worked normally and Heater worked perfectly without any issues at all. The next time that i got in my car to go anywhere was on the 13th of march 2024 about 10:45 pm. My car began to overheat and the heater didn't work at all. So it took me hours of driving and pulling over somewhere and letting it cool down completely then driving it again until it got to hot and pulling over again before i was able to get it home that night.I do all my own work on my cars. My father is a mechanic so i have enough knowledge to be able to do so. I figured it was the thermostats sticking since no heat was a factor. The next day on the 14th i went out to fix my car and what i had noticed was the hole where the front VW emblem normally sits looked straight in to the radiator of my car. The radiator of my car had some kind of a stick or long object stabbed straight through it more than one time. There's no way it could possibly have happened so perfectly stabbed right though the radiator without causing any king of damage to the bumper or at least scratching of the bumper if it was an accident. It was vandalized on purpose and so i spent a lot of time reviewing the cameras for the 24 hours between when i took trips in my car. What i found was Justice Clark in the middle of the night walking up and jabbing a stick through my radiator and intentionally trying to stay off camera as he walked back to his house. Now Justice Clark would never know exactly what our

Ex50 P32

10

cameras actually show of our property. And he could never know that the camera that was directly on my car that night over the carport of my house had stopped working weeks earlier for what ever reason. I found it strange that on that night he avoided the camera on our driveway and then was comfortable walking up to my car directly in the cameras view that was not currently recording. Then taking a route back to his property that avoided all other cameras. Marlene is aware that the carport camera stopped working and knows very well what is seen on each camera we have. The only reason i found footage of justice on our property that night is because the camera on the front porch and front door of our house was pointed up barley enough and i had pulled my car in farther then i normally would have. It made it easier to empty groceries that night. So i was able to see just the front bumper and hood of my car on that front camera. Normally you can not see my car there like that. I will include photos of that damage to my radiator and also snap shots of justice clark and the man marlene had serve me eviction papers both wave and nod like they did.

EX 50 P 33

31

_(Continue on separate page if needed)_

I certify under penalty of perjury under the laws of the state of Washington that all the information provided in this petition and any attachments, is true and correct.  [ ] I have attached _(number):_ _____ pages.

Signed at _(City and State):_lake stevens washington_____Date:4/14/2024_____

stephanie farler_____          stephanie farler_____
_Sign here_                                                      _Print name_

EX 50 P34

32

(Attach additional single-sided pages if necessary and number them. Use form PO 010, Statement.)

I certify under penalty of perjury under the laws of the state of Washington that the foregoing is true and correct. ☒ I have attached (*number of pages*)_____ 3 2 _____pages.

Signed at (*City*) _Little Stevens_ (*State*) _WA_ on (*Date*) _1-26-2025_

_____        _Justice Clark_
Signature of Declarant                              Print or Type Name

RCW 7.105.200, .235, .500 *(07/2022)*                     Declaration (DCLR)    **p. 2 of 2**
PO 018

EX 50 P35

1/24/25

## Superior Court of Washington, For County of Snohomish

Justice Clark
Petitioner obo ☐ Minor ☐ Vulnerable Adult

No. 24-2-07608-31

**Return of Service**

Stephanie Furler
Respondent (restrained person)

(RTS)

**Identification of server:**

1.  My name is Candice Martinez. I am ☐ a peace officer ☒ 18 years of age or older and not the petitioner or the respondent.

**Able to serve:**

2.  ☒ I served Stephanie Furler
    on 1-26-2025 (date) at 7:15 pm (time) at this
    address: 105 Mall Way, Marysville, WA 98270 .
    with the documents checked in paragraph 3.

**List of documents:**

3.  I served the:

| ☒ Declaration / Response: | ☐ Other: |
|---|---|
| Responding to Stephanie's response | |

*Return of Service (RTS) – Page 1 of 2*
*WPF DV 4.020 (08/2017)*

Exhibit 5 - P86

**Not able to serve:**

4.   ☒ I was unable to make personal service on the respondent. ☐ I notified the petitioner that respondent was not served.

☐ I was unable to make personal service on the petitioner. ☐ I notified the respondent that petitioner was not served.

☐ Personal service was attempted on the following date(s)_____

_____.

☐ No service was attempted because _____

_____

5.   **Other:** _Stephanie's email is, stepharcet@gmail.com_

I certify under penalty of perjury under the laws of the state of Washington that the foregoing is true and correct.

Dated: _1-26-2025_ at _Marysville @ Stones_____, Washington.

Fees:   Service _____

Mileage _____                 _Candice Martinez_____
                                        Signature of Server
                                        _Candice Martinez_
                                        Print or Type Name

Total _____

Law Enforcement Agency

**PLEASE RETURN COMPLTED FORMS TO:**

**MAIL**
Snohomish County Clerk's Office
Court Services Division M/S 605
3000 Rockefeller Ave
Everett, WA  98201

**IN-PERSON**
3000 Rockefeller Ave
1ˢᵗ Floor, Room 1-530

**FAX** - 425-388-3127

**EMAIL** - snoco.pos@snoco.org

**PHONE** - 425-388-3638

*Return of Service (RTS) – Page 2 of 2*
*WPF DV 4.020 (08/2017)*

Ex50 P37

**Superior Court of Washington, County of Snohomish**

No. 24-2-07003-31

_JUSTICE CLARK_
Petitioner

Declaration of
_Candice Martinez_ (Name)
(DCLR)

v.

_Stephanie Furler_
Respondent

This declaration is made by:
Name: _Candice Martinez_
Age: _45_

☐ Petitioner

☐ Respondent

☒ Other: Relationship to the parties in this action: _Mr. Clark's fiance_

I declare,

RCW 7.105.200, .235, .500
(07/2022)
PO 018

Declaration (DCLR)
p. 1 of 2

EX 50  P38

Declaration made by: Candice Martinez

Age: 45    Relationship to Justice: Fiance.

I have witnessed the ongoing harrassement that Justice Clark has endured having had to deal with Stephanie Farler since we started dating in 2022. I am 100% bias on Justice's side. Even prior to Justice and I moving in together, when I'd come visit and spend the night, Justice, myself and his daughter would be woken up by Stephanie Farler working on vehicles after 10pm with Acquaintances, mutiple evenings! How disrespectful to heaR them slamming

①

Ex 50  P 39

Vehicle doors repeatedly, talking loudly, slamming metal items repeatedly vehicles turning on and off, people coming and going in and out of driveway with loud mufflers. Justice would go outside and tell them to shut the hell up. I'd hear Stephanie and her acquaintances tell Justice to shut the "F" up and for him to mind his own business. I'd also heard male voices threatening my boyfriend, now fiancé' that they'd come over and kick his ass. They would proceed to get louder, continue to harass, taunt and try to provoke

②

Repeated my statments shifting blame on the victim minipulation    EX50 P4/0

Justice more. Plus we could hear Stephanie's
dog "Bear" barking its head off all
hours of the night. Justice would tell
Stephanie to shut her dog up and
she respond by saying, "My dog can bark
on his property all he wants." Insinuating
that Stephanie has no respect or consideration
for her neighbor Justice or the Noise
Ordinance. ~~It's not even her property!~~ — speculations  hearsay
~~The owner of 4232 142nd Ave NE is~~
Indume ~~Marlene Sprague.~~ It is also my understanding
that there is a ~~property dispute~~ with
the deed regarding Alan Sprague fraudulently

③

Ex 50 p41

using Marlene's name with the help
of Stephanie Farler. The deed is frozen *easily proven lie*
in escrow and the State is now involved
with an Investigation. Stephanie has
been a harrassing nuisance since
She has been on that property with all
of the domestic Violence Calls and Police
activity throughout the years.

Stephanie writes in her declaration
that Justice has gone overboard by acting
like he is scared for his young daughter.
As her Step mom, I am also Very Concerned
for LillyAnnes wellbeing with Stephaine's

④

EX50 P42

BS stories & lies.  Since 2019, I've known
Justice, from friends, to dating, to now
being my fiance', he is a good hearted
human! He is mindful of other people's
Property, belongings and is simply a great
guy to have around when you need someone
you con count on. Stephanie says in her
declaration that she fears for her dog!
Justice is an animal lover and advocate.
He would never ever harm an animal or
human. Stephanie is out there mentally, and
from just reading her false declarations, it
appears she has nothing better to do with ⑤.

EX50 P43

her time. It has also been brought to our attention that a no trespassing order *Speculation objection* has been filed and granted against Stephanie Farler from the property owner Marlene Sprague. That alone should speak volumes as to Stephanie being the Issue, not Justice. *Speculation*

also, it is my understanding that Stephanie is creating another petition against Justice regarding her vehicle being vandalized. we believe it was on Veterans day? Justice mentioned to me in the morning that he was awakened by very loud banging or fireworks being lite off. He couldn't tell for certain which direction

⑥

Ex50 P44

these loud noises were coming from. but
he thinks it sounded like next door at
Marlene's. It's very unfortunate that this
happened to Stephanie's car. I know it
wasn't Justice because he was in bed with
me. It is absurd and ridiculous for her
to try and place the blame on Justice
when she has had multiple ex boyfriends
vandalize her vehicle's. Plus, Justice has
a young little girl to raise and has no
intentions of jeopardizing that.

01-23-2025

EX 50 P45

I certify under penalty of perjury under
the laws of the State of Washington that
the forgoing is true and correct.

Signed at Lake Stevens (City) WA. on 01-23-2025

Candice Martinez

EX50 P46

⑧

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

(Attach additional single-sided pages if necessary and number them. Use form PO 010, Statement.)

I certify under penalty of perjury under the laws of the state of Washington that the foregoing is true and correct. [ ] I have attached (*number of pages*)_____ 8 _____pages.

Signed at (*City*) LAKE STEVENS (*State*) WA· on (*Date*) 1-23-2025

Candici Martinez
*Signature of Declarant*          *Print or Type Name*

_____

RCW 7.105.200, .235, .500          Declaration (DCLR)
(07/2022)                                  p. 2 of 2
PO 018

EX50  P47

Ex 51



COURT TRANSCRIPT   JANUARY 28, 2025
Case No. 24-2-07603-31
Commissioner: Susan Harness

ANNOTATED NOTES:
- Procedural confusion over service supports §1983 Due Process violation.
- Clark   contradictory statements and late filings support §1985 Conspiracy.
- Denial of protection despite firearm evidence supports State-Created Danger and Monell liability.
- Emotional distress and fear expressed by Plaintiff supports IIED claim.

TRANSCRIPT EXCERPTS:
SUSAN HARNESS: Do you have any luck getting Mr. Clark served?
(Note: Procedural confusion begins here. Plaintiff asserts service was completed.)

STEPHANIE FARLER: I did. I did submit the proof of service with the clerks...
(Note: Supports §1983   denial of fair process and recordkeeping.)

JUSTICE CLARK: Mrs. Farler's paperwork is always in disarray...
(Note: Character attack supports §1985   conspiracy to discredit.)

STEPHANIE FARLER: Is there any way that we can maybe get the protection temporarily because of the nature of the firearm...
(Note: Denial of protection despite credible threat supports State-Created Danger.)

SUSAN HARNESS: The answer is no.
(Note: Refusal to act despite evidence supports Monell liability and deliberate indifference.)

STEPHANIE FARLER: I am just worried if I go to visit my mom or my family that he is going to shoot me.
(Note: Expressed fear and emotional trauma support IIED claim.)

SUSAN HARNESS: These orders don't prevent you from calling the police...
(Note: Dismissive response despite firearm use.)

STEPHANIE FARLER: Well, if I am already shot by the rifle that he used to shoot my car...
(Note: Direct reference to prior violence, ignored by court.)

EX51 P1

DECLARATION OF STEPHANIE FARLER

I, Stephanie Farler, declare under penalty of perjury under the laws of the State of Washington that the following is true and correct:

1. I appeared before Commissioner Susan Harness on January 28, 2025, in case number 24-2-07603-31.

2. During the hearing, I presented concerns regarding service of documents and requested temporary protection due to prior firearm threats by Justice Clark.

3. Despite my submission of proof of service and prior court acknowledgment, the court claimed no record existed, causing confusion and delay.

4. Justice Clark contradicted prior statements and made character attacks against me, which I believe were intended to discredit my claims and obstruct justice.

5. I presented evidence of firearm use and expressed fear for my safety, yet the court refused to issue temporary protection.

6. The court s refusal to act, despite credible threats and evidence, caused me emotional distress and fear for my life.

7. I believe this transcript supports my claims of procedural bias, denial of protection, and coordinated retaliation by the defendants.

Executed this 27th day of August, 2025, in Lake Stevens, Washington.

Stephanie Farler

EX51 P2

My name is Cassandra Morris, I swear under penalty of perjury that this transcription from **January 28th, 2025, case number 24-2-07603-31** is true and accurate. The transcription was created from an audio recording taken during the hearing.

This hearing was held by Commissioner Harness, Susan.

---

**SUSAN HARNESS:** Do you have any luck getting Mr. Clark served?

**STEPHANIE FARLER:** I did. I did submit the proof of service with the clerks and so I am not sure why it was not why you did not see it on your end or whatever, but I he. So, when we were with Commissioner Kirkley, he admitted that he had been served with the documents. And then now he is saying he did not. I do not understand what is going on with all that. But like he had already admitted in the prior court hearing that he had reserved or received the documents and then reneged on what he was saying with you. I am not sure. But I did serve. I did serve him, and I did have the documents of proof of service submitted. I do not know what happened to that.

**SUSAN HARNESS:** Well, I am looking at Commissioner Kirkley's order and her minute entry from December 18th. She indicated that the matter was continuing to allow additional time for service to be effectuated.

**STEPHANIE FARLER:** Yeah, the service was, was that the 1st or the 2nd time with with her? Either way, the service. Well, that was the only the only time in in this case, because this is, you know,

**SUSAN HARNESS:** I know there have been other cases, but this was the first time in this case that parties appeared in front of her. Both parties were there. It said the protection order; it says the matters continue to allow additional time for service to be effectuated. So, are you saying subsequent to that from December 18th that you filed proof of service?

**STEPHANIE FARLER:** Yeah, I did. I filed it with the clerk. I just handed the document to him. But it was. Yeah, I am not. I am. I am not sure what happened to it. I I am not really sure. I am confused by the whole thing, to be honest.

**SUSAN HARNESS:** All right, well, it is not in the court file. Do you know who served Mr. Clark?

**STEPHANIE FARLER:** And I also got the document from the sheriff's because Kirkley had told him specifically to get served. She said what office, what office would you like to go and receive these documents and have serve you? And she gave him two options like Stevens or Sheriffs. He said the sheriffs. And so, she said, OK, you are to answer the phone call and let me let them serve you. And so then. That was they arranged that that was supposed to be the plans. He agreed to do that and now he is not doing that.

**SUSAN HARNESS:** Was that in in this case? That was the case well. Was that in this case or was it in a prior case?

Exhibit 5 L P3

**STEPHANIE FARLER:** This one, these two that are being held together, was in these matters. It was with Kirkley just right before you, the commissioner just right before you. That was it on it. And so, he agreed to the sheriff's and then. Yeah, I got the $35 dollar fee,

**SUSAN HARNESS:** m̂a̕ am, I guess I'm I'm a little confused because if that was the case, I am certain that some part of her order or the minute injury would reflect that, and it doesn't. So, um,

**JUSTICE CLARK:** Your Honor,

**SUSAN HARNESS:** I hold on, hold on, Mr. Clark. I am just looking in the other case just to make sure. That this is not made its way into your file for any reason, but

**STEPHANIE FARLER:** might maybe got mixed up or something. I am not sure.

**SUSAN HARNESS:** All right, Mr. Clark, go ahead.

**JUSTICE CLARK:** Um, Mrs. Farler's paperwork is always in disarray. I/I, didn't. Agreed to the sheriff serving me anyhow, but besides that I do want to apologize for your honor for replying. My response was late. I will. I I am sorry about that and she was served via e-mail stephareef.com the one that's because she she I don't know where to serve her because because I,I was just. Now, just to remind the court she's been ejected from the property next door, and I've said this, I don't know where to serve her except from the from an e-mail. So, I had Candace Martinez serve her. I,I know it was just yesterday that she was served through e-mail at Staples yesterday, and I'm I'm sorry that's late, but that's in my response. Her petition or reply to her? No, but her reply to my petition and then her other petition. I I don't. I have not heard anything about it or what is going on with that. But she is trying to get me some more for some more vandalism on her car that was not me. She tried back and.

**SUSAN HARNESS:** Well, hold on for a second. I I am not asking for at this point. I am just trying to figure out if we can even move forward today based on.

**JUSTICE CLARK:** Oh, OK. So yes, your honor, since I served late and stuff, you know, she's probably, you know, the courts are probably going to want to give her time to respond to because like I say what I dropped off the courts.

**SUSAN HARNESS:** Is that beyond the declaration of Miss Sprague?
Yes, the last thing I have in the file in your petition against Miss Farler is the declaration of Marlene Sprague. I just want to clarify; did you file things beyond that?

**JUSTICE CLARK:** No, I did not, ma'am.

**SUSAN HARNESS:** OK, but you are saying she has not received that declaration yet?

EX 51 P4

**STEPHANIE FARLER:** I have not. I

**JUSTICE CLARK:** OK. Yes. All right. So, yes, we'll probably have to move forward, you know, a couple weeks or whatever.

**SUSAN HARNESS:** All right. So, well, in terms of, well, she needs to see, I think in terms of your case, Mr. Clark against Miss Farler, I will set a hearing. Miss Farler, I want to be clear with you that Miss Sprague Affidavit appears to be appears to be in reply because you have already responded. So, in that case, in Mr. Mr. Clark's case against you, I am going to give you time to review her declaration. But I am not expecting any more filings in that case because there has been the petition, there has been a response and now there has been a reply, OK. Is that clear? **STEPHANIE FARLER:** Yes. OK,

**SUSAN HARNESS:** OK So in the other case, Miss Farler, your case against Mr. Clark, at this point in time, I still don't see. Any service documents. The only indication I have was that that was filed on December 17th, indicating the sheriffs were unable to serve him. **STEPHANIE FARLER:** That is so strange, They even charged me for the service. It is weird.

**JUSTICE CLARK:** Your Honor, can I make a remark about can I make a statement about serving?

**SUSAN HARNESS:** Go ahead, Sir.

**JUSTICE CLARK:** Can we make it to where, you know, she either paid for a process server or have a friend or somebody, you know, to serve me just normally? I mean, you know, like Kirkley told her to send me, you know, some documents, third party. And she does not even do that. You know, I do not even know where I do not have no proof of service from the documents that she mailed that I got mailed in my in my mailbox. I do not even know who they're from. I just know they are from her from the address next door, which she was not supposed to. And I just would like it just to be served normally across the server or just through one of our friends or acquaintances. I am home all the time and I'm not hard to serve as long as it's legit.

**SUSAN HARNESS:** Looks like the sheriff's made one attempt to serve you. Just that they were not able to. I do not have any further information regarding that. So are you saying if the Sheriff's Office appeared you would be served by them that that would be fine. **JUSTICE CLARK:** That is that is fine. But I did not ask for that. You know, you know.

**SUSAN HARNESS:** I. Well, it is not like you get to ask for it, Mr. Mr. Clark. So, the sheriff, she's asked the sheriff to be able to serve and they've made one attempt at this point, and they routinely serve these kinds of orders all the time.

**JUSTICE CLARK:** So, I think it's her duty that she should do it and that the officers don't need to do it. No, she can do it.

EX 51 P5

**SUSAN HARNESS:** No, you. I think you are misunderstanding. You are misunderstanding what the nature of the law is. She has requested she can, she can request that law enforcement serve, and they have attempted to serve. That is her right. You could you have the same right to ask the law enforcement to serve her. There is not a requirement under the statute that we require her to hire a process server or somebody else over the age of eighteen. She can do those things, but it is it is not something that this court would be. Necessarily ordering her to do. If she chooses to have law enforcement serve it, then law enforcement can serve it.

**JUSTICE CLARIK:** OK, Your Honor. OK,

**SUSAN HARNESS:** so, I'm going to reset both of these for. Let me just make sure I am not over setting myself in a couple of weeks.

**STEPHANIE FARLER:** Is there any way that we can maybe get the protection temporarily because of the nature of the the firearm that was used in my petition that in the pictures in the video? And I mean cause it is a real scary thing having him still have a firearm.

**SUSAN HARNESS:** I am not changing. I am not changing the underlying orders. He has a right to a full hearing on those allegations.

**STEPHANIE FARLER:** Well, most people get there at least temporarily to get the weapon removed from them if they use it in such a way to harass somebody like this.

**SUSAN HARNESS:** The allegations are outstanding, ma'am.

**STEPHANIE FARLER:** And those there is a video and pictures of him doing it.

**SUSAN HARNESS:** The answer is no.

**STEPHANIE FARLER:** I have never heard of a court not issuing protection with a weapon being used, ever. The police officers were sure no matter what, you will get it. They said, promise you they will not deny protection this time with a firearm. That is what I was told.

**JUSTICE CLARK:** Your claims are fraudulent,

**SUSAN HARNESS:** Sir. You know, I appreciate you both want to move forward. If you really want to move forward with your hearing, if you want to hear all these allegations heard on the merits, if you want the court to view a video, you are going to have to get these things served. Right now, there is a denial order and I'm not going to change that.

**STEPHANIE FARLER:** Well, it is impossible to serve him, so hopefully the Sheriff's do it this time.

**SUSAN HARNESS:** I am sorry. What, ma'am?

**STEPHANIE FARLER:** I said. Hopefully, the sheriffs are able to actually serve him this time because he has been nothing. It has been impossible

EX51 P6

to serve him. And he has made that clear on the record. Just the last hearing with you, he made it clear that he refused service multiple times from me. He did not even read the petition. He said.
**SUSAN HARNESS**: All right, all right, all right, all right, all right, all right, all right, all right, parties.

**STEPHANIE FARLER**: I am just worried if I go to visit my mom or my family that he is going to shoot me.

**SUSAN HARNESS**: I have signed the order, Mr. Clark.

**STEPHANIE FARLER**: And if that happens, what am I supposed to do? What am I supposed to do if that happens? What is going to happen then?

**JUSTICE CLARK**: You have a no trespassing order on you from over here.

**SUSAN HARNESS**: All right. I want you both to stop it. I am just saying I have already made my decision. I am signing an order.
**STEPHANIE FARLER**: Well, if I get shot and end up in the hospital, we will see what happens. That that will be on your conscience.
**SUSAN HARNESS**: Ma'am, these orders don't prevent you if you feel you are in danger from calling the police at any time.

**STEPHANIE FARLER**: Well, if I am already shot by the rifle that he used to shoot my car.

**SUSAN HARNESS**: There is nothing here that prevents that.
**STEPHANIE FARLER**: Usually, the law does not take that risk/ They just remove the weapon so that the safety of everybody is in, you know, is for sure. I have never heard of such a thing.

**SUSAN HARNESS**: So, both of you are aware, Miss Farler, if the court makes, if the Sheriff's Department makes 2 attempts at personal service and are unable to successfully serve Mr. Clark, the court then can then consider alternate methods of service. I think it is in everybody's best interest, Mr. Clark, Miss Farler, to have these matters, to get this served and to have these matters heard together.
**STEPHANIE FARLER**: I think it would be amazing if we could just serve through e-mail each like it would be so easy.
**JUSTICE CLARK**: I am all the stuff being squared away right now. You know, Your Honor, I am all for not talking up the courts.
**SUSAN HARNESS**: You have just indicated to me that you have filed some new information that she needs to get.

**JUSTICE CLARK**: Yes, I know. I am sorry I filed it late.

**STEPHANIE FARLER**: Do they have to be held together? Like have to be can't do.

**SUSAN HARNESS**: All right. I have signed the other order for. Miss Farler, your order indicates again that the service packet, the original service package, should be served via the Sheriff's Office. So, Mr. Clark, if they, you know, I am taking you at your word, if they appear in your home

EX51 P7

that you will, you know, get served with these documents so we don't have
to keep coming back here again and again.

**JUSTICE CLARK:** I promise you, Your Honor, if they get a hold of me, I
will gladly be served.

**SUSAN HARNESS:** All right. Well, that will take care of these matters for
today.

**STEPHANIE FARLER:** Well, that still does not address the safety issue
here.

**SUSAN HARNSS:** On the 11th.

**STEPHANIE FARLER:** That still does not address the safety issue.

**JUSTICE CLARK:** OK, Your Honor. Thank you.

**SUSAN HARNESS:** Thank you, Miss Farler. All right.


This document was transcribed on 3/16/25 in Everett WA and consists of
2,548 words.

EX 51 P 8

# Exhibit 52 – Transcript: February 11, 2025 Hearing Continued – Judicial Indifference, Suppression of Firearm Threat Allegations, and Service Discrepancy

**Date of Recording:** Feb 11, 2025

**Location:** Snohomish County Superior Court – Zoom Platform

**Presiding Judicial Officer:** Commissioner Susan Harness

**Participants:**

- Justice Clark (Respondent)
- Stephanie Farler (Petitioner)
- Commissioner Susan Harness

**Description:** This transcript excerpt highlights judicial suppression of firearm-related threats, unequal enforcement of service protocols, and repeated muting of Plaintiff during proceedings. Despite Plaintiff's efforts to secure protection and repeated mention of firearm-related incidents—including the shooting of her vehicle—Commissioner Harness fails to address these threats, disregards RCW firearm surrender provisions, and continues the matter without discussion of public safety risks. The transcript supports:

- **§ 1983 Due Process Violations:** Muting of Plaintiff during court; refusal to address threat evidence
- **§ 1985(3) Conspiracy:** Pattern of undermining Plaintiff's access to justice and protection through obstruction and collusion
- **Monell Claim:** Judicial refusal to enforce firearm surrender provisions and selective muting during hearings
- **RCW 9.41.800 & RCW 7.105.100(2):** Neglect of mandatory firearm surrender and judicial discretion in protection order relief

## Certification of Authenticity

**Declaration of Authenticity – Exhibit 52** I, **Stephanie Farler**, declare under penalty of perjury under the laws of the United States of America that the attached transcript is a true and accurate representation of the March 11, 2025 court hearing.

EX52  P1

I attended the hearing via Zoom, captured and reviewed the audio using personal equipment, and transcribed the dialogue without modification. The statements herein faithfully reflect the conduct and actions of Respondent, Commissioner Harness, and myself. The original recording is retained in my possession and can be submitted upon judicial request.                    Stephanie Farler (Pro Se)

Transcription begins

**SUSAN HARNESS:** Mr. Clark, are you on the Zoom platform? Are you there,
**JUSTICE CLARK:** Your honor?
**SUSAN HARNESS:** Can you state your name for the record? Yeah, I can hear you now.
**JUSTICE CLARK:** Okay.
**SUSAN HARNESS:** And go ahead and state your name for the record, sir.
**JUSTICE CLARK:** Justice Clark.
**SUSAN HARNESS:** Okay. So, Ms. Farler, where are we at in getting Mr. Clark served?
**STEPHANIE FARLER:** I was under the impression that you, the police, were going to do it and you, because of that's what the last hearing that we had and the firearm that was involved, and the fact that the police have been told to do this two, three times now.
**STEPHANIE FARLER:** I'm not sure why I'm being... In his response, he clearly states that he has made it impossible for me to serve him on purpose because he doesn't feel it's legitimate papers and things of that nature. Why would I be responsible for serving him after he clearly states that in his own words?
**SUSAN HARNESS:** Well, I think the court ordered law enforcement service. I was just wondering, my question to you was whether or not you'd heard from law enforcement about whether or not he'd been served.
**STEPHANIE FARLER:** I haven't heard anything. I mean, I was letting the police officers take care of it. I don't know why it's not... I figured it would have been done, and you would have had it because of that.
**SUSAN HARNESS:** Well, I don't have... Mr. Clark, have you been served?
**JUSTICE CLARK:** I haven't.
**SUSAN HARNESS:** I don't have a return of service in my file, which sometimes that happens, but I don't have. Have you been served by the sheriff's office?
**JUSTICE CLARK:** I have not, your honor.
**JUSTICE CLARK:** I got a call from Dan Blouse, and I called him the next day and then we played phone tag a couple times, and then the snow and ice hit and then I called him Friday while I was at work early morning. Let him know where I was at. I wanted to be there, and it was a long time. I never heard back from him.

EX52 P2

**STEPHANIE FARLER:** In his responses that he sent me, he literally states responses to certain specific things that I put into my petition. So, I mean, he says that he didn't receive it. Well, why was he able to respond? Specifically, to specific things that I put in it. In specific, like number 1A, he responds...

**SUSAN HARNESS:** Ms. Farler, the issue is I have to have proof in my file.

**STEPHANIE FARLER:** He's stated that he's been served. He's literally stated that already in this case. And then he reneged on it and said, oh, oh, wait, no. No, I haven't. Oh, yes, I have. I mean, we've been doing this since October.

**SUSAN HARNESS:** I appreciate that. I know that. So, I still don't have proof of his service in my file. The other thing I wanted to know is whether you received the declaration of Ms. Sprague, which was filed earlier this week.

**STEPHANIE FARLER:** Yeah, I'm not sure why he was allowed to serve me through email when I'm not allowed to serve him through email. Wouldn't this have been a lot better and solved if I could just serve him through email? Like, I could have had somebody done that in October. If that was an acceptable way to serve. We could have avoided all of this.

SUSAN HARNESS: All right, all right, all right. Parties, the court's going to Reissue this.

**STEPHANIE FARLER:** Holy, oh, wow. This is an issue. It's been since, there's months. You literally just stated in other court hearings that I just listened to you were not going to continue it any further. And blah, blah, blah, blah, blah. I just heard you say that right before me.

SUSAN HARNESS: Please don't say blah, blah, blah, blah. That's because, ma'am, those cases had proper service.

**STEPHANIE FARLER:** Oh, no, they didn't have proper service, ma'am. I was just listening. And you said they will not be continued any further.

**SUSAN HARNESS:** What date works for you?

**STEPHANIE FARLER:** Today. This is, this is insane. Today works for me. He knows that he's gotten the paperwork. There's no reason for this to be continued again. And you stated in the last hearing that it will not be continued again. You stated that. You said, "Ms. Farler, I do not expect for you to put any new, to respond anymore." I said, okay. And then you said that this will not be continued any further. It's been since October. Last hearing, you said that. No matter what.

**JUSTICE CLARK:** I haven't been served any paperwork. She's just going on and on and on.

**SUSAN HARNESS:** Mr. Clark, did you cause the Ms. Sprague's declaration? Has that been served on her?

**JUSTICE CLARK:** Yeah, we went to Staples last night and my fiancé sent it to her from there. And it's been sent. I know it's late, but we just.

**STEPHANIE FARLER:** Why was I not allowed to serve that way?

EX52  P3

**SUSAN HARNESS:** I think we discussed that you're asking for a weapons surrender, ma'am.

**STEPHANIE FARLER:** No, we've, I've never been told that. We've never discussed that. You should have had that discussion with me earlier. Not about a weapons surrender. I didn't know that that had played any kind of a part in any of that.

**JUSTICE CLARK:** Your Honor, I'm not part of the service. Are you going,

**SUSAN HARNESS:** he has, and he has indicated that he does not want to be served via email.

**STEPHANIE FARLER:** I don't want to either.

**SUSAN HARNESS:** What?

**STEPHANIE FARLER:** I don't want to either. I mean, it's got to be.

**SUSAN HARNESS:** All right, well, I will change this on future.

**STEPHANIE FARLER:** I never said it was okay to begin with.

**SUSAN HARNESS:** Both parties will be served personally with any future documents.

**STEPHANIE FARLER:** I wasn't sure why it was approved to be served through email to begin with for me. I never approved that.

**SUSAN HARNESS:** Do you have a notice of appearance? Hold on. Stop it, both of you. Ms. Farler, do you have a notice of appearance on file where you will accept and with an address where you will accept service?

**STEPHANIE FARLER:** Yeah, and it's the 4232 address because that's my home. I just can't be there right now. But he refuses to send me anything there.

**SUSAN HARNESS:** If you can't be there right now, how is he going to serve you?

**STEPHANIE FARLER:** Well, if he has to send it to the mail through certified letter, my mother or my brother or somebody can sign and get the letter and then I will get it.

**JUSTICE CLARK:** I didn't want to send any paperwork there, Your Honor, because of what's all been going.

**STEPHANIE FARLER:** I just want this to be served and done.

**SUSAN HARNESS:** Well, I think that's why you have previously agreed to email.

**STEPHANIE FARLER:** I know I didn't agree to that. There's no way because I would have said, OK, well, why am I not allowed to then? I didn't. That doesn't make sense.

**SUSAN HARNESS:** I think we have. You have agreed to it.

**STEPHANIE FARLER:** No, I did not. And I've recorded every single court hearing. So I know I listened to them. I know that I did not approve that.

**SUSAN HARNESS:** On October 11, 2024. For this matter. For this matter, Commissioner Pro Temp Aliyah Ahmed signed an order for electronic service. There were two unsuccessful attempts to personally serve the

EX 52 P4

respondent.

**STEPHANIE FARLER:** I this is the first I've ever even heard that name.

**SUSAN HARNESS:** All right, parties, I'm going to reset this, you all. I mean, this is this is.

**STEPHANIE FARLER:** Can I withdraw my mine? Can I just withdraw mine?

**SUSAN HARNESS:** Absolutely.

**STEPHANIE FARLER:** I'd like to remove it completely.

**SUSAN HARNESS:** All right. That's not that one. All right. We'll just hold on while I do that one, then.

**STEPHANIE FARLER:** And so, I'm going to refile, but I'd like it. I'm going to have different grounds. I have more evidence now, and I'd like them not to be considered together, though. That's not what needs to happen, in my opinion.

**SUSAN HARNESS:** That's not your choice to make.

**STEPHANIE FARLER:** Well, if it does get continued, if it does get.

**SUSAN HARNESS:** That's an issue for the commissioner or judge.

**STEPHANIE FARLER:** And it and I'm going to make sure that it's not you this time. So just know that.

**SUSAN HARNESS:** Well, just so you know,

**STEPHANIE FARLER:** I know all the laws. I very much researched.

**SUSAN HARNESS:** So, you know, you cannot disqualify a commissioner.

**STEPHANIE FARLER:** I'm not going to do it.

**SUSAN HARNESS:** Your remedy is a revision.

**STEPHANIE FARLER:** I'm not going to disqualify anybody. That's not my job, but there's people that can. I feel like it should already just be done, because that's what you take an oath to say you'll do if there's things conflict of interest, things of that nature, bias. I mean, that's just your oath that you took.

**SUSAN HARNESS:** This order will reflect that you request a dismissal of the petition.

**STEPHANIE FARLER:** Great, because this is going nowhere, so I need to go a different approach. Or I'm going to end up shot. Like my car was. But you have nothing to say about that ever. Silence.

**STEPHANIE FARLER:** That's crazy. Muted. Funny.

**STEPHANIE FARLER:** You muted me. You are muted now. Are you just...

**SUSAN HARNESS:** I'm going to indicate on this extra line that you appeared via Zoom.

STEPHANIE FARLER: Why is the firearm incident not being addressed? Why are you just turning? Why are you not addressing that? You just addressed it in prior in this situation. That guy had his firearms rights taken, and there wasn't even a gun threat, and you'd removed the weapon from him. You guys just talked about that two cases before mine.

**STEPHANIE FARLER:** Why does justice still have his weapons?

**SUSAN HARNESS:** I've signed your order. Ma'am,

EX52 P5

**STEPHANIE FARLER:** I need an answer. I think I deserve an answer. In the Washington State RCWs, there's very clear laws and statements that have... The provisions of the rulings are to follow those.

**SUSAN HARNESS:** You just requested dismissal of your petition. I've signed that order.

**STEPHANIE FARLER:** But what... Okay. It's gonna... Okay.

**SUSAN HARNESS:** In terms of your petition, it sounds like she was just served.

**STEPHANIE FARLER:** It's all right. Nope, you're not going to help me. I'll get help. I'll figure it out. You muted me again. You muted me again. I still need to know when the next hearing is, though, please, ma'am. Yes, yes, your honor.

**SUSAN HARNESS:** I can reissue this.

**STEPHANIE FARLER:** And I have school too, so hopefully it's not on Tuesday.

**SUSAN HARNESS:** The 25th, does that work for you, Ms. Farler?

**STEPHANIE FARLER:** What day of the week is that?

**SUSAN HARNESS:** That's a Tuesday.

**STEPHANIE FARLER:** So I have... Yes, Tuesday works.

**SUSAN HARNESS:** All right. Mr. Clark, does the 25th work for you?

**JUSTICE CLARK:** Yes, your honor.

**STEPHANIE FARLER:** I'm not... This is not getting... This has to be taken down.

**SUSAN HARNESS:** All right. Mr. Clark, I want to make sure that you get Ms. Sprague's declaration to her.

**STEPHANIE FARLER:** Quite frankly, the other one was served through the email too, the same way, and I didn't approve that.

**SUSAN HARNESS:** The clerk had entered an order allowing for electronic service back in October.

**STEPHANIE FARLER:** Why was he not electronically serving me until just this month, then? He could have done it the whole time.

**SUSAN HARNESS:** I don't know the answer to that, ma'am. Mr. Clark...

**STEPHANIE FARLER:** That doesn't make sense.

**SUSAN HARNESS:** You need to make sure that you get that declaration to her. I'm going to indicate on the signature line... What? Do you have an address where you can... that you actually reside at that you can get service?

