UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| STEPHANIE C. FARLER,<br>Plaintiff,<br>v.<br>SNOHOMISH COUNTY et al,<br>Defendants. | CASE NO. 2:25-cv-01853-TL<br><br>ORDER ON MOTION FOR TEMPORARY RESTRAINING ORDER |

This matter is before the Court on Plaintiff Stephanie C. Farler's Motion for Emergency Temporary Restraining Order ("TRO") and Preliminary Injunction ("Motion for TRO") (Dkt. No. 94) and "Motion to Stay State Proceedings" (Dkt. No. 95). As she previously has (*see* Dkt. No. 25), Plaintiff seeks ex parte relief—relief issued without notice to Defendants and before they have a chance to respond. Having considered the motions and the relevant record, the Court DENIES the motions.

On February 4, 2026, the Court denied Plaintiff's previous motion for a TRO. Dkt. Nos. 26 (order), 25 (motion). The Court incorporates by reference that Order's discussion of the

early procedural history of this case. Importantly, Plaintiff proceeds pro se and *in forma pauperis*, her original complaint was flagged for review pursuant to 28 U.S.C. § 1915(e)(2)(B), such review is ongoing, and summonses have not yet been authorized or issued.

On August 18, 2026, Plaintiff filed a 153-page amended complaint. Dkt. No. 28. Over the next two days, Plaintiff filed 680 pages of exhibits across 65 separate docket entries. *See* Dkt. Nos. 29 through 93-7. Because no summons has yet been issued or served, the Court finds that the amended complaint and its exhibits form the operative complaint in this action pursuant to Federal Rule of Civil Procedure 15(a)(1)(A). The Court makes no findings at this time as to the procedural propriety of Plaintiff's voluminous exhibits, but notes that the replacement of Plaintiff's original complaint with the amended pleading must, to some extent, require the Court to begin anew its review under Section 1915. *See Hal Roach Studios v. Richard Feiner & Co.*, 896 F.2d 1542, 1546 (9th Cir. 1990) ("[A]n amended pleading supersedes the original.")

On August 20, 2026, Plaintiff filed the instant motions, which both seek essentially the same relief: a "Temporary Restraining Order immediately staying" two ongoing criminal prosecutions against Plaintiff in Snohomish County Superior Court. Dkt. No. 94 at 3; *see also* Dkt. No. 95 at 3 ("Plaintiff respectfully requests [a] stay of all proceedings in Case Nos. 23-1-00545-29 and 25-1-00154-31[.]".[1] Plaintiff also asks the Court to enjoin Defendants from using certain evidence in those proceedings, from "continuing retaliatory prosecution," and from "suppressing Plaintiff's filings," and to require Snohomish County to preserve and produce evidence related to the criminal investigations of Plaintiff and to "cease all enforcement actions." Dkt No. 94 at 4, Dkt. No. 95 at 3.

---

[1] According to the amended complaint, "Plaintiff is currently facing a Residential Burglary charge in Snohomish County Superior Court, heard together with the identity-theft charge in Case Nos. 23-1-00545-29 and 25-1-00154-31." Dkt. No. 28 ¶ 373.

Plaintiff's motions can be denied entirely for the two reasons the Court gave in its previous Order: (1) Plaintiff has failed to meet (or even address) the requirements of Federal Rule of Civil Procedure 65(b)(1), which authorizes the Court to grant ex parte TROs only in very narrow circumstances, and (2) the Anti-Injunction Act, 28 U.S.C. § 2283, prohibits federal courts from enjoining state court proceedings except in narrow circumstances not present here. *See generally* Dkt. No. 26. The Court incorporates by reference the entirety of its analysis in that Order.