**STEPHANIE FARLER:** Yeah, I don't have a home that I reside at right now because of the whole harassment thing going on.

JUSTICE CLARK: The clerk authorized it, your honor. Can we just... Can she just receive her email?

**STEPHANIE FARLER:** You can't force me to do that. You can't force him to do that. You can't force me to do that.

**SUSAN HARNESS:** Well, there's already an... Hold on.

Ex52 P6

**STEPHANIE FARLER:** Then why was he not doing it before this month? It's been open since October. Why is it just now coming that he's allowed to do it through email? Why wouldn't he have done it the whole time?

**JUSTICE CLARK:** It doesn't matter now or later.

**STEPHANIE FARLER:** Oh, it matters. Watch. This isn't going to happen like this. I'm going to get... I'm going to get protection and I'm going to be safe. Just like every other Washington state...

**SUSAN HARNESS:** Mr. Clark, you did...

**STEPHANIE FARLER:** person gets that living here. It's a right. It's a right. A resident's right to be safe from harassment.

**JUSTICE CLARK:** Can you stop?

**SUSAN HARNESS:** Hey, sir, that's not... Hey, both of you stop. Both of you stop. I'm going to put both of you on mute.

**STEPHANIE FARLER:** Anti-harassment order 1985.

**SUSAN HARNESS:** Go ahead and mute her, please.

**STEPHANIE FARLER:** Yep. Mute me. I'm indicating on the signature lines that you both appeared via Zoom. This court is not changing any orders that have previously been entered in this matter.

**SUSAN HARNESS:** That is as far as I'm going. There's a hearing for both of you on the 25th at 9 a.m.

**STEPHANIE FARLER:** So the... It's not... Is there both matters still... The fact you're not changing that or am I... Did I not...

**SUSAN HARNESS:** No, your matter's been dismissed.

**STEPHANIE FARLER:** Okay, I was just making sure because... I was just making sure.

**SUSAN HARNESS:** All right. That will conclude today's calendar. Court will be in recess.

**JUSTICE CLARK:** Thank you, your honor. Have a great day.

**Executed at:** Marysville, Washington

**Date:** July 31, 2025

**Signature:**

**Printed Name:** Stephanie Farler

**Contact:** Farler3030@gmail.com | (425) 268-0129

Ex 52 P7

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF SNOHOMISH

No. 25 1 00154 31

STATE OF WASHINGTON,
                        Plaintiff,

    v.

FARLER, STEPHANIE CATHERINE,
                        Defendant.

SUMMONS – Initial Contact

THE STATE OF WASHINGTON TO:

    STEPHANIE CATHERINE FARLER
    4232 142ND AVENUE NE
    LAKE STEVENS, WA 98258

    You are hereby charged with a criminal offense by Information on file in this court.  THEREFORE,

    YOU ARE SUMMONSED TO APPEAR in the above court, located at the Snohomish County Courthouse, on **March 5, 2025 at 9:00 a.m.** for **Arraignment Hearing** to answer to the Information. Report to 1A - Criminal Hearings Dept, Snohomish County Courthouse, 3000 Rockefeller Avenue, Everett, Washington.

    * In response to the COVID-19 health crisis, the Snohomish County Superior Court has modified court operations, including conducting some hearings via telephone or video conference. Contact an attorney for more information.

    FAILURE TO APPEAR WILL RESULT IN A WARRANT BEING ISSUED FOR YOUR ARREST

| I hereby certify that I deposited in the United States mail a properly addressed envelope directed to the above name and address containing a copy of the attached information and this summons directing appearance in Superior Court on the above-mentioned date. | Heidi Percy, Snohomish County Clerk and ex-officio Clerk of this Court.<br><br>By _____ Deputy Clerk<br><br>Issued:  FEB 2 0 2025 |
| --- | --- |
| Name or ID#:    ERI<br><br>DATED:  2/24/25 | |

YOU HAVE A CONSTITUTIONAL RIGHT TO HAVE AN ATTORNEY REPRESENT YOU. If you cannot afford to hire an attorney, please call the Snohomish County Office of Public Defense at 425-388-3500 to screen for appointment of an attorney. Interview hours are 8:30a.m. - 11:45a.m and 1:00p.m. - 4:00p.m. If you qualify, you will be appointed an attorney. An attorney can inform you of your rights. While there are recommendations for social distancing due to the COVID-19 health crisis, your attorney can inform you of your rights to be present in court and the right to waive your presence at certain court hearings. You should contact the Office of Public Defense at the earliest possible time after receiving this letter to get assigned to a lawyer. Your attorney can begin work on your case even before your court date.

Certificate of Address Search
State v. STEPHANIE CATHERINE FARLER                    EX53                    Snohomish County Prosecuting Attorney
                                                                              PA #22-10963 / HOPKINS / IRONS

EX 54

**Date of Hearing:** FEB 25, 2025

**Description**: This is a court transcription from 2/25/2025 where the court dismissed the protection order.

This court hearing was quite odd because there was the entire calendar called and when just our matter and one other matter remained the commissioner called a recess and said she would continue to the last matters when she returned. She gave no reason or explanation. Then the clerk came out about a half an hour later and said she was going to return soon and sorry for the wait. Then the commissioner returned and did call the last two cases.

This is clearly the commissioner collaborating between the judicial officers and inquiring as to what they were to do in our matter today. She was a pro se commissioner. Just further supports the coordination and conspiracy and pattern of clear civil rights violations under color of law

I Stephanie Farler, declare under penalty of perjury under the law of the state of Washington that this is a true and accurate transcription of the court hearing held on Feb 25 2025. Made from the court Purchased recording.

Date: 9/19/2025

Stephanie Farler (Pro se)

425-269-0129

Farler3030@gmail.com

Ex 54 P1

My name is Cassandra Morris, I swear under penalty of perjury that this transcription from **February 25th 2025, case number 24-2-07603-31** is true and accurate. The transcription was created from an audio recording taken during the hearing.

This hearing was held by pro temp commissioner Ahmed, Alia F

---

**COMMISSIONER:** Justice Clark and Stephanie Farler.

**STEPHANIE FARLER:** Stephanie Farler on Zoom.

**COMMISSIONER:** Thank you.

**STEPHANIE FARLER:** Yep.

**COMMISSIONER:** Is Justice Clark present?

**JUSTICE CLARK:** Can you hear me now, Your Honor?

**COMMISSIONER:** Yes.

**JUSSTICE CLARK:** Okay.

**COMMISSIONER:** All right. I do have confirmation that the respondent was served with the documents in this case. The court has reviewed the petition and supporting documents as well as the response.

**COMMISSIONER:** The petitioner will have five minutes to speak. The respondent will then get five minutes to speak and then the petitioner will have one additional minute to reply. Okay?

**JUSTICE CLARK:** Yes, Your Honor.

**COMMISSIONER:** All right. So, petitioner, actually before we start, if you guys could both raise your right hand. Petitioner, I know I can't see you, but if you could just indicate when you're raising your right hand.

**STEPHANIE FARLER:** I thought that that was not something that you could do without video. I didn't, I thought that this was not something that could happen without a video, like a vision on them.

**JUSTICE CLARK:** Can you not interrupt please?

**COMMISSIONER:** I can do that and I am doing that.

**COMMISSIONER:** Ms. Farler, do you have the ability to turn your screen on?

**JUSTICE CLARK:** I do, but Justice does not.

**COMMISSIONER:** I understand. I'm asking you if you could turn your video on.

Exhibit 54 P2

**COMMISSIONER:** He's called using the phone platform.

**STEPHANIE FARLER:** But I know for a fact that it's been said, I know that that's something that is like, you have to be able to see him when you swear him in to the matter.

**JUSTICE CLARK:** Your Honor, can we move on?

**COMMISSIONER:** Hold on a second. Let me look at this order.

**JUSTICE CLARK:** And the only reason I'm not on video today, Your Honor, is my child is home with a temperature right now. I have spotty service with video, and I just didn't want to lose anything.

**STEPHANIE FARLER:** It doesn't change the law.

**COMMISSIONER:** What law are you citing for this court so I can reference it?

**STEPHANIE FARLER:** Well, I would have to Google it. I don't know it off the top of my head, but I do know that that is something that when you swear somebody in, you can't just, there's strict procedure to that.

**STEPHANIE FARLER:** You have to see them and their arm up and they're swearing in. You can't just take their word for it. It's the law.

**COMMISSIONER:** Ms. Farler? Yeah, I disagree with your assessment. If you want to take me up on reconsideration or revision after today, you can do that. I believe that this court can authorize, especially in order protection matters, for that to happen.

**STEPHANIE FARLER:** Susan Harness. I'm sorry.

**COMMISSIONER** Ms. Farler, I'm sorry. It is my turn to speak right now.

**COMMISSIONER:** I heard you. I'm sorry.

**COMMISSIONER:** Okay.

**COMMISSIONER:** That is how I'm proceeding today. If you want to take me up on revision or reconsideration after today, you can do that. But I am proceeding in this manner as I have indicated.

**COMMISSIONER:** So, Ms. Farler, if you can turn your Zoom on, it would be helpful for this court to see you. I cannot see the other party because he has called using his phone app and there is not an ability for me to see him, but there is an ability for me to see you and you are the respondent in this action. So, I am asking if you could turn your screen on, please.

**STEPHANIE FARLER:** Yep, I sure can. Um, Susan Harness, the last hearing just literally that she stated that she cannot do it without having visible seeing the person being sworn in. She just like the hearing just two weeks ago is when this was brought up.

EX 54 P3

**COMMISSIONER:** Okay. Well, I'm not Commissioner Harness.

**STEPHANIE FARLER:** No, but you still have the same laws and rules that you have to follow as she does.

**COMMISSIONER:** I'm sorry. I am going to be proceeding as I have indicated already. All right.

Can you both raise your right hand? Would the petitioner please confirm once your right hand is raised?

**JUSTICE CLARK:** It's risen, Your Honor.

**COMMISSIONER:** All right. Do you both swear and affirm that the testimony you give here today shall be the truth and nothing but the truth? Petitioner?

**JUSTICE CLARK:** Yes, Your Honor.

**COMMISSIONER:** And the respondent?

**STEPHANIE FARLER:** Yep, I sure do, Your Honor.

**COMMISSIONER:** All right. Thank you.

**COMMISSIONER:** All right. Petitioner, you have five minutes to speak. Okay.

**COMMISSIONER:** You don't have to use all the five minutes, but that's what you're allotted. Okay. Yeah.

**JUSTICE CLARK:** Okay, Your Honor. I'm not really the best at this. You know, I've already done a lot of writing and stuff like that.

**JUSTICE CLARK:** For like four years, this lady's been a harassing terrorist next door. Her and her associates coming and going. I've been threatened to have my life taken or beaten.

**JUSTICE CLARK:** Domestic violence calls over there constantly with her. All the incidents with the cops, everything stems around this individual. This individual is a fraud.

**JUSTICE CLARK:** She's a thief, and she preys on older people. And she's just, no matter next place she goes, she's going to do the same thing. You know, since her fourth illegal detainer, she's been in trouble for identity theft, possession of stolen property.

**JUSTICE CLARK:** And it's cost my good friend Marlene almost about $10,000 to scare off property. And, you know, she just, you know, videotaping me, taking me to court, all these petitions. I mean, this is, I've never even, I'm just a normal working guy.

EX54 P4

**JUSTICE CLARK:** This is, I never even knew what court was. You know, this is crazy to be yarded in and out of court from this person who's been squatting and don't even, I don't even know where she's at. I don't care.

**JUSTICE CLARK:** I'm just glad she's not here. And all her friends, I mean, associates, you know, I'm real nervous around here. It isn't the same around here.

You know, I don't know. You know, and then down here on the back street here, you know, we got a bunch of druggies and transients and, you know, it's just, you know, Happy Hill Community Club isn't all what it used to be. You know, it used to be pretty peaceful around here.

**JUSTICE CLARK:** And it just seems like, you know, America has been taken over by these squatters and these druggies. And I never thought that I'd ever live next to it, but, you know, I have, and my daughter's, my daughter, she's eight. I have her, I got 50-50 custody of her.

**JUSTICE CLARK:** And so, she's here a lot during the week. And it's just, I could have written, I could have like a 1200-page book of incidences and this and that, all what's going on over there. And I just, I can't take this.

**JUSTICE CLARK:** Me and my friend Marlene, we can't take this. You know, I'm a nervous wreck. This isn't good for my heart.

**JUSTICE CLARK:** This lady with these baseless petitions. I ought to be able to like sue her or something or interrupting my daughter's summer vacation, my court ordered summer vacation, interrupting my daughter's spring break, missing morning school, you know, just missing work. Right now, I just, you know, I'm a nervous wreck now.

**JUSTICE CLARK:** You know, this lady, and then she's got this other petition of this intentional distress, whatever. No, no, that should be our petition against her. She's the one who's caused all the intentional, all the distress, all the chaos.

**JUSTICE CLARK:** And I'm not really, really good at free talking because I'm kind of nervous right now. With her next door ain't nobody going to have any peace. This lady is a psycho.

**COMMISSIONER:** Okay. Thank you. Ms. Farler, you have five minutes.

**STEPHANIE FARLER:** Um, okay. Can you hear me? Yeah. Okay.

**STEPHANIE FARLER:** Um, I'm not sure. The things, the things that justice Clark was just saying are complete allegations. There's no factual evidence.

**STEPHANIE FARLER:** There's just his, he's, he has no proof or evidence, no, nothing of me ever doing anything to this man. I have never, all I've tried to do is serve him with legal documents from the intentional infliction of emotional distress case that I have filed against him and three other individuals for severe harassment. I have, I'm not sure if



Ex 54 P5

you ma'am have been able to read all of the papers or if you just read these ones, but there is extensive amounts of, of videos in, in professionally transcribed, uh, transcriptions of the videos that I have recorded back to back to back throughout.

**STEPHANIE FARLER:** And it's not four years, it's been three years of justice. And you don't even hear me because I don't even talk. I don't even speak to him.

**STEPHANIE FARLER:** I literally have evidence, factual evidence. My vehicle in the middle of the night was shot with a rifle seven times by this man. And it was on video recorded from my, my home surveillance cameras that he was, didn't wasn't aware that they were still working.

**STEPHANIE FARLER:** And so that's why he was so comfortable to go do it. Ask him why he hasn't showed up to court since then in person. Well, I wouldn't either. If I thought I was going to get arrested, I'm just saying like, there's just, these are all of these things point. It's more than evident that I am being severely harassed by these people. I don't even live at the home anymore.

**STEPHANIE FARLER:** I have been gone for months now. And he's still acting like it's such a problem over like, like I'm in fear for myself, for my mother and my family that still live in the home. Cause I have a niece that's four years old and she was eight feet away from the bullets that were fired, shot directly into my car.

**STEPHANIE FARLER:** I have submitted more than several documents and pictures of the video and the snapshots I've taken of it. The front, the hood of my car, all of the damage three times my vehicle has been vandalized and it's not allegations. I have factual proof.

**STEPHANIE FARLER:** I have videos of it. I submitted police reports, and the police have the bullets from the November 11th when he shot my vehicle, they were called, and they picked up the shells. They don't have his fingerprints on the record that they can find right now is the only reason that he's not taken in right now is because you know how that whole process works.

**STEPHANIE FARLER:** It also takes time to be able to be thorough so that they don't do the wrong thing or, you know, but I'm, I don't understand. He has nothing. He says that he has videos that show me doing anything.

**STEPHANIE FARLER:** Well, why didn't he add the transcriptions like I did to prove his case? Then he's done. None of this, none of this has happened. There's nothing but just pure statements that people, I mean, anybody could say whatever they want to say.

**STEPHANIE FARLER:** People do it all the time, but where's the evidence? There is not the things that he says about me to my character, is, is absolutely irrelevant. And I think that it should not be considered in this court's ruling today because that just isn't, that wouldn't be, that's not that's not how the courts do things. That's not appropriate.

EX54 P6

**STEPHANIE FARLER:** That's completely just insane. I don't know how it's gotten to this far that it's gotten to. I know that I genuinely fear though for my family's life and my mother and my niece that were put in, I mean, there were 22 rounds.

**STEPHANIE FARLER:** Those are notorious for bouncing and ricocheting and hitting people and hitting things eight feet away. And I'm not a hundred percent sure why this is still an issue or why I'm still having to fear for my life because he has his weapon at his wherever he keeps it. I don't know, but at all times, it's scary.

**STEPHANIE FARLER:** It's really, it's really scary. It's really scary. And I don't know, I don't know what else to do about it.

**STEPHANIE FARLER:** I don't know what to do about it. I mean, I don't know, I'm not sitting here just like talking about his character and putting him down and just and talking crap. Just everything that comes out of my mouth is negative and just talking down to him.

**STEPHANIE FARLER:** That's not what I'm doing because I'm the one that's being harassed. So I don't have any desire to do that to him. That's not what I'm going to do because that's not what I'm here for.

**STEPHANIE FARLER:** That's not my intention. I don't care about his character, who he is as a person, whatever. I don't care.

**STEPHANIE FARLER:** I just want to be safe, and I want my family safe. That's all I want. He can be whatever person he wants to be.

**STEPHANIE FARLER:** It's not my business. I don't care. I just want my family, and I want myself to be safe because I have children too. And I have a niece that's four that's been put in direct harm's way because of this man, and nothing is being done about it. My children had to watch him harass me for three years now. I have two boys.

**STEPHANIE FARLER:** Do you think that that makes them feel very good that their mother had to, I mean, they see, Oh, my back window shot out from a BB gun in the middle of the night. Well, what happened to your window, mom? Oh, well, sweetie, you know, oh, well, you know, they already know. They just already know what it is.

**STEPHANIE FARLER:** I don't even have to tell them because they've witnessed it. They've been there with the recordings. You can hear their giggles and laughter in the background in the recordings of the, him harassing me and doing these things to me.

**STEPHANIE FARLER:** It's sad. It makes me want to cry. Just thinking about that.

**STEPHANIE FARLER:** My kids even had to see that happen. I have kids too. I'm just a normal mom too.

**STEPHANIE FARLER:** I had a job. I've lost two jobs, one at Boeing and one at UPS. And that's in my intentional infliction of emotional stress.

EX 54 P7

**STEPHANIE FARLER:** I mean, I mean, I have more than enough evidence. I have, I have evidence. It's right there.

**COMMISSIONER:** Great. Mr. Clark, you have one minute for a rebuttal.

**JUSTIE CLARK:** Everything this woman says, does is fraudulent.

**JUSTICE CLARK:** She's a liar. And she's the one who's caused all the harassment and there's been drug use over there. Um, there's pictures of it, um, you know, staying up all night, sleeping all day.

**JUSTICE CLARK:** All her boyfriends have threatened to kill me, beat my ass. Her last boyfriend, uh, uh, almost ran it, almost ran into me up here in my truck. Can you wrap up? And yeah, I, you know, I guess I'm done your honor.

**JUSTICE CLARK:** I don't want to waste any more time. I just, it's been hell. Thank you.

**COMMISSIONER:** Um, as indicated at the beginning of the calendar, the petitioners is the petitioner's obligation to prove by a pre-ponderance of the evidence that domestic violence occurred. And specifically in this case, unlawful harassment, which is defined by the statute RCW 7 1 0 5 0 1 0, um, subsection 36. I did take the opportunity to review the multiple prior cases that had been filed as well.

**COMMISSIONER:** Um, it looks like there were associated cases, um, where the respondent filed against the petitioner, um, and, and, and an associated civil case has been filed as well. I especially noted that in cause number 24 2 0 2 1 1 0 dash 3 1, where the respondent had filed against the petitioner, the court dismissed that case. And in that case, the court had found that the of both parties was lacking.

**COMMISSIONER:** And although he did say more so the petitioner, um, and denied the protection order initially, he indicated that the credibility of both parties was lacking. I believe that to still be the case. I question the credibility of both parties here.

**COMMISSIONER:** I question what's actually happening. Um, I believe the respondent did provide evidence of concerning behavior by the petitioner as well. And the petitioner did not deny any of those facts here in his testimony.

**COMMISSIONER:** And I was concerned that there's behavior happening on both sides. That's inappropriate but does not rise to the level of unlawful harassment as presented by the petitioner and as defined by the statute. And that the majority of these allegations appeared to be a concern that the respondent was living there.

**COMMISSIONER:** And there was a lot of references to this friend who was a landlord. Um, the behavior of trying, having this friend have to spend money to get this person off the property, um, is not evidence of

Ex 54   P 8

unlawful harassment. I understand there were other allegations as well, but this court does question the credibility of both parties here.

**COMMISSIONER:** And I don't believe that the information presented to the court that was truthful was sufficient for me to find unlawful harassment occurred. So, I'm going to be entering a denial order today.

**JUSTICE CLARK:** I can't believe that.

**STEPHANIE FARLER:** Thank you.

This document was transcribed on 3/20/2025 in Everett WA containing 3,029 words.

Ex 54 P9

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

**Stephanie Far,**

Plaintiff,

v.

**Shomish County, et al.**

EX 58

## April 2025 Theft Allegation, Investigative Obstruction & Retaliatory Pattern

**Date Range**: April 16–18, 2025 **Exhibit Type**: Rejected Police Report, Screenshot of Messages, Voicemail Transcription **Submitted By**: Plaintiff Stephanie Farler & Witness Alan Sprague

## Contents Summary

1. **Rejected Police Report (Filed April 18, 2025)**
   - Joint online filing by Plaintiff and Alan Sprague, detailing theft by Marlene Sprague during Alan's hospitalization.
   - Victims identified theft of wallet, hearing aids, and ID—affecting both **personal security** and access to medical/legal services.
   - Rejection by local law enforcement highlights a **pattern of deliberate investigative obstruction**, especially in cases implicating family members of public-sector allies.

2. **Screenshot of Cell Phone Messages (April 2025)**
   - Text sent by Marlene Sprague to Alan:
   - Indicates **surveillance and probing into Plaintiff's personal assets**, likely for future deprivation or coercion.
   - Suggests premeditated targeting and coordination with attempts to dispossess Plaintiff from residence and disrupt litigation.

3. **Voicemail Left by Alan Sprague (April 16, 2025)**
   - Describes Marlene's theft while Alan was incapacitated in the hospital.
   - Delivered to Plaintiff's personal cell phone prior to any police contact—providing **real-time witness corroboration and emotional impact statement**.
   - Forms a foundational voice record of the incident, showing urgency and credible allegations.

EX58  P1

## Pattern & Enterprise Indicators

- **Repeated refusal by law enforcement** to pursue credible complaints with supporting evidence
- **Family coordination** in theft, text probing, and legal dispossession following Plaintiff's court filings
- **Systemic tolerance of misconduct** linked to retaliatory pressure and suppression of testimony

These behaviors form the basis for asserting that the **defendants functioned as an informal enterprise** under RICO: a coordinated network used to obstruct justice, retaliate against protected activity, and deprive Plaintiff of property and due process.

*Exhibit ___ — April 2025 Theft Report & Enterprise Retaliation Evidence*

Ex 58 P2

**04-16-2025 Recorded from the phone number 425-501-1313 voicemail. Audio of the recording has been saved and is stored on the same device as the rest of the evidence from the last three years is on in Stephanie Farler's possession.**

My name is Scot Bacon and I declare under penalty of perjury under the law of the state of Washington that the following is a true and correct transcription that I typed from the voicemail recording created by Alan Sprague on 04-16-2025:

Audio file

Hey Steph, it's Alan, read my post on Facebook, I sent you ok. It's pretty important if you ask me. **My sister, when she stole my wallet, took one of my ID's out of it.** And when she gave it back to me and. What's she using it for? Learning how to sign my name? I mean, I don't know? That's why I ask you. Should I call the police, should I go to the police station and press charges, or what? I don't know but call me and let me know.

Scot Bacon                                        Dated this 16th day of May 2025

Ex58 p3

This Exhibit ties right in to the unlawful harassment
traffic stop where the sheriff stated he knew I
was the driver by "Magic" and laughed.

bodycam
already
requested
and still
waiting.



Alan Spragues text messages
With marlene Spragace
        April 30th I was on a trip
            for birthday and in washington DC.

Ex58 pY

**Exhibit ___ – Rejected Police Report Submission**

**Title:** Rejected Online Theft Incident Report (Submitted by Alan Sprague and Stephanie Farler re: Marlene Sprague)

**Date Submitted:** April 18, 2025

**Date Rejected:** April 22, 2025

**Submitting Party:** Alan Sprague and Stephanie Farler.

**Exhibit Purpose:** This document captures a first-party theft allegation involving unlawful control of property, debit card misuse, and interference with hearing aids at Providence Hospital. The rejection by Snohomish County Sheriff's Office was due to online limitations and sensitive suspect information, not the merits of the claim.

**Status Note: Though formally rejected via the web portal, the report reflects contemporaneous efforts to document suspected criminal behavior. It was later supplemented by direct communication and visual evidence to law enforcement and oversight agencies.**

**Signed at Marysville, Washington**

**Date: July 30, 2025**

**Signature:**

**Name: Stephanie Farler** Alan Sprague

**Contact: Farler3030@gmail.com | 425-268-0129**

EX58 p5

 Gmail

stepharee farler <farler3030@gmail.com>

### ١our Incident Report has been Rejected
1 message

**SNO911 Online Incident Report (No Reply)** <no-reply@mycrimereport.us>
To: farler3030@gmail.com

Tue, Apr 22, 2025 at 9:12 AM

Your incident report has been **REJECTED**.

**Comment from officer:** We are unable to accept this report over our online system due to the
suspect information. Please call our non-emergency line (425-407-3999) and request an Officer.

# SNOHOMISH COUNTY POLICE CASE REPORT
## Summary

**Print Date/Time:** 4/22/2025 9:12:52 AM
**Case Number:** [not assigned]
**Reported By:** Web Incident Report
**Web Report Type:** THEFT

**Jurisdiction:** Everett Police Department
**ORI Number:** WA0310300

### Case

**Case Number:** [not assigned]
**Incident Location:** Providence hospital
Everett, WA  98204
**Reported by:** Web Incident Report

**Incident Type:** Theft
**Victim Type:** INDIVIDUAL
**Occurred From:** 4/3/2025 4:00:00 PM
**Occurred Thru:** 4/18/2025 10:00:00 AM
**Reported Date:** 4/18/2025 10:16:05 AM

### Subject

**Subject Type:** Victim
**First Name:** Alan
**Middle Name:**
**Last Name:** Sprague

**Race:** White
**Ethnicity:** Not of Hispanic Origin
**Sex:** Male
**DOB:** 4/14/1958
**Hgt:** 72
**Wgt:** 190
**Eyes:** BRO
**Hair:** GRY

**Driver License No:** Wdl3rbnd433b
**Licensing State:** WA
**Address:** 4232 142nd Ave ne
Lake
stevens, WA  98258
**Email:** farler3030@gmail.com
**Primary Phone:** 4255358742 Cell
Personal
**Secondary Phone:** 4252680129 Cell
Personal

### Property

**#1**
**Status:** Stolen
**Type:** Ident-Intangible
**Brand:**
**Model:**
**Color:**

**Serial #:**
**Quantity:** 1 Each
**Est. Value:** 0
**Description:** Waller and hearing aids were stolen by sister
for 3 days. When the property was returned
there is one driver's license missing out of it
and my debit card was used without
permission.

### Narrative

EX 58 P6

to stuff. She is NOT MY POA. I have revoked that completly due to being bullied and the attempted theft of my home by my sister. I asked Stephanie farler if I can put her on my deed because I feared that my sister could steal and manipulate me. It was a preventative measure. Police and auditors office have both been contacted informing them of the theft and my fears surrounding my sisters. This has continued to be a problem with my sisters attempts to control my life. Have seen marlenes truck drive past my home daily. Multiple times a day. I am being bullied and threatened if I don't listen they threaten to take my home.

Video evidence available for pickup: **Yes**

EX 58  P7

1

2

3

4

5

6           **IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
                    IN AND FOR THE COUNTY OF SNOHOMISH**

7

8     MARLENE SPRAGUE,                          NO.    24-2-05771-31
                      Plaintiff,
                                                 **PLAINTIFF'S RESPONSE
9                                                TO MOTION TO VACATE**
      vs.

10    STEPHANIE FARLER, JOHN DOE,
      and all other occupants,
11                      Defendants

12    3290.00000

13

14          Defendant's motion to vacate was served on the attorney for Plaintiff along with an order

15    to show cause that is not signed by the Court. Nothing was served in the manner of original

16    service, on the Plaintiff, and there is no authority for the attorney for Plaintiff to accept original

17    service. As far as Plaintiff's counsel can determine, neither motion to vacate or order to show

18    cause are properly before the Court.

19          Defendant's first defense argues that the present action should have been an ejectment

20    action. There are no arguments on that point, as this action, is in fact, an ejectment action. So

21    we clearly agree but it certainly does not work as a defense.

22          There is no money judgement and the eviction already took place and Plaintiff is not

23    aware of any legal mechanism to undo an eviction.

24

25
                                EX 58,P8

      PLAINTIFFS RESPONSE TO                              The Law Office of Rob W. Trickler, PLLC

1    As to Defendant being on deed, that is somewhat true in that the Defendant filed a quit

2    claim deed allegedly signed by Alan Sprague, that signature was allegedly notarized (see exhibit

3    A) but the fact is that, even if that signature was validly made, at the time of the signature Alan

4    Sprague had absolutely no ownership interest to convey as he had previously signed a quit claim

5    deed assigning his interest over to the Plaintiff Marlene Sprague (see exhibit B). Nothing to

6    grant means nothing granted.

7    The alleged signature of Marlene Sprague on the subsequent quit claim deed (exhibit A)

8    is not notarized and for a good reason. Marlene Sprague did not sign it and that signature is a

9    forgery (see declaration of Marlene Sprague). This is not the first time the Defendant has

10    committed forgery or other admissible crimes of moral turpitude such as identity theft or theft of

11    motor vehicle (see exhibit C). Plaintiff Marlene Sprague has contacted law enforcement and

12    now the prosecutor's office and is pursuing the various criminal charges that this forgery, fraud,

13    and attempted theft may result in as well as having engaged Counsel Cory Rein to quite title in

14    the civil arena (see declaration of Marlene Sprague).

15    Defendant has not met the burden of showing a likelihood to have a successful defense,

16    has not procedurally gotten any motion before this Court, and arguably, may have committed

17    perjury. Motion to Vacate under Cr 60 should be denied and any consideration or an order to

18    Show Cause should also be denied.

19

20    The Law Office of Rob W. Trickler PLLC

21

22                                                        Dated 10 April 2025

23    Rob Trickler attorney for Plaintiff

24    WSBA #37125

25

EX 58 pg. 1.

PLAINTIFFS RESPONSE TO                                    The Law Office of Rob W. Trickler PLLC

Case Number 2024-90006302 ORI WA0310000                                 Page 18 of 32

2024-90006302 STATEMENT MSPRAGUE

 **Snohomish County Sheriff's Office**
**Statement Form**

Incident # 2024- 9000 6302

First Name: Marlene    M: Renee    Last: Sprague    DOB. 08 / 11 / 1953
Race: W   Sex: F   Hgt: 5'5   Wgt: 195   Eyes: hazel   Hair: Grey   Driver's License # 43G Driver's license   State: WA
Home Address: 1805 Rainier Ave    City: Everett    State: WA   Zip: 98201
Place Statement Taken: Online 1805 Rainier Ave    City: Everett    State: WA   Zip: 98201
Employer: retired    City: _____    Best Number to Call: ☐ Home ☒ Cell ☐ Work
Home Phone: (____)    Cell Phone: (425) 263-6463   Work Phone: (____)
E-Mail Address: marlene.sprague@yahoo.com

STATEMENT On 12/4/2024 @ 4:02pm I filed an online report.
About an Quick Claim Deed that was forged, fraud and Identity
Theft. No one responded to me. So I am doing a paper report.
Attached is my PoA for my brother. On 08/09/2024. The
durable poA includes real property. Stephanie Farler (squatter)
tried to revocate the PoA on 07/26/2024. My PoA
was done on 08/09/2024. Stephanie Farler cannot file
this for my brother. The courts rejected it. See attachment
#1. She my PoA Attachment #2. See my online incident
Attachment #3. The quit Quit Claim Deed that my brother
and Stephanie Farler did. It was not prepared by my brother
Alan Sprague, Stephanie Farler did. Stephanie Farler forged my
signature. She also wrote in her name. (not typed) No
Notary for Stephanie (illegal). I included that on the excise
tax. Alan Sprague signed my name as my PoA (NOT TRUE) See
attachment #4, This Quit Claim Deed is illegal done by
Stephanie Farler and Alan Sprague. I want charges to both
of them. Compare to my Quit Claim Deed to show differences,
Attachment # 5.

☒ I have read each page of this statement consisting of 28 page(s). I certify (or declare) under penalty of perjury, under the laws
of the State of Washington, that the entire statement is true and correct. (Initial) MS

Deputy Signature: _____    Victim/Witness Signature: MW

Date: _____ Time: _____ Place Signed: _____    Page 1 of 29

Form SH-217

EX58  P10

SSH K180775 012725 Incident_&_Case Reports #SO2024-90006302 (9)

## MyCrimeReport_2024-90006302.pdf

# SNOHOMISH COUNTY POLICE CASE REPORT

## Summary

Print Date/Time: 12/5/2024 7:41:20 AM
Case Number: 2024-90006302
Reported By: Web Incident Report
Web Report Type: FRAUD ID

Jurisdiction: Snohomish County Sheriff's Office North Precinct
ORI Number: WA0310000NORTH

### Case

Case Number: 2024-90006302
Incident Location: 4232 112 Ave NE
            Lake Stevens, WA 98258
Reported by: Web Incident Report

Incident Type: FRAUD ID
Victim Type: INDIVIDUAL
Occurred From: 12/2/2024 3:25:00 PM
Occurred Thru: 12/2/2024 3:30:00 PM
Reported Date: 12/4/2024 4:02:20 PM

### Subject

Subject Type: Reporting Party
First Name: Marlene
Middle Name: Renee
Last Name: Sprague

Race: White
Ethnicity: Not of Hispanic Origin
Sex: Female
DOB: 8/11/1953
Hgt: 65
Wgt: 195
Eyes: HAZ
Hair: GRY

Driver License No:
Licensing State: WA
Address: 1805 Rainier Ave A
            Everett, WA 98201
Email: Marlene.sprague@yahoo.com
Primary Phone: 4252636463 Cell Personal
Secondary Phone:

### Property

#1  Status: Stolen
    Type: Struct-Single Dwell
    Brand: Mobile Home
    Model: Unk
    Color: White

Serial #: Ukn
Quantity: 1 Feet
Est. Value: 300
Description: Forged my name to take my property (parcel #00464400000100) Happy Hill
            Div 2 Blk 000 D-00-Lot 1&N 30FTof Lot 2 put my brother Alan Keith Sprague
            and squatter Stephanie Catherine Farler.

#2  Status: Stolen
    Type: Ident Documents
    Brand: UNK
    Model: Unk
    Color: White

Serial #: Unk
Quantity: 2 Feet
Est. Value: 1
Description: Many court records with my signature. 24-2-05771-31 They copied it
            Stephanie Catherine Farler is a felon already for identity theft out of skagit
            County. Just got ankle bracelet off

### Narrative

Today December 5, 2024 the sheriff was doing an Ejectment for Stephanie Catherine Farler (Squatter) off my property. My brother Alan Keith Sprague gave them problems. Stephanie was not there. My brother said that he owns the trailer to the sheriff. No I said I do. He said Stephanie and him did a quick claim deed. I never signed it. They forged my signature. The sheriff body came probably taped the whole thing. I want felony charges on both of them for forgery. My land and trailer returned to me. The sheriff told me to file a vulnerable adult protection order on Stephanie Farler against my brother. She filled out all the paperwork. I will. I am my brother's POA. He's not mine as stated on the quick claim deed, so he or she had no right to sign on my behalf. I want to press charges. Thank you.

Video evidence available for pickup. Yes

EX58 P12



# Case Report
# Compact

| | | | |
|---|---|---|---|
| **Print Date/Time:** | 03/13/2025 07:53 | | Snohomish County Sheriff's Office |
| **Login ID:** | so4538 | **ORI Number:** | WA0310000 |
| **Case Number:** | 2024-90006302 | | |

## Arrests

| Arrest No. | Name | Address | Date/Time | Type | Age |
|---|---|---|---|---|---|

## Property

| Date | Code | Type | Make | Model | Description | Tag No. | Item No. |
|---|---|---|---|---|---|---|---|
| 12/04/2024 | Stolen | Ident Documents | | | UNK; Unk; Many court records with my signature. 24-2-05771 -31 They copied it. Stephanie Catherine Farler is a felon already for identity theft out of skagit County. Just got ankle bracelet off. | | |
| 12/04/2024 | Stolen | Struct-Single Dwell | | | Mobile Home; Unk; Forged my name to take my property (parcel #00464400000100) Happy Hill Div 2 Blk 000 D-00-Lot 1&N 30FTof Lot 2 put my brother Alan Keith Sprague and squatter Stephanie Catherine Farler. | | |

### Seq #2

| | | | |
|---|---|---|---|
| **Property Codes:** | **Property Type:** Ident Documents | | **Date Received:** 12/04/2024 |
| Stolen | | **Initial Value:** $0.00 | |
| **Quantity:** 2.000 | **Unit of Measure:** Feet | | |

**Description:** UNK; Unk; Many court records with my signature.  24-2-05771-31
They copied it. Stephanie Catherine Farler is a felon already for identity theft out of skagit County. Just got ankle bracelet off.