Additionally, and despite Plaintiff's assertion to the contrary (*see* Dkt. No. 94 at 3), the relief Plaintiff seeks is barred by the "*Younger* abstention" doctrine established in *Younger v. Harris*, 401 U.S. 37 (1971). In *Younger*, the Supreme Court instructed that federal courts should not intervene in pending state court criminal proceedings absent extraordinary circumstances where the danger of irreparable harm is both great and immediate. *Id.* at 45–46. *Younger* abstention is appropriate where "state proceedings are (1) ongoing, (2) implicate an important state interest, and (3) offer the plaintiff an adequate opportunity to raise constitutional claims." *Clevenger v. Dresser*, 746 F. App'x 645 (9th Cir. 2018) (citing *ReadyLink Healthcare, Inc. v. State Comp. Ins. Fund*, 754 F.3d 754, 758 (9th Cir. 2014)). The typical "extraordinary circumstances" demonstrating irreparable injury are prosecutions undertaken in "bad faith" or for purposes of "harassment," but a *Younger* exception is also appropriate where a state statute is "flagrantly and patently" unconstitutional in all applications. *Younger*, 401 U.S. at 53–54 (citation modified).

Here, all three elements for *Younger* abstention are present. First, Plaintiff provides that her state court prosecutions are "pending." Dkt. No. 94 at 1. Next, Washington has a clear interest in the enforcement of its criminal laws. Third, Plaintiff may raise all the arguments she

attempts to raise here as part of her criminal defense, and may appeal any conviction to the Washington Court of Appeals and then the Washington Supreme Court.

Plaintiff appears to concede that the *Younger* elements are present but asserts that "Younger exceptions apply: bad faith, harassment, irreparable constitutional injury." But the application of binding precedent to Plaintiff's allegations forecloses such a finding. Plaintiff largely complains that the prosecutions rely on invalid and fabricated evidence and that these cases (or perhaps other state-court actions involving Plaintiff and Defendants) have involved procedural irregularities. Dkt. No. 94 at 1. However, in *Perez v. Ledesma*, a companion case to *Younger*, the Supreme Court explained that "federal interference with a state prosecution" to enforce a district court's "view of the proper procedures" is "improper." *Perez v. Ledesma*, 401 U.S. 82, 84 (1971). "The propriety of arrests and the admissibility of evidence in state criminal prosecutions are ordinarily matters to be resolved by state tribunals, subject, of course, to review by certiorari or appeal in [the Supreme] Court or, in a proper case, on federal habeas corpus." *Id.* at 84–85. Lake the plaintiff-appellee in *Ledesma*, Plaintiff is "free to present h[er] federal constitutional claims concerning arrest and seizure of materials or other matters to the [state] courts in the manner permitted in [her] State." *Id. Ledesma* also clarified that the bad-faith exception applies where a prosecution is undertaken "without hope of obtaining a valid conviction," *Id.* at 85—a circumstance not evidently present here. And while Plaintiff complains of selective enforcement of "trespass [and] protection-order laws" (Dkt. No. 94 at 4), nothing in the record suggests that state law enforcement is discriminating against Plaintiff by enforcing criminal burglary and identity-theft statutes only against her and not against other similarly situated individuals (if any exist). As in *Younger* itself, therefore, Plaintiff "has failed to make any showing of bad faith, harassment, or any other unusual circumstance that would call for equitable relief," *Younger*, 401 U.S. at 54, and abstention is required.

Finally, the Court is unsure what to make of Plaintiff's claim that "removal divests [the] state court of jurisdiction" and that she "has filed a Notice of Removal under [28 U.S.C.] § 1443(1)." Dkt. No. 95 at 1–2. The Court is unaware of any "notice of removal" filed by Plaintiff, but, in any case, "removal" is a federal civil procedure available to state-court defendants in certain *civil* actions and has no application to criminal prosecutions or the criminal jurisdiction of a state court.

Accordingly, Plaintiff's Motion for Emergency Temporary Restraining Order and Preliminary Injunction (Dkt. No. 94) and "Motion to Stay State Proceedings" (Dkt. No. 95) are DENIED.

Dated this 21st day of August, 2026.

Tana Lin
United States District Judge