**Serial #:** Unk                 **Color:** White

### Seq #1

| | | | |
|---|---|---|---|
| **Property Codes:** | **Property Type:** Struct-Single Dwell | | **Date Received:** 12/04/2024 |
| Stolen | | **Initial Value:** $300.00 | |
| **Quantity:** 1.000 | **Unit of Measure:** Feet | | |

**Description:** Mobile Home; Unk; Forged my name to take my property (parcel #00464400000100) Happy Hill Div 2 Blk 000 D-00-Lot 1&N 30FTof Lot 2 put my brother Alan Keith Sprague and squatter Stephanie Catherine Farler.

**Serial #:** Ukn                 **Color:** White

## Vehicles

| No. Role | Vehicle Type | Year | Make | Model | Color | License Plate | State |
|---|---|---|---|---|---|---|---|

EX 58  P 13

SSH K180775-012725 Incident_&_Case_Reports #SO2024-90006302 3



# Case Report
# Compact

Print Date/Time:  03/13/2025 07:53
Login ID:  so4538
Case Number:  2024-90006302

ORI Number:

Snohomish County Sheriff's Office
WA0310000

## Case Details:

| | | | | | |
|---|---|---|---|---|---|
| Case Number: | 2024-90006302 | | Incident Type: | Identity Theft | |
| Location: | 4232 142ND AVE NE | | Occurred From: | 12/02/2024 15:25 | |
| | LAKE STEVENS, WA 98258 | | Occurred Thru: | 12/02/2024 15:30 | |
| | | | Reported Date: | 12/04/2024 16:02 Wednesday | |
| Reporting Officer ID: | SO4464-Meyer | Status: | Closed | Status Date: | 02/12/2025 |
| Assigned Bureau: | Precinct North | | | | |

## Offenses

| No. | Group/ORI | Crime Code | Statute | Description | Counts |
|---|---|---|---|---|---|
| 1 | State | 250 | 9A.60.020[2502] | FORGERY [OTHER] | 1 |
| 2 | State | 23H | 9A.56.040.1[2310] | THEFT 2 NO GUN-MV [FROM MAIL] | 1 |

### Offense # 1

| | | | | |
|---|---|---|---|---|
| Group/ORI: State | Crime Code: 250 | Statute: 9A.60.020 [2502] | Counts: 1 | Attempt/ Commit Code: Commit |
| Description: | FORGERY [OTHER] | | | Offense Date: 12/04/2024 |
| NCIC Code: | 2502 | Scene Code: | Home or Residence | Bias/Motivation: *None (No Bias) |
| Domestic Code: | No | | | |
| | IBR Seq. No: | 1 | | |
| | Cargo Theft: | No | | |

### Offense # 2

| | | | | |
|---|---|---|---|---|
| Group/ORI: State | Crime Code: 23H | Statute: 9A.56.040.1 [2310] | Counts: 1 | Attempt/ Commit Code: Commit |
| Description: | THEFT 2 NO GUN-MV [FROM MAIL] | | | Offense Date: 12/02/2024 |
| NCIC Code: | 2310 | Scene Code: | Home or Residence | Bias/Motivation: *None (No Bias) |
| Domestic Code: | No | | | |
| | IBR Seq. No: | 2 | | |
| | Cargo Theft: | No | | |

## Subjects

| Type | No. | Name | Address | Phone | Race | Sex | DOB/Age |
|---|---|---|---|---|---|---|---|
| Victim | 1 | Sprague, Marlene Renee | 1805 RAINIER AVE A EVERETT, WA 98201 | (425) 263-6463 | White | Female | 08/11/1953 71 |

### Subject # 1-Victim

| | | | |
|---|---|---|---|
| Primary: | No | Victim Type: | Individual |
| Name: | Sprague, Marlene Renee | Race: White | Sex: Female | DOB: 08/11/1953 |
| Address: | 1805 RAINIER AVE A | Height: 5ft 5 in | Weight: 195.0 lbs | Age: 71 |
| | EVERETT WA 98201 | Eyes: HAZ | Hair: GRY | State: WA |
| Primary Phone: | (425) 263-6463 | SSN: | DVL #: | |

### Related Offenses

| Group/ORI | Crime Code | Statute | Description |
|---|---|---|---|
| State | 250 | 9A.60.020[2502] | FORGERY [OTHER] |
| State | 23H | 9A.56.040.1[2310] | THEFT 2 NO GUN-MV [FROM MAIL] |

Domestic Violence Referrals:

EX58  P 14

SSH K180775-012725 Incident_&_Case_Reports #SO2024-90006302 2

Case Number: 2021-90006302  ORI  WA0310000

## 2024-90006302 COPY OF ONLINE REPORT

~~~~~~    ~~~ ~~ ~ ~~~~ ~~~~ ~~~~~~~~ ~ ~~~~~ ~~~~~~~~~

x:    [null <Marlene.sprague@yahoo.com>]

om    SNO911 Online Incident Report (No Reply) <no-reply@mycrimereport.us>

ite:    Thu, Dec 5, 2024 at 7:41 AM

*Attachment #3*

our incident report has been APPROVED. Your incident report is below, your assigned case number is 2024-0006302.

o file a supplemental report, click here.

**Comment from officer:**  Your online incident report has been given a case number. If you have any questions, please contact the North Precinct at (425) 388-5200. Thank you for your online submission.

# SNOHOMISH COUNTY POLICE CASE REPORT

## Summary

| | | | |
|---|---|---|---|
| Print Date/Time: | 12/5/2024 7:41:20 AM | Jurisdiction: | Snohomish County Sheriff's Office North Precinct |
| Case Number: | 2024-90006302 | ORI Number: | WA0310000NORTH |
| Reported By: | Web Incident Report | | |
| Web Report Type: | FRAUD ID | | |

ase

| | | | |
|---|---|---|---|
| Case Number: | 2024-90006302 | Incident Type: | FRAUD ID |
| Incident Location: | 4232 142 Ave NE Lake Stevens, WA 98258 | Victim Type: | INDIVIDUAL |
| | | Occurred From: | 12/2/2024 3:25:00 PM |
| Reported by: | Web Incident Report | Occurred Thru: | 12/2/2024 3:30:00 PM |
| | | Reported Date: | 12/4/2024 4:02:20 PM |

ubject

| | | | | | |
|---|---|---|---|---|---|
| Subject Type: | Reporting Party | Race: | White | Driver License No: | 43G Driver's |
| First Name: | Marlene | Ethnicity: | Not of Hispanic Origin | | |
| Middle Name: | Renee | | | Licensing State: | WA |
| Last Name: | Sprague | Sex: | Female | Address: | 1805 Rainier Ave A Everett, WA 98201 |
| | | DOB: | 8/11/1953 | | |
| | | Hgt: | 65 | | |
| | | Wgt: | 195 | Email: | Marlene.sprague@yahoo.com |
| | | Eyes: | HAZ | | |
| | | Hair: | GRY | Primary Phone: | 4252636463 Cell Personal |
| | | | | Secondary Phone: | |

roperty

| # | Status: | Stolen | | Serial #: | Ukn |
|---|---|---|---|---|---|
| 1 | Type: | Struct-Single Dwell | | Quantity: | 1 Feet |
| | Brand: | Mobile Home | | Est. Value: | 300 |
| | Model: | Unk | | Description: | Forged my name to take my property (parcel #00464400000100) Happy Hill Div 2 Blk 000 D 00-Lot 18N 20F Tof L or 2 out my brother Alan Keith Sprague and squatter Stephanie Catherine Farler. |
| | Color: | White | | | |

EX 58 p15

16

| # | Status: | Stolen | Serial #: | Unk |
|---|---------|--------|-----------|-----|
| 2 | Type: | Ident Documents | Quantity: | 2 Feet |
|   | Brand: | UNK | Est. Value: | 1 |
|   | Model: | Unk | Description: | Many court records with my signature. 24-2-05771-31 They copied it. Stephanie Catherine Farler is a felon already for identity theft out of skagit County. Just got ankle bracelet off. |
|   | Color: | White | | |

### arrative

Today December 5, 2024 the sheriff was doing an Ejectment for Stephanie Catherine Farler. (Squatter) off my property. My brother Alan Keith Sprague gave them problems. Stephanie was not there. My brother said that he owns the trailer, to the sheriff. No I said I do. He said Stephanie and him did a quick claim deed. I never signed it. They forged my signature. The sheriff body came probably taped the whole thing. I want felony charges on both of them for forgery. My land and trailer returned to me. The sheriff told me to file a vulnerable adult protection order on Stephanie Farler against my brother. She filled out all the paperwork. I will. I am my brother's POA. He's not mine as stated on the quick claim deed, so he or she had no right to sign on my behalf. I want to press charges. Thank you

Video evidence available for pickup: Yes

$EX \overline{58} P16$

17

1

2

3

4

5

6

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF SNOHOMISH

7

8

| MARLENE SPRAGUE, | NO. |
|---|---|
| Plaintiff, | SUMMONS |
| V. | |
| ALAN SPRAGUE and STEPHANIE FARLER, | |
| Defendants. | |

9

10

11

12

13

14   TO THE DEFENDANT:   A lawsuit has been started against you in the above-entitled Court by
the above-named Plaintiff. Plaintiff's claims are stated in the written Complaint, a copy of which
15   is served upon you with this Summons.

16   In order to defend against this lawsuit, you must respond to the Complaint by stating your
defense in writing and serve a copy upon the undersigned attorney for the Plaintiff within 20
17   days after service, or within 60 days after the service of this Summons if served outside the State
of Washington, excluding the day of service, or a Default Judgment may be entered against you
18   without notice. A Default Judgment is one where the Plaintiff is entitled to what is asked because
you have not responded. If you serve a Notice of Appearance on the undersigned attorney, you
19   are entitled to notice before a Default Judgment may be entered.

20   You may demand that the Plaintiff file this lawsuit with the Court. If you do so, the demand must
be in writing and must be served upon the Plaintiff. Within 14 days after you serve the demand,
21   the Plaintiff must file this lawsuit with the Court, or the service on you of this Summons and
Complaint will be void. If you wish to seek the advice of an attorney in this matter, you should
22   do so promptly so that your written response, if any, may be served on time.

23   This Summons is issued pursuant to Rule 4 of the Superior Court Civil Rules of the State of
Washington.

24   SUMMONS - 1

COGDILL NICHOLS REIN WARTELLE ANDREWS
3232 Rockefeller Avenue
Everett, WA 98201
Phone: (425) 259-6111
Fax:   (425) 259-6435

SERVICE COPY

Ex 59

1

2    Dated this _____ day of April, 2025.

3

4                                    COGDILL NICHOLS REIN WARTELLE ANDREWS

5

6                                    _____

7                                    By:  Cory D. Rein, WSBA #21908
                                         Attorney for Plaintiff

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24   SUMMONS - 2                                    COGDILL NICHOLS REIN WARTELLE ANDREWS
                                                    3232 Rockefeller Avenue
                                                    Everett, WA 98201
                                                    Phone: (425) 259-6111
                                                    Fax:   (425) 259-6435

1
2
3
4
5

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF SNOHOMISH

6

MARLENE SPRAGUE,                              NO.

7
                    Plaintiff,                COMPLAINT

8
        V.

9

ALAN SPRAGUE and STEPHANIE
10  FARLER,

11                  Defendants.

12

13  Plaintiff alleges as follows:

14                          **PARTIES**

15  1. Plaintiff is a resident of Snohomish County, Washington and was so at all times material

16     hereto.

17  2. Defendants Alan Sprague and Stephanie Farler are believed to be residents of Snohomish

18     County, Washington and were so at all times material hereto.

19

20                   **JURISDICTION AND VENUE**

21  3. This court has subject matter jurisdiction over the allegations alleged in this Complaint

22     and personal jurisdiction over the parties given that the property at issue is located in

23     Snohomish County and the Defendants are believed to reside in Snohomish County.

24  COMPLAINT - 1                          COGDILL NICHOLS REIN WARTELLE ANDREWS
                                                              3232 Rockefeller Avenue
                                           **SERVICE COPY**       Everett, WA 98201
                                                             Phone: (425) 259-6111
                                                             Fax:   (425) 259-6435

1    4. Venue is proper in Snohomish County.

2

3                                    **FACTS**

4    5. Plaintiff is the owner of the real property located at 4232 – 142$^{nd}$ Avenue NE, Lake

5       Stevens, WA, legally described as follows:

6              HAPPY HILL DIV 2 BLK 000 D-00-LOT 1 & N 30 FT OF LOT 2

7              Tax Parcel ID #: 00464400000100

8    6. On or about December 2, 2024, Defendants caused to be recorded with the Snohomish

9       County Auditor's Office a Quit Claim Deed purporting to transfer Plaintiff's property

10      from Plaintiff to the Defendants as a "gift."

11   7. The Quit Claim Deed was not signed by the Plaintiff nor was Plaintiff's signature

12      notarized by a Notary Public licensed in the State of Washington.

13   **8.** Both the Quit Claim Deed and the accompanying Real Estate Excise Tax Affidavit

14      purport to have been signed by Plaintiff though they were in fact not signed by the

15      Plaintiff. In addition, Plaintiff did not provide either of the Defendants, nor any other

16      third party, with any authority in any way to execute the Quit Claim Deed or Real Estate

17      Excise Tax Affidavit. Both the Quit Claim Deed and the Real Estate Excise Tax

18      Affidavit are attached to this Complaint as Exhibit "A".

19   9. Defendant Farler has a long and extensive criminal record. According to a "Prosecutor's

20      understanding of Defendant's criminal history" filed in Snohomish County Superior

21      Court under cause #: 25-1-00154-31, Defendant Farler's criminal history includes the

22      following felonies and adult misdemeanors:

23              • Theft of motor vehicle

24   COMPLAINT - 2                          COGDILL NICHOLS REIN WARTELLE ANDREWS
                                                                3232 Rockefeller Avenue
                                                                    Everett, WA 98201
                                                              Phone: (425) 259-6111
                                                                Fax: (425) 259-6435

- Identity Theft- $1^{st}$ degree
- Possession of stolen property
- Possession of drug paraphernalia
- Theft- $3^{rd}$ degree
- Criminal Trespass- $2^{nd}$ degree
- Theft- $3^{rd}$ degree
- Possession of stolen property
- Theft- $3^{rd}$ degree
- Theft- $3^{rd}$ degree

In February of 2025, Defendant Stephanie Farler was charged with $2^{nd}$ degree Identity Theft. Relevant documents from the Identity Theft charge are attached as Exhibit "B".

10. It appears that Defendant Farler has engaged in criminal behavior and activity and has used Plaintiff's address of 4232- $142^{nd}$ Avenue NE in Lake Stevens as part of her criminal activity.

11. Defendant Farler has filed numerous frivolous legal actions against the Plaintiff in an effort to harass, annoy, and disturb Plaintiff's peace.

## FIRST CAUSE OF ACTION:  QUIET TITLE

12. Plaintiff is the sole and exclusive owner of the real property described above in Lake Stevens, WA.  The Defendants, acting in some form of conspiracy and combination, executed a Quit Claim Deed and Real Estate Excise Tax Affidavit concerning that property in an effort to transfer ownership from the Plaintiff to the Defendants unlawfully.  Plaintiff is entitled to an Order Quieting Title to the Lake Stevens property against both Defendants.

COMPLAINT - 3

**SECOND CAUSE OF ACTION:  NUISANCE**

13. The actions of Defendant Farler described above constitute a nuisance and Plaintiff is

entitled to an appropriate order abating that nuisance.

**THIRD CAUSE OF ACTION:  VEXATIOUS LITIGANT**

14. Defendant Farler is a vexatious litigant having filed numerous frivolous actions and

pleadings against the Plaintiff.  The Court should label Defendant Farler as a "vexatious

litigant" and prohibit her from filing any future actions against this Plaintiff without

advance permission from this Court.

**FOURTH CAUSE OF ACTION:  SLANDER OF TITLE**

15. Defendants engaged in slander of title which has caused damages, including actual

attorney's fees, to be incurred by the Plaintiff.

**PRAYER FOR RELIEF**

Plaintiff prays for the following relief:

A.      An Order quieting title to the Lake Stevens property against both Defendants;

B.      An Order declaring Defendant Farler's actions to constitute a nuisance and

granting appropriate relief to abate that nuisance, including an order prohibiting defendant from

entering or remaining on plaintiff's real property in Lake Stevens;

C.      An Order declaring Defendant Farler a vexatious litigant and prohibiting her from

any future filings against this Plaintiff without advance court authorization;

D.      An award of Plaintiff's reasonable attorney's fees and costs of no less than $5,000

COMPLAINT - 4                                    COGDILL NICHOLS REIN WARTELLE ANDREWS
                                                                    3232 Rockefeller Avenue
                                                                    Everett, WA  98201
                                                                    Phone: (425) 259-6111
                                                                    Fax:   (425) 259-6435

1  should this matter be resolved by default, and such greater amount to be proven if the matter

2  proceeds to trial;

3     E.     For damages to Plaintiff against Defendant Farler in the minimum sum of $25,000

4  relating to the damage to Plaintiff, the cloud on the title to her real property, and such greater

5  amount to be proven at the time of trial if this matter is not resolved by default;

6     F.     For statutory fees and costs including service of process fees and filing fees; and

7     G.     For such other and further relief deemed to be just and equitable.

8

9     DATED THIS _____ day of April, 2025.

10                         COGDILL NICHOLS REIN WARTELLE ANDREWS

11

12                         _____

                           By:  Cory D. Rein, WSBA #21908
13                              Attorney for Plaintiff

14

15                              VERIFICATION

16     MARLENE SPRAGUE declares as follows:

17     I am the Plaintiff herein.  I have read the foregoing Complaint, know the contents thereof,
   and believe the same to be true and correct.  I declare under penalty of perjury of the laws of the
18  State of Washington that the within and foregoing is true and correct.

19

20     SIGNED at Everett, Washington this 26 day of April, 2025.

21

22                         _____
                           Marlene Sprague, Plaintiff
23

24  COMPLAINT - 5                         COGDILL NICHOLS REIN WARTELLE ANDREWS
                                                        3232 Rockefeller Avenue
                                                        Everett, WA  98201
                                                        Phone: (425) 259-6111
                                                        Fax:   (425) 259-6435

EXHIBIT "A"

202412020405
QUIT CLAIM DEED
Rec: $304.50
12/2/2024 3:27 PM    1 of 2
SNOHOMISH COUNTY,
WA

1340285

**Prepared By**

Name: Alan Sprague
Address: 4232 142nd Ave NE

State: WA          Zip Code: 98258

**After Recording Return To**

Name: Alan Sprague
Address: 4232 142nd Ave NE

State: WA          Zip Code: 98258

No. 13691268    12/2/2024 3:22 PM    10.00
Thank you for your payment.
EVA

---

Space Above This Line for Recorder's Use

## **QUIT CLAIM DEED**

STATE OF Washington

Snohomish                    COUNTY

KNOW ALL MEN BY THESE PRESENTS, That for and in consideration of the sum of
_____ ($ 1.00 _____ ) in hand paid to

Marlene Sprague _____, a _____, residing at 1805 Rainier Ave ,
County of Snohomish ____, City of Everett _____, State of Wa _____
(hereinafter known as the "Grantor(s)") hereby remise, release and forever quitclaim to
Alan Sprague _____ & Stephanie Parker , residing at 4232 142nd Ave NE ,
County of Snohomish ____, City of Lake Stevens ____, State of WA _____
(hereinafter known as the "Grantee(s)") all the rights, title, interest, and claim in or to the
following described real estate, situated in Snohomish _____ County,
_____, to-wit:

HAPPY HILL DIV 2 BLK 000 D-00 - LOT 1 & N 30 FT OF LOT 2

Parcel number 00464400000100

## [INSERT LEGAL DESCRIPTION HERE OR ATTACH AND INSERT]

**To have and to hold,** the same together with all and singular the appurtenances
thereunto belonging or in anywise appertaining, and all the estate, right, title, interest,
lien, equity and claim whatsoever for the said first party, either in law or equity, to the
only proper use, benefit and behoof of the said second party forever.



202412020405  Document:QCD Rec: $304.50 Page-2 of 2
Record Date:12/2/2024 3:27 PM Snohomish County, WA

Grantor's Signature

Marlene Sprague

Grantor's Name

1805 Rainier Ave

Address

Everett WA 98201

City, State & Zip

**In Witness Whereof,**

Witness's Signature

C h A a L 6 s  G. A B E n S

Witness's Name

6 7 0 /  1 5 7 T# S T  N w

Address

S Tanwood, wA   98292

City, State & Zip

STATE OF Washington          )

COUNTY OF Snohomish          )

Grantor's Signature

Alan Sprague

Grantor's Name

4232 142nd Ave NE

Address

Lake Stevens WA 98258

City, State & Zip

Witness's Signature

Scot Bacon

Witness's Name

1515 W CASINO R D.

Address

Everett  WA   98201

City, State & Zip

I, the undersigned, a Notary Public in and for said County, in said State, hereby certify that __Alan Sprague__ whose names are signed to the foregoing instrument, and who is known to me, acknowledged before me on this day that, being informed of the contents of the instrument, they, executed the same voluntarily on the day the same bears date.

Given under my hand this _2_ day of _December_, 20_24_.

Notary Public

My Commission Expires: _04/06/26_

WILKINS
COMMISSION EXPIRES
NOTARY
License No. 22034685
PUBLIC
04-06-2026
STATE OF WASHINGTON

202412037050
EXCISE AFFIDAVIT
12/12/2024 10:02 AM    1 of 2
SNOHOMISH COUNTY,
WA

**Department of Revenue** · Washington State

**Form 84 0001a**

☐ Check box if partial sale, Indicate % _____ sold.

# Real Estate Excise Tax Affidavit (RCW 82.45 WAC 458-61A)

Only for sales in a single location code on or after December 1, 2024.
This affidavit will not be accepted unless all areas on all pages are fully and accurately completed.
This form is your receipt when stamped by cashier. *Please type or print.*

List percentage of ownership acquired next to each name.

1340285

**1** Seller/Grantor

Name Marlene Sprague

Mailing address 1505 Roehler ave
City/state/zip Everett WA 98201
Phone (including area code) 425 263 6463

**2** Buyer/Grantee

Name Alan Sprague � and
stephanie Ufarler
Mailing address 4232 142nd ave NE
City/state/zip Lake Stevens wa
Phone (including area code) ☒ 425 535 8742

| List all real and personal property tax parcel account numbers | Personal property? | Assessed value(s) |
|---|---|---|
| 00464400000100 | ☒ | 156,372.00 |
| 031162 | ☐ | |
| | ☐ | |

**3** Send all property tax correspondence to: ☐ Same as Buyer/Grantee

Name Alan Sprague

Mailing address 4232 142nd ave NE
City/state/zip Lake Stevens Wa 98258

**4** Street address of property 4232 142nd ave NE
This property is located in Lake Stevens Wa 98258 *(for unincorporated locations please select your county)*
☐ Check box if any of the listed parcels are being segregated from another parcel, are part of a boundary line adjustment or parcels being merged.

Legal description of property (if you need more space, attach a separate sheet to each page of the affidavit).
HAPPY HILL DIV 2 BLK 000 D-00 -Lot 1 & N30 PT OF LOT 2

00464400000100

**5** Land use code 118

Enter any additional codes _____
(see back of last page for instructions)

Was the seller receiving a property tax exemption or deferral under RCW 84.36, 84.37, or 84.38 (nonprofit org., senior citizen or disabled person, homeowner with limited income)? ☐ Yes ☒ No

Is this property predominately used for timber as classified under RCW 84.34 and 84.33) or agriculture (as classified under RCW 84.34.020) and will continue in it's current use? If yes and the transfer involves multiple parcels with different classifications, complete the predominate use calculator (see instructions) ☐ Yes ☒ No

**6** Is this property designated as forest land per RCW 84.33? ☐ Yes ☒ No

Is this property classified as current use (open space, farm and agricultural, or timber) land per RCW 84.34? ☐ Yes ☒ No

Is this property receiving special valuation as historical property per RCW 84.26? ☐ Yes ☒ No

If any answers are yes, complete as instructed below.

**(1) NOTICE OF CONTINUANCE [FOREST LAND OR CURRENT USE]** NEW OWNER(S): To continue the current designation as forest land or classification as current use (open space, farm and agriculture, or timber) land, you must sign on (3) below. The county assessor must then determine if the land transferred continues to qualify and will indicate by signing below. If the land no longer qualifies or you do not wish to continue the designation or classification, it will be removed and the compensating or additional taxes will be due and payable by the seller or transferor at the time of sale (RCW 84.33.140 or 84.34.108). Prior to signing (3) below, you may contact your local county assessor for more information.

This land: ☐ does      ☐ does not qualify for continuance.

_____      _____
Deputy assessor signature           Date

**(2) NOTICE OF COMPLIANCE [HISTORIC PROPERTY]** NEW OWNER(S): To continue the special valuation as historic property, sign (3) below. If the new owner(s) doesn't wish to continue, all additional tax calculated pursuant to RCW 84.26, shall be due and payable by the seller or transferor at the time of sale.

**(3) NEW OWNER(S)'SIGNATURE**

Signature _____   Signature _____

Print name _____   Print name _____

**7** List all personal property (tangible and intangible) included in selling price. MHTE # 2000073I0738

If claiming an exemption, enter exemption code and reason for exemption. *See dor.wa.gov/REET for exemption codes*
Exemption No. (sec/sub) 458-61A -20)
Reason for exemption
GIFT

Type of document Quick Deed
Date of document 12-2-24

| | |
|---|---|
| Gross selling price | |
| *Personal property (deduct) | |
| Exemption claimed (deduct) | |
| Taxable selling price | |
| Excise tax: state | |
| Less than $525,000.01 at 1.1% | |
| From $525,000.01 to $1,525,000 at 1.28% | |
| From $1,525,000.01 to $3,025,000 at 2.75% | |
| Above $3,025,000 at 3% | |
| Agricultural and timberland at 1.28% | |
| Total excise tax: state | |
| Local | |
| *Delinquent interest: state | |
| Local | |
| *Delinquent penalty | |
| Subtotal | |
| *State technology fee | |
| Affidavit processing fee | |
| Total due | 10.00 |

A MINIMUM OF $10.00 IS DUE IN FEE(S) AND/OR TAX
*SEE INSTRUCTIONS

**8** I CERTIFY UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT

Signature of grantor or agent _____ POA
Name (print) Marlene Sprague
Date & city of signing 12-2-24   Everett wA

Signature of grantee or agent _____
Name (print) Alan Sprague & stephanie faner
Date & city of signing 12-2-24   Everett wA

Perjury in the second degree is a class C felony which is punishable by confinement in a state correctional institution for a maximum term of five years, or by a fine in an amount fixed by the court of not more than $10,000, or by both such confinement and fine (RCW 9A.72.030 and RCW 9A.20.021(1)(c)).
To ask about the availability of this publication in an alternate format for the visually impaired, please call 360-705-6705, Teletype (TTY) users may use the WA Relay Service by calling 711.

REV 84 0001a (11/13/24)                    THIS SPACE TR

1340285

No. 13691268    12/2/2024 3:22 PM   10.00
Thank you for your payment.
EVA

*Print on legal size paper.*
Page 1 of 6

202412037050 Document:EXCISE Page-2 of 2
Record Date:12/3/2024 10:02 AM Snohomish County, WA



State of Washington
Department of Revenue
Miscellaneous Tax Section
PO Box 47477
Olympia WA 98504-7477

# REAL ESTATE EXCISE TAX
## SUPPLEMENTAL STATEMENT
(WAC 458-61A-304)

This form must be submitted with the Real Estate Excise Tax Affidavit (FORM REV 84 0001A for deeded transfers and Form REV 84 0001B for controlling interest transfers) for claims of tax exemption as provided below. Completion of this form is required for the types of real property transfers listed in numbers 1-3 below. Only the first page of this form needs original signatures.

**AUDIT:** Information you provide on this form is subject to audit by the Department of Revenue. **In the event of an audit, it is the taxpayers' responsibility to provide documentation to support the selling price or any exemption claimed.** This documentation must be maintained for a minimum of four years from date of sale. (RCW 82.45.100) Failure to provide supporting documentation when requested may result in the assessment of tax, penalties, and interest. Any filing that is determined to be fraudulent will carry a 50% evasion penalty in addition to any other accrued penalties or interest when the tax is assessed.

Perjury in the second degree is a class C felony which is punishable by confinement in a state correctional institution for a maximum term of five years, or by a fine in an amount fixed by the court of not more than $10,000, or by both such confinement and fine (RCW 9A.72.030 and RCW 9A.20.021(1)(c)).

The persons signing below do hereby declare under penalty of perjury that the following is true (check appropriate statement):

1. ☐ **DATE OF SALE:** (WAC 458-61A-306(2))

   I, (print name) _____ certify that the _____
   (type of instrument), dated _____, was delivered to me in escrow by _____
   (seller's name). NOTE: Agent named here must sign below and indicate name of firm. The payment of the tax is considered current if it is not more than 90 days beyond the date shown on the instrument. If it is past 90 days, interest and penalties apply to the date of the instrument.
   Reasons held in escrow _____

   _____                    _____
   Signature                          Firm Name

2. **GIFTS:** (WAC 458-61A-201) The gift of equity is non-taxable; however, any consideration received is not a gift and is taxable. The value exchanged or paid for equity plus the amount of debt equals the taxable amount. One of the boxes below must be checked.
   Grantor (seller) gifts equity valued at $ _____ to grantee (buyer).
   NOTE: Examples of different transfer types are provided on the back. This is to assist you with correctly completing this form and paying your tax.
   "Consideration" means money or anything of value, either tangible (boats, motor homes, etc) or intangible, paid or delivered, or contracted to be paid or delivered, including performance of services, in return for the transfer of real property. The term includes the amount of any lien, mortgage, contract indebtedness, or other encumbrance, given to secure the purchase price, or any part thereof, or remaining unpaid on the property at the time of sale. "Consideration" includes the assumption of an underlying debt on the property by the buyer at the time of transfer.

   A. **Gifts with consideration**
      1. ☐ Grantor (seller) has made and will continue to make all payments after this transfer on the total debt of
         $ _____ and has received from the grantee (buyer) $ _____
         (include in this figure the value of any items received in exchange for property). Any consideration received by grantor is taxable.
      2. ☐ Grantee (buyer) will make payments on _____% of total debt of $ _____ for which grantor (seller) is liable and pay grantor (seller) $ _____ (include in this figure the value of any items received in exchange for property). Any consideration received by grantor is taxable.

   B. **Gifts without consideration**
      1. ☒ There is no debt on the property; Grantor (seller) has not received any consideration towards equity.
         No tax is due.
      2. ☐ Grantor (seller) has made and will continue to make 100% of the payments on the total debt of $ _____
         and has not received any consideration towards equity. No tax is due.
      3. ☐ Grantee (buyer) has made and will continue to make 100% of the payments on total debt of $ _____
         and has not paid grantor (seller) any consideration towards equity. No tax is due.
      4. ☐ Grantor (seller) and grantee (buyer) have made and will continue to make payments from joint account on total debt before and after the transfer. Grantee (buyer) has not paid grantor (seller) any consideration towards equity.
         No tax is due.

   Has there been or will there be a refinance of the debt? ☐ YES ☒ NO (If yes, please call 360-704-5905 to see if this transfer is taxable). If grantor (seller) was on title as co-signor only, please see WAC 458-61A-215 for exemption requirements.
   The undersigned acknowledge this transaction may be subject to audit and have read the above information regarding record-keeping requirements and evasion penalties.
   All Grantors (sellers) and Grantees (buyers) must sign below. Copies of this statement may be countersigned to accommodate multiple signatures.

   _____  POA          12/2/24          _____          12/2/24
   Grantors' Signatures          Date             Grantees' Signatures      Date

   Marlene Sprague                               Alan Sprague  Stephanie Parler
   Grantors' Names (print)                       Grantees' Names (print)

3. ☐ **IRS "TAX DEFERRED" EXCHANGE** (WAC 458-61A-213)

   I, (print name) _____, certify that I am acting as an Exchange Facilitator in transferring real property to _____ pursuant to IRC Section 1031, and in accordance with WAC 458-61A-213. NOTE: Exchange Facilitator must sign below.

   _____          _____          _____
   Exchange Facilitator's Signature    Date          Exchange Facilitator's Name (print)

For ask about the availability of this publication in an alternate format for the visually impaired, please call 360-705-6705. Teletype (TTY) users may use the Washington Relay Service by calling 711.

REV 84 0002ea (7/20/23)                                              COUNTY TREASURER

EXHIBIT "B"

ELECTRONICALLY FILED
3/5/2025 11:14 AM
Heidi Percy
County Clerk
Snohomish County, WASH
Case Number: 25-1-00154-31

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF SNOHOMISH

| | |
|---|---|
| STATE OF WASHINGTON,<br>Plaintiff,<br><br>v.<br><br>FARLER, STEPHANIE CATHERINE,<br>Defendant. | No. 25-1-00154-31<br><br>AFFIDAVIT OF PROBABLE CAUSE<br>(AMENDED) |

AFFIDAVIT BY CERTIFICATION:

The undersigned certifies that I am a Deputy Prosecuting Attorney for Snohomish County, Washington, and make this affidavit in that capacity; that criminal charges have been filed against the above-named defendant in this cause, and that I believe probable cause exists for the arrest of the defendant on the charges because of the following facts and circumstances. This information is not based upon any independent or personal knowledge of these events, unless specifically noted.

In Snohomish County, Washington, the Defendant committed the acts described in the synopsis attached hereto and incorporated herein by reference.

The State does not object to release of the defendant on personal recognizance. The State requests pretrial conditions of no crimes and no possession or use of other's financial or identifying information.

Based upon a review of databases maintained by state and federal agencies, the Prosecutor's understanding of the defendant's criminal history is set forth in Appendix A attached hereto and incorporated herein by reference.

I certify (or declare) under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct.



EXHIBIT B

Affidavit of Probable Cause
State v. STEPHANIE CATHERINE FARLER

Snohomish County Prosecuting Attorney
PA #22-10963 / HOPKINS / BOSKA

JASON J. CUMMINGS
PROSECUTING ATTORNEY


IAN F. HOPKINS, WSBA #: 54138
Deputy Prosecuting Attorney

DATED the ___5___ day of ___March___, 2025 at the Snohomish County
Prosecuting Attorney's Office in Snohomish County, Washington.

**000189**

Case Number: 2022-00127607. ORI: WA0310000.



| SNOHOMISH COUNTY SHERIFF'S OFFICE<br>3000 Rockefeller Ave<br>Everett, WA 98201<br>(425) 388-3523 | **Initial Case Report**<br><br>Case Report # **2022-00127607** |

---

## NARRATIVE

Snohomish County Sheriff's Office

Deputy A. Mozeak #1663

Case: Fraud

Case Number: 2022-127607

Connecting SCSO Case Number: 2022-100035 and 2022-131022

Connecting Marysville Case Number: 2022-12364

Informational Pierce County Sheriff's Office Case Numbers: 2022-790139 and 2021-33800323

Narrative

On Friday, September 9, 2022, at about 1927 hours, SCSO was dispatched to a report of a fraud located at 23729 Wallitner Rd in unincorperated Arlington, Snohomish County Washington. The reporting party later identified as 28-year-old Kaela Petitt reported to dispatch that over the past four years her credit card and driver's license information has been fraudulently used. I initially contacted Petitt via phone.

While on the phone Petitt stated that she found out her driver's license had been stolen in March of 2022 while trying to file for unemployment. She said she believed someone had also stolen her social security number which then somehow allowed them to access into her account with the Department of Licensing. She said she contacted the Department of Licensing and learned that a duplicate of her license had been sent to the physical address of 5511 51st Ave CT NW, Gig Harbor WA 983355. She learned from the Department of Licensing that her license had been sent to the Gig Harbor address in November of 2021. Petitt stated she had made a fraud report with Marysville Police Department about this in March (Marysville Police case report 2022-12364).

Today she received a phone call from Aaron's furniture store located at 7601 Evergreen Way in Everett Snohomish County, Washington. The store employee had advised she had an outstanding balance of 1,800 dollars for a twin mattress set. Petitt told the employee that she hasn't bought anything from their store and the purchase was fraudulent.

Petitt said that she was informed that they had an online purchase using her name to the address located at 4232 142nd Ave NE Lake Stevens Washington. Petitt was advised when Aaron's delivered the mattress to the lake Steven address, they verified her drivers license with the female they left the mattress with.

I met with Petitt in person and collected a written statement. Petitt also provided two statements from Experian showing that there was a recent online application for a freedomplus loan which had been declined. The letters were dated for August 2022 and September 2022. Petitt stated this was also fraudulent. The letters are attached to the case report along with her statement form.

I contacted Aaron's and spoke with employee Nicole Freed. Freed advised they received an online order for an Ashley furniture twin mattress, twin foundation, and mattress encasement. She said they received the order and accepted the

This report was submitted from an electronic device owned, issued, or maintained by a law enforcement agency using my user ID and password. I certify or declare under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct.

| REPORTING OFFICER / ID #<br>**Mozeak, Anthony** | 1663 | APPROVING SUPERVISOR<br>Miner, James M | |
| --- | --- | --- | --- |
| LOCATION SIGNED **Snohomish County, WA** | | DATE SIGNED | 09/09/2022 |

This officer's narrative is complete when an approving supervisor's name is attached.  Complete report details do not print in this format. SO Case 2022-00127607 Page 4 OF 8

000190

Case Number: 2022-00127607. ORI: WA0310000.



| SNOHOMISH COUNTY SHERIFF'S OFFICE<br>3000 Rockefeller Ave<br>Everett, WA 98201<br>(425) 388-3523 | **Initial Case Report** |
|---|---|
| | **Case Report # 2022-00127607** |

---

**NARRATIVE (continuation)**

---

order in early August of 2022. Freed stated the suspect identifying herself as Kaela Petitt called asking to pick up the items from the store, she had ordered online. Freed advised that any order that's made on Ecomm, which is a payment plan must be delivered to the listed address to verify identity and payment information. Freed stated the female argued with her and wanted to pick up the items from the store. She stated after a long conversation the female finally agreed to getting the items dropped off to the Lake Stevens address.

Freed said on August 11, 2022, she delivered the items to the Lake Stevens address. When she got there, she met a female outside who identified herself as Kaela Petitt. Freed said she handed her a driver's license with Kaela Petitt's name on it and the picture looked like the female standing in front of her. She documented the last four numbers from the driver's license ending in C03B on their delivery receipt.

Several weeks later Freed stated the payments for the card they had on file for her were declined. Freed stated she tried calling the phone numbers they had on file which all were no longer in service. Freed said she went back to the address and spoke with another person at the front door. This person told Freed that "Petitt" still resides there but wasn't currently home. Freed asked for another contact number from this person. They told her that "Petitt" didn't have a good number that she would answer to. Freed said she went back to her office and "TLO" Petitt's number and located the actual Petitt's phone number.

I conducted a location history check of 4232 142nd Ave NE Lake Stevens Washington. On July 18, 2022, I located a warrant arrest call (case 2022-100035) that listed a Stephanie Farler as another involved. The arrested party was identified as Dederick Norwood.

I contacted Pierce County Sheriff's Office to follow up with 5511 51st Ave CT NW, Gig Harbor WA. I spoke with Pierce County Deputy Piland. Deputy Piland advised that they have two domestic violence physical cases (22-790139 and 21-33800323) involving Farler and Norwood. It was reported they are in a dating relationship and at one point reported the Gig Harbor address as their primary address. The 2022 case took place on March 20th, 2022, and the 2021 case took place on December 4th, 2021.

Petitt recontacted me and advised she was able to access the fraudulent email which had been documented in the Marysville Police report. In the email it appears to have been attached to a phone number. The email had two messages that was address to a Stephanie. The emails have been attached to the case report. See the screen shots for more information.

Using New World LERMS program, I generated a photo montage using jail booking photos. I placed Farler as the number 4 photo.

On September 10th, 2022, at about 1800 hours, I went to Aaron's furniture store located at 7601 Evergreen Way in Everett Snohomish County, Washington to meet with Freed. Freed provided me the paperwork for the online order information and the receipt which the suspect had signed at the Lake Stevens address. Freed also provided me a written statement form which has been attached to the case report.

---

This report was submitted from an electronic device owned, issued, or maintained by a law enforcement agency using my user ID and password. I certify or declare under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct.

| REPORTING OFFICER / ID#<br>**Mozeak, Anthony** | 1663 | APPROVING SUPERVISOR<br>**Miner, James M** | |
|---|---|---|---|
| LOCATION SIGNED **Snohomish County, WA** | | DATE SIGNED | 09/09/2022 |

This officer's narrative is complete when an approving supervisor's name is attached. Complete report details do not print in this format. 27607 Page 5 OF 8

000191

Case Number: 2022-00127607. ORI: WA0310000.



| SNOHOMISH COUNTY SHERIFF'S OFFICE 3000 Rockefeller Ave Everett, WA 98201 (425) 388-3523 | **Initial Case Report** |
| | Case Report # **2022-00127607** |

---

## NARRATIVE (continuation)

I asked Freed if she was willing to look at a photo lineup, she stated yes. We read over the SCSO witness identification instructions and filled out the page. I than handed her the photo lineup. She went through all 6 photos and pulled out photo number 2, 3, 4 and 6. She placed them next to each other and said she didn't see a scar on her face and removed number 2. Freed pointed at number 4 and said it was the shape of her eyes that she remembers from the person who presented the fraud license. Freed circled number 4 and said she was 75% sure that number 4 was the person that identified herself as Kaela Petitt

The photo line up has been attached to the case report.

Based on the information, I developed probable cause to arrest Stephanie Farler for RCW 9.35.020.2 Identity theft in the first degree.

The elements of Identity theft:

1) No person may knowingly obtain, possess, use, or transfer a means of identification or financial information of another person, living or dead, with the intent to commit, or to aid or abet, any crime: Farler used and possess Petitt identification for purchasing the mattress set.

(2)Violation of this section when the accused or an accomplice violates subsection (1) of this section and obtains credit, money, goods, services, or anything else of value in excess of one thousand five hundred dollars in value, or when the accused knowingly targets a senior or vulnerable individual in carrying out a violation of subsection (1) of this section, shall constitute identity theft in the first degree. Identity theft in the first degree is a class B felony punishable according to chapter  RCW: Farler purchased goods in excess of one thousand five hundred dollars using Petitt identity.

Farler has been convicted of 4 gross misdemeanors, two counts of theft 3rd degree and two counts of possess stolen property 3rd degree. The dates range from years of 2013 to 2019. Currently she has a warrant for theft 3rd out of Island County District Court and a DUI warrant out of King County.

I am applying for a search warrant for the property of 4232 142nd Ave NE Lake Stevens, Snohomish County Washington to arrest Stephanie Farler and collect Kaela Petitt duplicate driver's license, any other items, documents, machines, or information that would provide evidence to support the crime of identity theft.

On 09-16-22 at about 1020 hours, I received an email from Snohomish County Superior Court Judge Farris that my search warrant was approved.

I filled out threat assessment for planned operation which pointed out at 6. I advised Sgt Navarro of the points and went over the plan to approach the residence. Attached to the case report is the threat assessment plan.

This report was submitted from an electronic device owned, issued, or maintained by a law enforcement agency using my user ID and password. I certify or declare under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct.

| REPORTING OFFICER / ID# Mozeak, Anthony | 1663 | APPROVING SUPERVISOR Miner, James M | |
| LOCATION SIGNED Snohomish County, WA | | DATE SIGNED | 09/09/2022 |

This officer's narrative is complete when an approving supervisor's name is attached.   Complete report details do not print in this format. 2022-00127607 Page 8 OF 8

000192

Case Number: 2022-00127607. ORI: WA0310000.



| SNOHOMISH COUNTY SHERIFF'S OFFICE<br>3000 Rockefeller Ave<br>Everett, WA 98201<br>(425) 388-3523 | Initial Case Report |
|---|---|
| | Case Report # 2022-00127607 |

## NARRATIVE (continuation)

On 09-16-22 at about 1940 hours, I arrived to 4232 142nd Ave NE Lake Stevens, Snohomish County Washington and located Farler and Norwood in the shed directly behind the house. Farler and Norwood were taken into custody.

Norwood was booked for his warrant under SCSO case number 2022-131022

Farler was placed into the back of my patrol vehicle where I video recorded reading her Miranda rights from my county issued Miranda card. Farler stated she understood and was willing to speak to police.

I asked Farler if she knew a Kaela Petitt, she stated no.

I asked if she had any furniture delivered in August or from Aaron's furniture, she stated no.

I told her I was investigating an identity theft case with her as the suspect for using Kaela Petitt's id in ordering furniture. I told her I already had someone pick her out of a line up and had a warrant for her arrest. I asked if she was willing to cooperate and tell me where the items where located.

She asked if she could speak to her mom. I told her I needed an answer before she spoke with her mom. I told her it would make the process a lot quicker if she could tell me where the documents and Petitt's license was located. I asked if she knew what I was talking about and she stated, umm, I umm. She then said, I think, I should talk to my lawyer. When I started to turn off the video, she then asked if I was going to be here forever. I told her I was going to be here for as long as it takes until I find the documents I am looking for.

Pettit said... "Okay fine I will show you". She said she only had the driver's license and no other documents. Farler couldn't tell me where the items were located. I then ended the interview.

I looked for Farler's mother but wasn't able to locate her.

While searching the back shed, I located Pettit's driver's license ending in C03B along with multiple documents containing her name. Additional items I located where multiple ledgers which contain multiple people's social security number, addresses, drivers license numbers, bank accounts, credit card numbers and dates. I collected her cell phone which she had on her during her arrest and a laptop located next to some of the stolen mail. For the full list of items collected for evidence along with the associated names, see evidence barcodes along with the photos taken and booked into digitalonQ.

Deputy Raney transported Farler to SCSO jail where she was booked for RCW 9.35.020.2 Identity theft in the first degree.

A copy for the warrant was left with the homeowner identified as Alan Sprague. Sprague also advised the blue Nissan Altima bearing Washington license plate BYE1603 parked in the driveway belonged to Farler. A computer checks of the vehicle showed it was in sold status but didn't show who the vehicle was sold to.

Looking inside the vehicle, I noticed a purse in the front seat and a bag in the back seat. I could see what appeared as possibly another identification card or bank card in the front center consul. based on the evidence located in the shed, I towed the vehicle to SCSO north precinct where I will apply for a vehicle search warrant. Any new information will be

This report was submitted from an electronic device owned, issued, or maintained by a law enforcement agency using my user ID and password. I certify or declare under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct.

| REPORTING OFFICER / ID #<br>Mozeak, Anthony | 1663 | APPROVING SUPERVISOR<br>Miner, James M | |
|---|---|---|---|
| LOCATION SIGNED Snohomish County, WA | | DATE SIGNED | 09/09/2022 |

This officer's narrative is complete when an approving supervisor's name is attached. Complete report details do not print in this format. 2022-00127607 Page 7 OF 8

**000193**

Case Number: 2022-00127607, ORI: WA0310000.



| SNOHOMISH COUNTY SHERIFF'S OFFICE 3000 Rockefeller Ave Everett, WA 98201 (425) 388-3523 | **Initial Case Report** |
|---|---|
| | Case Report # **2022-00127607** |

---

**NARRATIVE (continuation)**

---

documented in a case supplement.

Please forward this case to property crime for their review.

EOR

Deputy A. Mozeak #1663

This report was submitted from an electronic device owned, issued, or maintained by a law enforcement agency using my user ID and password. I certify or declare under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct.

| REPORTING OFFICER / ID # Mozeak, Anthony | 1663 | APPROVING SUPERVISOR Miner, James M | |
|---|---|---|---|
| LOCATION SIGNED Snohomish County, WA | | DATE SIGNED | 09/09/2022 |

This officer's narrative is complete when an approving supervisor's name is attached. Complete report details do not print in this format.  2022-00127607 Page 8 OF 8

**25-1-00154-31**

**APPENDIX A TO PLEA AGREEMENT**
PROSECUTOR'S UNDERSTANDING OF DEFENDANT'S CRIMINAL HISTORY
(SENTENCING REFORM ACT)

| | | | |
|---|---|---|---|
| DATE: | February 12, 2025 (tmm/puk) | DOB: | |
| DEFENDANT: | **FARLER, STEPHANIE CATHERINE** | RACE: | White / Caucasian |
| ALIAS(ES): | | GENDER: | Female |

SID: WA23855622     FBI: 66337RC0     DOC:
DNA taken: Yes

| CRIME | DATE OF CONVICTION | PLACE OF CONVICTION | Incarceration/Probation DISPOSITION |
|---|---|---|---|
| **ADULT FELONIES:** | | | |
| Theft of Motor Vehicle (B) | 06/20/24 | Skagit County 23-1-00545-29 | 4 Mos Confinement 12 Mos Comm Custody |
| First Degree Identity Theft (B) | 06/20/24 | Skagit County 23-1-00545-29 | 4 Mos Confinement 12 Mos Comm Custody |

| **ADULT MISDEMEANORS:** | DATE OF VIOLATION | | COURT CASE # |
|---|---|---|---|
| 1.  Possession of Stolen Property 3 | 10/31/12 | Skagit County | 13-1-00015-5 |
| 2.  Possession Drug Paraphernalia | 06/09/13 | Snohomish County | |
| 3.  Theft 3 | 12/31/13 | Snohomish County | |
| 4.  Criminal Trespass 2 | 05/05/14 | Snohomish County | |
| 5.  Theft 3 | 09/27/14 | Snohomish County | |
| 6.  Possession of Stolen Property 3 | 01/02/15 | Snohomish County | |
| 7.  Theft 3 | 02/22/19 | Snohomish County | |
| 8.  Theft 3 | 04/16/24 | Snohomish County | |

**JUVENILE FELONIES:**          DATE OF CONVICTION

NONE

**JUVENILE MISDEMEANORS:**          DATE OF VIOLATION

NONE

Appendix A to Plea Agreement - Page 2 of 2

FARLER, STEPHANIE CATHERINE

## AFFIDAVIT BY CERTIFICATION

I am a paralegal employed by the Snohomish County Prosecutor's Office, and make this affidavit in that capacity. I have reviewed the following databases maintained by federal and state agencies to determine the above named defendant's criminal history: NCIC (maintained by the FBI), WWCIC (Washington State Patrol Criminal History Section), JIS (Judicial Information System). I may have reviewed the following databases or other sources, including but not limited to: DOL (Washington State Department of Licensing) and DOC (Washington State Department of Corrections). A review of those sources indicates the defendant's criminal history is as listed above.

I certify (or declare) under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct.

PARALEGAL

DATED this February 12, 2025, at the Snohomish County Prosecutor's Office

FILED

2025 FEB 20  PM 2: 37

HEIDI PERCY
COUNTY CLERK
SNOHOMISH CO. WASH

25 – 1 – 00154 – 31
INFO          1
Information
18341343

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF SNOHOMISH

STATE OF WASHINGTON,
              Plaintiff,

v.

FARLER, STEPHANIE CATHERINE,
DOB: 04/28/1990,

              Defendant.

No. 25  1  00154  31

INFORMATION

Co-Defendant(s):

Comes now JASON J. CUMMINGS, Prosecuting Attorney for the County of Snohomish, State of Washington, and charges the above-named defendant(s) with the following crime(s) committed in the State of Washington.

Count 1:    **SECOND DEGREE IDENTITY THEFT** committed as follows:
That the defendant, on one or more dates from on or about the 21st day of July, 2022, through on or about the 11th day of August, 2022, did knowingly obtain, possess, use and transfer a means of identification and financial information of a person, to-wit: Kaela Petitt, with the intent to commit, aid and abet a crime, to-wit: Forgery and Theft; proscribed by RCW 9.35.020 (1) and (3), a felony.

As used in the above charge, a defendant commits the crime of forgery when, with intent to injure or defraud, the defendant falsely makes, completes, or alters a written instrument or possesses, utters, offers, disposes of, or puts off as true, a written instrument which the defendant knows to be forged.

As used in the above charge, theft means to wrongfully obtain or exert unauthorized control over the property or services of another, or the value thereof, with intent to deprive that person of such property or services or by color or aid of deception, to obtain control over the property or services of another, or the value thereof, with intent to deprive that person of such property or services or to appropriate lost or misdelivered property or services of another, or the value thereof, with intent to deprive that person of such property or services.

                            JASON J. CUMMINGS
                            PROSECUTING ATTORNEY

IAN F. HOPKINS, #: 54138
Deputy Prosecuting Attorney

DATED the 19th day of February 2025, at the Snohomish County Prosecuting Attorney's Office.

Address(es):
1206 ASH AVE #6 MARYSVILLE, WA 98270
4232 142ND AVE NE LAKE STEVENS, WA 98258
10210 SHOULTES RD MARYSVILLE, WA 98270-8302
4232 142ND AVENUE NE LAKE STEVENS, WA 98258

HT: 5' 10"          DOB: 04/28/1990              SID: WA23855622
WT: 190             SEX: Female                   FBI: 66337RC0
EYES: Green         RACE: White / Caucasian       DOC:

HAIR: Unknown or    DOL: WDL37RN8843B             DOL STATE: WA
Completely Bald
DOL REPORT CODES:
ORIGINATING AGENCY: SCSO - SNOHOMISH       AGENCY CASE#: 22127607
COUNTY SHERIFF'S OFFICE

*4/28/2 3*

*Scanned*

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF SNOHOMISH

| | |
|---|---|
| STEPHANIE FARLER, | ) |
| | ) NO. 24-2-05702-31 |
| Plaintiff, | ) |
| | ) |
| v. | ) MOTION FOR DISMISSAL FOR FAILURE |
| | ) TO STATE A CLAIM |
| MARLENE SPRAGUE, DARLENE | ) |
| ROSENQUIST, and JUSTICE CLARK, | ) |
| | ) |
| Defendants. | ) |
| | ) |

## 1.  RELIEF REQUESTED

Defendants Marlene Sprague and Darlene Rosenquist seek dismissal by way of Civil Rule

12(b)(6) of Plaintiff's Complaint for intentional infliction of emotional distress.

## 2.  STATEMENT OF FACTS

Defendant Marlene Sprague and Darlene Rosenquist are sisters.  Defendant Sprague

owns a home in Lake Stevens.  That home is occupied by her brother, and to one extent or

another, the property has been occupied by Plaintiff Stephanie Farler.

In November 2024, Judge William Steffener signed a Writ of Ejectment directing the

Snohomish County Sheriff to eject Plaintiff Farler from Defendant Sprague's Lake Stevens

property.  Plaintiff was so ejected.  Plaintiff thereafter asked Judge Steffener to vacate his order

of ejectment and, on April 16, 2025, Judge Steffener denied that motion on the merits.

MOTION FOR DISMISSAL FOR FAILURE TO STATE
A CLAIM- 1

Cogdill Nichols Rein Wartelle Andrews
3232 Rockefeller Avenue
Everett, WA 98201
(425) 259-6111
(425) 259-6435 fax



1    After Plaintiff was ejected from Defendant Sprague's property, she forged Defendant

2  Sprague's signature on a Quit Claim Deed and Real Estate Excise Tax Affidavit that purported to

3  transfer Defendant Sprague's Lake Stevens property into Plaintiff Farler's name and the name of

4  another party.

5    Defendant Sprague has brought a separate lawsuit to quiet title to her Lake Stevens

6  property, to declare Plaintiff Farler a vexatious litigant, and to enjoin Plaintiff from any such

7  further fraudulent activities.

8    In the meantime, Plaintiff Farler has sued Defendants Sprague and Rosenquist for

9  "intentional infliction of emotional distress." The allegations against Defendants Sprague and

10  Rosenquist seem to be based upon Defendant Sprague enforcing her ownership rights of her own

11  property and ejecting the Plaintiff from that same property. The vast majority of allegations set

12  forth in the Amended Complaint are directed at a third party, Justice Clark, unrelated to

13  Defendants Sprague and Rosenquist. There appear to be no allegations in the Amended

14  Complaint that would support a claim of intentional infliction of emotional distress which makes

15  sense since no such claim exists when a property owner proceeds through a lawful ejectment

16  action successfully in court.

17

18                                    3.  ISSUE

19    The Court is presented with the following issue:

20    A.  Should Plaintiff's Complaint against Defendants Sprague and Rosenquist be
         dismissed with prejudice for failure to state a claim on which relief can be granted?

21

22

23

24  MOTION FOR DISMISSAL FOR FAILURE TO STATE                    Cogdill Nichols Rein Wartelle Andrews
    A CLAIM- 2                                                            3232 Rockefeller Avenue
                                                                            Everett, WA 98201
                                                                            (425) 259-6111
                                                                          (425) 259-6435 fax

1    ## 4.    EVIDENCE RELIED UPON

2    This motion is based upon the records and files herein, and the Declaration of Cory D.

3    Rein filed herewith.

4    ## 5.    LEGAL AUTHORITY

5    "Dismissal under CR 12(b)(6) is appropriate in those cases where the plaintiff cannot

6    prove any set of facts consistent with the complaint that would entitle the plaintiff to relief."

7    Jackson v. Quality Loan Serv. Corp., 186 Wn. App. 838, 843 (2015).

8    " 'If a plaintiff's claim remains legally insufficient even under his or her proffered

9    hypothetical facts, dismissal pursuant to CR 12(b)(6) is  appropriate.' "    Jackson, at 843–44.

10    Here, plaintiff claims that defendants Sprague and Rosenquist are liable for intentional

11    infliction of emotional distress.  The claim is commonly referred to as a claim for the tort of

12    "outrage."

13    "The tort of outrage requires the proof of three elements: (1) extreme and outrageous

14    conduct, (2) intentional or reckless infliction of emotional distress, and (3) actual result to

15    plaintiff of severe emotional distress."  Kloepfel v. Bokor, 149 Wn.2d 192, 195 (2003).

16    The tort of outrage is only applicable in extreme situations:

17    *Grimsby* held any claim for intentional infliction of emotional distress
       must be predicated on behavior " '*so outrageous in character, and so*
18    *extreme in degree, as to go beyond all possible bounds of decency, and
       to be regarded as atrocious, and utterly intolerable in a civilized*
19    *community.*' " *Id.* at 59, 530 P.2d 291 (quoting *Restatement (Second) of
       Torts* § 46 cmt. d). That must be conduct "which the recitation of the
20    facts to an average member of the community would arouse his
       resentment against the actor and lead him to exclaim "Outrageous!"
21    '[cite omitted] Consequently, the tort of outrage " 'does not extend to
22    mere insults, indignities, threats, annoyances, petty oppressions, or
       other trivialities.' In this area plaintiffs must necessarily be hardened to
23

24    MOTION FOR DISMISSAL FOR FAILURE TO STATE    Cogdill Nichols Rein Wartelle Andrews
      A CLAIM- 3                                                      3232 Rockefeller Avenue
                                                                              Everett, WA 98201
                                                                                (425) 259-6111
                                                                             (425) 259-6435 fax

1

2
       a certain degree of rough language, unkindness and lack of consideration."

3
Kloepfe, at 196.

4
Here, plaintiff's claims *against defendants Sprague and Rosenquist* in her amended

5
complaint, even if true, do not establish "extreme and outrageous conduct" on the part of

6
defendants Sprague and Rosenquist. The amended complaint alleges only the following:

7
- That defendant Sprague placed "no trespassing" signs *on her own property*;
- That defendant Rosenquist told plaintiff she was trespassing;

8
- That defendant Rosenquist was "yelling and throwing a fit;"
- That defendant Rosenquist threatened to "call the cops";

9
- That defendant Sprague sued to eject plaintiff from defendant Sprague's property;
- That defendant Rosenquist "has been driving past my house;"

10

11
These allegations, even if true, are insufficient to prove the "extreme and outrageous

12
conduct" element of the tort of "outrage." Plaintiff may or may not have an outrage claim

13
against a third defendant, Justic Clark, but not against defendants Sprague or Rosenquist.

14
Plaintiff's claim against defendants Sprague and Rosenquist should be dismissed.

15

16
RESPECTFULLY submitted this 28th day of April, 2025.

17

18
Cory D. Rein, WSBA #21908

19
Attorney for Defendants Marlene Sprague and Darlene Rosenquist

20

21

22

23

24
MOTION FOR DISMISSAL FOR FAILURE TO STATE A CLAIM- 4

Cogdill Nichols Rein Wartelle Andrews
3232 Rockefeller Avenue
Everett, WA 98201
(425) 259-6111
(425) 259-6435 fax

1

2

3

4

5

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF SNOHOMISH

6  STEPHANIE FARLER,

NO. 24-2-05702-31

7              Plaintiff,

8    v.

DECLARATION OF DARLENE
ROSENQUIST

9  MARLENE SPRAGUE, DARLENE
ROSENQUIST, and JUSTICE CLARK,

10

11              Defendants.

12      I, DARLENE ROSENQUIST, declare as follows:

13      1. My sister is Marlene Sprague. Marlene owns the Lake Stevens property involved in this

14  case and involved in a prior ejectment action.

15      2. I have read the Amended Complaint filed by the Plaintiff against myself and my sister.

16  With the exception of admitting that I have been to my sister's property in Lake Stevens with her

17  permission, I deny any and all claims made by the Plaintiff Stephanie Farler that I have threatened

18  her as claimed, harassed her as claimed, or engaged in any conspiracy to do any of those things or

19  harm her in any way. My involvement has been limited simply to supporting my sister, the true

20  owner of the Lake Stevens property, with regard to possession of her property.

21

22

    I declare under penalty of perjury under the laws of the State of Washington that the
23  foregoing is true and correct.

24  DECLARATION OF DARLENE ROSENQUIST - 1

COGDILL NICHOLS REIN WARTELLE ANDREWS
3232 Rockefeller Avenue
Everett, WA 98201
Phone: (425) 259-6111
Fax:   (425) 259-6435



1    DATED this 28th day of April, at Everett, WA.

2

3                                            Darlene Rosenquist

4                                    Darlene Rosenquist, Declarant/Defendant

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24    DECLARATION OF DARLENE ROSENQUIST - 2      COGDILL NICHOLS REIN WARTELLE ANDREWS
                                                        3232 Rockefeller Avenue
                                                          Everett, WA 98201
                                                      Phone: (425) 259-6111
                                                      Fax:   (425) 259-6435

1

2

3

4

5

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF SNOHOMISH

6    STEPHANIE FARLER,

7               Plaintiff,

8    v.

9    MARLENE SPRAGUE, DARLENE
    ROSENQUIST, and JUSTICE CLARK,

10

11

           Defendants.

NO. 24-2-05702-31

DECLARATION OF CORY D. REIN

12        I, CORY D. REIN, declare as follows:

13        1.  I am the attorney for Defendant Sprague and Rosenquist.

14        2.  Attached hereto as **Exhibit "A"** is a true and correct copy of the Amended Complaint

15            for Intentional Infliction of Emotional Distress (without attachments) filed by Plaintiff

16            Farler on December 6, 2024.

17        3.  Attached hereto as **Exhibit "B"** is a true and correct copy of a Writ of Ejectment

18            ejecting Plaintiff Farler from Defendant Sprague's real property in Lake Stevens.

19        4.  Attached hereto as **Exhibit "C"** is a true and correct copy of an Order denying Plaintiff

20            Farler's motion to vacate the Writ of Ejectment.

21

22

23

24    DECLARATION OF CORY D. REIN - 1



COGDILL NICHOLS REIN WARTELLE ANDREWS
3232 Rockefeller Avenue
Everett, WA 98201
Phone: (425) 259-6111
Fax:    (425) 259-6435

1       I declare under penalty of perjury under the laws of the State of Washington that the
foregoing is true and correct.

2

    DATED this 28th day of April, at Everett, WA.

3

4

5   Cory D. Rein, Declarant
    Attorney  for  Defendants  Sprague  and
6   Rosenquist

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24   DECLARATION OF CORY D. REIN - 2

COGDILL NICHOLS REIN WARTELLE ANDREWS
3232 Rockefeller Avenue
Everett, WA 98201
Phone: (425) 259-6111
Fax:   (425) 259-6435

EXHIBIT "A"

FILED

2024 DEC -6  AM 11: 52

HEIDI PERCY
COUNTY CLERK
SNOHOMISH CO. WASH



24-2-05702-31
AMCPT       70
Amended Complaint
17913030

---

# SUPIEROR COURT OF WASHINGTON
# FOR THE COUNTY OF SNOHOMISH

| | |
|---|---|
| Stephanie Farler | **case no.:** 24-2-05702-31 |
| Petitioner/Plaintiff, | **AMENDED COMPLAINT** |
| Vs | |
| Marlene Sprague, Darlene Sprague, Justice Clark | **INTENTIONAL INFLICTION OF** |
| Respondent/Defendants. | **EMOTIONAL DISTRESS (IIED)** |

The Plaintiff Stephanie Farler resides at 4232 142$^{nd}$ Ave ne Lake Stevens, WA 98258. Contact number 425-268-0129

**COMES NOW** the Plaintiff, Stephanie Farler, and alleges as follows:

1.  **JURISDICTION AND VENUE**
    This Court has jurisdiction over this matter pursuant to the common law principles governing the tort of intentional infliction of emotional distress, as recognized by the Washington Supreme Court in Grimsby v. Samson 85 Wn.2d 52, 530 P.2d 291 (1975), and subsequent case law and venue is proper in this Court because All party's live in Snohomish County Washington.

2.  **PARTIES**
    The Plaintiff, Stephanie Farler, is a resident of Lake Stevens, WA. The Defendant, Justice Clark, is a resident of Lake Stevens, WA. The Defendant, Marlene Sprague, is a resident of Everett, WA. The Defendant, Darlene Rosenquist, is a resident of Stanwood, WA.



EXHIBIT A

## 3.  BEGINNING OF CONSPIRING BEHAVIORS

**Fact #1** On or about the month of June in the year 2023 Alan had his ex-girlfriend and her boyfriend were at our home visiting. Everyone that lives at our home was friends with both Billy and Jojo. They were not trespassing, and they were in no way causing anyone any type of issue. I had my two boys with me on this day, I was unaware of the situation until about halfway through it. Alan had come and knocked on my door and said the cops were coming and that he didn't know how she knew, but his sister had caught Billy and Jojo here. I decided to lock my door and stay inside with my children to prevent them from being exposed to such drama. I can watch our home cameras with an app on my phone. So, I was just watching what was happening. The facts of the matter I believe prove everyone's intentions.

**Fact #2** Prior to this situation everything at our home was generally peaceful, with the only exceptions being a few disagreements between the neighbor, Justice Clark, and both Billy and Jojo. To defuse these situation's, I stepped outside and mediated.

**Fact #3** Marlene Sprague has always had her gun in a holder on her hip EVERY SINGLE TIME that I have seen or talked to her.

**Fact #4** For approximately two decades, the entire family of Marlene and Darlene has harbored a personal grudge against Jojo. This animosity traces back to the time when Jojo and Alan were in a relationship. A heated dispute occurred during which severe words were exchanged, and since then, they have adamantly prohibited Alan from maintaining any contact with Jojo.

**Fact #5** Justice Clark had initiated contact with Alan's sister by background checking her name listed on the deed and acquiring contact information.

**Fact #6** After reviewing the camera footage from this incident, you see Marlene arrives to our house fully equipped with 3 different no trespassing signs, duct tape to tape them and one pre stapled on a stick to put in the front yard.

**Fact #7** The gun and gun holder were not on her hip and there was no sign of it being present at all. (anyone intending to call the police would be sure to leave their gun)

**Fact #8** Prior to actually seeing Billy or Jojo, Marlene was already in the middle of the driveway, contacting the police to report trespassers on her property.

**Fact #9** At this point I had never once been approached by anyone concerning me living here or any related issues.

**Fact #10** As the police left Marlene Walked to my bedroom door and taped a large NO TRESSPASSING sign on the middle of my door's window.

**Fact #11** Two days after this incident Marlene showed back up again and walked up to me with papers to vacate the property. Say's "Alan was not to let anyone besides my mother live on this property and that he signed a contract saying he wouldn't, so I had to go". I said, "I don't believe that the contract is valid any more at this point considering the fact that my brother and my niece are both occupying this property as well as myself". I said, "as far as I see it the fact that you were willing to break the contract for my brother and niece makes the contract completely void". Marlene stated, "well I gave my approval for your brother and niece to live here". So, I said "it doesn't take a rocket scientist to see what was going on here". Marlene continued to say something. I just went right out and said "So if you're going to sit and lie to my face right now then I'm not going to even continue to entertain this conversation with you. I am giving you the decency and respect enough to keep it real with you right now Marlene and it was obvious that the sudden issues that you have with me residing here came from your contact with Justice". Marlene lied and denied it at first. So, I pointed out the fact's like her being prepared with tape and sign's and no gun on her hip etc.... At this point Marlene does admit to me that "It may be partly to do with the neighbor, but it was not all of it". Then she just walked away.

I don't believe it was just a coincidence that Alan's family were able to rid Jojo of Alan's life in this situation at all. They had tried to do so for two decades without success. I believe that the neighbor, Justice Clark made an agreement with Alan's sister's to contact them as soon as he seen them at our house again so she could legally trespass them forever. In return I believe that Alan's sister's agreed to remove me from the property due to me getting involved in the disputes between Billy and Justice in the past. From this moment on the aggressiveness and the extent that the neighbor was willing to take things progressively got more extreme each every time. Feeling secure that he was invincible and had the right to severely and intentionally cause me harm since he had the co-owners consent. Justice intended to befriended them to assist in his harassment from the first day of contact that he initiated.

## 4.  FACTUAL ALLOGATIONS

**4.1. On or about June 24ᵗʰ 2023**, My Aunt Tonya came to visit with her dog this afternoon. Tonya had her dog tied to a tree in our backyard. We were all enjoying the weather and outside. Her dog was still a Puppy. Tonya came up to me and my mother and said, "the neighbor guy just told me to shut my dog up and he's not even barking". Later Justice Clark screamed "Shut the fuck up" at me when I walked out to my car to grab something. Justice stood there and watched me the entire time until I walked back inside my room.

**4.2. On or about June 29th 10: 35 pm 2023,** Justice Clark began to scream at the top of his lungs at the company we had over. Screaming BILLLLY! BILLLLLYYYY! In this video you hear how completely unreasonable and flat out outrageous his behavior is. Stating "I have been dealing with your fucking dumb ass for fucking over a year. Shut up!" He also screams "ok why don't you I can't even hear it because I'm yelling at you shut the fuck up!" as I attempted to reason with him about it only being 10:30 pm on a weekend. I stated that what he was doing was harassment and not ok. He replied, "oh yeah I'm goanna go to jail for fucking talking shit to a homeless piece of fuck!" I can provide video proof of this incident. Aswell as attached professionally transcribed document from the video I paid to have created.

**4.3. On or about July 15th 11:00 pm – 3:00 am 2023,** Fireworks started being lit by Justice at 11:00 pm. Going off for 4 hours. Waking and scaring both myself and my dog.

**4.4. On or about August 1st 3:02 am 2023,** I woke up to the sound of gunshots hitting some kind of metal near my room. Followed by firecrackers being lit off. Entire packs of them at a time. I have a video recording of the incident showing the clock on the wall and my children fast asleep on my bed. I also show under my bed where my dog was scared to death shacking. Everyone was asleep on our property. The video you can clearly hear one shot from a gun being fired at a time. About a min or so apart. Snapshot of the clock from this video was taken and the video will be added in to evidence once approval is given by the court.

**4.5. On or about August 4th 2023,** another night I was woken up from the sound of gunshots and fireworks. Instantly causing me to have extreme anxiety and worry about my safety and the safety of my dog. At this point I have begun to fear what might happen and if I will really end up homeless or if my well-being will be at risk. A hostile home environment and the inability to enjoy my home are apparent at this point.

**4.6. On or about August 12th 6:45 pm 2023,** I was in my driveway washing my car. I was approached by Justice Clark at the property line. In this incident Justice states that I wake him up at night. Claiming that's the issue he has with me. Then he says "I see you interact with them all the time. I see you fucking up until 3 0'clock in. I. I see you...and then you get up at like 7 or 8!" "You and your friend were out here at 1 o'clock I fucking heard you I was out here". I state that he was watching me, and it feels like stalking me at this point. Justice replied with "Prove that I'm stalking you! Id be out of my mind to fucking stalk something like you! Are you fucking kidding me!" I told Justice that I have videos of the gunshots at all hours of the night from him and he said "you cant prove nothing that I was shooting my gun! Prove that I was shooting my gun! Prove that I was shooting my gun!". When I told him I will with the videos of it he told me to "Prove it to the Judge". Justice then states "Your goanna find out! Wake me up and your goanna find out. Fuck you I cant even talk to you, you fucking crazy cunt". "And I'm goanna talk to the city about you fucking living here to!" "Just shut the fuck

up or go commit suicide!" I can provide both video and professionally transcribed documents of this incident.

**4.7. On or about August 27ᵗʰ 12:30 am 2023,** Justice began barking like a dog on our property line. There was a dog in the distance barking. I recorded this incident and had it professionally transcribed and attached as supporting evidence.

**4.8. On or about September 7ᵗʰ 2023 10:05 pm** I asked a friend, Scot Bacon, to help me fix my car. I had an important interview at Boeing the next morning. Scot, a family friend with a busy schedule, could only come at 10 pm. We were quietly working on the car, with the only noise being the ratchet we used to loosen a bolt. Suddenly, Justice came outside and started acting aggressively. He repeatedly asked Scot, "What is your name?" Scot did not respond. At one point, I called Scot by his name to get his attention, which led Justice to taunt and verbally attack him. Justice walked around his driveway and down the road to our driveway, yelling at Scot, "you wanted to bash my teeth in, well here are my teeth". When I told Justice that no one wanted any trouble and that he needed to go back to his property Justice walked away and said "Shut the fuck up Scotty next time". "Fucking pussy Scotty". We began to attempt to work on my car again. Justice sat right out on the property line and said, "I'm just goanna sit out here and talk to ya like you bother me". Taunting Scot, "Scotty Scotty Scotty!". And "Hey I just thought of something! You know what Scotty I don't want to fight you I just want to suck your dick!" This made me feel extremely uncomfortable. Justice continued telling me things like "Why don't you go drink some poison". My mother woke up to Justice screaming at me and walked outside. Justice said to my mom "Sorry mom but your daughters acting like a noisy deliquiate out here!" Alan, who is extremely def and cannot hear anything normally without his hearing aids on and up high mind you, had walked outside to see what the issue was. Alan said to Justice "I'm tired of you messing with us". And that "She needs her car for an important meeting at Boeing in the morning". Justice completely changed his tone and demeanor speaking to Alan. Alan called him a few names and Justice responded, "Don't call people names Alan its not nice". Alan decided to call the police. After that I was overwhelmed and decided to just leave to get away from it. Justice then said to me "Yeah the cops are coming you don't like them you better leave ha-ha!" In the video recording you hear me then state "Oh yeah you know that right? You only know that because you stalk me like a weirdo lurking in the bushes". As a result of this incident, I was not able to get to my last interview for Boeing that morning and they took back the job offer they had already offered me prior. I intend to be compensated for the loss of wages in this incident. Multiple Transcriptions were created for this incident since you pay per word and its a 12 min video recording. I also have the job offer letter from Boeing.

**4.9. On or about November 13ᵗʰ 4:30 am 2023,** Justice Clark began yelling for me to "Get a muffler for my car" because I was warming it up before work. Its icy weather and you must run your car before it's safe to pull out of your driveway. I was on my way to my new job at Ups.

**4.10. On on or about November 17th 4:25 am 2023,** Justice Clark began yelling as I was getting ready for work. My mother said after I had left, he had continued to throw a fit and bang and throw things.

**4.11. On or about November 18th 3:45 am 2023,** Justice Clak waited for me in the bushes at our property line. This time at the top of the driveway. I had blocked the normal spot he would use with a temp privacy fence. So, he went around the fence and waited in the bushes for me to walk out the door for work. Screaming and yelling all kinds of things as I just drove away.

**4.12. On or about November 20th 3:45 am 2023,** Another morning I had to start and warm my car before work. You cannot safely drive a car without being able to see out the windshield. Being a truck loader at UPS during the holiday season you must be they're between 3 - 5 am depending on the number of packages that day, 6 days a week. I really feel like I dread every day that I must start my car up for work. I never know what will happen next with him or how much farther he will take this. It's scary. The physical demand of this job would not normally be to mush for me, however the inability to sleep at my home and the inability to eat anything during episodes of stomach ache and nausea that my body experiences as a response to anxiety and stress have overwhelmed me and it would be unhealthy for me to continue to subject my body to this any longer.

**4.13. On or about December 31st 10:46 am 2023,** Darlene Rosenquist and her grandson pulled into my driveway to see her brother Alan with a holiday gift. I was at the front of my Jetta bent over and working on it. I had no idea who it was that pulled in, so I asked her who she was looking for. Immediately as soon as she seen me, she began yelling and throwing a fit. She told me that "I was not allowed to be here, and I had no right to be here". "Neither you nor your 2 kids nor your dog are allowed your trespassing". "I'm calling the cops". I mentioned that it would be a better idea to just call Alan instead of the police. Darlene replied, "I don't have his current contact number". I started to record the situation and the grandson looked at me and said he was going to "Stab me to death if I messed with his grandma!" Darlene Rosenquist was aware of what was said and raised her hand to him and told him to get in the car. He refused and just continued glaring at me and spinning something around in a circle that was wrapped around his fist. My brother Brandon Deal came outside to see what all the noise was and witnessed him threatening to stab me to death. Brandon said, "Hey don't talk to my little sister like that" and Darlene just continued to call 911. Darlene had no right to report me as a trespasser. The police didn't need to speak to me because they were aware that this was my home. My brother wrote a statement saying he witnessed the threats Iand there is video of the incident as well as professionally transcribed document from the video. I attached snapshots of the video.

**4.14. On or about January 9<sup>th</sup> 5:45 pm 2024,** I walked to my car real fast to grab my cell phone and as I opened my car door Justice suddenly yells out to me "Hey if I find out you had anything to do with this possum over here!" I was confused and said "what possum? What are you talking about?" Justice replies "If I find out that you had anything to do with this possum over here...Id probably make you eat it! Hahaha". I instantly was filled with fear and scared for my well-being. He is increasingly becoming more hostile and intrusive to my life. I feel so helpless to it all. I don't sleep at all anymore . I am always looking over my shoulder in fear.

**4.15. On or about January 28<sup>th</sup> 4:30 am 2024,** I had a guest come over on their way home from work. She had offered to help load up the donation stuff I needed to take to the blue bin. Her trunk is huge, and it would all be one convenient trip. When we loaded up the stuff Justice had just gotten home from work. Suddenly he storms out to the property line and starts asking my friend what her name was. Remembering the situation with Scot bacon I told her not to bother telling him and to just get in the car and I would finish up, so she didn't have to deal with my neighbors outrageous behavior. She told me that "I shouldn't have to put up with that. Its enough to make anyone lose their mind".

**4.16. On or about February 13<sup>th</sup> 7:42 pm 2024,** I was out in the driveway working on my car. Justice came out from behind the bushes that are on our property line once again. Telling me that my "Car is crap". And "He knows what is wrong with it, but he is not gonna tell me". "I should just give it up" he said. So, I took out my phone and started to record the situation. As I continued to work on my car clouds of smoke began to linger above me, and I was nervous about what was going to happen next. I gave in to my anxiety and went back inside my room. I will attach the professionally transcribed document from this incident.

**4.17. On or about February 21<sup>st</sup> 5:58 pm 2024,** I was working on my car in my driveway and my neighbor Justice decided that he was going to burn trash attempting to smoke me out. There was a leaf blower that he was literally using to blow the smoke right at me. I went back inside of my home. It made me feel extremely uneasy and fearful. He just sat there blowing the smoke at me watching me.

**4.18. On or about March 5<sup>th</sup> 1:27 am 2024,** I started my car, and it needed the windows to defrost a bit before I could safely pull away. Justice Clark came out to the property line and took his extremely bright flashlight and strobed it pointed right at my head. It completely blinded me. I noticed he was yelling so I shut off my car blower to be able to hear what was being said. Justice Clark was telling me "You aren't gonna be living there for much longer any how. Go ahead keep recording it's not gonna do you any good! Darlene's trying to get you evicted anyways you fuckin looser! Keep recording that it isn't gonna do you any good". I recorded the incident on my phone and had it professionally transcribed. A snapshot from the video was taken and added to this complaint.

**4.19. On or about March 10th 2024,** I received a Certified letter in the mail from Marlene Sprague. She had filed for an eviction on me. Causing me extreme emotional distress and anxiety. Causing me to not sleep and losing my motivation. Fearing homelessness was a huge factor for my mental state of mind at this point. I have attempted to stop it on more than one occasion. Each time only making it worse for myself due to retaliation.

**4.20. On or about March 12th 2024,** I was outside vacuuming out my car this afternoon and I noticed Justice Clark was watching me from behind some bushes and talking on his cell phone. I finished up and walked directly inside to shower. My mother told me a man was here trying to serve me with papers. I was in the shower, so the man just left. Once I got done, I played back the camera footage of the man pulling in. As he pulls in you can see Justice walks up to the bushes and kind of tries to hide behind them a little bit. The man looked at Justice and gave him a nod and Justice returned the gestor. Justice watched everything until the man pulled away and then he just walked away.

**4.21. On or about March 13th 2024,** My GTI's radiator was stabbed with a tree branch all the way through 2 times by Justice Clark. I drove down the road and suddenly started overheating. This left me careless for almost two weeks. Right in the middle of having to go to court to defend myself from an eviction that was filed against me. Placing significant stress and anxiety upon my shoulders. Leaving me feeling almost defeated and just like giving up. It was a good reliable car until this incident. Now the radiator flops around because the brackets that are supposed to hold it steady and in place are completely broken from the jabbing impact. I have photos of the damage and camera footage of Justice Clark sneaking up and intentionally vandalizing my car. I attached photos of radiator damage.

**4.22. On or about March 14th 2024,** I received another eviction letter in the mail from Marlene Sprague. This created an extremely uneasy feeling for everyone in my home. Darlene and Marlene have continually tried to influence Alan to kick me out of this home. Alan refuses to because he has no problem at all with me and enjoys me here helping. Due to this tension with his siblings, we got into a bit of an argument and were yelling at each other at my bedroom door. Justice Clark called Marlene Sprague and told her we were arguing. Marlene calls my mother and tells her to tell Alan to leave Stephanie alone right now. So, my mother came outside and interrupted us and said, "Marlene said leave Stephanie alone right now Alan". In Marlene responce to the original compliant she admits to in fact telling Alan to leave me alone this day. admitting to the concerted behavior and contact between defendants.

**4.23. On or about March 21st 2024,** I filled a new protection order on Justice Clark, case no 42-2-02110-31. Marlene Sprague's case no 24-2-02109-32. The first protection order I filed on Justice was case no 23-2-05904-31.

**4.24. On or about April 18th 2024,** The Judge denied the protection order again. He stated I was simply not a credible source. This sent me into a mental breakdown. I felt hopeless and

like it was all pointless and I was never going to be able to do anything about this situation I have been dealing with for so long now. I cried and I started taking shots to calm the emotions. I was going crazy inside my mind. The cops were called by Justice Clark who could hear me having a breakdown. When the police came, I was a mess. I screamed at them, locked the gate in their faces and cried while I told them "it didn't help me at all anyways. I have been begging and pleading with the courts and the whole legal process to get them all to stop". "Nobody cared and nobody listened to me anyways". At this point I am beyond the point of emotional distress. I don't even have words to explain how I feel and how much fear and anxiety I deal with every day at my home. There is nowhere I can go to get peace.

**4.25. On or about April 29th 6:10 pm 2024,** I was working on my car in my driveway once again, Justice waits to see me go outside. Once I did go outside for whatever reason at all he intentionally does whatever he can to taunt and tease me. Get me upset or scare me with all kinds of threats aimed at me being homeless and my general well-being. Huge smoke clouds were Intentionally blown at me again. I could barely breathe, so I had to just give up and go back inside. It has been almost a year since I started trying to complete the car I am working on. Every time I try there's a situation preventing me from even being able to go outside. What will they do next? Who will show up next attempting to force me out of my home? I stay inside alone and keep my bedroom door locked most of the time now days. It's the only way I can try to handle so much anxiety.

**4.26. On or about May 6th 2024,** Today the Judge dismissed the eviction with prejudice. Stating that Marlene and Darlene have no legal right to evict me due to no landlord tenant relationship ever being established. I am not Marlenes established tenant. It's my home and I live here just like the other people that I share it with.

**4.27. On or about May 16th 1:58 pm 2024** I was attempting to complete a few things on my car in my driveway. My boyfriend was under the hood, and I was in the driver's seat. Suddenly two police officers walked down the driveway and asked for Justice Clark. I stated he was next door this was the wrong house. Then they said, "or Robert". Then they grabbed my boyfriend and put him in cuffs and took him to jail. Whatever false report or false reason they showed up for was not true. I had to bail him out of jail that evening from Snohomish County jail. Costing $200. I attached the police report I received from this incident and Justice Clark in fact was the caller who reported a false situation happening. Intentionally causing grief and further emotional distress.

**4.28. On or about June 7th 2024,** Marlene and Darlene had a lady come to my home and tape a document to my door for an at will tenancy. No signatures at all. Not even the date was filled out at all. I thought I was not going to have to suffer the emotional stress and anxiety after the with Prejudice ruling for the eviction she already attempted. You don't get to engage in a course of conduct intending to cause someone sufficient emotional distress just to get your way. Intending to achieve through harassment what they have been unable to achieve through legal means. The eviction being dismissed should have prevented any further actions by

Marlene and Darlene. Its not their place to show up barking out orders and teaming up to harass people on their brothers property. I received a police report from this day that shows Justice Clark had called 911 reporting false situations on our property that I was unaware of until I seen the report.

**4.29. On or about June 8ᵗʰ 12:14 am 2024,** Justice Clark called the police on me for watering with my hose. When the police showed up for a noise disturbance all they could hear was Justice Clark yelling insults at me calling me names. They stood in our driveway at the property line talking to him. They had no interest in speaking to us about the incident. They had heard enough just walking up. I have camera footage of it and I included snapshots of the police speaking to Justice.

**4.30. On or about June 9ᵗʰ 5:56 pm 2024,** Darlene Rosenquist has been driving past my house multiple times a week. This time her and her grandson who threatened to stab me to death pulled in just enough to look and pulled back out and took off. I have camera footage of it happening multiple times. Included a snapshot from this incident.

**4.31. On or about July 3ʳᵈ 11:00 am 2024,** A man knocked at my door to serve me with papers from Marlene Sprague. Says its and ejectment summons.

**4.32. On or about July 3ʳᵈ 8:00 pm 2024,** Justice Clark saw me picking up stuff in the driveway and said, "your right your not getting evicted your getting ejected ha-ha!". This was barely 24 hours after being served with the papers that had informed me of the situation. Obviously, evidence that Darlene, Marlene, and Justice are teaming up and in contact conspiring against me.

**4.33. On or about July 4ᵗʰ 11:45 pm 2024,** Justice Clark was standing on the property line as I walked into my bedroom door. He calmly said, "Shut that frog recording off over there". "Oh, hey you must have turned it off. That's nice". I stayed silent and attempted to grab my phone to record but Justice stopped and just sat there staring over. I walked inside my room and locked my door. I am up every night fearing what will happen next and who is going to cause it.

**4.34. On or about July 5ᵗʰ 5:30 pm 2024,** as I was beginning to gather the tools I needed to work on Alans vehicle I noticed someone on a bike ride past on the street. Then my mother looks over and I hear Justice Clark say "You know I got a whole slew of animal noises I can play for ya!" as he circled around and back by. He then said "we better stop making all those frog noises and fucking with him at night or were goanna find out!" My mom and I just looked at each other and he rode away. As he was riding away, he said "FUCK AROUND AND FIND OUT! YOU WILL SEE!" Justice Clearly believes that the frog we have living out under the stairs of our pool is us playing a recording just to make him mad. That's insane to think. The frog does make his Froggie noise every evening around the same time, and he is a little loud for such a little guy but in no way at all have we intentionally caused any noise or played any.

**4.35. On or about July 5ᵗʰ 11:30 pm 2024,** Justice placed a radio right outside on the property line and turned up extremely loudly. He had it playing gospel station and pointed right at our house. It stopped around 4 am or so. This was loud enough that anywhere we were on the property it could be heard clearly. Both inside and outside the house. In the few police reports that I have gotten so far, Justice Clark called 911 and reported that he was playing the radio station outside of his house attempting to drown out all our "noise". Every time the radio or loop recording of the rain Forrest was played by Justice Clark, it had been during his hours at work when he WAS NOT HOME. every time they stopped around 4 am when he got home from work. Why would someone drown out noise somewhere that they knew they were not going to be at in the middle of the night?

**4.36. On or about July 6ᵗʰ 11:40 pm 2024,** Justice left the radio playing wild animals and frogs in the jungle extremely loudly while he was at work. I took a video of myself walking up to the property line. Showing the glow of the radio and the loudness of it. It continued until about 4 am in the morning. Will include video as evidence when approval is given.

**4.37. On or about July 11ᵗʰ 10:03pm 2024,** I went out to lock up my vehicle and wind up our hose from using it earlier this evening. I was done and back inside our fence before 10 pm. At 10:03 pm Justice Clark began screaming "Shut the fuck up over there" I stayed quiet and then he said, "Especially you squatter!" I attempted to record this but was unable to grab my phone in time.

**4.38. On or about July12th 3:00 pm 2024,** I have been bad mouthed so much so that every person in Alans family have been pressuring him to make me leave. He spoke to his mother on the phone today. On the speaker phone since he cannot hear well. His mother asked "is she gone yet. You know the daughter?" I personally heard her myself. I can't even live a normal life at all anymore. I have no privacy at all due to constantly being watched by my neighbor. I feel nervous and it makes me sick to my stomach whenever I think about all of this. I'm in constant state of hyper-vigilance and looking over my shoulder.

**4.39. On or about July 13ᵗʰ 12:15 am 2024,** Justice Clark was sitting on the property line with his radio playing quietly. Every time he seen or heard any movement or sound at all come from our property he would yell out "Quiet down squatter!" or "hey why don't you get a fuckin job! Ya know fill out an application for employment!" "Fucking looser!" I didn't respond at all to him. I just had to walk to the house to use the rest room. My room is not attached to the actual house, it is its own building, but I have full access to the utilities ass the time. So even just walking to use the bathroom leaves me venerable to being severely mentally attacked by all of this. Justice sits on our property line and has a clear view of my room. So, he knows every time I open my door to do anything. There is a latter on the property line under a tree that is always placed so Justice Can use it to get a better view of our property at all hours of the night.

**4.40. On or about July 24ᵗʰ 2024,** I had an appointment to get to in the late morning. I made it to Everett before I looked back and realized that my back window had been completely shattered with spider web cracks throughout the entire window. The only thing keeping it in place to this day is the window tint that I had just applied to that window about a week earlier.

The window had a spot that was clearly the point of impact. The pellet, however, did not actually shoot through the glass because there was not a hole all the way through. I checked my cameras and was never able to find any visible movement and the night vision cameras don't even clearly show the windows enough to see the cracks unless it is better lite up. I called and made a police report of the incident.

4.41. On or about July 25th at 2:00 am 2024, I suddenly heard Justice Clark rustling around outside on the property line. I was already watching the cameras on my phone through the app installed. I listened and tried to make out what he was randomly yelling out but couldn't. I then watched someone walk briskly across the opening of bushes that Justice normally stands at. Then the person briskly walked back through the clearing and into the bushes. The sound of trash can lids slamming and crashing or being kicked startled me. I Just couldn't risk any more damages to my vehicles, is all I could think. So I went to my too shed and I found an extension cord and an old flood light that I could use to light up my vehicles just a bit more through the night time hours when they were targeted. I recorded the entire incident from the moment I stepped out to the driveway with the light. I had to untangle the cord a bit and then I plugged the light in. was not sure the best spot to place it at first. I attempted to use a tree branch that hung down towards my cars. As I reached out to the branch Justice says "Oh you goanna harass me with a light now? Ill fucking go over there and take if off". "Or I'll shoot it down". "So yeah go ahead and put it up there. Fuckin wacko". So I decided not to hang it on the tree. I grabbed the ladder and the rack and I stuck the rack upside down through the hole in the top of the ladder and then hung the light from the top tooth of the rack so it was hovering over my car. Creating just enough light that I could notice something happening to the windows. Justice said "oh what else can I do to fucking harass the neighbor on her last days here? Blind ya put up frog noise makers bang on some shit, be a tweaker?". Then Justice began screaming my name out Saying "FUCK YOU STEPHANIE FARLER! FUCK YOU STEPHANIE FARLER! FUCK YOU STEPHANIE FARLER! GET YOUR FUCKING BRIGHT LIGHT OUT OF HERE! AND SHUT THE FUCK UP!" Then Justice says "Get the fuck off of Marlene's property you fucking weirdo fuck". "out here fucking making noise and banging on shit you fucking harassing fucker". "How do you like that ankle bracelet house arrest bullshit for fucking being a thief". "Yeah good one"." I'm goanna get my flash light out here and blind your fucking little eyes out right now hold on a sec". "you want to blind me I'm goanna come out here and blind you hold on a sec". This is when I stopped voice recording and I changed it to recording a video of the situation. I walked inside and called the police. Shortly after the police came and I met them outside in the driveway. They asked me what that noise was and I told them it was Justice playing his radio towards us with rainforest or crickets playing. The officer stated that the obnoxious lights and the radio playing so loudly was harassment. Once Justice realized the police were here he stopped the radio. The officers told him to turn off his lights. So he did. They were over talking to him for a while and then came back over to talk with me. They told me to call them if anything changes or gets worse. Only a few min after they left Justice turned back on the lights that the police had already told him to turn off. I

called and reported that to the officers and they made sure that they noted it in there paperwork. The light stayed on the entire night until morning. I have camera footage of the police contact during this incident and I have the recordings that I took during the incident to include in support of my claim. I had the recording professionally transcribed and have attached.

**4.42** In Darlene Rosenquist's response to the original complaint she makes personal statements being directed at the plaintiff. I believe that serves as admission of their involvement in the consorted and malicious efforts leading to emotional distress

**4.43** Marlene states in her response to the original complaint that she "would appreciate that you (the judge) would see that this is another attempt to let her stay. She can leave if she is so emotionally distressed". demonstrating her complete disregard for the effects they cause me or the damages there actions caused my mental and emotional state of mind, further proving the malicious intentions behind there behaviors.

**4.44** The Plaintiff is asking the court to please allow video evidence as evidence in this matter. As well as requesting a 6-person jury trial on this matter. I will include a request for video evidence and demand for jury trial when filing. Hopefully all fees can be waved pending the results of this suit and financial obligations can then be deducted from the amount of judgment granted.

5. **CAUSE OF ACTION: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

The Defendant's conduct was intentional or reckless, was extreme and outrageous, and caused the plaintiff to suffer severe emotional distress because of the following.

1. Stephanie Farler the plaintiff of this case has suffered financial hardship from the loss of employment from two different employers. First Boeing and second UPS. Causing her to no longer be able to maintain her financial obligations and impacting her quality of life in every aspect.

2. By misusing the court system and filing false reports with police officers to harass and intimidate, the defendants have engaged in highly offensive and objectionable conduct. This behavior constitutes intentional infliction of emotional distress.

3. Persistent verbal intimidation, along with disrespectful behavior, further contribute to the Plaintiffs emotional distress. All three defendants have demonstrated there lack of reguard for the impact there behavior has on the Plaintiff. Behaviors that are offensive and would not be socially accepted in anyones book. concert and malice are not acceptable standards in society and can not be tolerated without consequences.

4. The coordinated efforts of the defendants to harass, surveil, taunt, and file repeated court proceeding against the plaintiff show a deliberate and intentional campaign to cause sever emotional distress, meeting the criteria for intentional infliction of emotional distress.

5. The severe emotional distress caused by the defendant's actions, resulting in loss of employment from two different employers, insomnia, hyper-vigilance, anxiety, and hostile home environment, clearly demonstrates the impact of the outrageous conduct on the plaintiff.

5.  The constant filing of court proceedings by the sisters against the plaintiff, despite previous ruling, demonstrates a pattern of harassment and abuse of the legal system to cause emotional distress, meeting the standard of outrageous conduct.

6.  The defendants behavior to conspire with the neighbor to constantly surveil, inform, taunt, and mock the plaintiff, along with vandalizing their vehicle, constitutes intentional and extreme conduct aimed at causing severe emotional distress.

7.  Despite any past criminal record, the repeated harassment, threats, and intimidation faced by the plaintiff justifies the issuance of protection and compensation to ensure the safety and well-being, in accordance with the principles of protecting victims of harassment and threats under Washington state law.

8.  The filing of an ejectment act against the individual residing on the property without proper legal grounds is unlawful and violates the individuals rights to peaceful enjoyment of there home, as protected by Washington state law.

9.  All those who in pursuance of a common plan or design, plan to commit a tortuous act, actively take part in it, or further aid or encourage the wrongdoer, or ratify and adopt the wrongdoer, and acts done to their benefit are equally liable. Express agreement is not necessary, and all that is required is that there be a tacit understanding of the wrongdoing. In acting or encouraging such outrageous and un acceptable behavior and showing complete disregard for the plaintiffs right to enjoy her home and right to live in peace free from malice each party has played part in the mental suffering the plaintiff is subjected to.

**WHEREFORE**, Plaintiff requests judgment against Defendants as follows:

1.  For compensatory damages in the amount of $3059.00
2.  For 10 years lost wages according to the state guidelines of average individual yearly income in Snohomish County Washington $83,655.00 X10 = $836,550.00
3.  Considering the severity and extensive amount of time suffered by the Plaintiff I believe that punitive damages at a x4 multiplier of the compensatory damages and loss of wages is appropriate. $3,059.00 + $836,550.00 = $839,609.00 X4 = $3,358,436.00.
4.  For protection from any further related abuse or conspiring together of the three named defendants.
5.  For such other and further relief as the court deems just or proper.

Signed in Lake Stevens Washington by the Plaintiff on this 10th day of September of the year 2024.

Stephanie Faber

Dated this _____ day of _____ 2024

Commissioner Snohomish County Supieror court

EXHIBIT "B"

FILED

24-2-05771-31
WRIT    15
Writ
17814429

2024 NOV 18 PM 2: 05

HEIDI PERCY
COUNTY CLERK
SNOHOMISH CO. WASH

## IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
## IN AND FOR THE COUNTY OF SNOHOMISH

MARLENE SPRAGUE,

               Plaintiff,

vs.

STEPHANIE FARLER, JOHN DOE,
and all other occupants,

               Defendants,

3290.00000

NO.   **24-2-05771-31**

**WRIT OF EJECTMENT**

**THE STATE OF WASHINGTON TO:** Sheriff of Snohomish County, Washington.

     WHEREAS, on this 31st day of October, 2024, on motion of the plaintiff in the above-entitled action, the above-entitled Court entered an order directing the issuance of a Writ of Ejectment, as provided for in RCW 59.18.370 et seq., restoring to plaintiffs possession of the property described as: **4232 142nd Avenue NE, Shed Only, City of Lake Stevens, County of Snohomish, Washington;**

     NOW, THEREFORE, you, the said sheriff, are hereby commanded to deliver to the plaintiffs possession of the said premises, and to make due return of this Writ according to law, provided that if return is not possible within 10 days, the return on this writ shall be automatically extended for an additional 30 day period. The writ also authorizes the sheriff to break and enter as necessary.

### IMPORTANT NOTICE - PARTIAL PAYMENTS

Your landlord's acceptance of a partial payment from you after service of this Writ of Ejectment will not automatically postpone or stop your eviction. If you have a written agreement with your landlord that the eviction will be postponed or stopped, it is your responsibility to provide a copy of the agreement to the Sheriff. The Sheriff will not cease action unless you provide a copy of the agreement. At the direction of the Court the Sheriff may take further action.

     WITNESS the Honorable   **JUDGE WILLIAM C. STEFFENER**   of said Superior Court and the seal of said Court affixed this 18th day of November, 2024.

Heidi Percy
SnohomishCounty Clerk
3000 Rockefeller Avenue  m|5 605
Everett, WA 98201

By:_____ *C. CARR*

SEAL

EXHIBIT *B*

WRIT OF EJECTMENT
Page 1


The Law Office of Rob W. Trickler, PLLC
2302 Rucker Avenue #4, Everett, WA 98201

**EXHIBIT "C"**

FILED

24-2-05771-31
ORDYMT        34
Order Denying Motion Petition
18582156

2025 APR 16  AM 11: 19

SUPERIOR COURT OF WASHINGTON HEIDI PERCY
                                    COUNTY CLERK
FOR SNOHOMISH COUNTY SNOHOMISH CO. WASH

4

5

6   MARLENE SPRAGUE,                    NO. 24-2-05771-31

7         Petitioner,

8         vs.                           ORDER DENYING DEFENDANT'S
                                        MOTION TO VACATE
9   STEPHANIE FARLER, JOHN DOE, and all
    other occupants,                    (CLERK'S ACTION REQUIRED)

10        Defendant.

11

12       THIS MATTER having come on for hearing before the undersigned Judge upon the

    Defendant's Motion to Vacate the Order Granting Summary Judgment and for Writ of
13
    Ejectment, entered on October 30, 2024; the Court having reviewed the motion, the pleadings
14
    submitted by the parties, and the files and records herein and the Court being fully advised in the
15
    premises;
16
         The Court finds that the Defendant's argument that the matter should be dismissed and
17
    the order vacated because there was no landlord/tenant relationship and therefore any action for
18
    unlawful detainer action should be dismissed as the matter is properly an ejectment action has no
19
    merit as the matter was filed as an ejectment action (see Complaint for Ejectment, filed
20
    7/25/2024).
21
         The alleged deed signed 12/2/2024 was signed after the date of the order authorizing the
22
    defendants' ejectment and after Alan Sprague previously signed a quit claim deed (8/9/2024)
23
    giving up all ownership interests in the property.
24

25



EXHIBIT C

ORDER DENYING DEFENDANT'S MOTION
TO VACATE        - Page 1 of 2

1    NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that

2   the Defendant's Motion to Vacate is reviewed and DENIED on the merits. Respondent has not

3   identified any valid legal basis for vacating pursuant to CR 60.

4

5    DATED this 16th day of April, 2025.

6

7                                                      Judge William C. Steffens

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1

2

3

4

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF SNOHOMISH

5    STEPHANIE FARLER,                          )
                                                )    NO. 24-2-05702-31
6                Plaintiff,                      )
                                                )
7    v.                                          )    MOTION AND MEMORANDUM IN
                                                )    SUPPORT OF SUMMARY JUDGMENT FOR
8    MARLENE SPRAGUE, DARLENE                    )    NON-MOVING PARTIES
     ROSENQUIST, and JUSTICE CLARK,             )
9                                                )
                 Defendants.                     )
10                                               )

11                          1.  RELIEF REQUESTED

12        Defendants Marlene Sprague and Darlene Rosenquist seek dismissal of Plaintiff's claims by

13   way of summary judgment given that the claims made by Plaintiff failed to state a claim against

14   these Defendants, and given that the fact alleged by Plaintiff, even if true, do not support her

15   claim for outrage.

16

17                          2.  STATEMENT OF FACTS

18        Defendants refer this Court to their Motion for Dismissal pursuant to CR 12(b)(6) for a

19   recitation of the facts.

20

21                               3.  ISSUE

22        The Court is presented with the following issue:

23

24   MOTION AND MEMORANDUM IN SUPPORT                 COGDILL NICHOLS REIN WARTELLE ANDREWS
     OF SUMMARY JUDGMENT FOR NON-MOVING                            3232 Rockefeller Avenue
     PARTIES - 1                                                      Everett, WA  98201
                                                                  Phone: (425) 259-6111
                                                                  Fax:   (425) 259-6435

A. Does this court have authority to grant summary judgment in favor of non-moving parties when the facts, even if true, do not support the relief sought by the Plaintiff, and when the facts, even if true, fail to state a claim for relief?

#### 4. EVIDENCE RELIED UPON

Declarations of Cory D. Rein, Marlene Sprague, and Darlene Rosenquist filed herewith.

#### 5. LEGAL AUTHORITY

Plaintiff Farler has brought forth a motion for summary judgment seeking judgment against Defendants Sprague and Rosenquist, and against a separate Defendant, Justice Clark, for the tort of outrage. For the reasons set forth in Defendant Sprague and Rosenquist's motion for dismissal of those claims, the Court should likewise enter summary judgment in favor of these Defendants.

Though Defendants Sprague and Rosenquist did not file the original Motion for Summary Judgment, they are still entitled to summary judgment in this matter. "[W]hen the facts are not in dispute, this Court may grant summary judgment to the non-moving party." *In Re: Grant*, 199 Wn. App. 119, 135 (2017).

Here, the facts as alleged by Plaintiff simply do not establish the tort of outrage, at least against Defendants Sprague and Rosenquist. Summary judgment is appropriate in favor of these Defendants.

RESPECTFULLY submitted this 28th day of April, 2025.

Cory D. Rein, WSBA #21908
Attorney for Defendants Marlene Sprague
and Darlene Rosenquist

MOTION AND MEMORANDUM IN SUPPORT
OF SUMMARY JUDGMENT FOR NON-MOVING
PARTIES - 2

COGDILL NICHOLS REIN WARTELLE ANDREWS
3232 Rockefeller Avenue
Everett, WA 98201
Phone: (425) 259-6111
Fax:   (425) 259-6435

# EX ___ Audio Transcript: Justice Clark mocks the lack of sheriffs investigation after shooting in november 2024.

**Title:** Transcript of Verbal Exchange Between Plaintiff and Defendant Justice Clark

**Date:** July 11, 2025

**Location:** Property boundary of 4232 142nd Ave NE, Lake Stevens, WA

**Participants:**

Justice Clark, Stephanie Farler, and in the background is Tamera Farler Plaintiffs mother.

**Purpose:** The interaction was a heated and hostile confrontation. Justice Clark directed repeated profanity and insults at Stephanie Farler, referring to her and her mother as disrespectful and inconsiderate. Clark aggressively told them to "shut the fuck up" multiple times, complaining about the noise. Clark also made what was perceived as threats by inviting Farler to go "cut wood" with him alone, suggesting an isolated location, which Farler interpreted as a threat to her life. Throughout the exchange, Clark denied any wrongdoing but mocked the lack of criminal investigation into incidents involving Farler's vehicle, such as the shooting of her car and the window and grill. He repeatedly dismissed Farler's claims, denied any threats, and at one point called the police on her, accusing her of harassment and being a nuisance. Farler, in turn, accused Clark of threatening her life and slandering her, and she verbally stood her ground.

Relevant RCWs:

- RCW 9A.36.080: Harassment and threats
- RCW 9A.46.110: Stalking
- RCW 9A.56.040.1: Theft (related to property damage or deprivation)

Federal Claims:

- 42 U.S.C. § 1983: Deprivation of constitutional rights (due process, equal protection, and First Amendment retaliation)
- 42 U.S.C. § 1985(3): Civil conspiracy to interfere with civil rights
- 18 U.S.C. § 1962(c): RICO violations (racketeering and coordinated harassment)

State Law Claims:

- Intentional Infliction of Emotional Distress (IIED)
- Abuse of process
- Malicious prosecution
- Defamation
- Civil conspiracy (under state law)

EX64

**Justice Clark**: **Up on the mountain loop somewhere.**

**Stephanie**: Oh you so you are threatening me?

**Justice Clark**: You can go with me.

**Stephanie**: So you are threatening me? Why would I go anywhere with you? Ever?

**Justice Clark**: **You can help me cut wood. Get to know each other.**

**Stephanie**: Why would I do that? So you can murder me? Is that what you're saying right now?

**Justice Clark**: **We can go be neighbors, get to know each other.** Shut the fuck up!

**Stephanie**: So you're basically threatening my life right now? Is that what you're doing?

**Justice Clark**: Shit the fuck up! HES STALKING ME, YOUR THREATENING ME! AM I THREATENING YOU WITH WEAPONS NOW TO YOU FUCKING IDIOT? YOU GONNA THREATEN ME THAT I SHOUT YOUR CAR YOU FUCKING IDIOT! -

**Stephanie**: Because you did.

**Justice Clark**: HUH? YOU GONNA THREATEN ME THAT I SHOT THE WINDOW OUT OR THE FUCKING FRONT GRILL OUT YOU FUCKING STUPID FUCK!

**Stephanie**: You know you did.

**Justice Clark**: Shut the fuck up!

**Stephanie**: We all know you did.

**Justice Clark:** Oh, you all know I did? Ya!

**Stephanie**: Its –

**Justice Clark**: Yeah, where's that fucking officer that's supposed to come over, huh? **TO GET THOSE FINGERPRINTS OFF THOSE CASINGS MOTHER FUCKER! YEAH I DON'T THINK SO!** Shut the fuck up!

**Stephanie**: Are you saying that they never did that?

**Justice Clark**: Shut the fuck up?

**Stephanie**: Are you saying that they never did that?

**Justice Clark**: Shut the fuck up, Stephanie!

13×64

**Stephanie**: It's a question?

**Justice Clark**: I'm calling the fuckin cops.

**Stephanie**: Please do.

**Justice Clark**: I'm tired of your fucking harassment right now!

**Stephanie**: Please do actually.

**Justice Clark**: Fucking dumb Mother fucker!

**Stephanie**: Go right ahead if you don't, then I will.

**Justice Clark**: Tired of this shit.

**Stephanie**: How about that? Because you just threatened my life.

**Justice Clark**: Shut the fuck up! You and your fucking stupid bullshit again already.

**Stephanie**: You just said it yourself.

**Justice Clark**: Shut up!

**Stephanie**: I didn't say it. That's a pretty serious offense there. Pretty serious offense.

**Justice Clark**: 4232 142nd Ave NE, Lake Stevens, WA 98258

**Stephanie**: How much you want to bet they won't even show up?

**Justice Clark**: 425-530-0250 **this fucking lady out here named Stephanie Farler is back over here at my neighbors. And she's out here fucking harassing me**, we're all trying to sleep, she's out here being a fucking bitch! **Now she's accusing me that I'm going to fucking kill her and this other stupid bullshit right now, and I'm fucking I'm fucking tired of it.**

**Justice Clark:** I'm out here on my back pouch. I'm out here fucking it's hot out, we got our windows open, and here this noisy bitch that lives next door to us, I've had it. I've had so many problems with this fucker, ok. I'm fucking sick of her.

**Justice Clark**: Are there any weapons? NO. She's accusing me, and she is a fucking nut! No No.

**Justice Clark**: Farler. No, she doesn't live here.

**Stephanie**: I own the home

5x64

**Justice Clark**: She's telling me she owns the home now because..........And I haven't heard from my neighbor Marlene in a while, so I don't know what happened or whatever. um. no, she's no, she's got identity theft she's got all kinds of shit

**Stephanie**: Slander.

**Justice Clark**: She's got all kinds of stuff on her record.

**Stephanie**: Slander.

**Justice Clark**: She's over here fuckin yeah, she's out here right now fucking noisy ass bitch

**Stephanie**: Slander.

**Justice Clark**: Man I'm just fucking this fucker I tell ya

**Stephanie**: Slander that's crazy.

**Justice Clark:** Nobody's getting hurt except shes out here shes gonna be out here fucking shes a tweaker shes a meth head she gonna be out here for fucking tell two three in the morning. Her and her fucking mom out here. Doing all this moving bullshit out here. There the most disrespectful the most fucking there just fuckers man ok? My name Justice Clark im a home owner here I have lived here for fucking like 20 years. This lady......Over here. ....For like 4 years or three years

**Justice Clark**: Yeah well it aint because.....She wont stop her shit now.

**Stephanie:** Im almost done if you just be patient.

**Justice Clark**: Fucking noisy ....... Alright. Bye.

**Justice Clark**: Fuck tard fucking disrespectful mother fucker

**Stephanie**: Mom hes calling he called the cops. He called the cops. But that's ok. The neighbor.

**Tamera Farler**: Whats he doing?

**Stephanie**: Huh? What mom?

**Tamera Farler**: Then let me do it.

**Stephanie**: Im almost done now if you want to help. I don't im not going to keep hiding from him. And not living my life because of it. I can unload it for you your old.

**Justice Clark**: you're a disrespectful bitch yeah that's right. There you go

BX 64

**Tamera Farler**: Stephanie Get in the fence.

**Justice Clark**: Fucking daylight ass hole. Fucking noisy fucker. **Jobless fuck**.

**Tamera Farler**: STEPHANIE!

**Stephanie**: What Im coming.

**Justice Clark**: yeah get your recorder out now.

**Tamera Farler**: STEPHANIE!

**Stephanie**: Im coming all the stuffs out. Well I have to. Well he called the cops already.

**Tamera Farler**: that's why you cant stay out there.

**Stephanie:** Im gotta grab my phone! Its almost unloaded. Why cant I just unload a fucking car? Seriously.

**End of transcription.**

_[signature]_
_____

**Stephanie Farler** (pro se)

425-268-0129, Farler3030@gmail.com

EX 64

4/30/25

April 30th 2025

EX 60



SUPERIOR COURT OF WASHINGTON
IN AND FOR SNOHOMISH COUNTY

Stephanie Farler
_____
Petitioner Plaintiff.

vs.

Marlene Sprague/ Darlene Rosenquist
_____
Respondent Defendant.

No. 24-2-05702-31

DECLARATION of
~~An~~ Marlene Sprague

I declare: that these are my new amended declarations.

#5. Stephanie Farler is a Vexatious Litegant in this case. We have been to court around 6 times. From errors for Stephanie Farler. This is the 1st I have filed against her.

#6 My neighbor Justice Clark and I talk I am not Conspiring.

#7 If you look at Stephanie's criminal record it speaks for itself. Not my duty

#8 She had no permission from me to live in an 8X8 wooden shed. Attorney Rob Trickler handled the ejectment the judge for the ejectment disagreed and granted the order.

#9 This is not a Tort. Intentional infliction of emotional distress, was not intended.

EX~~AM~~ 61 DIED

# 10.   I was not served the Amended
           Complaint. or court dates, and times.

# 11.   No duty to cause stress

# 12   Eviction - no duty to make evicition stress
           free.

# 13.   Not my duty to protect her from her own
           actions. or neighbors.

# 14.   Motion and Order filed for this case to
           dismiss and order for with prejudice.

# 15.   All pages with word for word
           discription is recorded without our
           permission or notified. Illegal especially
           to use in court.

I declare under penalty of perjury under the laws of the State of Washington that the following is true
and correct.

Signed in   Everett_____,   WA   on   1/6/2025
                    City                          State                Date

Signature

Marlene Sprague
Printed name

EX 61

24-2-05702-31

5. The constant filing of court proceedings by the sisters against the plaintiff, despite previous rulings, demonstrates a pattern of harassment and abuse of the legal system to cause emotional distress, meeting the standard of outrageous conduct.

6. The defendants behavior to conspire with the neighbor to constantly surveil, intimidate, taunt, and mock the plaintiff, along with vandalizing their vehicle, constitutes intentional and extreme conduct aimed at causing severe emotional distress.

7. Despite any past criminal record, the repeated harassment, threats, and intimidation faced by the plaintiff justifies the issuance of protection and compensation to ensure the safety and well-being, in accordance with the principles of protecting victims of harassment and threats under Washington state law.

8. The filing of an ejectment act against the individual residing on the property without proper legal grounds is unlawful and violates the individuals rights to peaceful enjoyment of their home, as protected by Washington state law.

9. All those who in pursuance of a common plan or design, plan to commit a tortuous act actively take part in it, or further aid or encourage the wrongdoer, or ratify and adopt the wrongdoer, and acts done to their benefit are equally liable. Express agreement is not necessary, and all that is required is that there be a tacit understanding of the wrongdoing. In acting or encouraging such outrageous and unacceptable behavior and showing complete disregard for the plaintiffs right to enjoy her home and right to live in peace free from malice each party has played part in the mental suffering the plaintiff is subjected to

**WHEREFORE**, Plaintiff requests judgment against Defendants as follows.

1. For compensatory damages in the amount of $3059.00
2. For 10 years lost wages according to the state guidelines of average individual yearly income in Snohomish County Washington $84,655.00 X 10 = $836,550.00.
3. Consadering the severity and extensive amount of time suffered by the Plaintiff I believe that punitive damages at a x4 multiplier of the compensatory damages and loss of wages is appropriate. $3,059.00 = $836,550.00 = $839,609.00 X4 = $3,358,436.00
4. For protection from any further related abuse or conspicing together of the three named defendants.
5. For such other and farther relief as the court deems just or proper.

Signed in Lake Stevens Washington by the Plaintiff on this 10th day of September of the year 2024

Stephanie Fable

Dated this           day of           2024

Commissioner Snohomish County Superior court

Exhibit 5 Ex15

Ex6l

Case # 24-2-05702-31

Before I respond to Stephanie's latest amendment, I would like to recap the facts.

My brother, Alan Sprague, lived in my grandparents' house in Everett. He had some questionable "friends" he allowed to live there, bringing others. It soon became a homeless encampment with campers, cars, and tents, everywhere. Destroying the property. We tried to remove them, to no avail. Our mother Irene Sprague the property owner, afraid of legal ramifications, decided to sell the property.

Our mother purchased another property for Alan to live in, but ONLY if he agreed and signed a "family contract" saying he would NOT let ANYONE else live there.
He agreed and signed.

Alan is an at-risk senior, who is easily influenced, and taken advantage of. Resulting
in questionable actions on his part, the reason Marlene Sprague is his power of attorney, with her name on the property deed.

In moves Stephanie Farler, with a dog, and various boyfriends.
She took it upon herself to empty Alan's belongings from the garden shed and claim it as her "bedroom".

The first attempt to remove her, was an at-will.
Second attempt through the court system, on our own by filing an eviction. That case was dismissed, with prejudice, only because she was not a tenant, there was no "landlord-tenant agreement", she was a squatter.
The commissioner advised her there would be further action taken.
At this point, the claim needed to be an ejectment, not an eviction since she was there unlawfully. We hired Rob Trickler, Attorney to help us.
He was successful, by a ruling of the Judge.

We were/are under no obligation to "provide" anything to Stephanie Farler. IT IS NOT OUR DUTY. Everything we have done is following the law.
We have not conspired, surveilled, taunted, mocked, vandalized, harassed, or any of the other accusations made by Stephanie. Stephanie herself had put up cameras and recording devices from the start. There is NO "evidence" that Marlene nor myself, has ever done what she is "claiming". She has without their knowledge, recorded conversations of others, trying to use them in court.

It is NOT OUR DUTY to provide you with "peaceful enjoyment of their home". IT IS NOT YOUR HOME! or to provide the safety and well-being of a squatter.

Ex6

Pg 2        Case # 24-2-05702-31

Stephanie has been evicted/ ejected from several properties, showing a pattern
of behavior on her part. (public record) She has recently been on house arrest
for crimes in Skagit County/ Island County.  She is causing her own "distress",
we have no part in her former lengthy legal issues or disregard of the law.


As homeowners, we have the right to protect our investment, protect our brother
Alan Sprague, from people who try to take advantage of and or manipulate him for
their benefit.

The amount of compensation based on employment is ludicrous.  She worked at UPS
during the holiday season, and NEVER worked at Boeing as she claims.  Prior to
that, she worked at several Buzz-in restaurants. (public record)

I am asking the court, to dismiss this with prejudice, There is no factual
"evidence" as she calls it.

I am willing to answer and provide any other information or documentation the
court wishes.

Respectfully,

Darlene Rosenquist, Defendant

Ex4

Case # 24-2-05702-31

Facts listed for Motion to Dismiss with prejudice.

1. Stephanie Farler resides at 4232 142nd AVE NE, Lake Stevens, Washington in a
   garden shed she calls "her bedroom". She does not have permission to be
   there. Attempts have been made by the owner of the property Marlene
   Sprague, to get her to leave. First at will, then through the court system,
   and finally having to hire a lawyer, Rob Trickler, to remove her.

2. Stephanie and the neighbor Justice Clark do not like each other, as
   Stephanie herself enclosed it, however, it has no bearing on Marlene
   nor myself.

3. I have never seen nor spoken to the neighbor Justice Clark. There is
   no way I have conspired with him, as Stephanie has claimed.

4. Stephanie has no proof as to the damage caused to her vehicle. Her
   boyfriend Robert Lane and Stephanie have been in altercations as
   well, as Stephanie's paperwork shows.

5. Stephanie Farler has quite a criminal record, showing repeated
   evictions and other charges. (public records) According to
   the Police and Sheriff's reports, her boyfriend Robert Warren Lane,
   who is also living in the shed, has felony warrants, and was
   removed from the property previously, as stated by Stephanie.

6. This makes me sad to have to admit, that my brother Alan Sprague is
   a vulnerable senior, who makes questionable decisions and can be
   easily influenced. Therefore the reason for the power of attorney
   and quit claim deed, both notarized and submitted through the
   courts.

7. I have only seen and or spoken to Stephanie on 12/31/2023, the only
   date I have EVER been there. I live in Stanwood about 45 minutes away.
   The picture that claims to be my car is not mine, nor is the
   adult male in the front seat my grandson, who is 10. Why would I waste
   my time driving by, especially in the snow?

8. Stephanie Farler has accused my sister Marlene and me of unfounded
   accusations that simply are not true. Every step that has been
   taken to have Stephanie leave was done according to the law and
   at the advice of either the Sheriff or our Attorney Rob Trickler.

Exu1

9. In conclusion, Stephanie has taken us to court multiple times with
   regard to this case including 8/9/2024, 8/14/2024, and 8/26/2024
   each time the Judge/Commissioner has stricken. We are requesting
   a dismissal with prejudice, please end this harassment
   All we want is our property back.

Ex61

*Original response-*

SUMMONS

#24-2-05702-31

7/30/2024

Response to SUMMONS #24-2-05702-31

Stephanie Farler Petitioner / Darlene Rosenquist, Justice Clark, Marlene Sprague, Respondents

I Darlene Rosenquist will address only the items I have been mentioned in or know of.
  As labeled by Stephanie Farler.

3. Factual allegations
    3.1 There was a no trespass filed on Jolene aka Jojo.  This matter does not
        involve Stephanie.
    Fact #6  As instructed by Snohomish County Sheriffs.
    Fact #11 Our "family contract" is not Stephanie's to question, it's a FAMILY
            contract drawn up to prevent the same occurrence at this address.
            Regarding the so-called "agreement" I have never seen nor spoken
            to Justice.
            Regarding the "gun and holster"  Marlene has a permit·to do so, the
            The sheriff is aware due to of all the calls they get for the
            "nuisance house".

4.13  My side now. When I arrived to my surprise was someone I knew nothing about.
      I asked her who she was, and instead of just telling me, she said she lives
      there. Voices were raised. I did call the Sheriff.
      AS FAR AS MY GRANDSON, I APOLOGIZE FOR HIS BEHAVIOR HE IS AUTISTIC.
      He is very protective of his Grammy.  However, he never got anywhere
      close to Stephanie.

4.19  The letters and attempts have been all legal. You have known for months
      we want you to leave. There has been no retaliation by Marlene Sprague
      or Darlene Rosenquist.

4.22  Alan has written an affidavit stating he does NOT want you there. The
      letter was sent according to the laws.

4.24  We all want this to STOP!
      You took Justice to court 2 times and were denied both times as you
      stated on 4.24.  Again nothing to do with Marlene or me.

EX6|

4.25    It is NOT your home. You have been on House Arrest, as admitted by you
        Stephanie. Again nothing to do with Marlene or me.

4.26    The reason eviction with prejudice was dismissed was the form submitted.
        It should have been an "ejectment" since you are not a tenant.  The Judge
        did tell you this is not over, be expecting further paperwork.
        The "other tenants" as you call them, have leases.

4.28    I have only been to that property this one time. As already explained
        in 4.26.
        Our lawyer, Robert W.Trickler PLLC, was having you served, as stated
        in the notice.

4.30    This entire statement is not true except for where I live and the time
        it would take me to get there.  I have NEVER pulled into the driveway,
        I do not drive by, and the "snapshot" is not my car.  The male in that
        car is an adult.

4.32    From our Lawyer, correct.

4.41    Following the legal laws to remove you from the property.

4.42    You have been aware for months that we want you to leave.  You have had
        ample time to "figure" something out.

4. CAUSE OF ACTION
        Your work record speaks for itself. Invasion of privacy: You put a lock
        on the SHED DOOR (you call it your bedroom) and no one but you has the key?
        Isolation: court-ordered, Skagit County.

    WHEREFORE
        4.  Yes please give us protection from Stephanie Farler.


The situation between Justice and Stephanie has nothing to do with ours.
Stephanie herself stated in Fact #5 Justice had researched to contact Marlene.


IN CONCLUSION:

LET US NOT TAKE INTO CONSIDERATION, OUR STRESS, SLEEPLESS NIGHTS, TIME LOSS, TRIPS
TO THE COURTS, FORMS
PAPERWORK, AND FINANCIAL BURDEN. Stephanie Farler has placed on Marlene and myself.
We only want what is
legally ours.

EX 61

Any further information requested by the courts I will gladly comply.

Respectfully,

Darlene Rosenquist

Ex 61

**SUPERIOR COURT OF WASHINGTON**
**IN AND FOR SNOHOMISH COUNTY**

Stephanie Farler
Plaintiff/Petitioner,

Cause No. 24-2-05702-31

vs.

Marlene Sprague, Darlene
Defendant/Respondent.     Rosenquist

MOTION For dismissal
with prejudice on
all amended complaints
and entire Case.

COMES NOW the below named party and moves as is set for herein:

1. Moving Party: Marlene Sprague, Darlene Rosenquist
   (Insert Your Name)

2. Relief Requested: motion and order for dismissal with
   prejudice on all amended complaints and entire Case.
   CR 12 B6 - failure to claim doesn't lead to any duty
   Vexatious lidequant - this is the 6th or 7th time to court

3. Basis: This motion is based upon: on this issue.

   ☒ The attached declaration.     ☒ The records and files herein.

   ☒ The following: any additional information

   _____
   Signature

   Date: 12/6/2024

Printed Name: Marlene Sprague
Address: 1805 Rainier Ave
         Everett, WA 98201
Phone Number: (425) 263-6463
Email Address: marlene.sprague@yahoo.com

EX 61

FILED

2025 MAY -9 AM 11: 23

HEIDI PERCY
COUNTY CLERK
SNOHOMISH CO. WASH

24-2-05702-31
ORDYMT          120
Order Denying Motion Petition
18826405

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF SNOHOMISH

STEPHANIE FARLER,

             Plaintiff,

   v.

MARLENE SPRAGUE, DARLENE
ROSENQUIST, and JUSTICE CLARK,

           Defendants.

NO. 24-2-05702-31

ORDER ON MOTIONS FOR SUMMARY
JUDGMENT AND DISMISSAL OF CLAIMS

1.  ORDER

This matter comes before the Court upon motion of plaintiff for summary judgment,

counter-motion by defendants for summary judgment in their favor, and motion to dismiss filed

by defendants. The Court has reviewed the motions of the parties, supporting declarations,

responsive and reply materials, if any, and has considered oral argument of the parties as well.

The Court now ORDERS:

① Plaintiff's motion for summary
judgment is denied with prejudice.
the start

②

order- 1

Cogdill Nichols Rein Wartelle Andrews
3232 Rockefeller Avenue
Everett, WA 98201
(425) 259-6111

EX 61    ORIGINAL

② Δs Sprague and Rosenquist's motion for dismissal pursuant to CR 12(b) is granted. Plaintiff's complaint as to these defendants is dismissed with prejudice. There is no reason for delay and this order is considered final order as to these defendants.

③ The court finds that the allegations of plaintiff, as to these Δs, even if true, do not meet the elements of the tort of Outrage and there is no set of facts alleged by plaintiff in her pleadings that would, if true, meet three elements of the tort of outrage.

order- 2

(4) The Court finds plaintiff's claims, against these Δs, to have been advanced by plaintiff in violation of Civil Rule 11 and RCW 4.84.185 (frivolous law suit) and concludes these Δs are entitled to judgment against plaintiff for their reasonable attorney fee, and cost incurred defending against plaintiff's claims. The motion for fees may be brought by Δs and there at any time after entry of this order.

order- 3

Cogdill Nichols Rein Wartelle Andrews
3232 Rockefeller Avenue
Everett, WA 98201
(425) 259-6111

EX 61

1

SO ORDERED this 9th day of May 2025.

2

3

4
_____
Judge Richard Okrent

5

6
*Presented by:*

7
_____

Cory Rein WSBA 21908

8
For Defendants Sprague and Rosenquist

9

10
*Approved as to Form by:*

11
Plaintiff left courtroom w/out signing

Stephanie Farler, Pro Se

12

13

14

15

16

17

18

19

20

21

22

23

24
order- 7

Cogdill Nichols Rein Wartelle Andrews
3232 Rockefeller Avenue
Everett, WA 98201
(425) 259-6111

Ex 61

May 9, 2025 IIED CASE NO. 24-2-05702-31
Stephanie Farler vs Marlene Sprague, Darlene Rosenquist, Justice Clark

OKRENT, RICHARD: All right. Mr. Rein, your case, which is, I believe, the Farler.

REIN: Yes. Ms. Farler has claimed to visit the council table. There are two motions before you. Actually, there are two and a half. Ms. Farler filed a summary judgment motion and on behalf of two of the three defendants I brought a motion to dismiss or the alternative motion for summary judgment, counter motion for summary judgment. So I'm not sure which order we wish to proceed and on. Ms. Farler filed her motion first my motions came second.

OKRENT, RICHARD: So your motion is in response. Okay. So Ms. Farler can go first. Okay. Because you're responding. Yeah. Go ahead.

FARLER: Okay, so I didn't think I was going to go first. Sorry. Hold on, let me get this. Let's see. So the summary judgment that I filed, I think I pretty much, I tried to do my best, most thorough job on ----- down that applied to it and the harassment and the severity of it. and all of the coordinated efforts that are all put into it.

OKRENT, RICHARD: What evidence do you have that any of the spragues contributed whatsoever?

FARLER: Yes, so I have that.

OKRENT, RICHARD: What evidence do you have? Tell me what piece of evidence that you provided me that indicates that the spragues are creating this alleged tort of outrage.

FARLER: Well, I have the transcriptions that were professionally transmitted.

OKRENT, RICHARD: The scriptures deal with Mr. Justice.

FARLER: No, no, no, but there's one, no, there's two of them that are also, each of the two, Marlene and Darlene both had incidents with him, and they are recent.

OKRENT, RICHARD: Incidents with who?

FARLER: That I transcribed.

OKRENT, RICHARD: With him.

FARLER: No, no, no. Well, yeah, but they all speak together. And then, not just that, but then.

OKRENT, RICHARD: With legal basis?

EX61

FARLER: This was left on our door.

OKRENT, RICHARD: No, no, that's right.

FARLER: I mean.

OKRENT, RICHARD: Focus here. I'm a judge. Okay. Answer my question.

FARLER: I have the emails and the letters that I've gotten from them calling APS. I have a vulnerable adult protection order that I have with me that they filed that was dismissed during the trial. With no grounds, it was totally dismissed because it was unfounded. That was done in, I can't remember the exact date, but it was right in the same window of time as when. The timeline I have a timeline of everything in here

OKRENT, RICHARD: I read every single piece of documentation you filed in the court now.

FARLER: And so have you read the other vulnerable adult Right So I did file it with this motion with this motion I believe I did all the police reports. There's also multiple police reports that are

OKRENT, RICHARD: all right. And those whatever you filed in the file I read.

FARLER: Right. And so those were initiated. A lot of those calls and the harassment through 911 were not just justice. They were made by multiple people. Both of them have both been involved, the person calling the RP and those police reports, too, that I got from the records department. Let's see. And it just continues. There's just more, too, that's not filed yet that I was going to try to do today. I was going to, yeah, there's just so much of it. And I just, yeah, I don't, everything's been filed. I mean, the responses that they filed into this motion themselves, their own words, I think is a really, really strong indicator of their intentions behind everything.

OKRENT, RICHARD: No, no, no, no. You don't get to attack their credibility like that.

FARLER: No, I'm not trying to attack their credibility.

OKRENT, RICHARD:: Yes, you are.

FARLER: Well, what I'm saying is...

OKRENT, RICHARD: You're absolutely trying to attack their credibility based upon their right to respond to you.

FARLER: No, no, no.

OKRENT, RICHARD: Are you telling me they don't have a due process right to respond to you?



FARLER: They absolutely do, but the things that they say...

OKRENT, RICHARD: Okay, let's continue.

FARLER: Okay. All right. So everything that I submitted to you, you've seen. I don't know what else I can say about that.

OKRENT, RICHARD: Thank you. Mr. Rein.

REIN: Thank you, Your Honor. I'll address the motion to dismiss. So I see Ms. Farler has proposed an order to have you granting her $4.2 million in damages for outrage. In my motion for dismissal, I set forth a standard which is pretty clear of the three elements of the first one, which is establishing extreme and outrageous conduct. If we assume that everything in her complaint or many complaints are true. With regard to my clients, Ms. Sprague and Ms. Rosenquist, there is no extreme and outrageous conduct by them. There very well may be some from this neighbor Justice Clark, but I don't represent him. He's not here, and this motion doesn't really address him. So even if we assume that what Ms. Farler says in her complaint, take it as true. It is clear under the case law that I have cited that that behavior does not amount to outrage. And for that reason, I believe her complaint should be dismissed. I also think if there's ruling on summary judgment, you also can grant summary judgment in favor of my clients because taking the allegations as true, they do not, again, satisfy the elements of the tort of an allegation. So I would ask for dismissal of the complaint of my clients. I would ask that the court allow, after dismissal, my clients to, if you do dismiss, I just allow my clients to bring a motion for a regional friend who has a personal lawsuit.

OKRENT, RICHARD: Two questions. Yes. Do you allege that at some point Ms. Farler actually forged her name or your client's name? on quick claim deed, is that correct?

REIN: Yes. So, as you may have figured out earlier, Ms. Farler had to be ejected from my client's house. The house belongs to one of my clients. Two sisters.

FARLER: Not Correct.

OKRENT, RICHARD: So, ma'am, could you do me a favor and not talk while I'm listening to the attorney? That's very rude. And those in the back here who are talking among themselves, excuse me, excuse me, this is a court of law. You're interrupting my work. If you continue to interrupt my work by conversing while I'm talking, I will eject you. I'm just trying to see this. And if you continue to interrupt my work, I will eject you. I'll have the marshals here, and you will be asked to leave. I am trying to concentrate. You are not a part of this case. You allowed to it open court You can sit here all you want

TAMERA FARLER: That's my daughter.

EX6

OKRENT, RICHARD:You can sit here all you want and watch the case as much as you want but you cannot interrupt the work of the court Thank you Please continue.

REIN: So Ms. Farler had to be ejected from this property, and she was, and Judge Steffener did that. Ms. Farler asked Judge Steffener to vacate that order. He denied it on the merits. Sometime, I believe, in October or November. I may have been a month long, but either way, somebody forged a deed to Ms. Farler and the third party my client's name was reported to be on there but the bill read isn't a lot of rights my client said it was reported so the deed is not affected but it was reported and I suspect the title and there's a real estate tax tax obviously filed and approved at the same time by Ms. Farler. So I think the title is we have sued Ms. Farler just recently to play title to get her off that. That's out there. You also, if you were to do a, the court was to take judicial notice of Ms. Farler's criminal history. She has an extensive, unless it's the wrong Stephanie Farler, she has an extensive history for identity theft. That's many convictions for those. She's just charged permanently with identity theft about two months ago for having stolen identities out of the property that belongs to my client. Exactly. This is just the latest step in all of this.

OKRENT, RICHARD:: Mr. Rein, has there been any criminal investigation of the alleged forging of the quick claim deed?

REIN: Not to my knowledge, not yet.

OKRENT, RICHARD: Are you planning on referring it, or is your client planning to refer it to the prosecutor?

REIN: Oh, absolutely. Yeah, thank you. It may have been. I'm not sure. I haven't done it yet. And you're asking for a training speech? So I'm asking if I apply to be awarded for a reasonable alternative to case a law criminal lawsuit in this case. I didn't bring a motion to update my report, but I'd like to have this. I don't know if we'll do that in court. Thank you.

OKRENT, RICHARD: Ms. Farler, do you want to respond?

FARLER: Yes, I do. I have the documents with me right now that they are referring to, the quick claim deed. Okay, so the charge that he was saying about two months ago was a pending charge, So no way is that admissible or any type of it's innocent until proven guilty in the court of law. So it's not appropriate to even mention that, considering that it's still pending.

OKRENT, RICHARD: Are you saying to me that as a judge, it's inappropriate for me to ask a legitimate question about something he raised in his response?

FARLER: No, that's not what I'm saying at all.

Ex 61

OKRENT, RICHARD: So then, yes, it is what you're saying. So, in fact, I'm allowed to ask questions as I'm asking him. Based upon what's under responsive documents. and I was very concerned about this quick claim situation.

FARLER: I have the quick claim deed that there were...

OKRENT, RICHARD: You can't submit any new documents.

FARLER: No, no, no. I mean, if you want to look at it for reference.

OKRENT, RICHARD:: I do not want to look at new documents.

FARLER: So what happened was Alan Sprague, which is right here, he is... Okay, him and Marlene were both on, okay? I have the quick claim deed that Marlene made on... And it was October. And I have it here with me. And she went and she removed her brother, Alan, from it. And so she was the sole owner. And also I have the documented responses that she added to the court cases where it says, literally, I have the court things right here that from the other cases when they tried to eject me, they didn't feel comfortable doing that. So she coerced her brother and did all this big. It was a really elaborate thing. And then she took a power of attorney that was not created in a valid way. There was the date that it was notarized, the date that the two people witnessed it were completely off. And the date on the quick deed document, none of them matched up. They were all separate dates when they were signed, and I have those with me. So that shows that they did not properly follow any procedure to do any of those. So that was, I mean, she removed her brother. just I mean that equal to what everybody trying to say I did all I did was Alan asked me if I would be on the deed to his property he asked me to do this so that his sisters couldn steal his property He was scared that they were going to do that to him It aired something to him again He doesn know

OKRENT, RICHARD: Can I interject

FARLER: And that's why I told him yes, I would.

OKRENT, RICHARD: Some of the statements that you just made could be used against you in a criminal case. Okay, well, I mean. I'm trying to help you out here. If you continue by talking about what happened with the quick clame deed.

FARLER: All he did was ask me to be on the deed to protect him. And so I went to the auditor's office and then he put me on. He has legal rights to. He's the property owner.

OKRENT, RICHARD:: That's nothing to do with the case here, but thank you for your answers. Anything further?

FARLER: Well, that was what you guys were talking about that had something to do with the case here.



EX61

OKRENT, RICHARD: You just admitted that you actually participated.

FARLER: No, no, no. I was talking about when they did it.

OKRENT, RICHARD: Is your name on the quick claim deed?

FARLER: Alan is the owner.

OKRENT, RICHARD: Alan's not the party here. You are. Is your name on the quick claim deed?

FARLER: Yeah, because Alan asked me to be the homeowner. Took me there and had it. He asked me to.

OKRENT, RICHARD: Anything further?

FARLER: Why was that relevant to the other side talking about it?

OKRENT, RICHARD: Because your credibility is relevant every time a case comes forward now. Why? Because that's the law. Anything further?

FARLER: Why is my credibility irrelevant?

OKRENT, RICHARD: I didn't say your credibility was irrelevant. I said your credibility was relevant, and that's the law. Anything further?

FARLER: I don't understand what you just said. I have no idea what that means.

OKRENT, RICHARD: Okay.

FARLER: I have no idea what that means. I don't know what you just said.

OKRENT, RICHARD: Anything further?

FARLER: No, can you please explain that to me?

OKRENT, RICHARD: It means whenever you say something, your truth or lie capabilities is before this court. That's called credibility.

FARLER: So it was what I just said then?

OKRENT, RICHARD: No.

FARLER: Okay. So what did you say? I'm confused.

OKRENT, RICHARD: Thank you very much. I know you're confused. Somebody who represents themselves in Washington State is held to the same standard as an attorney. when someone brings a lawsuit for tort of

EX61

outrage and then brings a motion for summary judgment they have to allege facts that support the motion for the tort of outrage no facts in this case support the tort of outrage or intentional inflection in the emotional express in fact all of the facts alleged basically indicate that Ms. Farler has a problem with Justice Clark that might provide a lawsuit against Justice Clark but there's no evidence supporting the lawsuit against Sprague and Rosenquist. The motion for summary judgment is denied with prejudice because it's frivolous.

ALAN SPRAGUE: My mother gave me that house.

OKRENT, RICHARD: Could you contact security, please? Thank you.

ALAN SPRAGUE: Number two. That is the truth.

OKRENT, RICHARD: The motion for dismissal is granted.

ALAN SPRAGUE: My mother gave me that house.

OKRENT, RICHARD: The motion for dismissal is granted. Sprague and Rosenquist owned the property in Lake Stevens. On 11-2024, the plaintiff was ejected from the property by a signature assigned by Judge William Steffener, the company jurist in the school. On 4-16, it was then again assigned to the location. A request for the location was made, and that was denied. After, allegedly, the ejection took the place, and after Judge Steffener's order, It appears that something happened to the claim deed that appears to have been done plausibly that involves playing a disparate parlor. Whether or not there's criminal investigation afterwards, it's not that the case is going to be the most out of the whole of our office.

OKRENT, RICHARD: Sir, are you threatening me? Sir, have you just threatened before?

FARLER: He can't hear right now. He can't hear what you said.

OKRENT, RICHARD: I'm going to give the benefit of the doubt. I'm going to give the benefit of the doubt. As I was saying, there is a valid reason to dismiss this case. The case is dismissed. I will grant attorney's fees upon application of the proper fee abominated. That's the order of the court.

FARLER: Do I get any orders?

REIN: I have an order that I will edit right now and present to Ms. Farler.

OKRENT, RICHARD: Thank you.
REIN: Thank you. Once again,



DECLARATION OF STEPHANIE FARLER

I, Stephanie Farler, declare under penalty of perjury:

1. I have personally experienced an ongoing campaign of harassment, fraud, and unlawful deprivation of my property and safety rights at the hands of Marlene Sprague, Darlene Rosenquist, Justice Clark, Snohomish County officials, and others.

2. Despite repeated attempts to obtain protection in state court—backed by video, police reports, and witness testimony—my evidence was disregarded or discounted due to "credibility" attacks arising from the same fraudulent process.

3. My vehicle was shot repeatedly, my property was seized under an invalid warrant, and I was left homeless before Thanksgiving 2024.

4. I lost a once-in-a-lifetime employment opportunity at Boeing and all economic stability as a direct result of Defendants' coordinated actions.

5. My children, mother, and family were all put in harm's way or separated from me.

6. I am suffering ongoing emotional distress, have no remaining safe residence, and am facing imminent criminal trial and continued deprivation of rights.

7. I have attached all relevant supporting documents, evidence, and detailed factual timeline.

> "I have tried to maintain my federal funding and enrollment at HMI College of Hypnotherapy since December 2024, but due to ongoing harassment, being ejected from my home, instability, and continued court and police actions against me, I have been forced to restart after the first month and struggle just to attend classes. This month, I was placed on academic probation and have effectively lost access to this career path and the financial aid that gave me hope of rebuilding my life and supporting my family. This loss is a direct, ongoing effect of Defendants' conspiracy to isolate and destroy my future opportunities."

I affirm the contents of this declaration and all case evidence to be true to the best of my knowledge and belief.

Executed on: 7-25-2025
at Marysville, Washington

Stephanie Farler

EX67
EX74 Hamid School

RE: Probation Assistance

From:  Calandra Ransom (calandra@hypnosis.edu)

To:    stephareef@att.net

Date:  Tuesday, June 17, 2025 at 03:12 PM PDT

cheryl-oneil-the-mentee-pack (4).pdf

 NATIONALLY ACCREDITED **COLLEGE OF HYPNOTHERAPY**

**From:** Stephanie Farler <stephareef@att.net>
**Sent:** Tuesday, June 17, 2025 2:56 PM
**To:** Calandra Ransom <Calandra@hypnosis.edu>
**Subject:** Re: Probation Assistance

now it says invalid ID on the zoom link I connected my headphones to my lap top so it should work now I believe

On Monday, June 16, 2025 at 07:29:24 AM PDT, Calandra Ransom <calandra@hypnosis.edu> wrote:

Hi, Stephanie,

Thank you for reaching out.

HMI is closed on Fridays. My office hours are from Mon-Thu 7am to 7 pm PST.

EX 7 #HMI School 67

Please schedule a time for us to meet so we can come up with a plan to get you back on track.

I look forward to speaking with you.

Calandra

**From:** Stephanie Farler <stephareef@att.net>
**Sent:** Friday, June 13, 2025 2:47 PM
**To:** Calandra Ransom <Calandra@hypnosis.edu>
**Subject:** Re: Probation Assistance

Hello I called and left a message and just wanted to make sure that you are aware that I am going to start doing workshops and will be completing the psr review with Bruce in the near future. I appreciate all your concern and willingness to work with me to find my way back to on track for graduation.

Sent from AT&T Yahoo Mail on Android

On Tue, Jun 10, 2025 at 4:53 PM, Calandra Ransom

<Calandra@hypnosis.edu> wrote:

Dear Stephanie,

I am contacting you to help you with a game plan to complete the terms of your academic probation.

Please let me know a good time to call you today, so I can help you with this. My direct line is 747-208-1301.

I look forward to hearing from you and helping you to stay in school and reach your goals.


EX 67 AmI School

Kind Regards,

*Calandra Ransom*

HMI Student Counselor

Direct Line: **(747) 208-1301**

Monday-Thursday 9:00 AM to 7:00 PM PST

Ex 67 HMI School

# Financial Aid – Clinical Hypnotherapy Program

## Student Information

| First Name * | M. | Last Name * | Customer ID * | Projected Start Date * |
|---|---|---|---|---|
| Stephanie | | Farler | | 11/05/2024 ˅ |

## 1. Financial Aid Award
Revised: 2024-10-30

Enrollment Agreement Addendum – 2024-2025 Award Year

| | | | | |
|---|---|---|---|---|
| Student Name: | Stephanie Farler | | Midpoint: | 05/05/2025 |
| Start Date: | 11/05/2024 | | SAI: | -1500 |
| Program: | Clinical Hypnotherapy P ˅ | | Independent Need: | $50,218 |
| SSN: | xxx-xx- | ⊙ | Dependent Need: | $34,732 |

| | | | | |
|---|---|---|---|---|
| **Amount Borrowed:** | | $9,500 | **Tuition:** | $17,297 |
| Interest Rate:<br>Subsidized Stafford Loans | | 6.53% | (-) Family Discount:<br>($0 or $500) | 0 ˅ |
| Interest Rate:<br>Unsubsidized Stafford Loans | | 6.53% | (-) Miscellaneous Discount: | $0 |
| PLUS Interest Rate:<br>Parental Loan Used for Students | | 9.08% | (-) Community Service WS:<br>Linked to CSWS | $500 |
| | | | Net Charges: | $16,797 |
| | | | (+) STRF Fee:<br>CA Residents (Net x .0025) | $0 |
| | | | **Total Cost:** | $16,797 |

67
EX #4 HMI School

## 2. Estimated Aid/Payment

| | Award Payment | Loan Fees | Net Award Payment | 30-Day 1st Disb | 6-Months 2nd Disb |
|---|---|---|---|---|---|
| **Pell Grant:** 2024-2025/2025-2026 | $7,395 | | $7,395 | 3698 | 3697 |
| **SEOG:** 2024-2025 | $0 | | $0 | $0 | $0 |
| **Subsidized Loan:** | $3,500 | $36 | $3,464 | $1,732 | $1,732 |
| **Unsubsidized Loan:** | $6,000 | $62 | $5,938 | $2,969 | $2,969 |
| **PLUS Loan:** | $0 | $0 | $0 | $0 | $0 |
| **VA Benefits:** | $0 | | $0 | $0 | $0 |
| **Cash Payment (PIF):** | $0 | | $0 | | |
| **Other Name:** | $0 | | $0 | | |
| **Totals:** | $16,895 | $98 | $16,797 | $8,399 | $8,398 |
| | | **Total Award:** | $16,797 | | |
| | | **Balance:** | $0 | | |

## 3. Financial Aid Agreement and Responsibilities

1. I understand the institution has estimated **$7,395** of my tuition will be paid by the Pell Grant and SEOG based on the FAFSA application that I have submitted for processing.

2. I understand that if I am selected for verification, I must provide the Financial Aid office with all the documents required to complete the verification process in a timely manner.

3. In order to receive Financial Aid, I must maintain satisfactory progress in all of my classes in accordance to the policies of the school and federal regulations.

4. I understand that if I withdraw from classes, I shall be charged tuition according to the refund policy stated on the enrollment agreement and in the school catalog.

5. I understand this Financial Aid package is conditional until all respective papers/documents are in and complete.

6. I understand that I am responsible for any balance that my Financial Aid package does not cover.

7. I understand that I am liable for any costs if I fail to provide required documents, follow the procedures listed above or if I have purposely provided false or misleading information.

8. I am fully aware that the amount reflected on this award letter is the actual amount I will be borrowing and understand I have the right to borrow the maximum allowed.

EX 第4 HMI Schol

## For First-Time Borrowers Only

9. ☑ I have received "Entrance Counseling" materials for Direct Loan borrowers. I have read and understand my rights and responsibilities as a borrower. I understand that I have a loan from the Federal Government that must be repaid.

| Student Signature * | Date * | Financial Aid Officer * | Date * |
|---|---|---|---|
| Stephanie Farler | 10/30/2024 | Richard Ortiz | 10/30/2024 |
| MUST Match Profile: Stephanie Farler | | Richard Ortiz, Financial Aid Director | |

## 4. 2024-2025 Cost of Attendance (Budget)

| Student Name: | Stephanie Farler | | Start Date: | 11/05/2024 |
|---|---|---|---|---|
| Program: | Clinical Hypnotherapy Progi | | Midpoint: | 05/05/2025 |
| SSN: | xxx-xx- | ◉ | Anticipated Graduation: | 11/05/2025 |

**Off Campus**                                    **With Parents**

| Off Campus | | With Parents | |
|---|---|---|---|
| Tuition/Fees: | $17,297 | Tuition/Fees: | $17,297 |
| Books/Supplies: | $30 | Books/Supplies: | $30 |
| Food: | $9,804 | Food: | $15,324 |
| Housing: | $19,644 | Housing: | $0 |
| Transportation: | $2,616 | Transportation: | $2,388 |
| Personal/Misc: | $6,624 | Personal/Misc: | $5,412 |
| Child/Dep Care: | $0 | Child/Dep Care: | $0 |
| Loan Fees: | $98 | Loan Fees: | $176 |
| **Cost of Attendance:** | $56,113 | **Cost of Attendance:** | $40,627 |

**Off Campus**                                    **With Parents**

Campus Based/Stafford Loans                        Campus Based/Stafford Loans

| Cost of Attendance: | $56,113 | Cost of Attendance: | $40,627 |
|---|---|---|---|

EX 74 HMI School

| Est Financial Assistance: | $7,395 | Est Financial Assistance: | $7,395 |
| Student Aid Index (SAI): | -$1,500 | Student Aid Index (SAI): | -$1,500 |
| **Need:** | $50,218 | **Need:** | $34,732 |

## 5. Estimated Financial Award

| Pell Grant 2024-2025: | $7,395 | Subsidized Loan: | $3,500 |
| SEOG 2024-2025: | $0 | Unsubsidized Loan: | $6,000 |
| VA Benefits: | $0 | PLUS Loan: | $0 |

Ex ### HMT school

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

(Seattle Division)

**Stephanie Farler, Plaintiff**

v.

**Snohomish County, Washington, Marlene Sprague, Darlene Rosenquist, Justice Clark, and DOES 1-10, Defendants**

CASE NOS: 24-2-01541-31 (Residential UD); 24-2-05771-31 (Commercial UD/Ejectment)

EXHIBIT PACKET COVER PAGE

Residential and Commercial Unlawful Detainer / Ejectment Actions

**Property:** 4232 142nd Avenue NE, Lake Stevens, WA

CONTENTS

**Exhibit 1:**

**Case No. 24-2-01541-31**

- *Eviction Summons* dated June 26, 2024 (Marlene Sprague, Plaintiff)
- *Complaint for Unlawful Detainer* dated March 1, 2024

**Exhibit 2:**

- *Washington State Digital Archive Printout* (showing dismissal with prejudice of Case No. 24-2-01541-31 on May 8, 2024)

**Exhibit 3:**

**Case No. 24-2-05771-31**

- *Complaint for Ejectment* and *Ejectment Summons* dated July 1, 2024 (Attorney Rob Trickler for Marlene Sprague)
- *Summary Judgment Motion and Writ of Ejectment* dated Oct 1, 2024

**- Includes:**

- Argument from Plaintiff's counsel that both Marlene and Alan Sprague were property owners and both allegedly wanted Stephanie Farler removed.

- Reference to "new declaration" from Alan Sprague reversing his prior position.

Noted attachment of "Exhibit B" (statement from Alan Sprague).

**Exhibit 4:**

UD pack p1

- *Relevant Declarations Regarding Alan Sprague's Intent:*

- **Alan Sprague's actual statement:** Describes how Marlene presented a blank declaration for Alan to sign, with Marlene stating she would "fill it out later."

- **Typed declaration presented by Marlene Sprague:** (showing content not authored or approved by Alan, but submitted as his sworn statement).

- Evidence of conflicting declarations; Marlene Sprague's submission of a declaration on Alan's behalf containing assertions Alan did not make or approve.

### Exhibit 5:

- Timeline and supporting documentation showing:

- Marlene Sprague pressured Alan Sprague (a vulnerable adult) to sign blank documents;

- How these falsified or coerced documents were presented to the court as evidence against Stephanie Farler;

- Plaintiff's own timely objections and Alan's written repudiation of Marlene's actions;

- Court's failure to investigate or credit exculpatory evidence provided by Plaintiff.

### Summary of Relevance and Issues Presented

This packet demonstrates the procedural history and evidentiary record of overlapping unlawful detainer and ejectment actions used by Marlene Sprague, with the participation of attorney Rob Trickler, against Stephanie Farler. Key issues include:

- Dismissal with prejudice of the original residential unlawful detainer in May 2024 (Plaintiff was not a tenant under the law).
- Subsequent filing and prosecution of a commercial ejectment, during which the court was presented with contradictory and suspect declarations regarding Alan Sprague's wishes.
- Plaintiff's evidentiary and legal objections to the validity of the quit claim deed, power of attorney, and the circumstances of Alan Sprague's signature were never fully adjudicated. Instead, on the eve of the summary judgment hearing, opposing counsel submitted a supplemental reply relying entirely on a newly recorded quit claim deed—which was itself the product of coercion and fraud— to cut off further inquiry and deprive Defendants of the opportunity to be heard. The court adopted this procedural maneuver as a basis for removing Plaintiff, ignoring the contested facts and documented illegalities raised by the defense."
- **Fraud in documentation:** Alan Sprague was pressured to sign a blank declaration, which Marlene later filled in, typed, and submitted to the court, falsely representing Alan's intent. Alan's actual

UD Pack P2

statement about this process, showing the declaration did not reflect his wishes, is included in these exhibits.

- The court disregarded exculpatory statements and evidence, relying instead on manipulated submissions, and penalized Plaintiff despite clear documentation of improper conduct by other parties.
- These events demonstrate a pattern of legal process abuse, document fraud, deprivation of property rights, and denial of due process and equal protection for Plaintiff.

**DATED:** July 26, 2025

This did not stop after the ruling granting the writ. the court record shows that the summ judgment and writ were granted on the 30th of october. the court date was not to be held until 31st of october. the 30th of october Marlene had called Alan and asked him to relay a message to stephanie that court is canceled tomorrow and she didnt need to show up. Alan thought that was odd and did not trust it so we showed up anyway. clerk told us there was no reply ruling already made. I emailed the judge that morning as we left the court house and that email is attached. I have also motioned the court since this for many things like reconsideration / motion to vacate / motion for post judgment relief pursuant to CR 60(b). all of them denied and Marlene has replied to same informing the court of her communications with the prosecutors office and the charges she now has against me. All in retaliation for my speaking out about this wrong doing and abuse of power.

I stephanie farver declare under penalty of perjury under the state of washington that the attached documents in this exhibit are true and accurate documents in the Snohomish county court cases involving evictions and writs of ejectment.    _[signature]_    stephanie farver (Pro se)

UD pack P3

3/1/24 Eviction

## Case Information

24-2-01541-31 | Marlene Renee Sprague vs Stephanie Farler

Case Number
**24-2-01541-31**
File Date
**03/01/2024**

Court
**Snohomish**
Case Type
**UND Residential Unlawful Detainer**

Case Status
**Completed/Re-Completed**

## Party

Plaintiff
**Sprague, Marlene Renee**

Active Attorneys ▼
Pro Se

Defendant
**Farler, Stephanie**

Active Attorneys ▼
**Lead Attorney**
Scott, Samuel McAfee
Retained

Inactive Attorneys ▼
Pro Se

## Events and Hearings

UD Pack p4

03/01/2024 Case Information Cover Sheet

03/01/2024 Summons

03/01/2024 Complaint

03/26/2024 Notice of Appearance ▼

Comment:
- Special

03/26/2024 Alfidavit Declaration Certification Communication Confirmation

03/28/2024 Motion for Order to Show Cause

03/28/2024 Order to Show Cause ▼

Judicial Officer
Wagner, Nicole M

03/29/2024 Ex Parte Action With Order

04/01/2024 Motion for Order to Show Cause

04/10/2024 Declaration Affidavit ▼

Comment:
of Stephanie Farler

04/10/2024 Declaration Affidavit ▼

Comment:
of Brandon Deal

04/10/2024 Affidavit Declaration Certificate Confirmation Communication

04/12/2024 Unlawful Detainer ▼

Judicial Officer
Parker, Brian J

Hearing Time
10:30 AM

Comment
CONFIRMED/M SPRAGUE PRO SE

04/12/2024 Motion Hearing ▼

UD Pack p5

Judicial Officer
Pro Tem
Commissioner, 31

04/12/2024 Order of Continuance

04/19/2024 Motion ▼

Comment
for Order for Eviction

04/19/2024 Motion for Default

04/19/2024 Declaration/Affidavit ▼

Comment
of Alan Sprague

04/19/2024 Proposed Order Findings

04/19/2024 Proposed Order Findings

04/26/2024 Unlawful Detainer ▼

Judicial Officer
Wagner, Nicole M

Hearing Time
10:30 AM

Comment
CONFIRMED/COURT

04/26/2024 Motion Hearing ▼

Judicial Officer
Wagner, Nicole M

04/29/2024 Order of Continuance

05/08/2024 Notice of Appearance

05/08/2024 Unlawful Detainer ▼

Judicial Officer
Wagner, Nicole M

Hearing Time
10:30 AM

Comment
CONFIRMED/COURT

UD pack Pb



05/08/2024 Motion Hearing ▼

Judicial Officer
Wagner, Nicole M

05/08/2024 Order Appointing Attorney

05/08/2024 Order of Dismissal With Prejudice ▼

Judicial Officer
Wagner, Nicole M

05/08/2024 Ex Parte Agreed With Order

05/08/2024 Case Resolution Dismissal Without Trial

05/08/2024 Answer

UD Pack P7

FILED

24-2-01541-31
CMP
Complaint        3
16229560

2024 MAR -1  AM 10: 09

HEIDI PERCY
COUNTY CLERK
SNOHOMISH CO. WASH

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR ___Snohomish___ COUNTY

Marlene Renee Sprague
        Plaintiff(s),

vs.

Stephanie Farler
and ALL OTHER OCCUPANTS,

        Defendants.

Cause No.: 24 2 01541 31

COMPLAINT FOR UNLAWFUL
DETAINER
(based on pay or vacate notice)

COMES NOW the Plaintiff and alleges a cause of action against the Defendant as follows:

1. <u>Parties.</u> Plaintiff rented to the Defendant real property located at _4232 142nd Ave NE Lakestevens WA 98258_

   (the Premises). The Plaintiff has fulfilled all conditions precedent to this action.

2. Defendant is in possession of the Premises. "All Other Occupants" are any parties other

   than the Plaintiff and the Defendant claiming a right to possession of the Premises.

3. <u>The Agreement.</u> The Defendant owes monthly rent of ___- 0 -___

4. <u>Default.</u> The Defendant is in default for failure to pay rent as follows:

   _Never has paid rent or does not have a_

   _lease._

5. <u>Pre-Eviction Notice.</u> On _01/20/24_, the Plaintiff caused to be served upon

   the Defendant a Notice to Pay Rent or Vacate (the Notice). The Notice informed the

COMPLAINT FOR UNLAWFUL DETAINER – PAGE
1

UD Pack P8

67

Defendant that the Defendant was in default and required the Defendant, in the alternative, to cure the default or vacate the Premises within a specified time. The compliance period after service of the Notice has elapsed and the Defendant has neither complied nor vacated the Premises.

6. <u>Additional Damages.</u> (if and as applicable) Additional rent and other damages will continue to accrue during the Defendant's continued possession of the Premises. On information and belief, the Defendant may have damaged the Premises in an amount to be determined.

Wherefore, the Plaintiff prays for the following relief:

a. For forfeiture of the Defendant's tenancy;

b. For a Writ of Restitution restoring possession of the Premises to the Plaintiff;

c. For a judgment for unlawful detainer including rent, late fees, and other damages;

d. For a judgment pursuant to RCW 59.18.290 for Plaintiff's reasonable attorney's fees;

e. For a judgment pursuant to Chapter 4.84 RCW and RCW 59.18.410 for Plaintiff's costs; and  Court fees

f. For all other relief the Court deems just and equitable.

Dated  03/01/2024

/s/
Plaintiff/Plaintiff's Attorney

UD Pack p9

Fact 4.19



Exhibit I

MAR 13 2024

HEIDI PERCY
COUNTY CLERK
SNOHOMISH CO, WASH.

SUPERIOR COURT, STATE OF WASHINGTON, COUNTY OF SNOHOMISH

| | |
|---|---|
| MARLENE RENEE SPRAGUE<br>Plaintiff<br><br>vs.<br><br>STEPHANE FARLER AND ALL OTHER OCCUPANTS<br>Defendant(s). | NO. 24 2 01541 31<br><br>DECLARATION OF SERVICE OF:<br><br>SUMMONS; COMPLAINT FOR UNLAWFUL DETAINER |

The undersigned, declares under penalty of perjury under the laws of the State of Washington, that the following is true and correct:

The declarant is now and at all times herein mentioned, a citizen of the United States and a resident of the State of Washington, over the age of 18 years, and not a party to nor interested in the above-entitled action, and competent to be a witness therein.

On March 5, 2024 at 6:22 pm I served the above described documents on STEPHANE FARLER AND ALL OTHER OCCUPANTS, named defendant(s), by then and there:

After knocking and receiving no answer, taping TWO (2) true and correct copy(ies) thereof on the front door at the residence and usual place of abode of the defendant(s). I also cause to be mailed in the County of Snohomish one copy to STEPHANE FARLER and one copy to all others, USPS First Class Postage affixed to the service address on 3/5/2024. I also cause to be mailed in the County of Snohomish one copy to STEPHANE FARLER and one copy to all others, Certified Postage affixed to the service address, tracking #9589071052700447661595; #958907105270661618.

The service address is: 4232 142ND AVENUE NORTHEAST, LAKE STEVENS, WA 98258

DATED March 13, 2024 at EVERETT, WA

Total Cost:    $75.00

Declarant, Keith Ellis
Registered Process Server,
Snohomish County #9610

Puget Sound Process Service         (425)239-8145

3/29/24

FILED

2024 MAR 29 PM 1: 18

HEIDI PERCY
COUNTY CLERK
SNOHOMISH CO. WASH

**Superior Court of Washington, County of** Snohomish

In re:

Petitioner/s *(person/s who started this case)*:

Marlene Sprague

And Respondent/s *(other party/parties)*:

Stephanie Faler / all other occupants in shed

No. 2420154131

Order to Go to Court (Order to Show Cause)
(ORTSC)

☑ Clerk's action required: **2**

# Order to Go to Court (Order to Show Cause)

## 1. Findings

The court has reviewed the motion filed by the *(check one):* ☑ Petitioner ☐ Respondent
and finds there is reason to approve this order.

☑ Other findings: This matter is set for a Show Cause on an Unlawful Detainer action. The Respondant and all other occupants shall appear on the date below and Show Cause why a Writ Should not be issued. supents

## 2. The court orders *(name):* Stephanie Faller & all other occupants to:

Go to court on: 4/12/2024 at 10:30 ☑ a.m. ☐ p.m.
        date                                    time

at: 3000 Rockefeller Ave, Everett WA in 18
    court's address                                    room or department

Civil Motions.
docket/calendar or judge/commissioner's name

At the hearing, you must show why the court should **not** approve the requests made by
the other party.

*Warning!* If you do not go to the hearing, the court may approve the other party's requests
without hearing your side.

W Pack PU

Mandatory Form *(05/2016)*
FL All Family 183

Order to Go to Court
p. 1 of 2



**3.    Other orders** (if any):

_Respondent's may be eligible for an attorney. Respondent's sohuld contact Snohomish County Legal at (425) 258-9783 if they want to be screened for an attorney._

Ordered.

_3/29/2024_                         ▶
Date                                Judge or Commissioner

Presented by:  ☑ Petitioner  ☐ Respondent

▲
Sign here                     _Marlene Sprague_          _03/29/24_
                         Print name (if lawyer, also list WSBA #)    Date

---

**To both parties:**

**_Deadline!_** Your papers must be filed and served by the deadline in your county's Local Court Rules, or by the State Court Rules if there is no local rule.  Court Rules and forms are online at www.courts.wa.gov.

If you want the court to consider your side, you **must**:
- File your original documents with the Superior Court Clerk; AND

- Give the Judge/Commissioner a copy of your papers (if required by your county's Local Court Rules); AND

- Have a copy of your papers served on all other parties or their lawyers; AND

- Go to the hearing.

The court may not allow you to testify at the motion hearing.  Read your county's Local Court Rules, if any.

Bring proposed orders to the hearing.

**To the person requesting this order:**

You must have this order, and the paperwork you filed with the court to get this order, personally served on the other party by someone 18 or older who is not a party to this case.

**To the person receiving this order:**

If you do not agree with the requests in the motion, file a statement (using form FL All Family 135, _Declaration_) explaining why the court should not approve those requests.  You may file other written proof supporting your side.



_UD pack P 12_

Mandatory Form _(05/2016)_          Order to Go to Court
FL All Family 183                p. **2** of 2

## DECLARATION

I declare under penalty of perjury that the following is true and correct: (detail facts supporting request for relief):

1. I own property at 4232 142nd Ave NE, Lake Stevens WA 98258 with my disabled brother. Attached is power of attorney and home owner information.

2. Stephanie Farler and any other occupants in shed. Has moved into a 8' x 8' shed. Attached picture of shed

3. Stephanie Farler changed lock on shed and she is the only person with Key. Attached picture of lock and new door.

*expensive*
*refinished*
*upgrade*

4. Stephanie Farler has no lease and has never paid rent or utilities.

*list everything*
*I provided*

5. Stephanie Farlers use mobile home for all essential utilities, shed has no water no heat, bathroom no kitchen requirements for fire alarms, escape, or carbon oxide not there

*does not*
*need if*
*access to utility*

Attach additional pages if needed (with 1" margins on all sides).

Signed at (city and state): Everett, WA          Date: 04/01/24

Person making this motion signs here

Print name here: Marlene Sprague

(Optional) email: Marlene. Sprague @ yahoo. com

UDpack p13

Motion for Order to Show Cause
(Unlawful Detainer)
p. 2 of 2 4

Declaratins

No 2420154131

my children are not relevent my ~~cust~~ boys ~~kids~~ are with me weekends and school brakes

#6    The "Shed" is not safe for her children.

had permission from Alan

#7 a    Moved all brother Alan Sprague's tools out of shed.

#8    Changed locks on mobile home for — upgraded her convience. I could not get in. door with a pin code lock for household. Told her to remove them and put the old ones back on.

#9    Has unwanted and unknown people on the property    See Attached car

#10    Fights with the neighbor. — Harrassment

#11.    Fights with my relatives. Darlene Rosenquist (sister)

#12.    She has been told several times she cannot live anywhere on property.

#13    Says she does not have to leave

#14    Did not respond to Unlawful Detainer (to me) Marlene Sprague

#15    Has filed a protection order on me with no service (Marlene Sprague)

#16    Has broken down car in driveway for months    Attached photo

#17.    I am requesting that the court give me a writ of restitution and a no tresspass order
p. 3 of 4
UD pack P14

#18    Brother (Alan Sprague) has signed a
       Contract that states no other people/or persons
       will live on the property with the exception of
       Tamara Deal (your caregiver) Attachment #18

#19    The sheriff told me that this property
       is know as a nuisance property.

#20    Has been a repeat offender of "Unlawful
       detainers"     See attached

VD pack p15
p 4 of 4

3/19/22, 7:00 PM

# Snohomish County 444
**Online Government Information & Services**

Washington

## Property Account Summary
3/19/2022

| Parcel Number | 00464400000100 | Property Address | 4232 142ND AVE NE , LAKE STEVENS, WA 98258-9758 |
|---|---|---|---|

### General Information

| | |
|---|---|
| Property Description | HAPPY HILL DIV 2 BLK 000 D-00 - LOT 1 & N 30 FT OF LOT 2 |
| Property Category | Land and Improvements |
| Status | Active, Locally Assessed |
| Tax Code Area | 03162 |

### Property Characteristics

| | |
|---|---|
| Use Code | 118 Manufactured Home (Owned Site) |
| Unit of Measure | Acre(s) |
| Size (gross) | 0.54 |

### Related Properties

No Related Properties Found

### Parties

| Role | Percent | Name | Address |
|---|---|---|---|
| Taxpayer | 100 | SPRAGUE ALANMARLENE | 4232 142ND AVENUE NORTHEAST, LAKE STEVENS, WA 98258 |
| Owner | 100 | SPRAGUE ALANMARLENE | 4232 142ND AVENUE NORTHEAST, LAKE STEVENS, WA 98258 |
| Owner | 100 | RILEY SHAWN A & CATHRYN | 4232 142ND AVE NE, LAKE STEVENS, WA 98258-9758 United States |

### Property Values

| Value Type | Tax Year 2022 | Tax Year 2021 | Tax Year 2020 | Tax Year 2019 | Tax Year 2018 |
|---|---|---|---|---|---|
| Taxable Value Regular | $239,500 | $208,700 | $196,400 | $186,100 | $158,100 |
| Exemption Amount Regular | | | | | |
| Market Total | $239,500 | $208,700 | $196,400 | $186,100 | $158,100 |
| Assessed Value | $239,500 | $208,700 | $196,400 | $186,100 | $158,100 |
| Market Land | $203,000 | $166,000 | $161,000 | $152,000 | $124,000 |
| Market Improvement | $36,500 | $42,700 | $35,400 | $34,100 | $34,100 |
| Personal Property | | | | | |

### Active Exemptions

No Exemptions Found

### Events

| Effective Date | Entry Date-Time | Type | Remarks |
|---|---|---|---|
| 10/20/2021 | 10/20/2021 11:40:38 | Excise Processed | Temporary Excise: T152747 Finalized to: E174789 |
| 10/12/2021 | 10/20/2021 | Excise | Property Transfer Filing No.: T152747, submitted by eREET 10/12/2021 by |



UDPACK PLG Att #1

1/3

3/19/22, 7:00 PM

| | 11:40:00 | Processed | ASCEREET |
|---|---|---|---|
| 05/12/2004 | 06/09/2004 15:34:00 | Owner Terminated | Property Transfer Filing No.: 186384 05/12/2004 by sasmns |
| 05/12/2004 | 06/09/2004 15:34:00 | Owner Added | Property Transfer Filing No.: 186384 05/12/2004 by sasmns |
| 05/12/2004 | 05/20/2004 12:13:00 | Taxpayer Changed | Property Transfer Filing No.: 186384 05/12/2004 by strphb |
| 05/12/2004 | 05/20/2004 12:13:00 | Excise Processed | Property Transfer Filing No.: 186384, Quit Claim Deed 05/12/2004 by strphb |
| 06/13/2000 | 09/26/2000 09:06:00 | Owner Terminated | Property Transfer Filing No.: 257470 |
| 06/13/2000 | 09/26/2000 09:06:00 | Owner Added | Property Transfer Filing No.: 257470 |
| 06/13/2000 | 06/19/2000 15:56:00 | Excise Processed | Property Transfer Filing No.: 257470, Statutory Warranty Deed |
| 06/13/2000 | 06/19/2000 15:56:00 | Taxpayer Changed | Property Transfer Filing No.: 257470 |

## Tax Balance

### Installments Payable

| Tax Year | Installment | Due Date | Principal | Interest, Penalties and Costs | Total Due | Cumulative Due |
|---|---|---|---|---|---|---|
| 2022 | 1 | 04/30/2022 | $1,263.34 | $0.00 | $1,263.34 | $1,263.34 |
| 2022 | 2 | 10/31/2022 | $1,263.34 | $0.00 | $1,263.34 | $2,526.68 |

## Distribution of Current Taxes

| District | Rate | Amount | Voted Amount | Non-Voted Amount |
|---|---|---|---|---|
| LAKE STEVENS SCHOOL DIST NO 4 | 3.42 | $818.04 | $818.04 | $0.00 |
| SNO-ISLE INTERCOUNTY RURAL LIBRARY | 0.39 | $93.76 | $0.00 | $93.76 |
| SNOHOMISH COUNTY - ROAD | 0.96 | $230.57 | $0.00 | $230.57 |
| SNOHOMISH COUNTY-CNT | 0.60 | $143.31 | $0.00 | $143.31 |
| SNOHOMISH REGIONAL FIRE & RESCUE | 1.85 | $442.06 | $82.81 | $359.25 |
| STATE | 2.67 | $638.47 | $0.00 | $638.47 |
| SNOHOMISH CONSERVATION DISTRICT | | $8.04 | $0.00 | $8.04 |
| STATE FOREST FIRE | | $23.50 | $0.00 | $23.50 |
| SURFACE WATER - SWM068000 | | $128.93 | $0.00 | $128.93 |
| TOTAL | 9.88 | $2,526.68 | $900.85 | $1,625.83 |

## Pending Property Values

| Pending Tax Year | Market Land Value | Market Improvement Value | Market Total Value | Current Use Land Value | Current Use Improvement | Current Use Total Value |
|---|---|---|---|---|---|---|
| No Pending Property Values Found | | | | | | |

## Levy Rate History

| Tax Year | Total Levy Rate |
|---|---|
| 2021 | 10.241856 |
| 2020 | 10.563324 |
| 2019 | 10.739355 |

## Real Property Structures

| Description | Type | Year Built | More Information |
|---|---|---|---|
| SingleWide | Mobile Home | 1967 | View Detailed Structure Information |

## Receipts

| Date | Receipt No. | Amount Tendered | Amount Due |
|---|---|---|---|
| 10/25/2021 12:12:00 | 11817157 | $1,144.42 | $1,144.42 |


VD pack P17

2/3

3/19/22, 7:00 PM

| | | |
|---|---|---|
| | $1,144.42 | $2,288.84 |
| 03/19/2021 10:22:00 | 11450229 | $1,111.29 | $1,111.29 |
| 10/14/2020 00:00:00 | 11196600 | $1,111.28 | $2,222.57 |
| 05/14/2020 00:00:00 | 11120262 | $1,056.76 | $1,056.76 |
| 10/16/2019 00:00:00 | 10641233 | $1,056.76 | $2,113.52 |
| 04/03/2019 00:00:00 | 10334665 | $1,004.16 | $1,004.16 |
| 10/12/2018 00:00:00 | 10088224 | $1,004.16 | $2,008.32 |
| 04/16/2018 00:00:00 | 9794776 | $734.27 | $734.27 |
| 10/11/2017 00:00:00 | 9526932 | $734.27 | $1,468.54 |
| 04/11/2017 00:00:00 | 9222096 | | |

## Sales History

| Sale Date | Entry Date | Recording Date | Recording Number | Sale Amount | Excise Number | Deed Type | Transfer Type | Grantor(Seller) | Grantee(Buyer) | Other Parcels |
|---|---|---|---|---|---|---|---|---|---|---|
| 06/13/2000 | 06/19/2000 | 06/13/2000 | | $85,950.00 | 257470 | W | S | JANISKO MIKE J | WATSON CATHRYN A | No |
| 05/12/2004 | 05/20/2004 | 05/12/2004 | | $0.00 | 186384 | QC | S | WATSON CATHRYN A | RILEY SHAWN A & CATHRYN | No |

## Property Maps

| Neighborhood Code | Township | Range | Section | Quarter | Parcel Map |
|---|---|---|---|---|---|
| 4509000 | 29 | 06 | 04 | NE | View parcel maps for this Township/Range/Section |



CD Pack P18

3/3

*Original POA Dec 2023*

## WASHINGTON
## STATUTORY FORM POWER OF ATTORNEY

### IMPORTANT INFORMATION

This Power of Attorney authorizes another person (your agent) to make decisions concerning your property for you (the principal). Your agent will be able to make decisions and act with respect to your property (including your money) whether or not you are able to act for yourself. The meaning of authority over subjects listed on this form is explained in the Uniform Power of Attorney Act.

This Power of Attorney does not authorize the agent to make healthcare decisions for you.

You should select someone you trust to serve as your agent. Unless you specify otherwise, generally the agent's authority will continue until you die or revoke the Power of Attorney or the agent resigns or is unable to act for you.

Your agent is entitled to reasonable compensation unless you state otherwise in the Special Instructions.

This form provides for designation of one agent. If you wish to name more than one agent, you may name a coagent in the Special Instructions. Coagents are not required to act together unless you include that requirement in the Special Instructions.

If your agent is unable or unwilling to act for you, your Power of Attorney will end unless you have named a successor agent. You may also name a second successor agent.

This Power of Attorney becomes effective immediately, unless you state otherwise in the Special Instructions.

**If you have questions about the power of attorney or the authority you are granting to your agent, you should seek legal advice before signing this form.**

*UD Pack P19*

Page 1 of 10

*Att #1*

## DURABLE POWER OF ATTORNEY

### DESIGNATION OF AGENT

I, Alan K Sprague, of 4232 142nd Ave NE, telephone number 4255358742, and email address marlene.sprague@yahoo.com, name the following person Marlene R Sprague of 1805 Rainier Ave Apt A, telephone number 4252636463, and email address marlene.sprague@yahoo.com, as my Agent ("attorney-in-fact") to exercise act for me with respect to the following subjects.

This power of attorney will not be affected by my disability, incompetency, or incapacity.

### GRANT OF GENERAL AUTHORITY

I grant my Agent and any successor agent general authority to act for me with respect to the following subjects as defined in the Uniform Power of Attorney Act (sections RCW 11.125.260 to 11.125.380):

(INITIAL each subject you want to include in the Agent's general authority. Document MUST be initialed.)

_____ Real Property Transactions ← *No Real property*
_AS___ Tangible Personal Property
_____ Stocks and Bonds
_____ Commodity and Options
_AS___ Bank and Other Financial Institutions
_____ Operation of Entity or Business
_AS___ Insurance and Annuities
_____ Estates, Trusts, and Other Beneficial Interests
_____ Claims and Litigation
_AS___ Personal and Family Maintenance
_____ Benefits from Governmental Programs or Civil or Military Service
_____ Retirement Plans
_____ Taxes

### GRANT OF SPECIFIC AUTHORITY

My Agent MAY NOT do any of the following specific acts for me UNLESS I have

*UD pack P20*

INITIALED the specific authority listed below:

(CAUTION: Granting any of the following will give your Agent the authority to take actions that could significantly reduce your property or change how your property is distributed at your death. INITIAL ONLY the specific authority you WANT to give your agent.)

_____ Create, amend, revoke or terminate an inter vivos trust

_____ Make a gift

_____ Create or change rights of survivorship

_MS_ Create or change a beneficiary designation

_____ Authorize another person to exercise the authority granted under this Power of Attorney

_____ Waive the principal's right to be a beneficiary of a joint and survivor annuity

_____ Exercise fiduciary powers that the principal has authority to delegate

_____ Access the content of electronic communications

_____ Disclaim or refuse an interest in property, including a power of appointment

## LIMITATION ON AGENT'S AUTHORITY

An agent that is not my ancestor, spouse or descendant MAY NOT use my property to benefit the agent or a person to whom the agent owes an obligation of support unless I have included that authority in the Special Instructions.

## SPECIAL INSTRUCTIONS

You may give special instructions on the following lines:

Money transactions and decisions to only be made with my sister Marlene Sprague

Page 3 of 10    UD pack p21

My Agent is entitled to reasonable compensation for any services rendered as my Agent. My Agent shall be entitled to reimbursement of all reasonable expenses incurred in acting under this Power of Attorney.

This Power of Attorney takes effect immediately, and will not be affected by my disability or lack of mental competence, except as may be provided otherwise by an applicable state statute. This is a Durable Power of Attorney. This Power of Attorney will continue to be effective until my death. This Power of Attorney may be revoked or terminated by me at any time by providing written notice to my Agent.

## NOMINATION OF CONSERVATOR OR GUARDIAN

If it becomes necessary for a court to appoint a conservator or guardian of my estate or guardian of my person, I nominate the following person for appointment:

Name: Marlene R Sprague
Address: 1805 Rainier Ave Apt A Everett WA 98201
Telephone Number: 425-263-6463
Email Address: marlene.sprague@yahoo.com

## EFFECTIVE DATE

This Power of Attorney is effective immediately, unless I have stated otherwise in the Special Instructions.

## RELIANCE ON THIS POWER OF ATTORNEY

Any person, including my agent, may rely upon the validity of this power of attorney or a copy of it unless that person knows it has terminated or is invalid.

Page 4 of 10   UD pack P22

This Power of Attorney shall be governed by the laws of the state of Washington. Moreover, I intend to have this Power of Attorney universally recognized and be admissible to recordation. In case that I become a resident of another jurisdiction, or obtain any form of property interest in another jurisdiction, it remains my intention that the laws of Washington shall continue to govern over this Power of Attorney to the extent that might be legally possible.

Dated _____ Dec. 29th, 2023 at Lake Stevens, Washington.

Alan K Sprague

WD Pack P23

## WITNESS ATTESTATION

The undersigned witness certifies that Alan K Sprague, known to me to be the same person whose name is subscribed as Principal to the foregoing Power of Attorney, appeared before me and acknowledged signing and delivering the instrument as the free and voluntary act of the Principal, for the uses and purposes therein set forth. I believe him or her to be of sound mind and memory. The undersigned witness also certifies that the witness is not: neither home care providers for the principal nor care providers at an adult family home or long-term care facility in which the principal resides, and who are unrelated to the principal or agent by blood, marriage, or state registered domestic partnership, according to RCW 11.125.050.


Tamara Farler
Lake Stevens, Washington


Irene H Sprague
Everett , Washington


Brandon Deal
Everett, WASHINGTON


UDPack24

Page 6 of 10



UD pack P25



CLASS
ENDORSEMENTS:
L-Motorcycles

RESTRICTIONS:
J-Two-Wheel Motorcycle
Only

Please notify the Department of Licensing within 10 days of a change of address

UD Pack P26

redfin.com/WA/Lake

25 OF 31

A#2

LDpack
P27



Att # 3

UD pack p28



Car broken down
after Justice Clark
stabbed a stick through
my radiator the first time
the honda owns a friend giving
me a ride to auto part store

Att # 9

UD pack P29



Att #16

UD pack P30

Search By Name Or Phone          Q

## Overview

**Stephanie Catherine Farler**
33 years old

**(503) 433-2490**
+ 0 More

**stephareef@gmail.com**
+ 0 more

**14650 Nw Cornell Road Apt 18, Portland, OR 97229**
View Address History

( VIEW ON MAP )

**Gender:**
~~Female~~

**Astrological Sign:**
~~Taurus~~

**Date of Birth:**
~~[redacted]~~

**Date of Death:**
N/A

**Known Aliases:**
No aliases found

**Languages Spoken:**
N/A

**Height:**
N/A

Att #20

UD pack P31

Q

01/30/2012

Hide Details

**Address:**
913 Ault Field Rd
Oak Harbor, WA 98277

**Court phone number:**
(206) 679-7361

**Court address:**
Courthouse, P O Box 5000
Coupeville, WA 98239

**Case number:**
122000322

**Filing type:**
Civil Judgment

**Filing state:**
WA

**Unlawful detainer:**
Y

**Recording book:**
Unknown

**Recording page:**
Unknown

**Address**
913 Ault Field Rd Oak Harbor, WA 98277

**Filling Date**
01/30/2012

Hide Details

**Address:**
913 Ault Field Rd
Oak Harbor, WA 98277

UD pack P 32

Courthouse, P O Box 5000
Coupeville, WA 98239

**Case number:**
122000322

**Filing type:**
Forcible Detainer

**Filing state:**
WA

**Unlawful detainer:**
Y

**Recording book:**
Unknown

**Recording page:**
Unknown

3    **Address**
913 Ault Field Rd Oak Harbor, WA 98277

**Filling Date**
01/13/2012

Hide Details

**Address:**
913 Ault Field Rd
Oak Harbor, WA 98277

**Court phone number:**
(206) 679-7361

**Court address:**
Courthouse, P O Box 5000
Coupeville, WA 98239

**Case number:**
122000322

**Filing type:**
Civil New Filing

UD pack P33

Q

Y

**Recording book:**
Unknown

**Recording page:**
Unknown

**Address**
14650 Nw Cornell Rd Apt 18 Portland, OR 97229

**Filling Date**
12/28/2009

Hide Details

**Address:**
14650 Nw Cornell Rd Apt 18
Portland. OR 97229

**Court phone number:**
(503) 648-8675

**Court address:**
145 Ne 2nd Ave
Hillsboro, OR 97124

**Case number:**
C093908EV

**Filing type:**
Forcible Detainer

**Filing state:**
OR

**Unlawful detainer:**
Y

**Recording book:**
Unknown

**Recording page:**
Unknown

UD pack P34

Q

**Filing Type**
Unknown

**Filling Date**
Unknown

Hide Details

**Address:**
Unknown

**Court name:**
Unknown

**Court Id:**
Unknown

**Court address:**
Unknown

**Court phone number:**
Unknown

**Court case number:**
2513284

**Total judgment amount:**
Unknown

**Filing Type**
Unknown

**Filling Date**
Unknown

View Details

**Filing Type**
Civil Judgment

**Filling Date**
01/30/2012

UD pack P35

Q

**Address:**
913 Ault Field Rd
Oak Harbor, WA 98277

**Court name:**
Island Superior Ct – Coupeville

**Court Id:**
WAISLS1

**Court address:**
Courthouse, P O Box 5000
Coupeville, WA 98239

**Court phone number:**
(206) 679-7361

**Court case number:**
122000322

**Total judgment amount:**
$3000.00

> **Filing Type**
> Forcible Entry/Detainer
>
> **Filling Date**
> 01/30/2012

Hide Details

**Address:**
913 Ault Field Rd
Oak Harbor, WA 98277

**Court name:**
Island Superior Ct – Coupeville

**Court Id:**
WAISLS1

**Court address:**
Courthouse, P O Box 5000
Coupeville, WA 98239

UD pack P36

Q

122000322

**Total judgment amount:**
$0.00

5  **Filing Type**
Forcible Entry/Detainer

**Filling Date**
12/28/2009

Hide Details

**Address:**
14650 Nw Cornell Rd Apt 18
Portland, OR 97229

**Court name:**
Washington Circuit Ct - Hillsboro

**Court Id:**
ORWAHS1

**Court address:**
145 Ne 2nd Ave
Hillsboro, OR 97124

**Court phone number:**
(503) 648-8675

**Court case number:**
C093908EV

**Total judgment amount:**
$0.00

## Liens

**Our comprehensive search of public records for lien information yielded no results**

*Many states do not consider lien information a matter of public record, and therefore this data may not appear in the report*

UD pack p37

Q

Not Specified

View Details

🔞 **Offense Date**
10/31/2012

**Source**
Public Scomis Criminal Index

**Offense**
Possess Stolen Property 3rd Deg

View Details

*We refresh our database every 24 hours in order to provide the most accurate and up-to-date records. Any new information will automatically be added to the report.*

## Sex Offenders

In the Sex Offenders section, we list and map out known sex offenders living near the person you've searched. The report includes, but is not limited to, full name, physical description, mugshot, offense and dates.

If you want to find out whether any sex offenders live in your area, enter your name in the search field above.

**Select an address from Stephanie's location history**

14650 Nw Cornell Road Apt 18, Portland, OR 97229

**Jason Brophy**
Portland, OR

**Offense**
Sex Abuse 3-Misd

UD pack P38

# Agreement for property located at 4232 142nd Ave NE Lake Stevens. WA

This property was purchased as your inheritance, and will remain yours unless you do not abide to the following terms.

1. There will be NO other person/persons allowed to live on the property, neither temporary or permanent, either in the house, or otherwise, with the exception of Tamera, your caregiver.

2. There will be no other cars/ boats/ trailers or other allowed to park/stay on the property.

3. You are responsible for paying and keeping up with your bills/ taxes/ insurance. If you become delinquent, you will no longer live there. Marlene Sprague, the co-owner will become the only owner, and you lose your inheritance.

4. Any major changes to the home/property will be in agreement with Marlene.

5. None of your former so called friends are to be given your address, or come to the property.

6. If you get a pet, it is totally your responsibility to care for it.

7. Marlene Sprague as co-owner, has the right to come to the property/home anytime she wants without prior notice.

In signing this, you agree to adhere to the above mentioned terms, any failure to do so will result in you losing the property/ inheritance.

Signature _____     Date _1-3-2-21_

Witness _____     Date _11/30/2_

WD pack
P 39

A H # 18

ELECTRONICALLY FILED
7/25/2024 3:23 PM
Heidi Percy
County Clerk
Snohomish County, WASH
Case Number: 24-2-05771-31

1

2

3

4

5

6                    IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
                          IN AND FOR THE COUNTY OF SNOHOMISH
7

8    MARLENE SPRAGUE,                              NO.        24-2-05771-31

9              Plaintiff,

10   vs.                                           **COMPLAINT FOR
                                                   EJECTMENT**
11   STEPHANIE FARLER, JOHN DOE
     and All Other Occupants,
12             Defendant,

13   3290.00000

14         COMES NOW the Plaintiff, by and through the Law Office of Rob W. Trickler PLLC,

15   and for cause of action alleges as follows:

16                                          I.

17         MARLENE SPRAGUE, is the owner of the real property at the premises located at:

18   HAPPY HILL DIV 2 BLK 000 D-00 - LOT 1 & N 30 FT OF LOT 2
     more commonly known as:
19
     4232 142nd Avenue NE, Shed Only, Lake Stevens, WA 98258.
20
     See attached hereto and incorporated herein by reference as Exhibit A
21                                         II.

22         STEPHANIE FARLER and JOHN DOE are occupying the real property in question at

23   the residence as a tenant at will and without rental contract of any kind. The Defendant remains

24   in possession of the subject premises.

25                                     III.   WD pack PYO

     COMPLAINT FOR EJECTMENT                          The Law Office of Rob W. Trickler
     Page 3 of 3                                      2302 Rucker Avenue #4 Everett, WA 98201
                                                      425-303-8000 Fax 425-493-5348

1

2

3

4

5

6

7

**IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON**
**IN AND FOR THE COUNTY OF SNOHOMISH**

8

MARLENE SPRAGUE,                              NO.

               Plaintiff,

9

    vs.                                                    **EJECTMENT SUMMONS**

10

STEPHANIE FARLER, JOHN DOE,

11

and All Other Occupants,

12

               Defendant,

3290.00000

13

14

**TO THE DEFENDANTS:**

15

STEPHANIE FARLER, JOHN DOE, and all other occupants of :

16

HAPPY HILL DIV 2 BLK 000 D-00 - LOT 1 & N 30 FT OF LOT 2

17

more commonly known as:

18

4232 142nd Avenue NE, Shed Only, Lake Stevens, WA 98258.

19

    A lawsuit has been started against you in the above entitled Court by MARLENE

20

SPRAGUE as owner of the subject real property.

21

    Plaintiff's claims are stated in the written Complaint, a copy of which is served upon you

22

with this Summons.

23

    In order to defend against this lawsuit, you must respond to the Complaint by stating your

24

defense in writing, and serve a copy upon the undersigned attorney for the Plaintiff within 20

25

LD pack P41

SUMMONS FOR EJECTMENT
Page 1of 2

The Law Office of Rob W. Trickler
2302 Rucker Avenue #4 Everett, WA 98201

days after the service of this Summons, excluding the day of service, or a default judgment may be entered against you without notice. A default judgment is one where Plaintiff is entitled to what Plaintiff asks for because you have not responded. If you serve a Notice of Appearance on the undersigned attorney, you are entitled to Notice before a default judgment may be entered.

You may demand that the Plaintiff file this lawsuit with the Court. If you do so, the demand must be in writing and must be served upon the below signed attorney. Within 14 days after you serve the demand, the Plaintiff must file this lawsuit with the Court, or the service on you of this Summons will be void.

If you wish to seek advice of an attorney in this matter, you should do so promptly so that your written response, if any, may be served on time.

This Summons is issued pursuant to Rule 4 of the Superior Court Civil Rules of the State of Washington.

DATED THIS 1st day of July, 2024.

THE LAW OFFICE OF ROB W. TRICKLER PLLC

Robin W. Trickler, WSBA #37125
Attorney for Plaintiff

UD Pack P42

The Law Office of Rob W. Trickler
2302 Rucker Avenue #4 Everett, WA 98201

# NOTICE TO TERMINATE AT WILL TENANCY

NOTICE TO: STEPHANIE FARLER,
            and all other occupants
            4232 142nd Avenue NE, SHED ONLY
            Lake Stevens, WA 98258

   **YOU AND EACH OF YOU ARE HEREBY NOTIFIED** that your at will tenancy of the premises located at that your tenancy of the premises located at 4232 142nd Avenue NE, Shed Only, City of Lake Stevens, Snohomish County, State of Washington, is terminated on June 30, 2024, and on that day you will be required to surrender possession of the premises to the owner or its agent named below. If you do not surrender possession of these premises on or before the date set forth above, you will be in unlawful detainer of the premises and judicial proceedings will be instituted for your eviction. **Intentional and/or malicious damage to a leasehold premises is punishable as a crime under RCW 9.A.**

DATED this 6th day of June, 2024

                    The Law Office of Rob W. Trickler PLLC
                    Attorney for Marlene Sprague
                    2302 Rucker Avenue #4
                    Everett, WA 98201
                    425-303-8000

## DECLARATION

I, the undersigned, say: I am over the age of eighteen years. I served this document on June 9, 2024 at 9:39 a.m./p.m. in the following manner:

☐ personal service upon _____ leaving _____ copy(s).

☒ by knocking on the door, and after there was no answer, posting __2__ copy(s) of this Notice to Terminate Tenancy in a conspicuous place on the premises, then by mailing a copy by first class mail to each party named on the Notice to Terminate Tenancy from within Snohomish County.

☐ by leaving _____ copy(s) with _____ at the premise, then by mailing a copy by first class mail to each party named on the Notice to Terminate Tenancy from within Snohomish County.

I declare under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct.

Signed this June 10, 2024, at Everett, WA _____
                                          Server Signature   # 2021-24

3290.00000                    UD pack P43



**Snohomish** Online Government Information & Services
**County**
Washington

# Property Account Summary

5/24/2024

| Parcel Number | 00464400000100 | Property Address | 4232 142ND AVE NE , LAKE STEVENS, WA 98258-9758 |
|---|---|---|---|

## General Information

| | |
|---|---|
| Property Description | HAPPY HILL DIV 2 BLK 000 D-00 - LOT 1 & N 30 FT OF LOT 2 |
| Property Category | Land and Improvements |
| Status | Active, Locally Assessed |
| Tax Code Area | 03162 |

## Property Characteristics

| | |
|---|---|
| Use Code | 118 Manufactured Home (Owned Site) |
| Unit of Measure | Acre(s) |
| Size (gross) | 0.54 |

## Parties

| Role | Percent | Name | Address |
|---|---|---|---|
| Taxpayer | 100 | SPRAGUE ALAN\MARLENE | 4232 142ND AVENUE NORTHEAST, LAKE STEVENS, WA 98258 |
| Owner | 100 | SPRAGUE ALAN/SPRAGUE MARLENE | 4232 142ND AVE NE, LAKE STEVENS, WA 98258-9758 United States |

## Related Properties

No Related Properties Found

## Property Values

| Value Type | Tax Year 2024 | Tax Year 2023 | Tax Year 2022 | Tax Year 2021 | Tax Year 2020 |
|---|---|---|---|---|---|
| Taxable Value Regular | $215,880 | $247,380 | $239,500 | $208,700 | $196,400 |
| Exemption Amount Regular | $92,520 | $106,020 | | | |
| Market Total | $308,400 | $353,400 | $239,500 | $208,700 | $196,400 |
| Assessed Value | $308,400 | $353,400 | $239,500 | $208,700 | $196,400 |
| Market Land | $260,000 | $305,000 | $203,000 | $166,000 | $161,000 |
| Market Improvement | $48,400 | $48,400 | $36,500 | $42,700 | $35,400 |
| Personal Property | | | | | |

## Active Exemptions

Senior/Disabled Level A

## Events

| Effective Date | Entry Date-Time | Type | Remarks |
|---|---|---|---|

UDPack P44



1/3

| 02/14/2023 | 02/14/2023 08:40:00 | Tax Bill Recalculation | Senior Exemption Granted for 2023 performed by straen |
|---|---|---|---|
| 10/20/2021 | 10/20/2021 11:40:38 | Excise Processed | Temporary Excise: T152747 Finalized to: E174789 |
| 10/12/2021 | 03/29/2022 12:07:00 | Recording No. Changed | Property Transfer Filing No.: E174789, Statutory Warranty Deed, new Recording No.: 202110207033 10/12/2021 by sasaml |
| 10/12/2021 | 03/29/2022 12:07:00 | Owner Terminated | Property Transfer Filing No.: E174789 10/12/2021 by sasaml |
| 10/12/2021 | 03/29/2022 12:07:00 | Owner Terminated | Property Transfer Filing No.: E174789 10/12/2021 by sasaml |
| 10/12/2021 | 03/29/2022 12:07:00 | Owner Added | Property Transfer Filing No.: E174789 10/12/2021 by sasaml |
| 10/12/2021 | 10/20/2021 11:40:00 | Excise Processed | Property Transfer Filing No.: T152747, submitted by eREET 10/12/2021 by ASCEREET |
| 05/12/2004 | 06/09/2004 15:34:00 | Owner Terminated | Property Transfer Filing No.: 186384 05/12/2004 by sasmns |
| 05/12/2004 | 06/09/2004 15:34:00 | Owner Added | Property Transfer Filing No.: 186384 05/12/2004 by sasmns |
| 05/12/2004 | 05/20/2004 12:13:00 | Taxpayer Changed | Property Transfer Filing No.: 186384 05/12/2004 by strphb |
| 05/12/2004 | 05/20/2004 12:13:00 | Excise Processed | Property Transfer Filing No.: 186384, Quit Claim Deed 05/12/2004 by strphb |
| 06/13/2000 | 09/26/2000 09:06:00 | Owner Terminated | Property Transfer Filing No.: 257470 |
| 06/13/2000 | 09/26/2000 09:06:00 | Owner Added | Property Transfer Filing No.: 257470 |
| 06/13/2000 | 06/19/2000 15:56:00 | Excise Processed | Property Transfer Filing No.: 257470, Statutory Warranty Deed |
| 06/13/2000 | 06/19/2000 15:56:00 | Taxpayer Changed | Property Transfer Filing No.: 257470 |

## Tax Balance

### Installments Payable

| Tax Year | Installment | Due Date | Principal | Interest, Penalties and Costs | Total Due | Cumulative Due |
|---|---|---|---|---|---|---|
| 2024 | 2 | 10/31/2024 | $851.58 | $0.00 | $851.58 | $851.58 |

### Distribution of Current Taxes

| District | Rate | Amount | Voted Amount | Non-Voted Amount |
|---|---|---|---|---|
| LAKE STEVENS SCHOOL DIST NO 4 | 3.20 | $492.84 | $492.84 | $0.00 |
| SNO-ISLE INTERCOUNTY RURAL LIBRARY | 0.32 | $70.01 | $0.00 | $70.01 |
| SNOHOMISH COUNTY - ROAD | 0.81 | $174.89 | $0.00 | $174.89 |
| SNOHOMISH COUNTY-CNT | 0.50 | $108.92 | $0.00 | $108.92 |
| SNOHOMISH REGIONAL FIRE & RESCUE | 1.79 | $385.38 | $61.56 | $323.82 |
| STATE | 2.25 | $437.57 | $0.00 | $437.57 |
| SNOHOMISH CONSERVATION DISTRICT | | $10.05 | $0.00 | $10.05 |
| STATE FOREST FIRE | | $23.50 | $0.00 | $23.50 |
| TOTAL | 8.87 | $1,703.16 | $554.40 | $1,148.76 |

### Levy Rate History

| Tax Year | Total Levy Rate |
|---|---|
| 2023 | 8.156664 |
| 2022 | 9.879807 |
| 2021 | 10.241856 |

UDPack P45

## Real Property Structures

| Description | Type | Year Built | More Information |
|---|---|---|---|
| SingleWide | Mobile Home | 1967 | View Detailed Structure Information |

## Receipts

| Date | Receipt No. | Amount Applied | Amount Due |
|---|---|---|---|
| 03/08/2024 12:11:00 | 13147215 | $851.58 | $1,703.16 |
| 10/03/2023 13:40:00 | 12884676 | $892.51 | $892.51 |
| 04/14/2023 13:33:00 | 12637176 | $892.50 | $1,785.01 |
| 10/03/2022 12:28:00 | 12323519 | $1,263.34 | $1,263.34 |
| 04/05/2022 12:40:00 | 12046726 | $1,263.34 | $2,526.68 |
| 10/25/2021 12:12:00 | 11817157 | $1,144.42 | $1,144.42 |
| 03/19/2021 10:22:00 | 11450229 | $1,144.42 | $2,288.84 |
| 10/14/2020 00:00:00 | 11196600 | $1,111.29 | $1,111.29 |
| 05/14/2020 00:00:00 | 11120262 | $1,111.28 | $2,222.57 |
| 10/16/2019 00:00:00 | 10641233 | $1,056.76 | $1,056.76 |
| 04/03/2019 00:00:00 | 10334665 | $1,056.76 | $2,113.52 |

## Sales History

| Sale Date | Entry Date | Recording Number | Sale Amount | Excise Number | Deed Type | Transfer Type | Grantor(Seller) | Grantee(Buyer) | Other Parcels |
|---|---|---|---|---|---|---|---|---|---|
| 06/13/2000 | 06/19/2000 | | $85,950.00 | 257470 | W | S | JANISKO MIKE J | WATSON CATHRYN A | No |
| 05/12/2004 | 05/20/2004 | | $0.00 | 186384 | QC | S | WATSON CATHRYN A | RILEY SHAWN A & CATHRYN | No |
| 10/12/2021 | 10/20/2021 | 202110207033 | $339,950.00 | E174789 | W | S | RILEY CATHRYN\ SHAWN A | SPRAGUE ALAN/SPRAGUE MARLENE | No |

## Property Maps

| Neighborhood Code | Township | Range | Section | Quarter | Parcel Map |
|---|---|---|---|---|---|
| 4509000 | 29 | 06 | 04 | NE | View parcel maps for this Township/Range/Section |

UD pack P 46



FILED

2024 JUL 26 PM 1:28

HEIDI PERCY
COUNTY CLERK
SNOHOMISH CO. WASH



24-2-05771-31
AN                6
Answer
17137718

## IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
## IN AND FOR SNOHOMISH COUNTY

Marlene Sprague

    Plaintiff

Vs.

Stephanie Farler

    Defendant

Cause No: 24-2-05771-31

RE: EJECTMENT ANSWER
TO COMPLAINT FOR EJECTMENT

**COMES NOW,** Stephanie Farler, the Defendant in the above-captioned matter, and responds to the Marlene Sprague's Complaint for Ejectment as follows:

1. **Allegations:**
   - Defendant denies the allegations contained in Paragraph 1 of the Plaintiffs Complaint. Marlene Sprague is not the homeowner that resides in the home.
   - Defendant denies the allegations contained in Paragraph 2 of the Plaintiffs Complaint. Stephanie Farler Is not a tenant of Marlene Sprague. There is no John Doe.
   - Defendant denies the allegations contained in Paragraph 3 of the Plaintiffs Complaint. No at will tenant notice was properly served. I received a blank not filled out document, no signature's no date no nothing.
   - Defendant denies the allegations contained in Paragraph 4 of the Plaintiff Complaint. I received a document that was taped to my door and had nothing filled out at all.
   - Defendant denies the allegations contained in Paragraph 5 of the Plaintiff Complaint.
   -

2. **Affirmative Defenses:**
   - Plaintiff lacks standing to bring this action.
   - Defendant denies wrongfully occupying the premises.
   - Defendant has a legal right to occupy the property based on an agreement with the Residential owner that was given the property as his inheritance and resides on the property.
   - Plaintiff failed to properly serve the at will termination notice on June 9th, 2024.
   - **Plaintiff has engaged in severe harassment against the defendant. Intentional Infliction of Emotional Distress (IIED). Filed 07/25/2024**
   - The plaintiff, both personally and through third parties, has engaged in a prolonged pattern of conspiring against the defendant.
   - **Harassment and Surveillance**



UD pack p 47

- o **The constant surveillance and overbearing behavior by the homeowner's sister, Marlene Sprague in collaboration with the neighbor, towards the individual residing on the property amounts to harassment under Washington law, which is unacceptable and unlawful.**
- o The Plaintiff was informed about the nature of the situation between Justice Clark (the neighbor) and the defendant before any conspiracy was initiated.
- o Defendant is demanding for a jury trial in this case
- o The defendant will request that the judge permit the submission of video evidence in this case, as it provides circumstantial evidence that connects all the relevant facts and is detrimental to fully understanding its nature.
- o Plaintiff has filled this case in retaliation.
- o Under Title 7, Chapter 7.28, Section 7.28.110, the defendant may substitute the landlord in their place if the landlord has an interest in the property. Therefore, Alan Sprague should be substituted as the defendant in place of Stephanie Farler

**WHEREFORE**, Defendant respectfully requests that this Court:

1. Dismiss the Plaintiff's Complaint for Ejectment with prejudice.
2. Place an anti-harassment order against the Plaintiff to protect the Defendant.
3. Specifically add to the order of protection that 3rd party means of keeping under surveillance or harassment of any kind be applied to the order as forbidden.
4. Prohibit the Plaintiff from engaging in any actions that create a hostile or unsafe home environment.
5. Grant such other and further relief as the Court deems just and proper.

**Respectfully submitted,**

Stephanie Farler

UD pack p48

*New*

ELECTRONICALLY FILED
9/16/2024 10:57 AM
Heidi Percy
County Clerk
Snohomish County, WASH
Case Number: 24-2-05771-31

**SUPERIOR COURT OF WASHINGTON**
**IN AND FOR SNOHOMISH COUNTY**

No. 24-2-05771-31

Marlene Sprague

Petitioner/Plaintiff,

vs.

Stephanie Farler and all other occupants (in
shed only)

Respondent/Defendant

**DECLARATION**

I declare: ___ I, Alan Sprague,

want Stephanie Farler and all other occupants living in my tool shed off my
property.
All my tools put back in and never return to the property. One and 1/2 years
has been long enough to get back on your feet.




UD pack p49

FILE COPY

Case 2:25-cv-01853-TL    Document 4-4    Filed 09/30/25    Page 210 of 222

I declare under penalty of perjury under the Laws of the State of Washington that the foregoing is true and correct.

Signed in ___Lake Stevens___ , ___WA___ on ___08/15/2024___
              (City)              (State)        (Date)

_____
Signature

_____
Printed name

WD Pack P50

E-FILED
...Snohomish Criminal Civil Packets\Master Forms\Declaration Decv    4/22/2010    Page 2 of 2

FILE COPY

October 1st
ejectment from marlene

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF SNOHOMISH

MARLENE SPRAGUE,
        Plaintiff,

vs.

STEPHANIE FARLER, JOHN DOE,
and all other occupants,
        Defendants

3290.00000

NO. 24-2-05771-31

**MOTION FOR SUMMARY JUDGMENT and WRIT OF EJECTMENT**

Comes now MARLENE SPRAGUE, Plaintiff, by and through its attorney Rob W. Trickler, and Moves for Summary Judgment on the matter of possession of the subject property.

1. **RELIEF REQUESTED:** Summary Judgment on the Plaintiff's Complaint regarding possession of the subject property and for writ of ejectment.

2. **GROUNDS:** MARLENE SPRAGUE and ALAN SPRAGUE are the owners in fee simple of the real property tax parcel commonly known as 4232 142nd Avenue NE, Shed Only, Lake Stevens, WA 98258 (See Exhibit A of complaint). MARLENE SPRAGUE is Attorney in fact for ALAN SPRAGUE (see exhibit A of this Motion). Defendant has been residing on the property rent free with an at will tenancy. The Defendant's at will tenancy was terminated effective 30 June 2024 by serving a terminating notice to the Defendants on 09 June 2024 in a manner consistent with unlawful detainer actions by analogy. Defendant remains in possession

UD Pack P51

**3. STATEMENT OF ISSUES.**

A. Is the Plaintiff entitled to an immediate writ of ejectment ordering the sheriff to restore possession of the subject property to the Plaintiff when Plaintiff owns the property in Fee Simple and the Defendant had a tenancy at will with the Plaintiff that was terminated in writing by the Plaintiff.

**4. EVIDENCE RELIED UPON:** The Pleadings filed herein;

**5. FACTUAL BACKGROUND:**

MARLENE SPRAGUE and ALAN SPRAGUE are the owners in fee simple of the subject property identified as:

4232 142nd Avenue NE, Shed Only, Lake Stevens, WA 98258.

The Plaintiff had allowed the Defendant to remain on Plaintiff's property with no requirement for rents to be paid and has never received rents.

On 09 June 2024 the Plaintiff terminated the Defendant's at will tenancy in writing in a manner and form that that is consistent with similar unlawful detainer actions (see Exhibit B of complaint). That notice terminated the at will tenancy of STEPHANIE FARLER, JOHN DOE and all other occupants on or before 30 June 2024. The notice listed the reason for the termination even though the Defendant is not a tenant under RCW 59.18 and no such reason is required.

Defendants did not vacate and remain in possession of the situs.

On 03 July 2024 Defendant was personally served with the summons and complaint and Defendant has provided a notice of appearance which was filed by Plaintiff on behalf of Defendant.

**6. LEGAL AUTHORITY**  UD pack P52

## A. Summary Judgment Standard

The court should grant summary judgment "if the pleadings, depositions, answers to interrogatories, and admission on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. CR56(c). Once the moving party has submitted adequate affidavits, the burden shifts to the nonmoving party to set forth specific facts that sufficient rebut the moving party's contentions and disclose the existence of a material issue of fact. The nonmoving party may not, however, rely on speculation, argumentative assertions that unresolved factual issues remain, or in having its affidavits considered at face value. Dombrosky v. Farmers Ins. Co. of Washington, 84 Wn. App 245, 253 (1996) (internal citation omitted). The purpose of summary judgment is "to examine the sufficiency of the evidence behind the plaintiff's formal allegations in the hope of avoiding unnecessary trials where no genuine issue as to a material fact exists. Yound v. Key Pharms., Inc., 112 Wn 2d 216, 226 (1998) (quoting Zobrist v. Culp, 18 Wn. App. 622 (1977)). A fact is "material" if it is one upon which the outcome of the litigation depends. Jacobsen v. State, 89 Wash. 2d 104, 569 P.2d 1152 (1977).

## B. R.C.W. 7.28.010

Who may maintain actions—Service on nonresident defendant.

Any person having a valid subsisting interest in real property, and a right to the possession thereof, may recover the same by action in the superior court of the proper county, to be brought against the tenant in possession;…

## C. R.C.W. 7.28.120

Pleadings—Superior title prevails.



UD Pack P53

The Court of Appeals, Munson, C. J., held that where a tenant came upon premises with permission of landlord and where tenancy was terminable without notice and provided no monthly or periodic payments, tenancy was what was denominated in common law as "tenancy at will" which was terminable only upon demand for possession, allowing tenant reasonable time to vacate, and unlawful detainer statute did not apply."

**G.    State v. Brumfield, 93 Wn. App. 1021 (1998)**

"To terminate a tenancy at will, the landlord need only demand possession."

## 7. ARGUMENT:

The law on this matter regarding possession of the real property is straight forward. The Plaintiff is the owner of the real property in fee simple and allowed the Defendant to use it to live in until either one of the parties decided to terminate the Defendants occupancy. Defendant has no right to title or any ownership interest and is simply a guest that has overstayed her welcome or permission to remain. That is a clear "tenancy at will" which can be terminated with a simple demand at any time by either party. At the time the demand was made in writing on 01 August 2023 and served said notice in a way consistent with RCW 59.12.040 by analogy despite no such legal requirement to serve in said manner. The Defendant is still in possession of the situs and has not vacated and has answered by confirming the nature of the at will tenancy. The Plaintiff is entitled to an immediate writ of ejectment and possession of the real property.

Defendant has provided an answer, stating that ALAN SPRAGUE wanted her there, since then we have received a new declaration from ALAN SPRAGUE, stating that he in fact does not want her there on the premises. Both ALAN SPRAGUE and MARLENE SPRAGUE as ALAN'S Attorney in fact, do not want the defendants residing at this location.

(see exhibit B attached to this Motion for Statement from ALAN SPRAGUE).

UD pack P54

*these were within ... ...*
*office stamped by them*

OCT 16 2024
The Law Office of
Rob W. Trickler PLLC

## IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
## IN AND FOR THE COUNTY OF SNOHOMISH

Name:  Marlene Sprague       .

     Plaintiff(s)

vs.

Name:  Stephanie Farler       .

     Defendant(s).

CASE NO.:24-2-05771-31

Response to Summary Judgment
and  Writ of Ejectment

Comes now the defendant Stephanie Farler, writing to formally respond to the Plaintiff's Motion for
Summary Judgment and Writ of Ejectment in the above-referenced case. I respectfully request that the
Court deny the Plaintiff's motion for the following reasons

**1.Statment of facts**

• There is currently an IIED case involving three individuals, They include Marlene Sprague, Filed
on July 29th,2024. Marlene Sprague and the others are defendants and I Stephanie Farler am the
Plaintiff, In that matter,I have an extensive amount of evidence supporting my claim. The severity of
this situation has continued to increasingly grow to be worse and worse. Resulting in Retaliation
from all of the defendants including Marlene Sprague through ought a little over 2 years period of
time now,To the extent that my property has been vandalized on more then one occasion. I have
faced extreme financial hardship due to loss of employment from two different employers back
to back. A direct result of The mental and emotional  anxiety and stress from extreme harassment,
being under surveillance, repeated filings with the courts intending to remove me from my home,
being mocked, taunted, and aggressively targeted by all three individuals.

Leaving me stressed, fearful, and hyper vigilant at all times. eliminating any chance for me to have
peace-full enjoyment or feel safe anywhere at my home. Insomnia and high stress levels cause my
body serious problems. (see attached documents I included from IIED. case number 24-2-05702-31)

UD Pack P 55

- The fact that Marlene originally brought the power of attorney document to Alan after she had not gotten the results she wanted in her initial attempts to remove me from my home shows her intentions. Alan was unaware of what the document was due to his lack of understanding. Alan has been under stress and pressure from his sisters, who have been strongly trying to influence him to take their side. The new power of attorney that Marlene used for Exhibit B is an invalid document. There are witness signatures from two different dates, both stating they witnessed Alan sign the document. Alan states he didn't understand what they were at all. Marlene just offered to take him out to lunch out of the blue. It was unusual that Marlene did not include my mother in this plan. My mother is Alan's caregiver; she drives Alan everywhere he needs to go and is included in every family event or holiday. From the time she pulled into the driveway, before they even pulled away, she had already gotten Alan to sign a statement that was blank. She stated she just needed his signature and would fill it out when she got home. While the two of them were eating lunch at a restaurant, she had him sign and initial the power of attorney document and told him not to worry about it and just to sign it. On the way to bring Alan back home, she stopped at her bank where she had the document notarized without either witness present and without letting Alan know her plan to stop at the bank. When she dropped him off, she stated that she had to go to Mom's to get her signature on this document (see Alan's declaration attached).

## 2. ARGUMENTS

### Legal Standard

- The legal standard for summary judgment is governed by Rule 56 of the Federal Rules of Civil Procedure. The moving party must demonstrate that they are entitled to judgment as a matter of law. In this matter I do not believe the plaintiff has any legal right to remove me from my home. I will be attaching the responses that I got back from the IIED case. Their statements make it obvious that there are intentional, malicious, and coordinated efforts against me. constant filing of court proceedings by Alans sisters against me despite the with prejudice dismissal of the eviction, demonstrates a pattern of harassment and abuse of the legal system and goes against the principles of protecting victims of harassment and threats under Washington state law. The plaintiff's extensive efforts to manipulate the court and court documents to achieve her desired outcome in this matter are immoral and cannot be allowed to continue.


UD Pack P 56

**Improper and Immoral Purposes**

- The Plaintiff's actions are being pursued for improper and immoral purposes. The Plaintiff has engaged in a pattern of harassment and concerted efforts to remove me from my home without legal grounds. This is evidenced by the multiple cases involving myself and the Plaintiff, including my filing of an Intentional Infliction of Emotional Distress (IIED) case against the Plaintiff and two other individuals.

**Lack of Legal Grounds**

- The Plaintiff has failed to provide sufficient legal grounds for the writ of ejectment. Both documents that were submitted on her part in support of her request are invalid and were knowingly created without following the laws pertaining to the documents in washington state. The Plaintiff's claims are baseless and are part of a broader scheme of harassment. The Plaintiff's actions are not supported by the facts or the law, and therefore, the motion for summary judgment should be denied.

**Ongoing Harassment**

- The Plaintiff's actions are part of an ongoing campaign of harassment against me. This harassment has caused significant emotional distress and has been documented in my IIED case. The Plaintiff's attempts to remove me from my home are retaliatory and without merit.

**Genuine Issues of Material Fact**

- There are genuine issues of material fact that preclude the granting of summary judgment. The Plaintiff's claims are disputed, and there is substantial evidence supporting my defenses and counterclaims. These issues should be resolved through a full trial, not through summary judgment

In light of the above, I respectfully request that the Court deny the Plaintiff's Motion for Summary Judgment and Writ of Ejectment. I am prepared to present further evidence and testimony to support my position at a hearing or trial.

Thank you for your consideration.

Sincerely,

                                         Signed on 10-5-24 in Lake Stevens WA

*Sum Judg B*

*[handwritten]* before the property was stolen
by marlene sprague

## IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
## IN AND FOR SNOHOMISH COUNTY

**Marlene Sprague**

**Cause No:.24-2-05771-31**

**vs**

**Defendants Opposition to Plaintiffs Motion for Summary Judgment and Writ of Ejectment**

**Stephanie Farler**

**COMES NOW** the defendant, Stephanie Farler, hereby responds to Plaintiffs Motion for Summary Judgment and Writ of Ejectment. I respectfully request that the Court deny the Plaintiffs motion for the reasons outlined below.

### Statement of facts

#### Pending IIED case
1. There is an active Intentional Infliction of emotional distress(IIED) lawsuit involving the plaintiff and other individuals, namely Marlene Sprague. This case, filed on July 29th, 2024, provides substantial evidence of ongoing harassment by the plaintiff and others against me, which has worsened over the past two years.

#### Pattern of Harassment
2. The Plaintiffs actions represent a continuous pattern of harassment, including vandalism of my property, surveillance, malicious court filings, and actions directed at forcing me out of my home, contributing to significant personal and financial distress.

#### Power of Attorney
3. Marlene Spragues acquisition of a power of attorney from Alan was deceitful. Alan was misled about the nature and purpose of the documents he signed, including a blank statment later filled without his consent (see Alans Declaration, Exh A)

*[handwritten]* UD pack p58

## Legal Arguments

### Improper Purpose

1. The Plaintiffs ongoing legal actions are part pf a concerted effort to harass and unjustly remove me from my home.

### Lack of Legal Grounds

2. The plaintiff fails to provide valid legal grounds for the writ of ejectment. The documents offered, such as the invalid POA, are legally defective under Washington state Law.

### Genuine Issue of Material Facts

3. Significant disputes pertain to the facts critical to the Plaintiffs claims, particularly the authenticity and legality of documents presented by the Plaintiff.

### Ongoing Harassment

4. The Plaintiffs actions are part of an ongoing campaign against me, aimed at retaliation, as documented in the IIED case (case No 24-2-05702-31)

### Conclusion

In light of the above arguments and attached supporting evidence, I respectfully rquest that the Court deny the Plaintiffs Motion for Summary Judgment and Writ of Ejectment. I am ready to present further evidence at a hearing or trial.

Thank you for your attention to this matter.
Sincerely,

**Stephanie Farler**

UD pack 59

Sim Judge D

OCT 16 2024

The Law Office of
Rob W. Trickler PLLC

Exh B

Revocation of power
of attorney July 5th
2024

Still Valid due to Marlene's
Documents being invalid

UD pack p60

7/29/24

FILED

2024 JUL 26 PM 1:39

HEIDI PERCY
COUNTY CLERK
SNOHOMISH CO WASH

X

X INcoued caption
See attach

RECEIVED

OCT 16 2024

The Law Office of
Rob W. Trickler PLLC

**SUPERIOR COURT OF WASHINGTON**
**FOR SNOHOMISH COUNTY**

Stephanie Farler
_____
                Petitioner/Plaintiff(s),

vs.

Marlene Sprague
_____
                Respondent/Defendant(s).

NO. 24-2-0577)-31

COVER SHEET

Attach a separate cover sheet to each document you would like to file in your case. Provide a description
of what is attached to the cover sheet on the lines below.

Revocation of Power of Attorney
_____
_____
_____
_____
_____
_____

Presented by: Stephanie Farler          Date: 7/26/24
              Printed name

              4232 142nd ave NE
Address:      lake Stevens WA 98258

Phone Number: 425 268 0129
Email Address: stephareef@gmail.com

UD pack 01

IN THE SUPERIOR COURT OF WASHINGTON
IN AND FOR SNOHOMISH

REVOCATION OF
POWER OF ATTORNEY

Alan Sprague
4232 142nd Ave NE
Lake Stevens WA, 98258

## REVOCATION OF POWER OF ATTORNEY

I, Alan Sprague of 4232 142nd Ave ne lake stevens WA 98258, hereby revoke the power of attorney, which was granted by me on the 29th day of December, 2023 and which appointed Marlene Sprague of 1805 Rainier Ave apt A Everett WA 98201 as my attorney-in-fact. Marlene Sprague no longer has the authority to act on my behalf and any authority previously conferred on Marlene Sprague by said power of attorney is revoked, cancelled and terminated as of this 5th day of July, 2024

**IN WITNESS WHEREOF**, I have hereunto set my hand and seal at the City of lake stevens in the State of Washington this 5th day of July, 2024.

**SIGNED, SEALED, AND DELIVERED** in

the presence of:

UD Pack 62